UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ALBERT WILLIAM BLEAU, JR.,

    Plaintiff,

v.

GREATER LYNN MENTAL HEALTH &
RETARDATION ASSOCIATION, et al.,

    Defendants.

Civil Action No.: 04-10469JLT

### DEFENDANTS RODERICK MACLEISH, JR. AND ROBERT A. SHERMAN'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

#### INTRODUCTION

Plaintiff Albert William Bleau, Jr. (the "Plaintiff") brought this action against defendants Roderick MacLeish, Jr. and Robert A. Sherman (together, the "Defendants") and others[1] for alleged employment discrimination pursuant to the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, et seq. (the "Rehabilitation Act") and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq. (the "ADA"). The Defendants, two members of the Massachusetts Bar, were counsel to Greater Lynn Mental Health & Retardation Association (GLMHRA), the Plaintiff's former employer. See generally, Complaint. The Court should dismiss the Complaint for three reasons. First, with regard to the ADA claims, the Plaintiff did not bring any administrative charge against the Defendants before filing this action and, therefore, failed to exhaust his administrative remedies. Second, to the extent the Plaintiff seeks to

---

[1] The Complaint was brought against "Greater Lynn Mental Health & Retardation Association (GLMHRA), Eastern Mass Housing Corporation (EMHC), Attorney Roderick MacKleish [sic], Attorney Robert Sherman, and Attorney Robert J. Griffin."

impose liability on the Defendants in their individual capacities (as former counsel or agents of GLMHRA), such an action is not cognizable under the ADA or the Rehabilitation Act. Third, the Plaintiff failed to bring this action within three years of the last allegedly discriminatory act attributed to the Defendants and, as a result, the Plaintiff's claims are time barred by the applicable statute of limitations.

### STATEMENT OF RELEVANT FACTS

In October 2000, the Plaintiff filed a complaint with the EEOC. Complaint, ¶¶ 4, 11 [hereinafter, the "First EEOC Complaint"]. See **Exhibit "1"** attached hereto (a copy of Plaintiff's Notice of Charge of Discrimination, dated October 6, 2000). The First EEOC Complaint named GLMHRA as the sole respondent. See id. The First EEOC Complaint was settled towards the end of 2000. See **Exhibit "2"** attached hereto (a copy of the EEOC Acknowledgement of Settlement letter dated November 28, 2000). On October 28, 2003, the Plaintiff filed a second complaint with the EEOC. Complaint ¶ 11. See **Exhibit "3"** attached hereto (a copy of GLMHRA's position statement in response to the Plaintiff's second complaint, dated December 1, 2003, and a copy of an appeal notice from the MCAD, identifying GLMHRA as only respondent to underlying charge) [hereinafter, the "Second EEOC Complaint"]. The Second EEOC Complaint named GLMHRA as the sole respondent. See id. On December 5, 2003, the EEOC concluded its inquiry into the Second EEOC Complaint and found that there was:

> [N]o evidence to establish that Respondent's [GLMHRA] reason for not hiring you [the Plaintiff] in August of 2003 was based on it having perceived you as a disabled person and/or that it was motivated/causally connected to the complaint of employment discrimination you filed against Respondent [GLMHRA] three years ago.

2

See **Exhibit "4"** attached hereto (a copy of the EEOC Dismissal and Notice of Rights letter to the Plaintiff).

On March 8, 2004, the Plaintiff filed this action. In particular, the Plaintiff alleges that: *"Attorney Roderick MacKleish [sic], Attorney Robert Sherman and Attorney Robert Griffin have been included in Defendants in this complaint [because] they qualify under the definition of employers employing over fifteen individuals."* Complaint ¶ 6 at p. 5. (emphasis added). In addition, the last discriminatory act attributed to the Defendants in the Complaint occurred (at the very latest) in or before May of 2000. Complaint ¶ 6 at p. 5 (where the Plaintiff alleges that the Defendants were "replaced" by defendant Robert Griffin in May of 2000).

