UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Albert William Bleau, Jr., | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Civil Action |
| | : | No. 04-10469 JLT(REK) |
| Greater Lynn Mental Health | : | |
| & Retardation Association, Inc., | : | |
| et al., | : | |
| Defendants. | : | |

### Memorandum Of Defendant Robert Griffin
### In Support Of His Motion To Dismiss

Defendant Robert Griffin ("Griffin") files this memorandum pursuant to Fed. R. Civ. P. 12(b)(6) and Local Rule 7.1 in support of his motion to dismiss the plaintiff's complaint. The Court should dismiss the claims that plaintiff Albert W. Bleau ("Bleau") asserts against Griffin (1) because the federal anti-discrimination statutes upon which Bleau relies do not impose liability upon individuals and, in any event, Bleau failed to exhaust his administrative remedies against Griffin; and (2) because Bleau's claims are untimely.

**Background**

Bleau's claims against Griffin arise out of events that occurred during Bleau's employment by defendants Greater Lynn Mental Health and Rehabilitation Association, Inc. (Greater Lynn), and Eastern Massachusetts Housing Corporation (Eastern Mass.). Bleau served as Greater Lynn's executive director and in a similar capacity for Eastern Mass. Greater Lynn, a nonprofit corporation, provides mental health services to residents of Essex and Middlesex Counties. Eastern Mass. was, prior to its merger into Greater Lynn in June, 2003, an affiliate of Greater Lynn.

In October 2000, following the termination of his employment by both Greater Lynn and Eastern Mass., Bleau filed a complaint against Greater Lynn with the United States Equal Employment Opportunity Commission (the first EEOC proceeding) (Complaint ¶ 11, at 9.)[1] The parties reached an agreement, and the first

---

[1] The general circumstances that led to the termination of Bleau's employment are described in the Declaration of Robert F. Tucker, which accompanies the motion of Greater Lynn to dismiss or, in the alternative, for summary judgment. The defendant Griffin does not rely upon Mr. Tucker's declaration for the purposes of his motion to dismiss, but refers the Court to the declaration for an understanding of the manner in which he became involved in certain aspects of Greater Lynn's operations.

Even on the face of the complaint, however, it is clear that Griffin was not involved in Bleau's termination. Bleau was terminated in April, 2000, (Complaint, ¶ 6, at 5) and Griffin was not retained by Greater Lynn until May, 2000 (Complaint, ¶ 6, at 5). Nor was Griffin involved in the decision in 2003 by Greater Lynn not to re-hire Bleau, since Griffin was not retained beyond January 1, 2001 (Id.).

EEOC proceeding settled on November 13, 2000. (Complaint, Attachment 30.) On October 28, 2003, Bleau filed another complaint against Greater Lynn with the EEOC (the second EEOC proceeding). (Complaint ¶ 11, at p. 10.) The Commission found no basis for Bleau's complaint and terminated the second EEOC proceeding on December 5, 2003. (Complaint, Attachments 1, 2.) In doing so, the Commission stated that "there is no evidence to establish that [Greater Lynn's] reason for not hiring [Bleau] in August of 2003 was based on it having perceived [Bleau] as a disabled person and/or that it was motivated/causally connected to the complaint of employment discrimination [Bleau] filed against [Greater Lynn in 2000]." Id. Griffin was not named in either of the EEOC Proceedings. Id.

Bleau commenced this action on March 8, 2004, against five defendants, including Greater Lynn, Eastern Mass., and Griffin (collectively, the Greater Lynn defendants), alleging violations of the federal Rehabilitation Act of 1973, 29 U.S.C. § 794 (2000) (the Rehabilitation Act), and Title I of the Americans with

---

Thus, even if Bleau could get beyond the threshold issues on no individual liability and the untimeliness of his claims, the Court should dismiss the complaint. Although the rambling complaint at times refers collectively to "defendants," it is clear that Griffin was retained for only a brief period (May, 2000 to January 1, 2001 (Complaint ¶ 6, at 5), and that the events of which Bleau complains occurred either before or after that period.

