```
                   UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS


Albert William Bleau, Jr.,           :
                                     :
          Plaintiff                  :
                                     :
vs.                                  :     Civil Action
                                     :     No. 04-10468JLT(REK)
                                     :
Greater Lynn Mental Health           :
& Retardation Association, Inc.,     :
 et al.,                             :
                                     :
          Defendants                 :
```

### Memorandum Of Defendant Eastern Massachusetts Housing Corporation In Support Of Its Motion To Dismiss

Defendant Eastern Massachusetts Housing Corporation (Eastern Mass.) submits this memorandum in support of its motion to dismiss all of the claims set forth against it in the complaint of plaintiff Albert William Bleau, Jr.  Pursuant to Fed. R. Civ. P. 12(b)(2), (4), (5), and (6), and Local Rule 7.1, the Court should grant the motion because (1) Eastern Mass. has merged into Greater Lynn Mental Health & Retardation Association, Inc., (Greater Lynn), a defendant in this action; and (2) as Eastern Mass. no longer has an independent existence, service of process upon it is ineffective.

### Background

Mr. Bleau commenced this action on March 8, 2004, against five defendants, including Eastern Mass. and Greater Lynn, alleging violations of the federal Rehabilitation Act of 1973,

2

29 U.S.C. § 794 (2000) (the Rehabilitation Act), and Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213 (2000) (the ADA).  Mr. Bleau was, for many years, the executive director of both Eastern Mass. and Greater Lynn, and his claims against Eastern Mass. arise out of events that occurred both during and after that time.

Eastern Mass. was organized as a charitable corporation under G. L. ch. 180 in January, 1978.  Although an independent entity, its governance structure assured a close affiliation with Greater Lynn.  Greater Lynn is a nonprofit corporation providing mental health services to residents of Essex and Middlesex Counties.  Eastern Mass. merged into Greater Lynn on July 1, 2003.  The terms and conditions of the merger of Greater Lynn and Eastern Mass are specified, <u>inter</u> <u>alia</u>, in a certain Plan and Agreement of Merger (the Agreement of Merger) between Greater Lynn and Eastern Mass dated June 27, 2003, that provides that Greater Lynn "shall be the surviving corporation" of the merger.[1]  The Agreement of Merger further provides that, as of the effective date of the merger, July 1, 2003 (the Effective Date), Greater Lynn assumed all the liabilities and obligations

---

[1]  The merger of Eastern Mass. into Greater Lynn was approved by a vote of at least two-thirds of the members of Eastern Mass., a membership organization, and by at least two-thirds of the directors of Greater Lynn, not a membership organization, in accordance with G. L. c. 180, § 10 (2002 ed.). Articles of Merger were filed with and accepted by the Secretary of the Commonwealth on or about June 30, 2003.  A copy of the Articles is attached to this memorandum as an exhibit and marked "1."

3

of Eastern Mass.  In particular, Section 2 of the Agreement of Merger specifies that:

> On the Effective Date, the separate existence of [Eastern Mass.] shall cease, and [Greater Lynn] shall succeed to all the rights, privileges, immunities and franchises, and the property, real, personal and mixed, of [Eastern Mass.], without the necessity for any separate transfer. . . .  [Greater Lynn] shall be responsible and liable for all liabilities and obligations of [Eastern Mass], and neither the rights of creditors nor any liens on the property of [Eastern Mass] shall be impaired by this merger.

**Argument**

I.   Governing Legal Standards

In circumstances such as these, the Court may dismiss a complaint for lack of jurisdiction over the person;[2] insufficiency of process; insufficiency of service of process; or failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b); see also Sevits v. McKiernan-Terry Corp., 264 F. Supp. 810, 811-12 (S.D.N.Y 1966) (dismissing plaintiff's complaint for lack of jurisdiction over the person, defective process and service of process, and failure to state a claim upon which relief can be granted).  For the purposes of a motion to dismiss, the allegations of the complaint are taken as true and construed in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Although the general rule is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove

---

[2]  Counsel are appearing specially and waived service of process on the same basis.

4

no set of facts in support of his claim that would entitle him to relief[,]" Conley v. Gibson, 355 U.S. 41, 45-46 (1957), the Court need not credit a plaintiff's "bald assertions, unsupportable conclusions, [or] periphrastic circumlocutions." Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999) (citations and internal quotations omitted).

> II.  Eastern Massachusetts Housing Corporation Is No Longer Subject To Suit

Questions of corporate existence or of the capacity of a corporation to be sued are determined by the law of the state of incorporation. Chicago Title & Trust Co. v. Forty-One Thirty-Six Wilcox Bldg. Corp., 302 U.S. 120, 127-28 (1937) ("How long and upon what terms a state-created corporation may continue to exist is a matter exclusively of state power."); Sun Pipe Line Co. v. Ailes, 511 F.2d 280, 283 (8th Cir. 1975) (applying Pennsylvania law to Pennsylvania corporation to determine whether company could be sued to recover premerger damages); Fed. R. Civ. P. 17(b) ("The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized."). The law of the Commonwealth, under which Eastern Mass. was organized, thus governs the corporation's capacity to be sued.

