UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALBERT WILLIAM BLEAU JR., | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 04-10469-REK |
| GREATER LYNN MENTAL HEALTH & | ) | |
| RETARDATION ASSOCIATION, | ) | |
| EASTERN MASS HOUSING CORPORATION, | ) | |
| RODERICK MacLEISH, | ) | |
| ROBERT SHERMAN, and | ) | |
| ROBERT J. GRIFFIN, | ) | |
| Defendants | ) | |

**Memorandum and Order**
December 8, 2004

**I. Pending Matters**

Currently pending before this court are matters related to the following filings:

(1) Plaintiff's Objection to Appointment of Defendants' Counsel (Docket No. 8) (filed March 25, 2004);

(2) Defendants Roderick MacLeish, Jr. and Robert A. Sherman's Motion to Dismiss (Docket No. 12) (filed May 7, 2004);

(3) Defendants Roderick MacLeish, Jr. and Robert A. Sherman's Memorandum of Law in Support of Motion to Dismiss (Docket No. 13) (filed May 7, 2004);

(4) Motion to Dismiss, or, in the Alternative, For Summary Judgment of Defendant Greater Lynn Mental Health & Retardation Association, Inc. (Docket No. 14) (filed May 24, 2004);

(5) Declaration of Robert F. Tucker in Support of the Motion of Defendant Greater Lynn Mental Health and Retardation Association, Inc., to Dismiss or in the Alternative for Summary Judgment and Attached Exhibits (Docket No. 14, Attachment 1) (filed May 24, 2004);

(6) Memorandum of Defendant Greater Lynn Mental Health & Retardation Association, Inc., in Support of its Motion to Dismiss, or, in The Alternative, for Summary Judgment (Docket No. 15) (filed May 24, 2004);

(7) Motion to Dismiss of Defendant Robert Griffin (Docket No. 16) (filed May 24, 2004);

(8) Memorandum of Defendant Robert Griffin in Support of His Motion to Dismiss (Docket No. 17) (filed May 24, 2004);

(9) Local Rule 56.1 Statement of Defendant Greater Lynn Mental Health and Retardation Association, Inc. (Docket No. 18) (filed May 24, 2004)

(10) Motion to Dismiss of Defendant Eastern Massachusetts Housing Corporation (Docket No. 20) (filed May 25, 2004);

(11) Memorandum of Defendant Eastern Massachusetts Housing Corporation in Support of its Motion to Dismiss (Docket No. 21) (filed May 25, 2004);

(12) Declaration of Thomas D. Herman in Support of the Motion to Dismiss of Eastern Massachusetts Housing Corporation and Attached Exhibit (Docket No. 22) (filed May 25, 2004); and

(13) Plaintiff's Memorandum of Law in Opposition to Defendants Greater Lynn Mental Health & Retardation Association, Inc., Et Al., Motions to Dismiss and Motions for Summary Judgment (Docket No. 26) (filed October 1, 2004).

## II. Factual and Procedural Background

The plaintiff filed a complaint before this court on March 8, 2004.  (Docket No. 1) The complaint is not a paragon of clarity, but I will attempt to outline some of the key allegations. The plaintiff explicitly alleges that the defendants discriminated against him in employment and hiring and retaliated against him for reporting the discrimination.  These actions are alleged to be in violation of both the Americans with Disabilities Act ("ADA") of 1990, as amended, 42 U.S.C. § 12191 et seq., and the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 et seq.

In 1999, the plaintiff was employed as the executive director of defendant Eastern Mass Housing Corporation ("EMHC") and was also apparently the Executive Director of defendant Greater Lynn Mental Health & Retardation Association ("GLMHRA").  EMHC was closely associated with GLMHRA at the time the plaintiff left.  EMHC was originally a subsidiary of GLMHRA and it later became a separate charitable organization.  In February of 2000, EMHC became a subsidiary of GLMHRA again.  Following the departure of the plaintiff from both organizations, GLMHRA and EMHC completely merged.  Both EMHC and GLMHRA have received money from the federal government.

