FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2005 JAN 18  A II: 40

U.S. DISTRICT COURT
DISTRICT OF MASS.

Albert William Bleau, Jr.,          :
                                    :
          Plaintiff                 :
                                    :
                                    :
vs.                                 :  Civil Action No. 04-10469
                                    :        JLT(REK)
                                    :
                                    :
Greater Lynn Mental Health &        :
Retardation Association, Inc.,      :
et al.,                             :
                                    :
          Defendants                :

## Answer Of Defendant Greater Lynn
## Mental Health & Retardation Association, Inc.

Defendant Greater Lynn Mental Health & Retardation Association, Inc. (Greater Lynn), answers the complaint of plaintiff Albert W. Bleau, Jr. (Mr. Bleau), as follows. (Subparagraph numbers in brackets are supplied for ease of reference.)

1.   Admitted.

2.   Admitted.

3.   The allegations of this paragraph constitute legal argument or conclusion that require no response.

4.(A). Greater Lynn admits that Mr. Bleau applied for the position of its Chief Executive Officer on August 8, 2003, and was informed by letter of August 19, 2003, that he would not be interviewed for the position. Greater Lynn denies that plaintiff was promised a consultant contract at any time and states that it

is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 4.(A). and therefore denies them.

4.(B). Greater Lynn admits that, on April 20, 2000, its board of directors (the Board) voted to accord Mr. Bleau the opportunity to resign his position as its Executive Director; in the alternative, the Board would terminate his employment. Greater Lynn further admits that, after endeavoring to enter into a separation agreement with plaintiff, he was removed from Greater Lynn's payroll on September 8, 2000.

4.(C)[1.] Denied.

    [2.] Denied.

    [3.] Denied.

    [4.] Denied.

5.   Denied.

    [a.] Denied.

    [b.] Greater Lynn admits that a drug test administered to the plaintiff in 1999 was negative. Greater Lynn admits that the test was administered on less than ten hours notice to plaintiff. Greater Lynn denies the remaining allegations of this sub-paragraph of paragraph five.

    [c.] Greater Lynn denies that it has breached any material obligations that it owes to Mr. Bleau under the Separation Agreement And General Release, which the parties executed on November 6 and 13, 2000 (the Separation Agreement). Greater Lynn further denies disparaging the plaintiff's reputation and denies

that its board members, attorneys, consultants, or employees have retaliated against him. Further answering, Greater Lynn states that a copy of the Separation Agreement to which the allegations in this paragraph refer is attached to the complaint as Exhibit 30 and that the document speaks for itself. Greater Lynn notes, however, that the document as executed contains no sample joint letter. Greater Lynn denies that it retaliated against the plaintiff on account of his filing an EEOC complaint and denies all of the remaining allegations of this subparagraph of paragraph five.

[d.] Greater Lynn admits that it has received letters from Mr. Bleau, but is without sufficient information to form a belief as to the truth of the allegation in paragraph five, subparagraph [d.], that letters and calls have been sent and made to the EEOC and the MCAD and therefore denies it. Greater Lynn denies the remaining allegations of this subparagraph of paragraph five.

[e.] Greater Lynn denies that the individuals named in the first sentence of this subparagraph retaliated against the plaintiff. Greater Lynn admits that it hired an Executive Director as of January 5, 2004, and that Robert Tucker, Paul Sahovey, Paul Lanzikos, James Purdy, and Deb O'Elenes were involved in the hiring process. Greater Lynn denies that the individuals named by the plaintiff had an obligation to recuse themselves for any purpose and denies that any of them faced a conflict of interest. Greater Lynn denies the remaining allegations of this subparagraph of paragraph five.

[f.] Greater Lynn admits that a document dated February 29, 2004, and addressed to Stephen Lewis of the MCAD is attached to the complaint and states that the document speaks for itself. To the extent that a further answer is required, Greater Lynn denies that the statements contained in the document are true.

6.   Denied.

[a.] Greater Lynn admits that plaintiff was hired as the Executive Director in 1974, that he founded EMHC, and that he was the executive director of EMHC from 1978 to November 2000. The allegations of the third and fourth sentences of this paragraph constitute legal argument or conclusion that require no response.

