**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

*FILED*
*IN CLERKS OFFICE*

*2005 JAN 28 P 3: 26*

*U.S. DISTRICT COURT*
*DISTRICT OF MASS.*

| | |
|---|---|
| ALBERT WILLIAM BLEAU, JR.,<br><br>          Plaintiff,<br><br>v.<br><br>GREATER LYNN MENTAL HEALTH &<br>RETARDATION ASSOCIATION, et al.,<br><br>          Defendants. | **Civil Action No.: 04-10469JLT** |

**DEFENDANTS RODERICK MACLEISH, JR. AND**
**ROBERT A. SHERMAN'S MEMORANDUM OF LAW IN**
**SUPPORT OF MOTION TO DISMISS**

**INTRODUCTION**

As foreshadowed by counsel for defendants Roderick MacLeish, Jr. and Robert A. Sherman ("MacLeish and Sherman") at the recent scheduling conference, this Court should dismiss plaintiff Albert W. Bleau, Jr.'s (the "Plaintiff") remaining defamation claims against MacLeish and Sherman. Simply stated, much like Plaintiff's claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act, which the Court dismissed as time barred in its Memorandum and Order, dated December 8, 2004, the Plaintiff does not allege that MacLeish and Sherman made a *single* defamatory statement within the three years before the filing of the complaint in this action. Indeed, at the very latest, the last alleged defamatory statement by MacLeish and Sherman occurred in May of 2000. The Plaintiff, however, filed his complaint on March 8, 2004, well after the three year statute of limitations governing his defamation claims expired. In the alternative, even if those claims are not time barred, this Court

should still grant MacLeish and Sherman's motion because the Plaintiff cannot adjudicate his common law defamation claims in this Court against defendants that reside in the same State.

STATEMENT OF RELEVANT FACTS

**A.  The Plaintiff's Original Complaint, the Defendants' Motion to Dismiss, and the Court's Order Granting that Motion**

On March 8, 2004, the Plaintiff filed a Complaint against MacLeish and Sherman and others[1] generally alleging claims of discrimination under the ADA and the Rehabilitation Act. See generally, Complaint. On May 7, 2004, MacLeish and Sherman filed a motion to dismiss the Plaintiff's ADA and Rehabilitation Act claims. See **Exhibit 1** (a copy of MacLeish and Sherman's memorandum in support of their first motion to dismiss). Through their court papers, MacLeish and Sherman moved to dismiss the Plaintiff's claims on the following three grounds:

1.  The Plaintiff failed to exhaust his administrative remedies prior to filing his Complaint ("Exhaustion Defense");

2.  The ADA and Rehabilitation Act do not impose liability on MacLeish and Sherman in their individual *capacities* ("Capacity Defense"); and

3.  Regardless of what *capacity* in which MacLeish and Sherman were sued (e.g., as individuals or *de facto* employers), the Plaintiff's claims are time barred by the applicable three-year statute of limitations ("Limitations Defense").

See **Exhibit 1**.

On December 8, 2004, this Court issued a Memorandum and Order ("Memorandum and Order") on MacLeish and Sherman's motion to dismiss, as well as on motions brought by the

---

[1] Greater Lynn Mental Health & Retardation Association ("GLMHRA"), Eastern Mass Housing Corporation, and Robert J. Griffin ("Griffin").

2

other defendants.  See **Exhibit 2** (a copy of the Memorandum and Order).  In particular, according to the Memorandum and Order, the Court ordered that:

> **Defendants Roderick MacLeish, Jr. and Robert A. Sherman's Motion to Dismiss (Docket No. 12) is ALLOWED as to the plaintiff's claims under the ADA and the Rehabilitation Act.  The plaintiff's claims are DISMISSED WITH PREJUDICE.**

See **Exhibit 2**, p. 18 (emphasis added).

