UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2005 FEB -1 P 1:57

U.S. DISTRICT COURT
DISTRICT OF MASS.

Albert William Bleau., Jr.,

    Plaintiff,

v.

Greater Lynn Mental Health & Retardation Association, Inc., et al.,

    Defendant.

CIVIL ACTION
NO. 04-10469(REK)

### MEMORANDUM OF DEFENDANT ROBERT J. GRIFFIN IN SUPPORT OF HIS MOTION FOR ENTRY OF SEPARATE AND FINAL JUDGMENT

Pursuant to Local Rule 7.1(B)(1) and Fed. R. Civ. P. 54(b), the defendant Robert J. Griffin ("Griffin") submits this memorandum in support of his motion for entry of separate and final judgment.

Griffin moved to dismiss all of the claims against him set forth in the Complaint. In its December 8, 2004 Memorandum and Order, the Court allowed the motion (Memorandum, at 18); the Court explicitly dismissed with prejudice the plaintiff's ADA and Rehabilitation Act claims (Memorandum, at 18). As the plaintiff has recognized, these are the only claims made against Griffin and, therefore, the entire Complaint has been dismissed. Indeed, the plaintiff refers to Griffin as "past defendant Robert Griffin" in the motion he filed on January 18, 2005. See Motion Regarding Production of Documents & A Written Reference for the Plaintiff & Delay to File RICO Documentation, at p.1.

Since all claims against Griffin have been disposed of, see Maldenado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 580 (1st Cir. 2003), it would be unfair and unjust for Griffin to have to bear the expense and burden of continuing to participate in

this litigation. There is no just reason to delay entry of a separate final judgment. The real and actual employer of the plaintiff, Greater Lynn Mental Health & Retardation Association, Inc., is still in this case and the litigation can proceed. If relevant, the plaintiff can seek discovery from Griffin as a third party witness and seek to hold Greater Lynn Mental Health & Retardation Association, Inc. responsible for the actions of its agents. But, there is no reason to keep its "agent" in the case as a named defendant. To do so would run counter to the Court's clear holding that an employee cannot be liable.

Respectfully Submitted,

**Robert J. Griffin,**

By his attorney,

_____
Donald K. Stern, BBO #479420
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA 02110-1726
(617) 951-8000

Dated: February 1, 2005

## CERTIFICATE OF SERVICE

I, Donald K. Stern, hereby certify that the above document was served upon all counsel of record, by First Class mail, on February 1, 2005

_____
Donald K. Stern

- 2 -

LITDOCS/584760.2