UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ALBERT WILLIAM BLEAU, JR.,

     Plaintiff,

v.

GREATER LYNN MENTAL HEALTH &
RETARDATION ASSOCIATION, et al.,

     Defendants.

Civil Action No.:  04-10469REK

## DEFENDANTS RODERICK MACLEISH, JR. AND ROBERT A. SHERMAN'S MEMORANDUM IN RESPONSE TO ALBERT W. BLEAU, JR.'S MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

Plaintiff Albert W. Bleau, Jr.'s (the "Plaintiff") Motion for Summary Judgment is flawed and unavailing in both form and substance.  Apart from merely being an amalgamation of incoherent factual claims and conclusions, it simply fails to present any evidence in support of the Plaintiff's remaining defamation claim against Roderick MacLeish, Jr. and Robert A. Sherman ("MacLeish and Sherman"), a claim which MacLeish and Sherman already have moved to dismiss.  To the extent the Plaintiff's defamation claim survives MacLeish and Sherman's motion to dismiss, however, this Court should deny the Plaintiff's Motion for Summary Judgment because material issues of fact unquestionably exist and MacLeish and Sherman should be afforded the opportunity to take discovery in their defense against that claim.

### STATEMENT OF FACTS/PROCEDURAL HISTORY

On March 8, 2005, the Plaintiff responded to MacLeish and Sherman's Motion to Dismiss and purportedly filed a Motion for Summary Judgment ("Summary Judgment Motion"),

although no free-standing motion for summary judgment was filed with this Court.  Also, a Local Rule 56.1 "Concise Statement of Facts" did not accompany the Plaintiff's papers, nor did the Plaintiff submit any signed or dated affidavits in support of his motion.  The Summary Judgment Motion merely lists an assortment of unsubstantiated bald accusations – much like those in the Complaint.  Indeed, it is difficult to discern how the Summary Judgment Motion, which focuses mainly on alleged discrimination and retaliation, is even relevant to MacLeish and Sherman because the Plaintiff's federal discrimination claims against them were dismissed <u>with prejudice</u> by this Court.  <u>See</u> December 8, 2004 Memorandum and Order ("Memorandum and Order"), p. 18.  The Plaintiff, however, attempts to resurrect those discrimination claims by arguing that MacLeish and Sherman were the Plaintiff's *de facto* employers, when there can be no doubt that the Court dismissed those claims as time barred regardless of what capacity MacLeish and Sherman allegedly were acting (as individuals or *de facto* employers).  <u>See</u> Memorandum and Order, pp. 9 and 18.  Regardless of their capacity, the Plaintiff did not, does not, and cannot point to a single discriminatory or defamatory act by MacLeish or Sherman within the statutory period.  <u>See</u> Memorandum and Order, p. 9.  Nonetheless, on March 21, 2005, the Plaintiff filed an Amendment of Plaintiff's Motion ("Plaintiff's Amendment"), through which the Plaintiff again alleges that his federal discrimination claims against MacLeish and Sherman have not been dismissed.  Just like the Summary Judgment Motion, however, the Plaintiffs' Amendment fails to present this Court with any alleged conduct by MacLeish and Sherman beyond May of 2000, at the very latest.

<u>S</u>TANDARD FOR <u>S</u>UMMARY <u>J</u>UDGMENT

A party is entitled to summary judgment where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  F<small>ED</small>. R. C<small>IV</small>.

P. 56(c).  In deciding a motion for summary judgment, "the court must look at the record in the light most favorable to the non-moving party and must indulge all inferences favorable to the nonmoving party."  Stepanischen v. Merchants Dispatch Transportation Corp., 722 F.2d 922, 928 (1st Cir. 1983).

<u>DISCUSSION</u>

**I.    THE PLAINTIFF'S DISCRIMINATION CLAIMS AGAINST MACLEISH AND SHERMAN WERE DISMISSED WITH PREJUDICE AND THE PLAINTIFF MAY NOT NOW RESURRECT THOSE CLAIMS THROUGH A MOTION FOR SUMMARY JUDGMENT**

In this Court's December 8, 2004 Memorandum and Order, all discrimination claims against MacLeish and Sherman were dismissed <u>with</u> <u>prejudice</u>.  <u>See</u> Memorandum and Order, p. 18.  In particular, according to the Memorandum and Order, the Court ordered that:

> **Defendants Roderick MacLeish, Jr. and Robert A. Sherman's Motion to Dismiss (Docket No. 12) is ALLOWED as to the plaintiff's claims under the ADA and the Rehabilitation Act.  The plaintiff's claims are DISMISSED WITH PREJUDICE.**

<u>Id.</u> (emphasis added).  To the extent the Plaintiff seeks summary judgment against MacLeish and Sherman under the ADA and/or Rehabilitation Act, his motion should be dismissed as entirely frivolous.[1]

**II.    THE PLAINTIFF'S DEFAMATION CLAIM IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS**

Regardless of whether or not the Plaintiff has filed a proper motion for summary judgment, the Plaintiff did not file his defamation claim in a timely manner and MacLeish and Sherman have moved to dismiss that claim accordingly.  <u>See</u> **Exhibit 1** (a copy of MacLeish and Sherman's Motion to Dismiss).  The Plaintiff cannot rehabilitate his defamation claim by

---

[1] To the extent Plaintiff's Motion for Summary Judgment somehow is deemed proper with respect to the dismissed federal discrimination claims against MacLeish and Sherman, the motion should be denied as genuine issues of material fact exist as to the *de facto* employer status of MacLeish and Sherman and they should be afforded discovery in response to the Plaintiff's claims.  <u>See</u> <u>supra</u>, pp. 5-7.

basically reiterating in a motion for summary judgment the same or similar allegations as contained in the Complaint and/or other filings, especially considering the fact that this Court stayed discovery in this case at the last case management conference.

