UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT WILLIAM BLEAU, JR., <br><br> Plaintiff, <br><br> v. <br><br> GREATER LYNN MENTAL HEALTH & RETARDATION ASSOCIATION, et al., <br><br> Defendants. | Civil Action No.:  04-10469REK |

### DEFENDANTS RODERICK MACLEISH, JR. AND ROBERT A. SHERMAN'S RESPONSE TO PLAINTIFF'S "MOTION REQUESTING RELIEF TO PREVENT CONTINUING RETALIATION AND DEFAMATION BY THE DEFENDANTS"

#### INTRODUCTION

Defendants Roderick MacLeish, Jr. and Robert A. Sherman ("MacLeish and Sherman") respond to Plaintiff Albert W. Bleau, Jr.'s (the "Plaintiff") "Motion Requesting Relief To Prevent Continuing Retaliation And Defamation By The Defendants" (the "Motion") out of an abundance of caution.  It is unclear from the Plaintiff's papers whether or not he even seeks relief as to MacLeish and Sherman because the Plaintiff refers to the "defendants" generally, yet only identifies alleged inappropriate conduct by Greater Lynn Mental Health & Retardation Association ("GLMHRA").  Nonetheless, to the extent that "defendants" includes MacLeish and Sherman, the Motion should be denied because it is wholly without merit.

Specifically, the Plaintiff seeks mandatory injunctive relief to (1) prevent the "defendants" from "defaming and retaliating" against him and (2) compel production of a reference letter.  As to the first request, the Plaintiff presents no evidence (or even allege) that MacLeish and Sherman have engaged in any conduct toward him since May 2000, the lack

thereof which already caused this Court to dismiss the Plaintiff's federal discrimination claims against MacLeish and Sherman <u>with</u> <u>prejudice</u>. As to the second request, this Court already has denied the very relief the Plaintiff now seeks – the publication of a reference letter – and the Plaintiff presents no compelling reason for this Court to reconsider that order.

### <u>RELEVANT FACTS AND PROCEDURE</u>

On March 8, 2005, the Plaintiff filed the Motion without conferring with counsel for MacLeish and Sherman, as required by the Local Rules of this Court. A conference may have remedied a need for this response. Nonetheless, in support of the Motion, the Plaintiff basically reiterates the allegations contained in his Complaint and other filings. The Plaintiff does not present any additional claims directly against MacLeish and Sherman.

### <u>DISCUSSION</u>

**I.  THE PLAINTIFF MAY NOT RESURRECT HIS ADA AND REHABILITATION ACT CLAIMS AGAINST MACLEISH AND SHERMAN IN THE MOTION**

On March 8, 2004, the Plaintiff filed this action against MacLeish and Sherman and others[1] generally alleging claims of discrimination under the Americans with Disabilities Act (the "ADA") and the Rehabilitation Act of 1973 (the "Rehabilitation Act"). <u>See</u> <u>generally</u>, Complaint. On May 7, 2004, MacLeish and Sherman filed a motion to dismiss the Plaintiff's ADA and Rehabilitation Act claims. On December 8, 2004, this Court issued a Memorandum and Order ("Memorandum and Order") on MacLeish and Sherman's motion to dismiss, as well as on motions brought by the other defendants. In particular, according to the Memorandum and Order, the Court ordered that:

> **Defendants Roderick MacLeish, Jr. and Robert A. Sherman's Motion to Dismiss (Docket No. 12) is ALLOWED as to the plaintiff's claims under the ADA and the Rehabilitation Act. The plaintiff's claims are DISMISSED WITH PREJUDICE.**

---

[1] GLMHRA, Eastern Mass Housing Corporation, and Robert J. Griffin.

See Memorandum and Order, p. 18 (emphasis added).  The Plaintiff may not blindly ignore this Court's order.  The Plaintiff did not then and has not now provided any evidence that MacLeish and Sherman have engaged in any act, let alone a discriminatory or defamatory act, since May of 2000, at the very latest.  As such, this Court rightfully concluded that the Plaintiff's claims were not timely.  See Memorandum and Order, pp. 9 and 18.  There is no conceivable reason to grant or even consider seriously the Plaintiff's Motion to the extent that it seeks to enjoin MacLeish and Sherman from "retaliating" against or defaming the Plaintiff.  The Motion is meritless in that regard.

