UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT WILLIAM BLEAU, JR., <br><br> Plaintiff, <br><br> v. <br><br> GREATER LYNN MENTAL HEALTH & RETARDATION ASSOCIATION, et al., <br><br> Defendants. | Civil Action No.: 04-10469REK |

### DEFENDANTS RODERICK MACLEISH, JR. AND ROBERT A. SHERMAN'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

#### INTRODUCTION

This Court should deny Plaintiff Albert W. Bleau, Jr.'s (the "Plaintiff") "Motion to Amend Original Complaint Dated March 8, 2004 to Bring Action Under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-62 (2000)" (the "Motion to Amend") because the Plaintiff lacks standing to bring a RICO claim. Despite the Plaintiff's protestations and conspiracy theories, what this Court has before it is a RICO claim lacking any injury to the Plaintiff's "business or property." In addition, even if the Plaintiff could prove an injury to "business or property", he points to no "racketeering activity" that proximately caused such an injury. Absent an injury to "business or property" or causal connection between that injury and a "racketeering activity", the Plaintiff's RICO claim will be dismissed if brought. Accordingly, this Court should deny the Motion to Amend based on its futility.

#### RELEVANT FACTS AND PROCEDURE

On March 21, 2005, the Plaintiff filed the Motion to Amend, which seeks to add a RICO claim against Roderick MacLeish, Jr. and Robert A. Sherman ("MacLeish and Sherman"),

Greater Lynn Mental Health & Retardation Association ("GLMHRA"), Eastern Mass Housing Corporation, and Robert J. Griffin. The Motion to Amend alleges that the defendants engaged in a <u>criminal</u> <u>conspiracy</u> to "take over GLMHRA and EMHC" for financial gain. <u>See</u> Motion to Amend at pp. 3-4. The Plaintiff, however, did not present a stand-alone motion to amend his complaint. Rather, the Plaintiff intertwined a purported "Motion to Amend" with a document entitled "Amendment of Plaintiff's Motion" and responses to various motions filed by the defendants in this case. As such, this Court and the defendants are left to decipher the meaning and grounds for the Plaintiff's latest round of papers, including the Motion to Amend.

## DISCUSSION

### I.   RELEVANT LEGAL STANDARDS

Although motions to amend are treated liberally, a court should deny such a motion if, as a matter of law, the proposed amendment would be futile and the claims therein would not survive a motion to dismiss. <u>See</u> <u>Maurice v. State Farm Mut. Auto. Ins. Co.</u>, 235 F.3d 7, 11 (1st Cir. 2000); <u>Carlo v. Reed Rolled Thread Die Co.</u>, 49 F.3d 790, 792 (1st Cir. 1995); <u>Kemper Ins. Co., Inc. v. Federal Express Corp.</u>, 115 F. Supp. 2d 116, 127 (D. Mass. 2000); <u>see</u> <u>also</u>, <u>Grant v. News Group Boston, Inc.</u>, 55 F.3d 1, 5 (1st Cir. 1995) (It is within the sound discretion of the trial court to determine whether or not to grant leave to amend a pleading.)

### II.  THE PLAINTIFF'S MOTION TO AMEND SHOULD BE DENIED BECAUSE THE RICO CLAIM AGAINST MACLEISH AND SHERMAN IS FUTILE AS A MATTER OF LAW

#### A.   The Plaintiff does not have standing to bring a RICO claim based on emotional or reputational injuries[1]

To have standing to bring a RICO claim, a private plaintiff must show that a "predicate act caused injury to **business or property**." <u>In re Lupron Marketing and Sales Practices</u>

---

[1] Also, the Plaintiff alleges a "criminal conspiracy." The Plaintiff lacks standing to bring criminal charges against the defendants.

- 2 -

Litigation, 295 F. Supp. 2d 148, 164 (D. Mass. 2003) (emphasis added); Efron v. Embassy Suites (Puerto Rico), Inc., 223 F.3d 12, 17 (1st Cir. 2000). The predicate act "must be more than a 'cause in fact' of a plaintiff's injury; it must be the proximate cause." In re Lupron, 295 F. Supp 2d at 164. According to the First Circuit, injury to "business or property" is a "statutory precondition" which must be met. DeMauro v. DeMauro, 115 F.3d 94, 96 (1st Cir. 1997).

