UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Albert William Bleau, Jr.,          :
                                    :
            Plaintiff               :
                                    :
                                    :
vs.                                 :    Civil Action
                                    :    No. 04-10469
                                    :    JLT(REK)
Greater Lynn Mental Health          :
& Retardation Association, Inc.,    :
et al.,                             :
                                    :
        Defendants                  :

**OPPOSITION OF GREATER LYNN MENTAL HEALTH & RETARDATION
ASSOCIATION, INC., TO PLAINTIFF'S MOTION REQUESTING RELIEF TO
PREVENT CONTINUING RETALIATION AND DEFAMATION BY THE DEFENDANTS**

Plaintiff Albert W. Bleau, in his "Motion Requesting Relief
To Prevent Continuing Retaliation And Defamation By The
Defendants," requests that the Court order the defendants to
"cease and desist from defaming and retaliating against" him and
to prepare a written statement with the approval of the Court to
be used in response to any requests for information from his pro-
spective clients and employers.  Although Mr. Bleau does not
refer the Court to authority that supports his request, he
appears to be seeking injunctive relief.  See Fed. R. Civ. P. 65.

Injunctive relief is an equitable remedy that is generally
unavailable in a case in which damages would adequately compen-
sate the moving party.  See Ocean Spray Cranberries, Inc. v.
Pepsi-Co, Inc., 160 F.3d 58, 61 (1st Cir. 1998).  Neither the

temporary loss of income that may be recovered later nor any negative psychological effect that an employee may experience as a result of an adverse job action usually warrants injunctive relief.  See DeNovellis v. Shalala, 135 F.3d 58, 64 (1st Cir. 1998) (denying request for injunction).  If Mr. Bleau were to prevail on his claims against Greater Lynn, his legal remedy, damages, would adequately compensate him for any injury that he might suffer from now to the time of judgment.

Even if injunctive relief were available, Mr. Bleau cannot satisfy the requirements of the "familiar four-part test" governing the granting of a preliminary injunction.  See Ocean Spray, 160 F.3d at 60-61 (four-part test requires demonstration of likelihood of success on merits, irreparable injury, favorable balance of equities, and consideration of the public interest).  Mr. Bleau has not shown and, indeed, would be unable to show that he has a reasonable likelihood of success on the merits of his claims.[1]

Furthermore, Mr. Bleau has not demonstrated that he would suffer irreparable injury in the absence of a preliminary injunction.  As mentioned above, damages would adequately remedy any injury that he might suffer if he were to prevail on the merits of his claims.  See DeNovellis, 135 F.3d at 64; Chiara v. Dizoglio, 59 F. Supp.2d 193, 198 (D.Mass. 1999) (Keeton, J.).

---

[1] See Memorandum Of Defendant Greater Lynn Mental Health & Retardation Association, Inc., In Support Of Its Motion For Summary Judgment, Docket No. 36, filed 8 February 2005.  In its memorandum, Sections I and II, pp. 5-15, Greater Lynn argues that plaintiff's claims arising before November 2000 are barred by a separation agreement and that plaintiff is unable to establish the essential elements of any remaining claims.

## Conclusion

For the reasons set forth above, the Court should deny Mr. Bleau's motion for injunctive relief.

by its attorneys,

_____
Garrick F. Cole
BBO No. 091340
Christina Schenk-Hargrove
BBO No. 645164

Smith & Duggan LLP
Two Center Plaza, Suite 620
Boston, Massachusetts 02108-1906
(617) 228-4400

Dated:  27 April 2005