```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS
```

Albert William Bleau, Jr.,           :
                                     :
        Plaintiff                    :
                                     :
                                     :
vs.                                  :   Civil Action No.
                                     :   04-10469 JLT (REK)
                                     :
                                     :
Greater Lynn Mental Health           :
& Retardation Association, Inc.,     :
et al.,                              :
                                     :
        Defendants                   :

**MEMORANDUM OF EASTERN MASSACHUSETTS HOUSING CORPORATION IN SUPPORT OF ITS MOTION FOR ENTRY OF SEPARATE AND FINAL JUDGMENT**

Defendant Eastern Massachusetts Housing Corporation (Eastern Mass.) submits the following memorandum in support of its motion for the entry of separate and final judgment pursuant to Fed. R. Civ. P. 54(b).

**Introduction**

Plaintiff Albert W. Bleau commenced this action in March, 2004, against Eastern Mass., Greater Lynn Mental Health & Retardation Association, Inc. (Greater Lynn), and three individuals. Mr. Bleau's complaint followed a determination by the United States Equal Employment Opportunity Commission not to investigate his charges of employment discrimination. The

essence of Mr. Bleau's extensive, and discursive, allegations is that the defendants discriminated against him when they terminated him, or caused his termination, from his positions as Executive Director of Greater Lynn and as Executive Director of Eastern Mass. in 2000 and when Greater Lynn did not rehire him as its Executive Director in 2003.

Eastern Mass. was organized as a charitable corporation under G. L. c. 180 in January, 1978. Although an independent entity, its governance structure assured a close affiliation with Greater Lynn. Greater Lynn is a nonprofit corporation providing mental health services to residents of Essex and Middlesex counties. Eastern Mass. merged into Greater Lynn on 1 July 2003. Greater Lynn is the surviving corporation of the merger and assumed all of the liabilities and obligations of Eastern Mass. Eastern Mass. ceased its separate existence upon the effective date of the merger and no longer has the capacity to be sued. G. L. c. 156B, § 80; G. L. c. 180, § 10B.

Eastern Mass., Greater Lynn, and the three individual defendants moved separately for dismissal of the plaintiff's claims against them. The Court (Keeton, D.J.), allowed the motion of Eastern Mass. on 8 December 2004. The Court held that "[s]ince EMHC cannot be sued, EMHC's motion to dismiss is granted." Greater Lynn remains a party to the case. Eastern

Mass. now requests that the Court enter separate and final judgment on its behalf.

### Standard

Fed. R. Civ. P. 54(b) provides in pertinent part that:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

"The basic purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all the parties until the final adjudication of the entire case by making an immediate appeal available."  10 Wright, Miller & Kane, Federal Practice and Procedure § 2654, at 33 (1998); see also Chapman v. Bernard's Inc., 198 F.R.D. 575, 579 (D. Mass. 2001).

### Argument

"The seminal case in this Circuit detailing 'the preferred practice under Rule 54(b)' is Spiegel v. Trustees of Tufts College, 843 F.2d 38 (1st Cir. 1988)."  Liberty Mutual Ins. Co. v. Greenwich Ins. Co., 331 F. Supp.2d 8, 12 (D. Mass. 2004). The trial court must first assess the finality of the ruling in question.  Spiegel, 843 F.2d at 42.  That requirement is plainly

satisfied here: the order granting Eastern Mass.'s motion to dismiss terminated all of the plaintiff's claims against it in their entirety. See Maldonado-Denis, 23 F.3d. at 580.

Second, the trial court must perform a balancing test to determine whether "there is no just reason for delay." Spiegel, 843 F.2d at 43. One of the factors to be balanced is "the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units." Id. (quoting Pahlavi v. Palandjian, 744 F.2d 902, 904 n.5 (1st Cir. 1984). Here, the Court has determined as a matter of law that Eastern Mass., a Massachusetts corporation that has merged into Greater Lynn, cannot be sued. This dispositive disposition is unrelated to any of the remaining claims and resolves completely all of the claims against Eastern Mass. See Maldonado-Denis, 23 F.3d at 580 (citing fact that judgment disposed fully of all claims against group of parties as tipping scales toward entry of judgment under 54(b)); Feinstein, 942 F.2d at 40 (challenged ruling disposed of all claims against six defendants; compelling considerations favoring entry of judgment under 54(b) were "self-evident on the face of the record").

The entry of separate and final judgment as to Eastern Mass. is appropriate in the circumstances. No claims of any kind remain against it. There is no substantial overlap between

potential issues on appeal versus those that remain for trial. There is no potential for prejudice to result from the entry of final judgment, for, to the extent to which viable claims exist against any of the defendants, the information and evidence that the plaintiff might need to prove his allegations remain readily available.  Finally, relief that would have been available against Eastern Mass. remains available from Greater Lynn. G. L. c. 156B, § 80; G. L. c. 180, § 10B.  In sum, as there is no just reason for delay, final judgment should enter in favor of Eastern Mass.

## Conclusion

For the reasons set forth above, the Court should grant the motion of defendant Eastern Massachusetts Housing Corporation for the entry of separate and final judgment dismissing all of the plaintiff's claims against it.

by its attorneys,

s/ Garrick F. Cole
_____
Garrick F. Cole
BBO No. 091340
Christina Schenk-Hargrove
BBO No. 645164

SMITH & DUGGAN LLP
Two Center Plaza
Boston, Massachusetts 02108-1906
(617) 228-4400

Dated: 27 April 2005