```
                 UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS
```

Albert William Bleau, Jr.,           :
                                     :
          Plaintiff                  :
                                     :
                                     :
vs.                                  :    Civil Action No.
                                     :    No. 04-10469 JLT (REK)
                                     :
                                     :
Greater Lynn Mental Health           :
& Retardation Association, Inc.,     :
 et al.,                             :
                                     :
          Defendants                 :


**Opposition Of Defendant Greater Lynn
Mental Health & Retardation Association, Inc.,
<u>To Plaintiff's Motion For Leave To Amend His Complaint</u>**

Defendant Greater Lynn Mental Health & Retardation Association, Inc. (Greater Lynn), notes its opposition to the motion of plaintiff Albert W. Bleau for leave to amend his complaint in order to add claims arising under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 (2004) (RICO).[1/]   Section 1964(c) of the RICO statute creates a

---

[1/] Mr. Bleau's motion to amend his complaint is contained in his "Amendment Of Plaintiff's Motion In Opposition To Defendants' Greater Lynn Mental Health & Retardation Association (GLMGRA), Et al. Motions For Summary Judgment, Dismissal And Entry Of Separate And Final Judgment & Memorandum Of Plaintiff Albert W. Bleau Jr. In Support Of His Motion For Summary Judgment Originally Filed On March 9, 2005 & Motion To Amend Original
(continued...)

civil cause of action for "any person injured in his business or property by reason of a violation of section 1962." In civil RICO cases, which necessarily involve allegations of criminal conduct, "particular care is required to balance the liberality of the Civil Rules with the necessity of preventing abusive or vexatious treatment of defendants." Miranda v. Ponce Federal Bank, 948 F.2d 41, 44 (1st Cir. 1991). The First Circuit has advised that "courts should strive to flush out frivolous RICO allegations at an early stage of the litigation." Figueroa Ruiz v. Alegria, 896 F.2d 645, 650 (1st Cir. 1990). Because plaintiff's proposed amendment would not state a viable claim against Greater Lynn, the Court should deny plaintiff's motion to amend as futile. See Foman v. Davis, 371 U.S. 178, 182 (1962) (futility is accepted ground under Fed. R. Civ. P. 15(a) for denial of motion for leave to amend a pleading).

## Argument

A civil RICO complaint must be "anchored in a bed of facts, not allowed to float freely on a sea of bombast," and the Court

---

[1/] (...continued) Complaint Dated March 8, 2004, To Bring Action Under The Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-62 (2000)," filed on March 22, 2005 (plaintiff's motion to amend). Mr. Bleau's "Amendment Of Plaintiff's Motion To Bring Action Under The Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-62," filed on or about April 20, 2005, appears to be his proposed amended complaint (plaintiff's proposed amendment).

has no obligation to credit a plaintiff's bald assertions or unsubstantiated conclusions. Miranda, 948 F.2d at 44. Mr. Bleau's motion to amend and his proposed amendment assert broad-ranging, unfounded allegations, suspicions, and conclusions. Ultimately, however, the proposed amendment reduces to two claims: "First Claim for Relief (Violation of 18 U.S.C. § 1962(c))", and "Second Claim for Relief (Violation of 18 U.S.C. § 1962(d) by Conspiracy to Violate 18 U.S.C. § 1962(c))." See proposed amendment 13-17. The allegations of each claim are identical; the elements of the claims overlap; and the Court (1) may properly consider both together, see Miranda, 948 F.2d at 45 n.4, and (2) should conclude that neither would survive a motion to dismiss because: (a) Greater Lynn cannot be both the RICO enterprise and a RICO defendant; (b) Greater Lynn was not a member of an association-in-fact enterprise; (c) there is no pattern of racketeering activity; and (d) Mr. Bleau did not suffer injury as a result of an act of racketeering.

    I.    Greater Lynn, The Alleged RICO Enterprise, Cannot Be A RICO Defendant

RICO makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). Plaintiff's proposed amendment alleges that

4

Greater Lynn, one of the proposed RICO defendants, was "an 'enterprise' within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c)."  See ¶¶ 51 and 57.  In the First Circuit, however, the statutory requirement that a culpable person be "employed by or associated with" the RICO enterprise means that the same entity cannot do double duty as both the RICO defendant and the RICO enterprise.  See Miranda, 948 F.2d at 44 (listing cases).  Thus, to the extent that Mr. Bleau's claim is that Greater Lynn was the RICO enterprise, the RICO claims against it are not viable, and it would be futile to allow the motion to amend.  See id. (affirming dismissal of complaint of former employee against bank).