## DISCUSSION

### I. RELEVANT LEGAL STANDARDS

This Court may dismiss a complaint for failure to state a claim upon which relief may be granted. See FED. R. CIV. P. 12(b)(6). When analyzing a defendant's Rule 12(b)(6) motion, a court must accept "the allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiff." See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). A complaint should not be so dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of h[is] claim which would entitle h[im] to relief." See Miranda v. Ponce Federal Bank, 948 F.2d 41, 44 (1st Cir. 1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

3

II. **THE PLAINTIFF'S ADA CLAIMS SHOULD BE DISMISSED BECAUSE THE PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES**

The procedure for filing an ADA claim derives from Title VII of the Civil Rights Act of 1964, which requires exhaustion of administrative agency remedies. See 42 U.S.C. § 12177(a); Rivera-Flores v. Bristol-Myers Squibb Caribbean, 112 F.3d 9, 23 (1st Cir. 1997) (ADA expressly provides enforcement procedures must follow Title VII); Zillyette v. Capital One Fin. Corp., 179 F.3d 1337, 1339 (11th Cir. 1999) ("It is settled law that, under the ADA, plaintiffs must comply with the same procedural requirements to sue as exist under Title VII of the Civil Rights Act of 1964.") (citing Section 12117(a) and Section 2000e-5(f)(1)); Dickey v. Greene, 710 F.2d 1003, 1005 (4th Cir. 1983) ("[T]o satisfy the jurisdictional prerequisites of a Title VII suit, a charge must be filed with the EEOC against the party sued"). Accordingly, under the ADA, a civil action may be brought only after administrative proceedings have been brought "against the respondent named in the [administrative] charge." See 42 U.S.C. § 2000e-(5)(f)(1); 42 U.S.C. § 12117(a) (requiring aggrieved parties to comply with Section 2000e-(5)); Brennan v. King, 139 F.3d 258, 267-68 & n.12 (1st Cir. 1998) (plaintiff's ADA claims subject to administrative exhaustion doctrine). The Plaintiff failed to name the Defendants as respondents in the First EEOC Complaint and the Second EEOC Complaint, as his employer or otherwise. Even assuming the Plaintiff's claims that the Defendants were his employers are true, as the Court must for the purposes of this Motion to Dismiss, the Plaintiff's failure to bring an administrative action against them, i.e., exhaust his administrative remedies, prevents the Plaintiff from maintaining any ADA claims in federal district court against the Defendants.

4

### III. THE PLAINTIFF MAY NOT SUE THE DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES UNDER THE ADA OR THE REHABILITATION ACT

To the extent that the Plaintiff seeks to assert claims against the Defendants in their individual capacities (as lawyers or agents of GLMHRA) and not in their alleged capacity as his employers, such claims are not cognizable under the ADA or the Rehabilitation Act. See e.g., Salamo Martinez v. Celulares Telefonica, Inc., 272 F. Supp. 2d 144, 153-54 (D. Puerto Rico, 2003) (almost all circuits that have addressed the issue have determined that individual liability is not authorized under the federal anti-discrimination statutes); Orell v. UMass Memorial Medical Center, Inc., 203 F. Supp. 2d 52, 64 (D. Mass. 2002) ("Most district courts in the First Circuit have also determined that the [federal anti-discrimination] statutes do not invoke individual liability"); Mitchell v. Massachusetts Department of Correction, 190 F. Supp. 2d 204, 213 (D. Mass. 2002) (court recommended allowing Defendants' motion to dismiss Plaintiff's ADA and Rehabilitation Act brought against [the Defendants] in their individual capacities).[2] As the Court has explained with regard to the ADA:

> The ADA forbids discrimination by any "covered entity," defined as "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. §§ 12112(a); 12111(2). "Employer is defined as "a person engaged in an industry affecting commerce who has 15 or more employees . . . and any agent of such person. 42 U.S.C. § 12111(5)(A). *The inference is strong that Congress (and the President in signing rather than exercising a veto) included the reference to "any agent of such person" to ensure employer liability, and reject individual liability.*

---

[2] Other district court judges and various Courts of Appeals also have rejected individual liability in cases brought pursuant to the federal anti-discrimination statutes. See, e.g., Meara v. Bennett, 27 F. Supp 2d 288, 290 (D. Mass. 1998) (and cases cited therein); Butler v. City of Prairie Village, Kansas, 172 F.3d 736, 744 (10th Cir. 1999) (ADA); Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996) (ADA); EEOC v. AIC Security Investigations, Ltd., 55 F.3d 1276, 1279-82 (7th Cir. 1995) (ADA).