4

Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213 (2000) (the ADA). (Complaint, ¶ 3.)[2/]

Griffin is an attorney who, the complaint alleges, provided legal services to Greater Lynn between May 2000, and January 1, 2001. (Complaint, ¶ 6, at 5.) The thrust of the plaintiff's several claims appears to be that the Greater Lynn defendants discriminated against him on the basis of his asserted disabilities when they terminated his employment on April 20, 2000; when they did not hire him as a consultant in January, 2001; and when they refused to re-hire him between August and November 2003.

---

[2/] A creative reading of the voluminous factual allegations of the complaint and its attachments might extract additional, inchoate state law claims. Any such claims would, however, be barred by the Commonwealth's three year statute of limitations applicable to generic tort claims. G. L. c. 260, § 2A (2002 ed.); see text, Section III A, infra.

One allegation deserves separate attention. Paragraph six of the complaint, at p. 4, alleges that the merger of Greater Lynn and Eastern Mass., which Griffin is alleged to have "recommended and approved," violated certain regulations of the Internal Revenue Service. To the extent that the complaint might be read to allege actionable income tax non-compliance, the plaintiff lacks standing. Bleau, an individual, is not within the zone of interests protected by the Internal Revenue Code, and he does not allege any personal injury fairly traceable to the tax consequences of the merger. See Allen v. Wright, 468 U.S. 737, 751 (1984) (standing doctrine requires that plaintiff's claims fall within protected zone of interests). Put another way, whether the Court were to analyze this claim in terms of standing, or under Fed. R. Civ. P. 17, or using private right of action principles, see Cort v. Ash, 422 U.S. 66 (1975), the result should be the same: dismissal.

5

(Complaint, ¶ 4.)[3/]  The Court should dismiss all of these claims for the reasons set forth in the following section.

**Argument**

I.   Governing Legal Standards

The Court may dismiss a complaint for failure to state a claim upon which relief may be granted.  See Fed. R. Civ. P. 12(b)(6).  For purposes of a motion to dismiss, the allegations of the complaint are taken as true and construed in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The Court need not, however, credit plaintiff's "bald assertions, unsupportable conclusions, [or] periphrastic circumlocutions."  Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999) (citations and internal quotations omitted).

II.   Neither the ADA Nor The Rehabilitation Act
      Imposes Liability Upon Individuals

   A.   Americans with Disabilities Act

This Court has squarely held that individuals cannot be liable under the ADA.  Lemire v. Silva, 104 F. Supp. 2d 80, 92

---

[3/]  As noted above, the complaint alleges that Griffin was retained by Greater Lynn from May, 2000, through January 1, 2001. (Complaint ¶ 6, at 5.)  Clearly, then, he is not alleged to have been involved at all in the decision to terminate in April, 2000, any decision not to hire Bleau as a consultant, or the decision not to re-hire in 2003.

6

(D. Mass. 2000) (Keeton, J.). While the First Circuit has not reached the question, see <u>Scarfo v. Cabletron Sys., Inc.</u>, 54 F.3d 931, 951-52 (1995); <u>Serapion v. Martinez</u>, 119 F.3d 982, 992 (1998) (leaving question open); <u>Healy v. Henderson</u>, 275 F. Supp. 2d 40, 43 (D. Mass. 2003) (Tauro, J.) ("The First Circuit Court of Appeals has yet to definitively address this issue"), the majority of the circuits are in accord with this Court's view. See <u>Odell v. Univ. Mass. Mem'l Med. Ctr., Inc.</u>, 203 F. Supp. 2d 52, 64 (D. Mass. 2002) (collecting cases). Other decisions in this District adopt and apply the same rule. See, e.g., id.; <u>Meara v. Bennett</u>, 27 F. Supp. 2d 288, 290 (D. Mass. 1998) (Ponsor, J.) ("appears virtually certain that no individual liability exists under ADA"); <u>Chatman v. Gentle Dental Ctr. of Waltham</u>, 973 F. Supp. 228, 236-39 (1997) (Lindsay, J.). The plaintiff's ADA claim must, therefore, be dismissed.