Massachusetts law on this point is well settled: the separate existence of a merged or constituent, non-surviving corporation ceases upon the effective date of its merger. G. L. c. 156B, § 80. The surviving corporation is the only corporation with a capacity to be sued. Id.

5

Section 80 applies to nonprofit corporations by dint of

G. L. c. 180, § 10B:

> Any consolidation or merger carried out in the manner
> specified in section ten or ten A shall have the effect
> set forth in section eighty of chapter one hundred and
> fifty-six B . . . .

Chapter 156B, § 80, provides, in turn, that the separate existence of constituent corporations in the context of a merger ceases upon the effectiveness of the merger. Further, the surviving corporation is deemed to assume and be liable for all liabilities and obligations of the constituent corporation:

> (a) Upon the effective date of the consolidation or
> merger . . .
>
>     (1) the separate existence of all the constituent
> corporations parties to the agreement of consolidation
> or merger, except any corporation into which any other
> constituent corporation or corporations have been
> merged, shall cease;
>
>     (2) the constituent corporations shall become a
> new corporation or be merged into one of such
> corporations in accordance with the provisions of said
> agreement of consolidation or merger;
>
> (b) The rights of creditors of any constituent
> corporation shall not in any manner be impaired, nor
> shall any liability or obligation, including taxes due
> or to become due, or any claim or demand in any cause
> existing against such corporation, or any stockholder,
> director, or officer thereof, be released or impaired
> by any such consolidation or merger, but such resulting
> or surviving corporation shall be deemed to have
> assumed, and shall be liable for, all liabilities and
> obligations of each of the constituent corporations in
> the same manner and to the same extent as if such
> resulting or surviving corporation had itself incurred
> such liabilities or obligations.

As a matter of state law, then, Eastern Mass. ceased to exist and Greater Lynn, as the successor and surviving corporation, became heir to its assets and liabilities. Cf. Boyd v. Boston Gas Co.,

6

992 F.2d 401, 406 (1st. Cir. 1993) (stating general principle and citing Smith Land & Improvement Corp. v. Celotex Corp., 851 F.2d 86, 91 (3d Cir. 1988) ("In case of merger . . . where one corporation ceases to exist and the other corporation continues in existence, the latter corporation is liable for the debts, contracts and torts of the former.")); see also E. Polubinski, Jr., Business Corporations with Forms (2003 ed.).[3/]

One of the consequences of the termination of Eastern Mass. through its merger into Greater Lynn is that service of process upon it is not permitted. See Beals v. Washington, 386 A.2d 1156, 1161 (Del. Ch. 1978) (applying Delaware law; citations omitted). "A corporation ceases to exist on merger for all purposes, including service of process, unless the legislature acts otherwise." Id.; see also Sevits, 264 F. Supp. at 811-12 (granting corporate defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), (4), (5), and (6)); Braasch v. Goldschmidt, 199 A.2d 760, 767 (Del. Ch. 1964) (a[[lying Delaware

---

[3/]  Section 102 of c. 156B, which provides for the continuation of the existence of a corporation for a period of three years after the termination of its existence for the purpose of prosecuting and defending suits, is inapplicable. The purpose of that provision is to provide a remedy to corporations or their creditors where, because the corporation has gone out of business completely, no other remedy is available. Here, a statutory remedy is available. As Judge Young notes in Ming-Shui Hung v. G. K. Hall & Co., No. 86-1426-Y, 1986 U.S. Dist. Lexis 16468, at *3-4 (D. Mass. Dec. 15, 1986), "[i]n the case of a merger covered under § 80, however, the successor corporation assumes the liabilities of its constituent parts and a complete remedy is available at state law. Indeed the very fact that there is a separate statute dealing with the effect of mergers on corporate liability is strong evidence that § 102 is inapplicable in these premises."

7

law; stockholders could not maintain derivative action against corporation after corporation merged in to another corporation).

Without legal existence, Eastern Mass. lacks not only the capacity to sue or be sued, but also the capacity to be served. Mr. Bleau's attempt to serve Eastern Mass. with process is therefore ineffective.

### Conclusion

For the reasons set forth above, the Court should allow the motion to dismiss of defendant Eastern Massachusetts Housing Corporation.

by its attorneys
appearing specially,

_____
Garrick F. Cole
BBO No. 091340
Thomas D. Herman
BBO No. 231740

Smith & Duggan LLP
Two Center Plaza, Suite 620
Boston, Massachusetts 02108-1906
(617) 248-1900

Dated:  25 May 2004