3

The plaintiff alleges that defendants MacLeish and Sherman along with other GLMHRA staff members, in an effort to remove the plaintiff from his position with GLMHRA, filed false accusations with the Attorney General's office, claimed that the plaintiff was an alcoholic and drug abuser, and disseminated confidential medical records to the board of GLMHRA. The plaintiff also claims that false financial transactions involving the plaintiff were reported to the board. The plaintiff alleges that the actions of MacLeish and Sherman resulted in his taking a leave of absence and being fired in a 4 to 3 vote of the board of GLMHRA. The plaintiff also apparently alleges that the actions of MacLeish and Sherman, along with the actions of defendant Griffin, led to the plaintiff's not being rehired as the executive director of both GLMHRA and EMHC when he reapplied for the job in August 2003 and led to other negative results.

The plaintiff has filed two complaints against GLMHRA with the Equal Employment Opportunity Commission ("EEOC"), one in October 2000 and another in October 2003. Following the first complaint, the plaintiff and GLMHRA entered into a Separation Agreement ("Separation Agreement"). The plaintiff alleges that GLMHRA did not issue a letter supporting the plaintiff's consulting business as promised in the Separation Agreement. The plaintiff filed the second complaint with the EEOC in 2003 following his failure to be rehired by GLMHRA.

The plaintiff contends that MacLeish, Sherman, and Griffin allegedly had de facto control of defendant GLMHRA at relevant times when discrimination and retaliation occurred. This control allegedly makes them employers under the terms of the ADA and the Rehabilitation Act. These defendants are sued for their individual actions and in their role as employers.

4

The plaintiff alleges that the defendants retaliated against him by, among other things, refusing to carry out the terms of the Separation Agreement, spreading false information, and not rehiring him.  In addition, the plaintiff alleges that his access to his sick brother in a GLMHRA group home was restricted, which resulted in the plaintiff's not being able to take actions to save his brother's life.

## III. Analysis of Issues

### A. Plaintiff's Objection to Counsel

Plaintiff has objected to the representation of MacLeish, Sherman, and Griffin by Garrick F. Cole.  (Docket No. 8)  Plaintiff argues that because Cole is the attorney of and is paid solely by GLMHRA and EMHC, his representation of MacLeish, Sherman, and Griffin would be a gift of free legal services amounting to a substantial gift of the charitable assets of GLMHRA and EMHC in violation of Internal Revenue Service ("IRS") and the Department of Housing and Urban Development regulations and Massachusetts state law.  In addition, the plaintiff argues that the representation amounts to a breach of contract against those who have donated money to the charities.

The plaintiff has standing to bring a motion to seek the disqualification of opposing counsel.  In Massachusetts, however, motions to disqualify are generally discouraged unless they directly affect the trial or taint the legal system.  See Gorovitz v. Planning Bd. of Nantucket, 475 N.E.2d 377 (Mass. 1985) (discussing disqualification based on alleged ethics violations).

In this case it is not appropriate for me to disqualify defendants' counsel.  On its face, the actions of the counsel in representing the defendants does not appear improper.  The

defendants that are the focus of this motion are allegedly liable primarily because of their alleged

actions working with GLMHRA.  Therefore, it is most likely appropriate for GLMHRA to cover

their legal expenses.  The defendants and their counsel are in the best position to decide whether

any potential legal issues stemming from the representation exist and whether to risk any

consequences.  Absent a demonstration of some conflict directly affecting the course of this trial

or the integrity of these proceedings within the legal system, I am not prepared to deny the

defendants their choice of counsel.

**B. Defendants MacLeish and Sherman's Motion to Dismiss**

      **1. Introduction**

      Defendants MacLeish and Sherman filed a motion to dismiss because (i) the

plaintiff allegedly failed "to exhaust his administrative remedies with regard to his claims under the

[ADA;]" (ii) a civil action "to impose liability on the defendants in their individual capacities . . . is

not cognizable under either the ADA or the Rehabilitation Act[;]" and (iii) "the Plaintiff's claims

are time barred by the applicable statute of limitations."