[b.] Greater Lynn notes that the allegations of this para-graph are set forth in the incorrect tense, as EMHC no longer exists. Greater Lynn therefore responds as if they were made using the past tense. Greater Lynn admits that EMHC had no pay-roll employees and that it contracted for services from Greater Lynn. Greater Lynn is without sufficient information to form a belief as to the truth of the allegations as to the reasons that plaintiff sued EMHC.

[c.] Greater Lynn denies that the Executive Director of Greater Lynn was necessarily the Executive Director of EMHC. Greater Lynn admits that the Board of Greater Lynn could remove board members of EMHC. The remaining allegations of this para-graph are speculative and require no response.

[d.] Greater Lynn admits that EMHC was an independent corporation that was affiliated with Greater Lynn. Greater Lynn

5

further admits that, during 1999 and 2000, plaintiff was the Executive Director of EMHC but not of Greater Lynn. Greater Lynn denies the remaining allegations of this paragraph.

[e.] The allegations of this paragraph pertain to the operation of the Internal Revenue Code and its regulations, issues as to which the Court has ruled that plaintiff has no standing.

[f.] The allegations of this paragraph pertain to the operation of the Internal Revenue Code and its regulations, issues as to which the Court has ruled that plaintiff has no standing.

[g.] The allegations of this paragraph pertain to the operation of the Internal Revenue Code and its regulations, issues as to which the Court has ruled that plaintiff has no standing.

[h.] Greater Lynn admits that the documents listed in this paragraph are attached to the complaint and states that the documents speak for themselves. Greater Lynn denies the remaining allegations of this paragraph.

[i.] Greater Lynn admits that EMHC is no longer an independent corporation. The remaining allegations of this paragraph constitute legal argument or conclusion that require no response.

[j.] The allegations of this paragraph constitute legal argument or conclusion that require no response.

[k.] Greater Lynn admits that its financial records are audited and states that the audit records speak for themselves.

6

The remaining allegations of this paragraph constitute legal
argument or conclusion that require no response.

[l.] The allegations of the first sentence of this paragraph
constitute legal argument or conclusion that require no response.
Further answering, Greater Lynn admits that it receives over two
million dollars in federal reimbursements.  Greater Lynn admits
that it receives over thirty million dollars in federal and state
reimbursements annually.  Greater Lynn denies that most of its
state reimbursements include federal matching funds.

[m.] Greater Lynn admits that it is required to file annual
financial reports with the Division of Public Charities.
Department of the Attorney General, Commonwealth of
Massachusetts, and the Purchase of Service Office of the
Department of Public Health, and that a accounting firm formerly
known as Mullen & Company has prepared those reports.  Further
answering, Greater Lynn admits that Demakis & Demakis audited
EMHC.

[n.] Greater Lynn admits that the accounting firm formerly
known as Mullen & Company prepares an annual certified report
detailing all federal funds that Greater Lynn receives.

[o.] Greater Lynn admits that MacLeish, Sherman, and Griffin
are named in the complaint, but is without sufficient information
to form a belief as to the truth of the remaining allegations of
this paragraph and therefore denies them.

[p.] Greater Lynn admits that Robert Griffin is a lawyer
with the firm of Krokidas and Bluestein, but is without suffi-

cient information to form a belief as to the truth of the re-
maining allegations of this paragraph and therefore denies them.

[q.] Denied.

[r.] Denied.

[s.] Denied.

[t.] Greater Lynn admits that plaintiff's performance
evaluations up to the spring of 1999 were positive.

[u.] Greater Lynn admits that plaintiff was placed on ad-
ministrative leave on November 1, 1999, and that that status was
extended in December of that year. Greater Lynn further admits
that the Board voted to allow plaintiff to return to his position
as Executive Director in January 2000 and further states that he
never returned to that position. Greater Lynn further admits
that the Board voted four to three with one abstention on
April 20, 2000, to offer plaintiff the option to resign rather
than to have his employment terminated. Greater Lynn denies the
remaining allegations of this subparagraph of paragraph six.