Based on the Memorandum and Order and although the Court acknowledged the Plaintiff's Complaint was "not a paragon of clarity," there arose a question as to whether the Plaintiff also was asserting common law defamation claims against MacLeish and Sherman, even though the Complaint does not include specific counts for defamation against them.  As a result, and considering the Court had set a scheduling conference for January 18, 2005, counsel for MacLeish and Sherman secured an agreed-up extension for their response to the Complaint until January 28, 2005.  See **Exhibit 3** (a copy of a letter from counsel to the Plaintiff memorializing their agreement).

**B.    The Court's Scheduling Conference**

On January 18, 2005, the Court held a scheduling conference.  At the conference, the Plaintiff acknowledged that the Court had dismissed his ADA and Rehabilitation Act claims against defendant Griffin; however, he stated that he believed he still had those federal claims against MacLeish and Sherman in their alleged capacities as *de facto* employers.  That position, however, plainly contradicts the Memorandum and Order dismissing those claims against MacLeish and Sherman with prejudice.  See **Exhibit 2**, p. 18.

Counsel for MacLeish and Sherman believes that the Plaintiff's confusion comes from a separate discussion contained in the Memorandum and Order.  Specifically, prior to issuing its actual orders in the Memorandum and Order, the Court analyzed whether MacLeish, Sherman,

3

and Griffin could be sued under the ADA and Rehabilitation Act in their *individual* capacities.

See **Exhibit 2**, p. 7-8 (discussion regarding MacLeish and Sherman) and p. 16 (discussion

regarding Griffin).  In particular, with regard to MacLeish and Sherman, the Court explained:

> **The defendants assert that any claim made against them as lawyers or agents
> of GLMHRA and not in their capacity as employers is 'not cognizable under
> the ADA or the Rehabilitation Act.'** (Docket No. 13 at 2).  The plaintiff does
> not appear to dispute this claim...Therefore, **I will dismiss the plaintiff's claims
> insofar as they relate to defendants MacLeish and Sherman in their personal
> capacities."**

**Exhibit 2**, pp. 7-8.  In the Conclusion of the Memorandum and Order, however, the Court stated:

> **The plaintiff alleges facts sufficient to state a claim for employment
> discrimination and retaliation under the ADA and the Rehabilitation Act
> against defendants MacLeish and Sherman in their official *capacities* as
> employers, though the plaintiff's claims against the defendants in their
> personal *capacities* as agents of GLMHRA are dismissed.**

**Exhibit 2**, p. 17 (emphasis and italics added).  Similarly, with regard to Griffin, the Court

explained:

> For the reasons stated in Part III.B.4, above [referring to the section discussing
> MacLeish and Sherman], the plaintiff's ADA and Rehabilitation Act claims
> against defendant Griffin as an individual must be dismissed.  **The claim against
> defendant Griffin as an employer remains.**

**Exhibit 2**, p. 16 (emphasis added).  The emphasized language above likely is the source of the

Plaintiff's confusion.

Although acknowledging MacLeish, Sherman, and Griffin may be sued under the ADA

and Rehabilitation Act in their alleged *capacities* as *de facto* employers, the Court later analyzed

those claims based on MacLeish and Sherman's Limitations Defense, the third ground on which

they sought to dismiss the Complaint.  As the Court aptly explained:

> **The plaintiff argues that the failure to disavow the document has resulted in
> a continuing violation of the ADA and the Rehabilitation Act.  Plaintiff's
> argument is without merit. . . .  The plaintiff does not point to a single *action*
> taken by the defendants during the period encompassing three years before**

4

> **the date the plaintiff filed the complaint. Therefore, I grant the defendants'
> motion to dismiss on this issue.**

**Exhibit 2**, p. 9 (emphasis added).  In turn, after that explanation, the Court ordered the ADA and

Rehabilitation Act claims against MacLeish, Sherman, and Griffin "**DISMISSED WITH

PREJUDICE.**"  See **Exhibit 2**, p. 18 (emphasis added).