## III.    THIS    COURT    LACKS    JURISDICTION    OVER    THE    PLAINTIFF'S DEFAMATION CLAIM

Even if this Court does not find that the Plaintiff's defamation claim is time barred, this Court no longer has subject matter jurisdiction over that claim, as the Court has already dismissed all of the Plaintiff's federal discrimination claims.  MacLeish and Sherman have moved to dismiss the defamation claim on that ground accordingly.  See **Exhibit 1**.  The Plaintiff may not create diversity jurisdiction by filing a motion for summary judgment.

## IV.    THE PLAINTIFF HAS NOT COMPLIED WITH THE LOCAL RULES OF CIVIL PROCEDURE

The Plaintiff's Summary Judgment Motion should be dismissed because he has failed to follow several key rules governing the filing of a summary judgment motion under the Local Rules of this Court.  In particular, the Plaintiff has not provided a "concise statement of material facts of record….with page references to affidavits, depositions, and other documentation" pursuant to the Local Rules.  See LOCAL RULE 56.1.  Not only does that failure make it exceedingly difficult for MacLeish and Sherman to respond fairly and in any cohesive manner to the Plaintiff's alleged facts, but the Local Rule specifically states that, "[f]ailure to include such a statement constitutes grounds for denial of the motion."  Id.  On this deficiency alone, the Plaintiff's motion should be denied.  More practically, the Plaintiff has not presented a "record" from which this Court may assess the Plaintiff's motion.

The Plaintiff also has failed to file affidavits to support his motion for summary judgment, pursuant to Local Rule 56.1.  Although the Plaintiff has submitted "draft" affidavits, they are just that - drafts - that lack both a signature, date or attestation under oath.  The purpose

4

of requiring affidavits is to protect the procedural integrity of summary judgment. See Mahan v. Boston Water and Sewer Commission, 179 F.R.D. 49, 53 (D. Mass. 1998) (discussing "sham affidavit rule").  Submitting draft affidavits in support of a motion for summary judgment is simply inappropriate.  Furthermore, the Plaintiff made no attempt to confer with counsel for MacLeish and Sherman to try to resolve or narrow the issues in the Summary Judgment Motion, in violation of Local Rule 7.1(A)(2).

## V.    SUMMARY JUDGMENT IS PREMATURE, PURSUANT TO FED. R. CIV. P. 56(c) and (f), BECAUSE DISCOVERY HAS NOT YET COMMENCED AND GENUINE ISSUES OF MATERIAL FACT EXIST AS TO PLAINTIFF'S DEFAMATION CLAIM

This case is at an embryonic stage -- **no formal discovery has been taken by any of the parties**.  In fact, MacLeish and Sherman have not even answered the Complaint and the parties have yet to provide any initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) or confer under Rule 26(f).  Again, there is no "record" from which this Court may consider summary judgment of the Plaintiff's defamation claim.  Rather, summary judgment is only appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).[2]  A summary judgment motion is premature and improvident when the record has not yet been developed, there is no evidence under oath, and no discovery whatsoever has occurred.  See FED. R. CIV. P. 56(f); Commonwealth Aluminum Corp. v. Markowitz, 164 F.R.D. 117, 119-121 (D. Mass. 1995); 10A Wright, Miller & Kane, Federal Practice & Procedure § 2740 (1983).  To the extent the

---

[2] While the Federal Rule does not expressly require affidavits to be submitted with a motion for summary judgment, the Local Rules do require affidavits under Rule 56.1.  See LOCAL RULE 56.1 ("Motions for summary judgment shall include a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits, depositions, and other documentation."  (emphasis added).  LOCAL RULE 56.1.

Plaintiff's defamation claim survives MacLeish and Sherman's Motion to Dismiss, MacLeish and Sherman believe that discoverable material exists that would raise a trial worthy issue. The only affidavits the Plaintiff has presented are draft affidavits that are unsigned and undated. Regardless, neither the draft affidavits nor the Plaintiff's motion or other papers even speak to the necessary elements of the Plaintiff's defamation claim. At minimum, MacLeish and Sherman must obtain relevant documents, answers to interrogatories, and the Plaintiff's deposition and depositions of related third-parties to which the defamatory remarks allegedly were published, so they can test the merits and wherewithal of the Plaintiff's defamation claim. If a defamation claim is viable, MacLeish and Sherman should be afforded the opportunity to defend against it. As such, summary judgment is a premature and inappropriate adjudication of the Plaintiff's defamation claim at this early stage.

### CONCLUSION

For all of the foregoing reasons, defendants Roderick MacLeish, Jr. and Robert A. Sherman respectfully request that the Court deny Albert W. Bleau, Jr.'s Motion for Summary Judgment.

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(D), defendants respectfully request an oral argument on the Plaintiff's motion.

Respectfully submitted,

RODERICK MACLEISH, JR., and
ROBERT A. SHERMAN,

By their attorneys:

/s/ David G. Thomas
David G. Thomas, BBO # 640854
Allison K. Jones, BBO# 654804
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, MA   02110
Tel:  (617) 310-6000
Fax:  (617) 310-6001

Dated:  April 20, 2005

**CERTIFICATE OF SERVICE**

I, David G. Thomas, hereby certify that on this 20th day of April, 2005, I served a copy of the foregoing by U.S. mail, postage prepaid, upon the Plaintiff, Albert W. Bleau, Jr., 505 Paradise Road, #208, Swampscott, Massachusetts 01907 and the attorney of record for each other party via the Court's electronic filing system.

/s/ David G. Thomas
David G. Thomas