II.   **THE PLAINTIFF HAS FAILED TO MEET ANY OF THE REQUIREMENTS FOR INJUNCTIVE RELIEF**

To obtain preliminary injunctive relief, a plaintiff must show (1) a likelihood of success on the merits, (2) irreparable harm would befall the plaintiff should the injunction not issue, (3) the harm, if any, to the defendant does not outweigh the harm to the plaintiff, and (4) the requested injunctive relief does not violate the public interest.  See Planned Parenthood League of Massachusetts v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981).  Irreparable harm is proven if, absent an injunction, the plaintiff will "suffer a substantial injury that is not accurately measurable or adequately compensable by money damages."  Biogen Idec MA, Inc. v. Trustees of the Columbia University in the City of New York, 332 F. Supp. 2d 286, 296 (D. Mass. 2004).  A court's finding of irreparable harm must be grounded on "something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store."  Id.  A "tenuous or overly speculative forecast of anticipated harm" will not meet the standard for injunctive relief; rather, the risk of irreparable harm must be "real and immediate."  Id.

3

The Plaintiff plainly has failed to present <u>any</u> <u>evidence</u> in support of the injunctive relief he seeks. As described above, the Plaintiff's federal discrimination claims against MacLeish and Sherman have already been dismissed by this Court <u>with</u> <u>prejudice</u>. Also, MacLeish and Sherman have moved to dismiss the Plaintiff's remaining claim, which sounds in common law defamation. That claim lacks merit for the same reason this Court dismissed the Plaintiff's federal claims – it is time barred. <u>See</u> **Exhibit 1** (a copy of MacLeish and Sherman's Motion to Dismiss). Also, this Court lacks subject matter jurisdiction over that claim. <u>See</u> <u>id.</u> Unquestionably, the Plaintiff has not shown a likelihood of success on the merits of those claims. Furthermore, the Plaintiff fails to allege that MacLeish and Sherman engaged in any conduct since May of 2000 that could possibly cause him any harm. Accordingly, the Plaintiff has presented <u>absolutely no evidence</u> of irreparable harm apart from mere conjecture. Lacking these basic elements of proof, the Court should deny the Motion.

### III. THE COURT SHOULD NOT COMPEL SHERMAN AND MACLEISH TO PROVIDE A REFERENCE LETTER

As the Plaintiff admits in the Motion, this Court has already denied the Plaintiff's motion to obtain a reference letter from the defendants. Regardless, the Plaintiff has adduced no legal or factual basis for this Court to reconsider that ruling or to force MacLeish and Sherman to publish a written recommendation for the Plaintiff's future employment – which might very well lead to tort claims against them for a negligent reference. There is no basis in fact or at law for the Court to grant the Motion.

### CONCLUSION

For the forgoing reasons, defendants Roderick MacLeish, Jr. and Robert A. Sherman respectfully request that the Court deny the Motion in its entirety.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), defendants respectfully request an oral argument on the Plaintiff's motion.

>Respectfully submitted,
>
>RODERICK MACLEISH, JR., and
>ROBERT A. SHERMAN,
>
>By their attorneys:
>
>/s/ David G. Thomas
>David G. Thomas, BBO # 640854
>Allison K. Jones, BBO# 654804
>GREENBERG TRAURIG, LLP
>One International Place, 20th Floor
>Boston, MA   02110
>Tel:  (617) 310-6000
>Fax:  (617) 310-6001

Dated:  April 20, 2005

### CERTIFICATE OF SERVICE

I, David G. Thomas, hereby certify that on this 20th day of April, 2005, I served a copy of the foregoing by U.S. mail, postage prepaid, upon the Plaintiff, Albert W. Bleau, Jr., 505 Paradise Road, #208, Swampscott, Massachusetts 01907 and the attorney of record for each other party via the Court's electronic filing system.

>/s/ David G. Thomas
>David G. Thomas