Personal injuries, however, do not confer standing under RICO simply because such injuries are not injuries to "business or property."[2] See Moore v. Eli Lily and Co., 626 F. Supp. 365, 366 (D. Mass. 1986). As stated by the Court in Moore, "[a]bsent a clear statement to the contrary by Congress, it would be inappropriate to infer either that it intended to include personal injury as well as property injury within the ambit of the RICO statute or that it understood property injury to include injury to persons." Id. at 366. As a result, allegations of emotional distress and injury to reputation are not cognizable under RICO as injuries to "business or property." See Moore, 626 F. Supp. at 367 (emotional distress); Van Schaick v. Church of Scientology of California, Inc., 535 F. Supp. 1125, 1137 (D. Mass. 1982) (emotional distress); Walker v. Gates, 2002 WL 1065618, at *7-9 and n.12 (C.D. Cal., May 28, 2002) (and cases cited therein) (reputation) (attached as **Exhibit 1**). Although the Plaintiff's Motion to Amend presents a cloudy mixture of bald facts and conclusory legal claims, the Plaintiff cannot rely on emotional distress and injury to reputation to confer standing under RICO. As a result, the Plaintiff's RICO claims arising from those injuries are futile.

---

[2] Whether a plaintiff has alleged an injury to business or property giving rise to standing under RICO is a question of law for the court to determine and may properly be raised on a motion to dismiss. See Libertad v. Welch, 53 F.3d 428, 435-37 (1st Cir. 1995).

**B.  The Plaintiff's retaliation and termination claims do not amount to RICO violations because they are not "racketeering activities"**

A plaintiff bringing a civil RICO claim must allege at least two predicate acts of racketeering activity. Kenda Corp., Inc. v. Pot O'Gold Money Leagues, Inc., 329 F.3d 216, 233 (1st Cir. 2003). Additionally, a plaintiff cannot succeed on a RICO claim unless there is proof that at least one of the defendant's predicate acts was the proximate cause of the plaintiff's injury. Camelio v. American Federation, 137 F.3d 666, 669-670 (1st Cir. 1998). Termination of employment is not considered a "racketeering activity" and, therefore, cannot stand as a predicate act proximately causing injury to business or property. Beck v. Prupis, 529 U.S. 494, 500 and 507 (2000); Dunn v. Board of Incorporators, 2002 WL 340772 (N.D. Tex., Feb. 28, 2002); Hjermstad v. Central Livestock Assoc., 2003 WL 21658260 (D. Minn., July 14, 2003) (attached as **Exhibit 2**);18 U.S.C. § 1961(1). When the wheat is cut from the chaff, among the web of conspiracy theories and alleged shady dealings contained in the Motion to Amend, the Plaintiff alleges that he was wrongfully terminated from his employment. Accordingly, the Plaintiff has not alleged his injuries were caused by a racketeering activity and, therefore, the Plaintiff's RICO claim arising from those alleged wrongs is futile.

## CONCLUSION

Based on the foregoing, defendants Roderick MacLeish, Jr. and Robert A. Sherman respectfully request that the Court deny the Plaintiff's Motion to Amend.

- 5 -

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), defendants respectfully request an oral argument on the Plaintiff's motion.

Respectfully submitted,

RODERICK MACLEISH, JR., and
ROBERT A. SHERMAN,

By their attorneys:

/s/ David G. Thomas
David G. Thomas, BBO # 640854
Allison K. Jones, BBO# 654804
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, MA  02110
Tel:  (617) 310-6000
Fax:  (617) 310-6001

Dated:  April 20, 2005

### CERTIFICATE OF SERVICE

I, David G. Thomas, hereby certify that on this 20th day of April, 2005, I served a copy of the foregoing by U.S. mail, postage prepaid, upon the Plaintiff, Albert W. Bleau, Jr., 505 Paradise Road, #208, Swampscott, Massachusetts 01907 and the attorney of record for each other party via the Court's electronic filing system.

/s/ David G. Thomas
David G. Thomas