   II.   Mr. Bleau Cannot Show That Greater Lynn Was A
         Member Of A Group Associated In Fact

The proposed amendment, read generously, alleges in the alternative that Greater Lynn was not the RICO enterprise, but was associated with an enterprise-in-fact.  See ¶¶ 51 and 57. The statutory requirement that there exist an "enterprise" has been construed to include associations-in-fact that are marked by a formal or informal organization of associates who function as a continuing organized crime unit for the common purpose of en-gaging in a course of conduct.  United States v. Cianci, 378 F.3d 71, 79 (1st Cir. 2004).  Notably, "[i]n cases involving an alleged associate-in-fact RICO enterprise, the existence of the

5

charged enterprise does not follow, ipso facto, from evidence that those named as the enterprise's associates engaged in . . . 'racketeering activity.'" Id. at 81.  While Mr. Bleau need not necessarily allege that the enterprise has an "ascertainable structure," id. at 82, the First Circuit has insisted that the association-in-fact function as an "ongoing unit" and constitute an "ongoing organization" whose members share a "common purpose." See id.

Whatever else might be said of Mr. Bleau's voluminous allegations, they do not evidence a common purpose among the defendants and the others accused of being part of the RICO enterprise.  Taken as true, the allegations show a wide range of motivations, from overcharging for legal services to covering up illicit affairs to reducing drug sentences.  Mr. Bleau has not alleged the common purpose required of associates-in-fact or that the accused "associates" function as an ongoing unit or constitute an ongoing organization.  See proposed amendment ¶¶ 11-23.  These deficiencies, a consequence of the absence of any factual basis for the RICO claims, should lead the Court to deny the motion to amend as futile.

III. Mr. Bleau Has Not Alleged A Pattern Of Racketeering

To be liable for a violation of § 1962(c), a defendant must engage in two or more of the predicate acts of racketeering

enumerated in 18 U.S.C. § 1961(1). <u>See</u> <u>Miranda</u>, 948 F.2d at 45. Of the seven types of predicate acts that Mr. Bleau alleges in his proposed amendment, only one, mail fraud in violation of 18 U.S.C. § 1341 (2000), is enumerated as a racketeering act in § 1961(1). The others are not predicate acts of racketeering.

Furthermore, the proposed amendment, in its first paragraph on page three, includes only the conclusory allegation that the defendants engaged in mail fraud. "[A] civil RICO complaint must, at a bare minimum, state facts sufficient to portray (i) specific instances of racketeering activity within the reach of the RICO statute and (ii) a causal nexus between that activity and the harm alleged." <u>Miranda</u>, 948 F.2d at 44. Predicate acts of mail fraud alleged in civil RICO actions must be pleaded with particularity in accordance with Fed R. Civ. P. 9(b). <u>See</u> <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 889 (1st Cir. 1997). That is, Mr. Bleau must specify the time, place, and content of the allegedly false mail communications. <u>See</u> <u>id.</u> Because Mr. Bleau has failed to plead mail fraud with particularity, he has not alleged any viable predicate acts of mail fraud, and the Court should deny his motion to amend.

### IV. Mr. Bleau Does Not Allege Injury As A Result Of An Overt Act That Is An Act Of Racketeering

The Supreme Court has held that "a person injured by an overt act done in furtherance of a RICO conspiracy has [no] cause

of action under § 1964(c), [ ] if the overt act is not an act of racketeering." Beck v. Prupis, 529 U.S. 494, 495 (2000) (affirming dismissal of civil RICO complaint).  Read most broadly, Mr. Bleau claims that he suffered injury as a result of his termination, the rejection of his effort to be rehired, and various actions that have prevented his employment elsewhere.  None of these acts is one of racketeering as defined by 18 U.S.C. § 1961(1); therefore, their injurious consequences are not actionable under the RICO statute.  See Beck, 529 U.S. at 505.

## Conclusion

For the reasons set forth above, the Court should deny Mr. Bleau's motion for leave to amend his complaint.

                by its attorneys,

                s/ Garrick F. Cole

                _____
                Garrick F. Cole
                BBO No. 091340
                Christina Schenk-Hargrove
                BBO No. 645164

                Smith & Duggan LLP
                Two Center Plaza, Suite 620
                Boston, Massachusetts 02108-1906
                (617) 228-4400

Dated:  29 April 2005