Lemire v. Silva, F. Supp. 2d 80, 92 (D. Mass. 2000) (emphasis added); see also, Gough v. Eastern Maine Development Corp., 172 F. Supp. 2d 221, 224 (D. Me. 2001) ("agent clause" in federal anti-discrimination statutes creates only respondeat superior liability and does not subject an employer's agents to individual liability); Castro Ortiz v. Fajardo, 113 F. Supp. 2d 143, 150-151 (D. Puerto Rico, 2001) (ADA and Rehabilitation Act do not provide for individual liability).[3] Based on this resounding weight of authority, the Defendants cannot be subject to any liability based on acts of which they allegedly engaged in their capacities as counsel or agents of GLMHRA.

IV. **THE PLAINTIFF'S ADA AND REHABILITATION ACT CLAIMS MUST BE DISMISSED BECAUSE THE PLAINTIFF DID NOT FILE THIS ACTION WITHIN THE APPLICABLE STATUTE OF LIMITATIONS PERIOD**

Although a claim under the Rehabilitation Act is not subject to administrative exhaustion,[4] a plaintiff must file a Rehabilitation Act claim (as well as an ADA claim) in a timely manner according to the "most analogous statute of limitations" provided by state law. See Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 118-19 (1st Cir. 2003) (IDEA, ADA, Rehabilitation Act, and Section 1983 "borrow" statute of limitations from state law); Gaona v. Town & Country Credit, 324 F.3d 1050, 1055-56 (8th Cir. 2003) (state statute of limitation applies to claims under the ADA and Rehabilitation Act). In Massachusetts, a plaintiff alleging employment discrimination must file a lawsuit within three (3) years of the last allegedly discriminatory act. See MASS. GEN. LAWS, Ch. 151B, § 9, ¶2; Downs v. Massachusetts Bay Transportation Auth., 13 F. Supp. 2d 130, 136 (D.

---

[3] Because the Rehabilitation Act borrows its standards from the ADA, the definition of employer and the "agent clause" of the ADA are incorporated by reference into the Rehabilitation Act. See Haltek v. Village of Park Forest, 864 F. Supp. 802, 803-04 (N.D. Ill. 1994); see also 29 U.S.C § 791 (2003). Accordingly, the analysis under both Acts is the same.
[4] See Brennan, 139 F.3d at 268, n. 12.

6

Mass. 1998) (adopting three year statute of limitation period for discrimination claims under the ADA and Rehabilitation Act). The last discriminatory act alleged in the Complaint against the Defendants occurred in or before May 2000, at the very latest. See Complaint ¶ 6 at p. 5; supra at p. 3. Accordingly, the Plaintiff should have filed this action in or before May of 2003. He did not. Rather, the Plaintiff filed this action on March 8, 2004, well past the statutory three-year limitation period. Accordingly, the Plaintiff's ADA and Rehabilitation Act claims are time barred by the applicable statute of limitations.

## CONCLUSION

Based on the foregoing, defendants Roderick MacLeish, Jr. and Robert A. Sherman respectfully request that the Court grant their Motion and Dismiss, with prejudice.

> Respectfully submitted,
>
> RODERICK MACLEISH, JR., and
> ROBERT A. SHERMAN,
>
> By their attorneys:
>
> _/s/ David G. Thomas_
> David G. Thomas, BBO # 640854
> Allison K. Jones, BBO# 654804
> GREENBERG TRAURIG, LLP
> One International Place, 20th Floor
> Boston, MA  02110
> Tel: (617) 310-6000
> Fax: (617) 310-6001

Dated: May 7, 2004

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 5/7/04.

7