    Bleau relies upon the ADA's definition of an "employer" as a person engaged in an industry affecting commerce "who has fifteen or more employees . . . and any agent of such person," 42 U.S.C. § 12111(5)(A). Most courts have held, however, that the reference to "any agent of such person" is included to ensure employer liability for the acts of its agents, not to impose individual liability. The grounds for this construction are (1) that the record-keeping requirements and the remedy provisions apply only to employers and are inconsistent with the notion that an "agent" is to be included in the definition of "employer"; and (2) that it is "inconceivable" that Congress

7

would exempt small employers with fewer than fifteen employees yet at the same time allow liability against individual agents. Healy, 275 F. Supp. 2d at 44.[4/] This Court should maintain its clear majority position and hold once again that the ADA does not impose liability upon an individual.

Even if an individual can be found liable under the ADA, a plaintiff must still exhaust his administrative reaches before filing suit. Bleau failed to do so against Griffin. Thus, an additional, independent ground warrants the Court's dismissal of Bleau's ADA claims against Griffin:

> [A] claimant who seeks to recover for an asserted violation of Title I of the ADA . . . first must exhaust administrative remedies by filing a charge with the EEOC. . . . [The failure to file an EEOC charge], if unexcused, bars the courthouse doors.

Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999); see also Brennan v. King, 139 F.3d 258, 268 n.12 (1st Cir. 1998) (ADA derives procedural rules from Title VII of Civil Rights Act, which requires exhaustion).

Plaintiff Bleau did not file an administrative charge against Griffin. Where a plaintiff files an administrative charge against an entity and names no individual defendants, he may not later bring suit against the unnamed individuals. See

---

[4/] Two early district court decisions in this Circuit held that an individual could be liable under the ADA. See Ruffino v. State Street Bank And Trust Co., 908 F. Supp. 1019, 1047-48 (1995)(Gertner, D.J.); Wyss v. General Dynamics Corp., 24 F. Supp. 2d 202, 204 (D. R.I. 1998) (Lagueux, D.J.). Ruffino and Wyss are in the minority, however, and the later decisions of this Court have not followed either of them.

8

Wright v. CompUSA, Inc., 183 F. Supp. 2d 308, 310 (D. Mass. 2001) (dismissing claims against individual defendants not named in administrative charge for failure to exhaust administrative remedies); Chatman v. Gentle Dental, 973 F. Supp. 228, 236 (D. Mass. 1997) (dismissing claims against individual defendants where individuals were not named in administrative charge and defendants had no notice of charge or opportunity to participate at administrative level).

The plaintiff's ADA claims against Griffin are not cognizable as a matter of law. The Court should therefore dismiss them. See Lemire, 104 F. Supp. 2d at 92 (dismissing ADA claims against individual defendants).

    B.    Rehabilitation Act, § 504

The Court should reach the same conclusion as to individual liability under § 504 of the Rehabilitation Act. While the analysis is slightly different, several District Courts and the Court of Appeals for the Sixth Circuit have determined that the statute does not provide for individual liability in employment discrimination cases. See, e.g., Hiler v. Brown, 177 F.3d 542, 547 (6th Cir. 1999); Fitzpatrick v. Pennsylvania Dept. of Transp., 40 F. Supp. 2d 631, 638 (E.D. Pa. 1999).

Although an individual might be a proper defendant under § 504 if he were in a position to accept or reject federal assistance, see, e.g., Gluckenberger v. Boston Univ., 957 F. Supp. 306 (D. Mass. 1997); Glanz v. Vernick, 756 F. Supp. 632, 637 (D. Mass. 1991), that possibility has no application in this

case. The complaint does not allege that Griffin was in a position to accept or reject the federal assistance that Greater Lynn or Eastern Mass. allegedly received. Cf. Complaint, ¶ 6, at 4-5 (allegations regarding federal assistance received by Greater Lynn and Eastern Mass.). Defendant provided limited advice to Greater Lynn and Eastern Mass.; he was not "in a position to control the influx of federal dollars." See Gluckenberger, 957 F.Supp. at 323 (president/chancellor of university could be individually liable; assistant to president could not).[5/]

Under either line of cases, then, Griffin cannot be individually liable. The Court should therefore grant his motion to dismiss Bleau's § 504 claim against him.