      **2. Standard of Review**

      The court can dismiss for failure to state a claim "only if it clearly appears,

according to the facts alleged, that the plaintiff cannot recover on any viable theory." <u>Berezin v.</u>

<u>Regency Sav. Bank</u>, 234 F.3d 68, 70 (1st Cir. 2000) (citation and quotation omitted).  When

ruling on a Rule 12(b)(6) motion, the court must accept all well-pleaded factual allegations of the

plaintiff's complaint as true and must give the plaintiff the benefit of all reasonable inferences.

<u>LaChapelle v. Bershire Life Ins. Co.</u>, 142 F.3d 507, 508 (1st Cir. 1998).

### 3. Exhaustion

A plaintiff must comply "with the administrative procedures specified in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and . . . absent special circumstances . . . such compliance must occur before a federal court may entertain a suit that seeks recovery for an alleged violation of Title I of the ADA." Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 277 (1st Cir. 1999). The plaintiff has not filed a complaint with the EEOC against the defendants in the time allowed by statute. See 42 U.S.C. § 2000e-5. But, the plaintiff did file an EEOC complaint against GLMHRA, and the requirement that each defendant be charged is not absolute:

> [S]everal exceptions have been recognized as sufficient to confer jurisdiction over defendants in a civil action who were not named in the EEOC charges. These exceptions are: (1) if there was "substantial identity" between the respondent named in the EEOC charges and defendants in the civil action; (2) if the named respondent acted as the "agent" of the defendant sought to be included in the civil action, at least when the latter defendant had notice of and participated in the conciliation proceedings; and (3) if the defendant is an "indispensable party" under Fed.R.Civ.P. 19 in order to accord complete relief to the parties.

McKinnon v. Kwong Wah Restaurant, 83 F.3d 498, 505 (1st Cir. 1996). Because of the limited record before me at this time, I am not prepared decide in ruling on a 12(b)(6) motion that no possibility exists that the plaintiff could establish a requisite exception. Therefore, I deny the defendants' motion to dismiss on this ground.

### 4. Suit Against Defendants in Their Personal Capacities

The defendants assert that any claim made against them as lawyers or agents of GLMHRA and not in their capacity as employers is "not cognizable under the ADA or the Rehabilitiation Act." (Docket No. 13 at 2) The plaintiff does not appear to dispute this claim.

7

This view accords with my previous decision in <u>Lemire v. Silva</u>, 104 F. Supp. 2d 80, 92 (D. Mass. 2000), where I held that the ADA does not authorize suits against individuals in their personal capacity.  It also accords with the weight of precedent on the issue.  <u>See</u> <u>Orell v. UMass Memorial Medical Center, Inc.</u>, 203 F. Supp. 2d 52, 64 (D. Mass. 2002).  <u>See also</u> <u>Calero-Cerezo v. U.S. Dept. of Justice</u>, 355 F.3d 6, 19 (1st Cir. 2004) ("[T]he case law construing the ADA generally pertains equally to claims under the Rehabilitation Act.").  Therefore, I will dismiss the plaintiff's claims insofar as they relate to defendants MacLeish and Sherman in their personal capacities.

### 5. Statute of Limitations

A claim under the Rehabilitation Act and the ADA must be timely filed, with the time for filing set by "the most analogous statute of limitations from [Massachusetts] law[.]" <u>Mieves-Marquez v. Puerto Rico</u>, 353 F.3d 108, 118-19 (1st Cir. 2003).  The defendants contend that M.G.L. ch. 151B § 9, para. 2, dealing with employment discrimination is the most analogous statute.  But, this characterization is not in line with the weight of precedents, which hold that personal injury statutes of limitation are most analogous in this type of case.  <u>See</u> <u>Gaona v. Town & Country Credit</u>, 324 F.3d 1050, 1055-56 (8th Cir. 2003); <u>Downs v. Massachusetts Bay Transp. Authority</u>, 13 F. Supp. 2d 130, 136 (D. Mass. 1998).  Therefore, I will adopt Massachusetts' three-year statute of limitation for personal injury cases, M.G.L. ch. 260 §2A.