[v.] Greater Lynn admits that plaintiff continued to be paid
until September 8, 2000, and continued as the Executive Director
of EMHC. Greater Lynn further admits that plaintiff filed a
complaint with the EEOC on October 6, 2000, and that he executed
the Separation Agreement on November 6, 2000; that Eastern
Massachusetts Housing Corporation executed it on November 10,
2000; that Greater Lynn did so on November 13, 2000; and denies
that a causal relationship exists between the execution of the
Separation Agreement and the earlier filing of the EEOC

Complaint. Greater Lynn is without sufficient information to form a belief as to the truth of the allegation in this subparagraph of paragraph six to the effect that plaintiff received assistance from the Geriatric Law Project at the University of Massachusetts and therefore denies it.

[w.] Denied.

[x.] Greater Lynn admits that a partial copy of minutes of the Board of April 20, 2000, is attached to the compliant but denies the remaining allegations of this subparagraph of paragraph six.

[y.] Greater Lynn denies that there is direct evidence of retaliation by it against plaintiff. Further answering, Greater Lynn states that it is without sufficient information to form a belief as to the truth of the remaining allegations of this subparagraph of paragraph six and therefore denies them.

[z.] This subparagraph of paragraph six contains legal argument and conclusions that require no response.

[aa.] Greater Lynn admits that numerous documents are attached to the complaint, states that the documents speak for themselves, and denies that the documents support plaintiff's allegations of discrimination or retaliation.

[bb.] Greater Lynn denies that it or any of its employees retaliated against the plaintiff and denies that James Cowdell or Paul Cote made any statements to the plaintiff that retaliation would end, violators would be punished, or any legal action would

be taken.  Greater Lynn admits the remaining allegations of this paragraph.

[cc.] Greater Lynn states that the letter speaks for itself.

[dd.] Greater Lynn denies that it retaliated against the plaintiff.  Greater Lynn admits that plaintiff's mentally retarded brother resided in one of Greater Lynn's group homes, that it knew of the plaintiff's brother's medical conditions, and that the plaintiff's brother died while residing in the group home in the spring of 2001.  Greater Lynn denies that it reduced nursing services and other habilitation services, that it restricted plaintiff access to his brother's programs, or that plaintiff was prevented from learning of any alleged reduction in nursing or other services.  Further answering, Greater Lynn states that the remaining allegations of this paragraph are in the nature of argument and require no response.

[ee.] Greater Lynn is without sufficient information to form a belief as to the truth of the allegations of this subparagraph of paragraph six and therefore denies them.  Further answering, Greater Lynn states that the plaintiff was not the guardian of his brother and therefore had no authority to request or make decisions concerning his health care.

[ff.] Greater Lynn is without sufficient information to form a belief as to the truth of the allegations of this subparagraph of paragraph six and therefore denies them.

[gg.] Denied.

[hh.] Greater Lynn admits that a document dated October 12, 2000, and addressed to Larry Donoghue, and two documents, dated February 29th and March 3, 2004, addressed to Stephen Lewis of the MCAD are attached to the complaint. Greater Lynn states that the documents speak for themselves. To the extent that a further answer is required, Greater Lynn denies that the statements contained in the documents are true.

[ii.] Greater Lynn admits that, on or about April 20, 2000, the Attorney General of the Commonwealth had begun the process of putting Greater Lynn into receivership. As the allegations are made without reference to date or persons involved, Greater Lynn lacks sufficient information to form a belief as to the truth of the remaining allegations of this subparagraph of paragraph six and therefore denies them.

[jj.] Greater Lynn admits that an incomplete copy of the minutes of the meeting of the Board on April 20, 2000, is attached to the complaint and states that the document speaks for itself. Greater Lynn denies the remaining allegations of this subparagraph of paragraph six.

[kk.] The allegations of this paragraph constitute legal argument or conclusion that require no response.

[ll.] Greater Lynn admits that a letter from Van Kampen dated July 14, 2000, is attached to the complaint and states that the letter speaks for itself. Greater Lynn denies that the July 14, 2000, Van Kampen letter supports plaintiff's position

and denies plaintiff's characterization that the letter was withheld from EMHC, the Board, or the plaintiff.

[mm.] Greater Lynn admits that a copy of a letter from a Leslie Slavin, dated January 18, 2000, is attached to the complaint and states that the document speaks for itself. Greater Lynn denies the remaining allegations of this sub-paragraph of paragraph six.

[nn.] Greater Lynn is without sufficient information to form a belief as to the truth of the allegations of this subparagraph of paragraph six and therefore denies them.

[oo.] Greater Lynn admits that the documents listed in this subparagraph of paragraph six were attached to the complaint and states that the documents speak for themselves.