In sum, there can be no doubt that the Court dismissed all of the Plaintiff's ADA and

Rehabilitation Act claims against MacLeish and Sherman, regardless of the Plaintiff's attempt to

resurrect those claims at the Court's status conference.  No matter what *capacity* in which

MacLeish and Sherman were acting (as individuals or *de facto* employers), the Plaintiff does not

point to "a single *action*" within the statutory period.  See **Exhibit 2**, p. 9.  The statutory period

does not hinge on MacLeish and Sherman's *capacity*; but rather, it hinges on their alleged *acts*.[2]

Should the Plaintiff disagree with the Memorandum and Order, he should pursue his appellate

rights at the appropriate time.

**C.      The Remaining Claim in the Complaint**

The Plaintiff's only remaining claim seems to sound in defamation, although it is never

expressly alleged as a separate count in the Complaint.  In the body of the Complaint, the

Plaintiff chronicles the following allegations, in relevant part:

> 1.      alleged defamation by the sharing of medical and therapy records with
> "unauthorized employees, board members, consultants, legal counsel,
> outside individuals and state and private agencies, business associates and
> prospective employers and customers[.]"[3]  Complaint ¶ 5 (sub-¶ 1).

---

[2] Furthermore, it does not make any logical sense to admit that the Court dismissed the ADA and Rehabilitation Act
claims against Griffin but somehow retained the same claims against MacLeish and Sherman.

[3] The Complaint is unclear as to which defendants committed the alleged defamatory acts or when they occurred.

5

2. alleged defamatory remarks made by defendants concerning a drug test and the circulation of "rumors in the community and within GLMHRA and EMHC that I was a Drug Addict and an alcoholic."[4] Complaint ¶ 5 (sub- ¶2).

3. alleged false rumors and allegations disseminated previously.[5] Complaint ¶ 5 (sub- ¶5).

4. alleged false allegations against the Plaintiff made by MacLeish and Sherman to the Attorney General's Office; alleged sharing of medical and therapy records by Sherman with the board; alleged reporting of false transactions by MacLeish to the board.[6] Complaint ¶ 6 (sub- ¶ 21).

5. alleged fabricated statements that the Plaintiff was "mentally unstable, a drug-addict, and an alcoholic" and was "unfit to lead the companies."[7] Complaint ¶ 6 (sub-¶ 43).

DISCUSSION

## I.    RELEVANT LEGAL STANDARDS

Pursuant to FED. R. CIV. P. 12(b)(6), a court may properly dismiss a complaint for failure to state a claim upon which relief may be granted. When analyzing a Rule 12(b)(6) motion, a court "must take the allegations in the complaint as true and must make all reasonable inferences in favor of the [plaintiff]." See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). A complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief." See Miranda v. Ponce Federal Bank, 948 F.2d 41, 44 (1st Cir. 1991) (quoting Conley v. Gibson,

---

[4] Again, the Complaint is unclear as to which defendants circulated the alleged rumors and when they occurred. The Plaintiff also does not indicate when the drug test was ordered or performed.

[5] The Complaint is unclear as to if this conduct was even attributable to any of the named defendants in this action. The paragraph begins by listing an assortment of other people who are not named defendants. The Complaint also does not specify what these alleged rumors and allegations were or when they were made.

[6] The Complaint is unclear as to when any of these alleged act occurred. Paragraph 6, subparagraph 21 of the Complaint references several dates including November 1, 1999, January 21, 2001, and April 20, 2000. By the context of the paragraph and the remainder of Plaintiff's chronology, it appears January 21, 2001 was a scrivener's error and the date should have read January 21, 2000. See Complaint ¶ 6 (sub-¶ 21-22). Nonetheless, if the January 21, 2001 date is in fact correct, the alleged acts could not have been attributable to either MacLeish or Sherman because they were replaced as counsel in May 2000.

[7] The Complaint is again unclear as to which defendants this alleged conduct is attributed. The Complaint also does not indicate the date on which the alleged conduct occurred.