### III. The Plaintiff's Claims Are Barred By The Statute Of Limitations

#### A. G.L. c. 260, § 2A, Limits The Claims That Bleau May Assert Against Griffin To Those That Arose Within Three Years Prior To The Commencement Of This Action

Neither the ADA nor Section 504 of the Rehabilitation Act includes a statute of limitations. In the absence of a specified limitations period, the Court is to apply the "most appropriate

---

[5/] The Rehabilitation Act does not require a putative plaintiff to exhaust his administrative remedies before bringing suit under the statute. See Brennan v. King, 139 F.3d 258, 268 n.12 (1st Cir. 1998) (ADA derives procedural rules from Title VII of Civil Rights Act, which requires exhaustion, but no exhaustion required for claims under Rehabilitation Act). As noted in the following section, however, Bleau's claims are time barred by the statute of limitations.

10

or analogous state statute of limitations." <u>Goodman</u> v. <u>Lukens Steel Co.</u>, 482 U.S. 656, 660 (1987). This Court has held G. L. c. 260 § 2A, the three-year limitation governing personal injury claims, to be the most analogous state statute. <u>Downs</u> v. <u>MBTA</u>, 13 F. Supp. 2d 130, 136 (D. Mass. 1998) (Lasker, D.J.). <u>See also</u> <u>Morse</u> v. <u>Univ. of Vermont</u>, 973 F.2d 122, 125-26 (2d Cir. 1992) (§ 504 claim for discrimination in educational services subject to three-year limitation period for personal injuries).

The complaint was filed on March 8, 2004, so claims that arose before March 8, 2001, are untimely. Because the complaint confines its allegations concerning Griffin to matters prior to January 1, 2001 (Complaint ¶ 6, at 5), the three year statute of limitations bars all of the plaintiff's claims against Griffin.

    B.    The ADA Administrative Charge Provision Also Limits The Period Of The Plaintiff's Claims

The ADA requires that a claimant in a "deferral state," as is Massachusetts, file an administrative charge within three hundred days of the challenged event. 42 U.S.C. § 12117(a) (2000); 29 C.F.R. §§ 1601.13, 1601.74 (2003); <u>Wilson</u> v. <u>Globe Specialty Prods.</u>, 117 F. Supp. 2d 92, 94 (D. Mass. 2000); <u>Davis</u> v. <u>Lucent Tech.</u>, 251 F.3d 227, 230 n.1 (1st Cir. 2001); S.C. Moriearty et al., Employment Law at 446 (2nd Edition 2003). Claims based upon events that occurred more than three hundred days prior to filing of the prerequisite EEOC charge are untimely and barred. <u>Wilson</u>, 117 F. Supp. 2d at 95.

11

Bleau filed his second EEOC charge on October 28, 2003. Three hundred days before October 28, 2003, is approximately January 2, 2003. Because the complaint contains no allegation of actionable conduct attributable to Griffin that occurred after January, 2001, almost two years earlier, any potential claim him arising under the ADA is barred by the limitations period for filing an administrative claim.

    C.    Bleau Makes No Allegation Of A Continuing Violation

Practices with a continuing discriminatory effect may be deemed "continuing violations" that toll the running of a statute of limitations. O'Rourke v. Providence, 235 F.3d 713, 727 (1st Cir. 2001). "The continuing violation doctrine is an equitable exception that allows an employee to seek damages for otherwise time-barred allegations if they are deemed part of an ongoing series of discriminatory acts." Id. At least one event must occur within the limitations period, however. Id. As to Griffin, there is no such claim.

First, as noted, Bleau does not allege that Griffin, whose involvement with Greater Lynn ended on January 1, 2001, at the latest, was involved within either limitations period. Second, the plaintiff's allegations are based upon discrete instances of discrimination rather than "an ongoing series of discriminatory acts." See Brissette v. Franklin Cty. Sheriff's Office, 235 F. Supp. 2d 63, 87 (D. Mass. 2003) (for discrete acts, such as failure to promote, statutory limitation period is strict). The

12

continuing violations theory, therefore, is inapplicable, and Bleau's claims against Griffin remain time-barred.

## Conclusion

For the reasons set forth above, the Court should grant Griffin's motion to dismiss the plaintiff's complaint.

>Respectfully submitted,
>
>Robert Griffin
>
>By his attorney,
>
>/s/_____
>Donald K. Stern
>BBO No. 479420
>BINGHAM MCCUTCHEN LLP
>101 Federal Street
>Boston, MA  02110-1726
>(617) 951-8250

Dated: May 24, 2004