The defendants argue that because the last discriminatory act alleged against them occurred on or before May 2000, the plaintiff's claim, filed on March 8, 2004, is time barred.  The plaintiff argues that the defendants produced a document in December 1999 and "presented their document to the Attorney General, EMHS and GLMHRA and to various state agencies.  It was

8

used to defame [the plaintiff] and to convince agencies not to employ ,[sic] me or contract for my services and was used to defame me with the board of the GLMHRA." (Docket No. 26 at 6) The plaintiff argues that the failure to disavow the document has resulted in a continuing violation of the ADA and the Rehabilitation Act.

Plaintiff's argument is without merit. The plaintiff does not allege that the defendants have taken any action upon the allegedly defamatory documents. Under the plaintiff's theory, if some third party were to act upon the allegedly retaliatory documents ten years from now, the plaintiff would be entitled to bring a claim. The plaintiff does not point to a single *action* taken by the defendants during the period encompassing three years before the date the plaintiff filed the complaint. Therefore, I grant the defendants' motion to dismiss on this issue.

## C. Defendant GLMHRA's Motion to Dismiss, or, in the Alternative, for Summary Judgment

### 1. Introduction

Defendant GLMHRA seeks this motion to dismiss or for summary judgment on the grounds that (i) some of the plaintiff's claims are time barred by the applicable statute of limitations; (ii) some of the plaintiff's claims are precluded by the Separation Agreement and general release entered into by the plaintiff; (iii) the plaintiff's discrimination claims do not adequately plead a disability or discrimination; (iv) the plaintiff's defamation and interference with a business opportunity claims are inadequately pled; and (v) the plaintiff lacks standing to claim that the merger of GLMHRA and EMHC violates IRS regulations.

### 2. Standards of Review

The standard for review under Fed. R. Civ. P. 12(b)(6) is stated above.

GLMHRA has also filed this motion in the alternative as a motion for summary judgment. I will not entertain a motion for summary judgment at this time. See Whiting v. Maiolini, 921 F.2d 5, 6-7 (1st Cir. 1990) ("[W]e have not looked with favor when allowance of the motion through which summary judgment is obtained follows hard on the heels of the complaint or answer.") (citation and quotation omitted).

### 3. Statute of Limitations

The applicable statute of limitation for the plaintiff's ADA and Rehabilitation Act claims, as noted above, is Massachusetts' three-year statute of limitation for personal injury cases, M.G.L. ch. 260 §2A. GLMHRA argues that all of the plaintiff's claims arising before March 8, 2001, must be dismissed since the plaintiff's complaint was filed on March 8, 2004. This argument is flawed.

The plaintiff alleges two separate types of violations: discrimination and retaliation. The plaintiff's discrimination claims are based on events and circumstances from his termination and removal from payroll in 2000 to the refusal to hire him on multiple dates in 2003. The plaintiff's retaliation claims include the refusal to hire in 2003, breaches of the Separation Agreement, and comments made to other employers. Since the plaintiff has alleged infringing actions that occurred within the statutory period, and the actions allegedly stem from the same discriminatory and retaliatory purposes, the doctrine of "continuing violations" may apply. See Muniz-Cabrero v. Ruiz, 23 F.3d 607, 610 (1st Cir. 1994) (discussing claims made under 42 U.S.C. § 1983). Therefore, I will not dismiss on the limitation grounds the plaintiff's claims on the record as it now stands before me.