[pp.] Greater Lynn admits that a document dated March 3, 2004, addressed to Stephen Lewis of the MCAD is attached to the complaint and states that the document speaks for itself. To the extent that a further answer is required, Greater Lynn denies that the statements contained in the document are true.

[qq.] Denied.

[rr.] Denied.

[ss.] Greater Lynn admits that it terminated the plaintiff's services and denies the remaining allegations of this sub-paragraph of paragraph six.

[tt.] Denied.

[uu.] Greater Lynn denies that any unethical, illegal, or discriminatory practices occurred.

[vv.] Greater Lynn is without sufficient information to form a belief as to the truth of the allegations of this subparagraph of paragraph six and therefore denies them.

7.    Denied.  Further answering, Greater Lynn states that it employs approximately 900 persons.

8.    Denied.

9.    Admitted.

10.   Greater Lynn admits that the EEOC issued a Dismissal and Notice of Rights on December 5, 2003. Further answering, Greater Lynn states that it is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph ten and therefore denies them.

11.   Greater Lynn admits that there was no probable cause to believe that discrimination occurred.  Greater Lynn further admits that plaintiff's reasons for questioning that determination are listed in the subparagraphs following paragraph 11.

12.   Denied.

13.   Greater Lynn denies that plaintiff is entitled to the relief requested in paragraph 13.

Greater Lynn denies that plaintiff is entitled to costs and attorneys' fees as requested in the final, unnumbered paragraph of the complaint.

13

## Defenses

### One
#### No Employment Discrimination

Greater Lynn did not unlawfully discriminate against Mr. Bleau. Specifically, Greater Lynn did not terminate plaintiff's employment and did not decline to rehire him for any improper reason. Rather, Greater Lynn terminated plaintiff's employment for legitimate business purposes, and Greater Lynn hired a more qualified candidate.

### Two
#### No Retaliation

Greater Lynn did not retaliate against Mr. Bleau. Specifically, plaintiff was not engaged in any protected activity, and Greater Lynn did not terminate his employment or decline to rehire him on the basis of any protected activity.

### Three
#### No Defamation

Greater Lynn did not publish defamatory statements about Mr. Bleau to a third party. Any statements about him that he alleges that Greater Lynn published were truthful and, in any case, privileged because there existed a mutual interest between Greater Lynn and the party receiving the communication that they might reasonably calculate would be served by Greater Lynn's communication of the statement. Also, Greater Lynn exercised due care in publishing its statements concerning plaintiff.

## Affirmative Defenses

One
### No Breach of Separation Agreement and Release

Greater Lynn's obligation under the Separation Agreement And General Release to pay, on plaintiff's behalf, certain of his educational expenses was a conditional promise. Mr. Bleau did not satisfy the conditions and, therefore, no payment was due to him. Thus, the release bars plaintiff's claims against Greater Lynn.

Two
### Plaintiff's Contractual Obligations Remain in Force

Greater Lynn did not materially breach the Separation Agreement And General Release, and plaintiff is not entitled to rescind the contract. Thus, the release bars plaintiff's claims against Greater Lynn.

Three
### Plaintiff's Breach of the Release
### Does Not Relieve Him of His Obligations Under It

As plaintiff breached the Separation Agreement And General Release, Greater Lynn was excused from further, future performance under it. Plaintiff's breach does not, however, relieve him of the obligations that he assumed by entering into and benefitting from the Agreement. Plaintiff has not offered to make restitution of the ninety-five thousand two hundred dollars and other benefits that he received and therefore is not entitled to rescission. Thus, the release bars plaintiff's claims against Greater Lynn.

15

Four
Statute Of Limitations

The statute of limitations bars plaintiff's claims.

by its attorneys,

*Garrick Cole*

_____
Garrick F. Cole
BBO No. 091340
Christina Schenk-Hargrove
BBO No. 645164

Smith & Duggan LLP
Two Center Plaza, Suite 620
Boston, Massachusetts 02108-1906
(617) 228-4400

Dated: 18 January 2005

CERTIFICATE OF SERVICE
I hereby certify that a true copy of
the above document was served upon the plaintiff and the
attorney of record for each other party by
hand  mail on  18 January 2005

*Garrick Cole*
_____