355 U.S. 41, 45-46 (1957)).  Even if this Court accepts all facts alleged in the Complaint as true, the Plaintiff still is not entitled to relief.

Pursuant to FED. R. CIV. P. 12(b)(1), a court may properly dismiss a claim over which it has no subject matter jurisdiction.  See Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152-154 (1908); Davis v. Schifone, 185 F. Supp. 2d 95, 102 (D. Mass. 2002).  Indeed, a "court's authority to hear a particular case is a necessary precondition to the proper performance of the judicial function."  See Valentin v. Hosp. Bella Vista, 254 F.3d 358, 364 (1st Cir. 2001).  When analyzing a Rule 12(b)(1) motion, a court must credit the plaintiff's "well-pleaded facts as true, according to the Plaintiff the benefit of all reasonable inferences."  See Northern Kare Facilities/Kingdom Kare, LLC v. Benefirst, LLC, 344 F. Supp. 2d 283, 286 (D. Mass. 2004).

## II.    THE PLAINTIFF'S DEFAMATION CLAIMS ARE TIME BARRED BY THE STATUTE OF LIMITATIONS

Regardless of whether or not the Plaintiff even has pled common law defamation claims against MacLeish and Sherman properly, the Plaintiff's claims were not timely filed.  Under Massachusetts law, defamation actions must "be commenced only within three years next after the cause of action accrues."  See MASS. GEN. LAWS Ch. 260, § 4.  The cause of action "accrues" on the date of publication of the alleged statement(s) at issue, not when a plaintiff discovered the alleged defamation.  See Flynn v. Associated Press, 401 Mass. 776, 780-781 (1988).  Even if everything the Plaintiff's alleges in the Complaint is true, the Plaintiff simply failed to file the Complaint within the specified statutory period.  The last defamatory statement allegedly made by MacLeish and Sherman occurred, at the very latest, in May of 2000, when MacLeish and Sherman were replaced as counsel for GLMHRA.  See Complaint ¶5 (sub-¶¶1, 2, 5), ¶6 (sub-¶¶ 18, 21, 43).  Accordingly, the Plaintiff should have filed the Complaint in or before the end of May of 2003, at the very latest.  He did not.  Rather, the Plaintiff filed this action on March 8,

7

2004, well past the statutory three-year limitation period. Accordingly, the Plaintiff's defamation claims must be dismissed in their entirety as time barred.

## III.   THE COURT LACKS JURISDICTION OVER THE PLAINTIFF'S DEFAMATION CLAIM S

Even if the Court does not find that the Plaintiff's state law defamation claims are time barred, the Court has already dismissed all of Plaintiff's federal claims (ADA and Rehabilitation Act) and no longer has subject matter jurisdiction over the sole remaining state law defamation claims. A party may bring a claim in federal court based on a federal question or diversity of citizenship. See 28 U.S.C. §§ 1331, 1332 (2004). As the Court dismissed the Plaintiff's ADA and Rehabilitation Act claims against MacLeish and Sherman, the only basis for jurisdiction is diversity of citizenship. The Plaintiff and all of the defendants, however, are citizens of the same State – Massachusetts. See Complaint ¶¶ 1-2. Consequently, there is no diversity and this Court lacks subject matter jurisdiction to adjudicate the Plaintiff's state law defamation claims against MacLeish and Sherman.

**[INTENTIONALLY LEFT BLANK]**

## CONCLUSION

For all of the foregoing reasons, defendants Roderick MacLeish, Jr. and Robert A. Sherman respectfully request that the Court grant their Motion to Dismiss.

Respectfully submitted,

RODERICK MACLEISH, JR., and
ROBERT A. SHERMAN,

By their attorneys:

David G. Thomas, BBO # 640854
Allison K. Jones, BBO# 654804
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, MA  02110
Tel: (617) 310-6000
Fax: (617) 310-6001

Dated:  January 28, 2005

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail hand on _1/28/05_