**4. Separation Agreement and General Release**

GLMHRA contends that the plaintiff's claims based on events before November 2000 must be dismissed due to the Separation Agreement entered into by the parties. The Separation Agreement states:

> In consideration for the execution of this Agreement by GLMHRA and EMHC and other consideration, the receipt and sufficiency of which are hereby acknowledged, Albert W. Bleau Jr. . . . does for himself . . . release and forever discharge Greater Lynn Mental Health and Retardation Association, Inc., Eastern Massachusetts Housing Corporation, Inc., . . . of and from any and all debts, actions, causes of action, suits, damages, expenses, claims for attorney's fees, and any and all claims, and liability whatsoever, of every name and nature, known or unknown, both in law and in equity, which the Releasor now has or ever has had against the said Releasees from the beginning of the world to the date of this General Release, including, but not limited to , those arising under the . . . Title VII of the Civil Rights Acts of 1964, . . . any other federal, state or local human, civil rights or other laws, rules and/or regulations, or any claim arising under common law, or any other action.

(Docket No. 1, attached Separation Agreement at 2). The document states that it is an integrated agreement. (Docket No. 1, attached Separation Agreement at 3) GLMHRA contends that even if it violated portions of the Separation Agreement, the execution of the Separation Agreement extinguished the underlying claims so that the plaintiff's only basis for suit is breach of contract. The plaintiff contends that the breach of the contract should allow him to resurrect his underlying claims.

Massachusetts has a strong policy in favor of releases of claims. See LaFleur v. C.C. Pierce Co., Inc., 496 N.E.2d 827, 833 n.7 (Mass. 1986). Moreover, federal law does not preclude a knowing and voluntary release of an employment discrimination claim. See Rivera-

Flores v. Bristol-Myers Squibb Caribbean, 112 F.3d 9, 10 (1st Cir. 1997).  Here, however, the plaintiff is pro se and his pleadings should be viewed with broader latitude.  See Rodi v. Southern New England School of Law, –F.3d–, 2004 WL 2537204 (1st Cir. Nov. 10, 2004).  I am not prepared to rule on the record before me and without further filings on the issue that the plaintiff could not demonstrate some ground for finding the release defective.  Therefore, I deny GLMHRA's motion to dismiss on this ground.

### 5. Does the Plaintiff Sufficiently Allege a Disability and Discrimination?

GLMHRA contends that the plaintiff has not sufficiently alleged a disability or perceived disability and that he has not properly alleged that the decision to terminate him was based on his perceived disability.

Notice pleading is all that is required.  See Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 63-67 (1st Cir. 2004).  GLMHRA's own pleading indicates sufficient notice to defendants of the plaintiff's claimed "perceived" disability and the alleged discrimination:

> Taken most favorably to him, [the plaintiff's] allegations appear to amount to the claim that [GLMHRA] terminated his employment in the spring of 2000 or did not re-hire him in the fall of 2003 because the ageny regarded him as an alcoholic or drug addict and believed that any such addiction substantially limits the major life activity of working.

(Docket No. 15, Memorandum of Defendant Greater Lynn Mental Health & Retardation Association, Inc., in Support of its Motion to Dismiss, or, in the Alternative, for Summary Judgment at 11).  Moreover, the plaintiff sufficiently alleges a relationship between the adverse employment decisions of GLMHRA and the knowledge of his alleged drug addiction and

alcoholism to survive the defendant's motion to dismiss.  In these circumstances, I will deny

GLMHRA's motion to dismiss on this ground.

### 6. Defamation

GLMHRA seeks dismissal of plaintiff's claim of defamation.  Defamation requires:

(a) a false and defamatory statement concerning another, (b) an unprivileged publication to a third party although the burden of proving privilege may sometimes be on the defendant, (c) fault amounting at least to negligence on the part of the publisher, and in some cases, (d) the existence of special harm caused by the publication.

Sellig v. Visiting Nurse & Community Health, Inc., 10 Mass.L.Rptr. 231, 1999 WL 515795, *7

(Mass.Super. 1999).  The plaintiff does not plead defamation in a separate claim, but he is only

required to plead facts to put the defendant on notice of such a claim.  Moreover, as noted above,

since the plaintiff is pro se, the court will read his complaint with a more liberal eye.  See Rodi,

–F.3d–, 2004 WL 2537204.

GLMHRA's motion to dismiss the defamation claim is denied.  The plaintiff

alleges that agents of GLMHRA spread rumors that he "was a Drug Addict and an alcoholic."

(Docket 1 at 2-3)  This information was allegedly disseminated to ensure his firing and prevent the

plaintiff from being hired by other employers.  The plaintiff claims that these statements were

false.  This pleading clears the low bar to statement of a claim in a 12(b) context.

### 7. Intentional Interference With An Advantageous Business Relationship

GLMHRA argues that the plaintiff's intentional interference claims should be

dismissed.  In order to win on a claim of intentional interference with an advantageous business

relationship, a party "must prove that: (1) he had a contract with a third party; (2) the defendant knowingly induced the third party to break that contract; (3) the defendant's interference, in addition to being intentional, was improper in motive or means; and (4) the plaintiff was harmed by the defendant's actions." <u>Wright v. Shriners Hosp. for Crippled Children</u>, 589 N.E.2d 1241, 1245 (Mass. 1992) (citations and quotation omitted).

The plaintiff alleges that the defendant spread false rumors to prevent other employers from hiring him and to interfere with his potential work as a consultant. The plaintiff's claims of interference with hiring and potential work as they relate to GLMHRA do not satisfy the requirement that a contract exist with a third party. I will grant GLMHRA's motion to dismiss on this claim.

### 8. IRS Claim

GLMHRA seeks to dismiss any claim that the plaintiff may have brought in his complaint based on an alleged violation of IRS regulations. The plaintiff lacks standing to bring a claim for violation of IRS regulations by GLMHRA. Therefore, this claim is dismissed.

### D. Motion to Dismiss of Defendant Eastern Massachusetts Housing Corporation

Defendant EMHC seeks dismissal of the plaintiff's claims against it based upon its merger with GLMHRA. EMHC argues that it is not a proper party and that the plaintiff's service of process on it was, therefore, not proper. The plaintiff does not directly respond to this claim, instead claiming that the merger was improper. (Docket 26 at 4-5) The standard of review for this motion to dismiss is stated above.

14

Massachusetts law governs whether EMHC can be sued. "The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized." Fed.R.Civ.P. 17(b). It is undisputed that EMHC is organized under Massachusetts law.

EMHC, having merged into GLMHRA, is no longer subject to suit. Under Massachusetts law, a merged corporation, even a charitable one, is no longer subject to suit. See M.G.L. ch. 156B § 80 (a) and (b) (stating that the merged corporation ceases to exist and the surviving corporation assumes all liabilities); M.G.L. ch. 180 § 10B (applying M.G.L. ch. 156B § 80 to charitable corporations).

The plaintiff lacks standing to attack the legality of the merger. The plaintiff claims that this merger was for illegal or fraudulent purposes. But, it is not clear how this merger in any way affects the plaintiff's suit. All of the assets of EMHC are now GLMHRA's. Any liability EMHC had is now applicable to GLMHRA.

Since EMHC cannot be sued, EMHC's motion to dismiss is granted. Because of this ruling, I do not need to rule on EMHC's allegation of insufficient service of process by the plaintiff.

## E. Motion to Dismiss of Defendant Robert Griffin

### 1. Introduction

Defendant Griffin seeks to dismiss the plaintiff's claims against him because (i) the ADA and the Rehabilitation Act do not impose liability upon individuals; (ii) the plaintiff has not exhausted administrative remedies; (iii) the plaintiff's claims are untimely because the infringing actions took place outside the three-year statute of limitations; and (iv) the plaintiff did not report the defendant's allegedly discriminatory or retaliatory actions to the EEOC within the required

300 days.  The only claims addressed by defendant Griffin's motion to dismiss are the plaintiff's ADA and Rehabilitation Act claims.

### 2. ADA and Rehabilitation Claims Against Griffin as an Individual

For the reasons stated in Part III.B.4, above, the plaintiff's ADA and Rehabilitation Act claims against defendant Griffin as an individual must be dismissed.  The claim against defendant Griffin as an employer remains.

### 3. Statute of Limitation and Exhaustion

As noted previously, the applicable statute of limitation for the ADA and Rehabilitation Act claims in this case is the Massachusetts three-year statute of limitation for personal injuries.  The plaintiff does not mention any discriminatory or retaliatory action by the defendant within the three-year statute of limitation.  Therefore, the plaintiff's ADA and Rehabilitation Act claims against defendant Griffin must be dismissed.  In light of this ruling, I will not address the defendant's time-bar argument as it relates to the 300-day reporting requirement except to note that the plaintiff may have met this requirement by filing charges against defendants GLMHRA and EMHC within the time limit.  See Part III.B.3, above.

### F. Other Claims

The plaintiff raises a possible RICO claim in his opposition memorandum.  (Docket No. 26)  Specifically, the plaintiff contends that "[t]o fully understand what happened to the plaintiff, the court has to accept that RICO applies in this case."

If the plaintiff seeks to raise a RICO claim, he must do so by amending his original complaint and meeting the pleading requirements for such a claim.  See New England Data Services, Inc. v. Becher, 829 F.2d 286, 289 (1st Cir. 1987).


## IV. Conclusion

In summary, the following rulings are made:

The plaintiff's objection to Attorney Cole's representation of defendants Griffin, MacLeish, and Shermen is denied.

The plaintiff alleges facts sufficient to state a claim for employment discrimination and retaliation under the ADA and the Rehabilitation Act against defendants MacLeish and Sherman in their official capacities as employers, though the plaintiff's claims against the defendants in their personal capacities as agents of GLMHRA are dismissed.

The plaintiff has alleged sufficient facts to state claims of employment discrimination and retaliation against defendant GLMHRA, as well as a claim of defamation.  The plaintiff's claims against GLMHRA for interference with an advantageous business opportunity and for violation of IRS regulations are dismissed.

All of the plaintiff's claims against EMHC are dismissed because EMHC no longer has the capacity to be sued following its merger with GLMHRA.

In addition, the plaintiff's employment discrimination and retaliation claims against defendant Griffin are dismissed as time barred.

17

**ORDER**

For the foregoing reasons, it is ORDERED:

(1) Plaintiff's Objection to Appointment of Defendants' Counsel (Docket No. 8) is DENIED.

(2) Defendants Roderick MacLeish, Jr. and Robert A. Sherman's Motion to Dismiss (Docket No. 12) is ALLOWED as to the plaintiff's claims under the ADA and the Rehabilitation Act. The plaintiff's claims are DISMISSED WITH PREJUDICE.

(3) Motion to Dismiss, or, in the Alternative, For Summary Judgment of Defendant Greater Lynn Mental Health & Retardation Association, Inc. (Docket No. 14) is ALLOWED as it applies to the claims of intentional interference with an advantageous business relationship and any claim relating to the defendant's alleged violation of IRS regulations. The motion is DENIED in all other respects. The plaintiff's claim for intentional interference with an advantageous business relationship and any claims stemming from alleged IRS violations are DISMISSED WITH PREJUDICE.

(4) Motion to Dismiss of Defendant Robert Griffin (Docket No. 16) is ALLOWED. The plaintiff's ADA and Rehabilitation Act claims against the defendant are DISMISSED WITH PREJUDICE.

(5) Motion to Dismiss of Defendant Eastern Massachusetts Housing Corporation (Docket No. 20) is ALLOWED. The plaintiff's claims against the defendant are DISMISSED WITH PREJUDICE.

(6) A **status conference** is set for **11:00 a.m., January 18, 2005.**

18

_____/s/Robert E. Keeton_____
Robert E. Keeton
Senior United States District Judge