UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
Albert William Bleau, Jr.,            :
                                      :
        Plaintiff                     :
                                      :
                                      :
vs.                                   :    Civil Action No.
                                      :    04-10469 JLT (REK)
                                      :
                                      :
Greater Lynn Mental Health            :
& Retardation Association, Inc.,      :
 et al.,                              :
                                      :
        Defendants                    :
```

**Reply Of Defendant
<u>Greater Lynn Mental Health & Retardation Association, Inc.,
To Plaintiff's Opposition To Its Motion For Summary Judgment</u>**

Defendant Greater Lynn Mental Health & Retardation Association, Inc. (Greater Lynn), replies to the plaintiff's "Motion In Opposition To Defendants' Greater Lynn Mental Health & Retardation Association (GLMHRA), Et Al., Motions For Summary Judgment, Dismissal And Entry Of Separate And Final Judgment & Memorandum Of Plaintiff Albert W. Bleau Jr. In Support Of His Motion For Summary Judgment" (plaintiff's opposition) and "Amendment Of Plaintiff's Motion In Opposition To Defendants' Greater Lynn Mental Health & Retardation Association (GLMHRA), Et Al. Motions For Summary Judgment, Dismissal And Entry Of Separate And Final Judgment & Memorandum Of Plaintiff Albert W. Bleau Jr.

2

In Support Of His Motion For Summary Judgment Originally Filed On March 9, 2005 & Motion To Amend Original Complaint Dated March 8, 2004, To Bring Action Under The Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-62 (2000)" (plaintiff's amended opposition and plaintiff's summary judgment motion).  For the reasons stated below and in its memorandum in support of its motion for summary judgment, Greater Lynn respectfully requests that the Court deny Mr. Bleau's motion for summary judgment and allow that of Greater Lynn.

Neither Mr. Bleau's opposition nor his amended opposition conforms to the Federal Rules of Civil Procedure or the local rules of this Court.  While the pleadings of a pro se party should be read with some indulgence, no litigant is relieved from substantial compliance with applicable procedural rules and the substantive law.  See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); Sirois v. Prison Health Svcs., 233 F. Supp.2d 52, 54-55 (D. Me. 2002).

To evaluate a motion for summary judgment, a court may consider "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any."  Fed. R. Civ. P. 56(c).  Mr. Bleau has presented none of these in support of his opposition, amended opposition, or summary judgment motion.  His discursive, unsworn factual assertions do not create genuine disputes of material fact that would warrant trial

3

to resolve, and the Court should disregard them.  See, e.g., Nieves v. University of P.R., 7 F.3d 270, 280 (1st Cir. 1993) (factual assertions in motion papers not sufficient to withstand summary judgment); Fragoso v. Lopez, 991 F.2d 878, 887 (1st Cir. 1993) (same).  Mr. Bleau is aware of the need to present his allegations in the form of affidavits or declarations as he has submitted two with his papers.  Because those two affidavits are unsigned[1] and, again, because Mr. Bleau's own statements are neither in the form of an affidavit nor the proper subjects of one, the Court should disregard them.  See Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990) (court will not give weight to averments not made upon personal knowledge or in a form patently inadmissible at trial).

Furthermore, Mr. Bleau has failed to prepare a concise statement of the material facts of record as to which he contends that there exists a genuine issue to be tried, as Local Rule 56.1 requires.  All of the material facts that Greater Lynn has set forth in its Rule 56.1 Statement of Facts should therefore be deemed admitted.  See Local Rule 56.1; Kelly v. U.S., 924 F.2d 355, 357 (1st Cir. 1991); Caouette v. OfficeMax, Inc., 352 F. Supp.2d 134, 137 (D. N.H. 2005).

---

[1] The Fallon affidavit, now signed, was just filed.  It remains objectionable on substantive and evidentiary grounds.

4

Finally, the bulk of Mr. Bleau's sixty-plus pages of allegations are immaterial to his claims of discrimination, retaliation, and defamation. "As to materiality, the substantive law will identify which facts are material . . . . Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, the Court should disregard Mr. Bleau's factual allegations as immaterial (or irrelevant) to the extent that they do not pertain to (or do not tend to show) one of the following:

   1.  Discrimination

      (a) that he is disabled as the Americans with Disabilities Act (ADA) provides; or

      (b) that he is qualified to perform the essential functions of the job in question; or

      (c) that Greater Lynn took adverse employment action against him on the basis of his perceived disability.

   2.  Retaliation

      (a) that he engaged in conduct protected by the ADA; or

      (b) that he suffered an adverse employment action by Greater Lynn; or

      (c) that there was a causal connection between his conduct and that adverse action.

   3.  Defamation

5

    (a) that Greater Lynn made a false and defamatory statement; or

    (b) that the statement that Greater Lynn made is not privileged;

    (c) that Greater Lynn acted intentionally or without due care; or

    (d) that the publication caused him special harm or prejudice.

See Greater Lynn's Memorandum in Support of Its Motion for Summary Judgment (Docket No. 36) 9-14.

Mr. Bleau's papers are not in proper form, combine his arguments regarding unrelated motions by various co-defendants, rely on hearsay and other inadmissible evidence, and conflate discussions of fact with those of legal issues.  Nevertheless, Greater Lynn has sought to identify any genuine disputes of material fact that might be said to preclude summary judgment. There are none, as the following argument explains.

    I.   Mr. Bleau's Claims Based On Events That Occurred Before November 2000 Are Barred By The Settlement <u>Agreement And Release</u>

In an attempt to avoid being held to the release that he signed and in return for which he received substantial payment and other benefits, Mr. Bleau asserts that Greater Lynn breached the settlement agreement and that he is therefore no longer bound

                                                                    6

by its provisions.  (Opposition 2-4; Amended Opposition 23.)
Greater Lynn stands on its previous refutation of this claim:
for the reasons stated in its summary judgment memorandum, all of
Mr. Bleau's claims that arose before November 2000, are barred.

> II.  Mr. Bleau Has Failed To Demonstrate The
>      Trialworthiness Of At Least One Essential Element
>      Of Each Of His Remaining Post-Release Claims

Mr. Bleau's remaining claims are, first, that Greater Lynn
unlawfully retaliated against him following the first EEOC
proceeding in October 2000; second, that agency personnel made
defamatory remarks about him; and, third, that Greater Lynn's
board of directors did not re-hire him as the agency's chief
executive officer in the fall of 2003.

> A.  Retaliation

Mr. Bleau's Amended Opposition contains a lengthy recitation
of "Examples of Direct Discrimination and Retaliation and
Defamation."  Amended Opposition 16-25.  Many of the allegations
concern events that occurred before November 2000 and thus are
barred by the settlement agreement.  Many more of the allegations
are based on inadmissible hearsay.  See Day v. City of
Providence, 338 F. Supp.2d 310, 316 (D. R.I. 2004) (inadmissible
hearsay not considered in assessing plaintiff's prima facie
case).  Finally, most of the allegations are immaterial and
should be disregarded.  For example, none of the allegations
concerning Mr. Bleau's brother, Amended Opposition 16-20, tends

7

to show that Mr. Bleau engaged in protected activity, that he suffered any adverse employment action, or that there was a causal connection between his conduct and that adverse action. See Benoit v. Tech. Mfg. Corp., 331 F.3d 166, 177 (1st Cir. 2003) (elements of retaliation claim).

To the extent that any of Mr. Bleau's allegations of retaliation are material, not barred by the settlement agreement, and not based on inadmissible hearsay, Mr. Bleau fails to demonstrate the trialworthiness of his retaliation claim because none of the alleged acts rises to the level of an adverse employment action or is even an employment action at all.  Finally, Mr. Bleau has made no showing of a causal connection between his protected conduct and the alleged acts.  See Greater Lynn's Memorandum in Support of Its Motion for Summary Judgment 11-13.

### B. Defamation

As with Mr. Bleau's retaliation claims, many of his "Examples of Direct Discrimination and Retaliation and Defamation" that relate to defamation, Amended Opposition 16-25, are barred by the settlement agreement, based on inadmissible hearsay, or are immaterial.  For example, all of the allegations concerning defendant Robert Griffin, up to and including the alleged October 2000 report, and the alleged dissemination of a December 1999 document by defendants MacLeish and Sherman are barred by the November 2000 settlement agreement.

8

With respect to any of Mr. Bleau's allegations of defamation that are material, not barred by the settlement agreement, and not based on inadmissible hearsay, Mr. Bleau fails to demonstrate the trialworthiness of his defamation claim because the alleged statements were not false or the allegations are non-specific as to time and circumstance. See Greater Lynn's Memorandum in Support of Its Motion for Summary Judgment 13-15.

    C.    Refusal to Re-Hire

As to the third and final remaining claim, Mr. Bleau complains that Greater Lynn discriminated against him on the basis of a perceived disability when it refused to re-hire him as its Executive Director in the fall of 2003. To establish a claim of employment discrimination, an individual must show that he is disabled within the meaning of the ADA, that he is qualified for the position, and that his employer took adverse employment action against him on the basis of his disability. See Bailey v. Georgia-Pacific Corp., 306 F.3d 1162, 1166 (1st Cir. 2002). Mr. Bleau for the first time in his Opposition claims that he is disabled within the meaning of the Act because Greater Lynn perceived him as being unable to work in the class of jobs of "agency executive director" because of drug or alcohol addiction. Opposition 12-13. The only evidence that Mr. Bleau can muster on this point, however, is the allegation that Greater Lynn did not re-hire him in the fall of 2003 and that it "interfered through

its agents and employees and board members with Mr. Bleau's ability to gain similar employment elsewhere."

As to the failure to re-hire, the reasoning is circular. An employee who is not hired for a position cannot show that the failure to hire was discriminatory merely by pointing to the failure to hire. Such a rule would swallow the discrimination requirement, the basis for the entire statutory scheme. The allegation that Greater Lynn interfered with Mr. Bleau's ability to gain employment elsewhere is no more probative of whether Greater Lynn perceived Mr. Bleau to be disabled from performing a broad class of jobs. To survive summary judgment, Mr. Bleau must demonstrate that Greater Lynn regarded him as substantially limited in a major life activity. Sutton v. United Air Lines, Inc., 527 U.S. 471, 476-477 (1999). The "major life activity" upon which Mr. Bleau has focussed is "working," and, indeed, the First Circuit has recognized "working" as a potential major life activity under the ADA. Gelabert-Ladenheim v. American Airlines, Inc., 252 F.3d 54, 58 (1st Cir. 2001). Because there is "some conceptual difficulty in defining 'major life activities' to include 'work,' the plaintiff assumes a more fact-specific burden of proof." Id. at 58. "If jobs utilizing an individual's skills (but perhaps not his or her unique talents) are available, one is not precluded from a substantial class of jobs." Sutton, 527 U.S. at 492. Mr. Bleau has not demonstrated that he can

carry his heavier burden of proof and show that Greater Lynn perceived him as significantly restricted in his ability to perform a class of jobs or a broad range of jobs in various classes. Lebron-Torres v. Whitehall Labs., 251 F.3d 236, 240 (1st Cir. 2001). Despite his conclusory allegation, Mr. Bleau has not demonstrated that Greater Lynn perceived him as precluded from the job of "Executive Director," or that "Executive Director" constitutes a substantial class of jobs.

Furthermore, none of Mr. Bleau's sixty-plus pages of allegations supports the essential element that he was not re-hired on the basis of his disability. See Bailey v. Georgia-Pacific Corp., 306 F.3d 1162, 1166 (1st Cir. 2002). In fact, his portrayal of a Byzantine conspiracy among the co-defendants and others who were motivated by greed and a desire to cover up illegal activities undermines his claim that he was terminated and not re-hired on the basis of disability discrimination. Amended Opposition 4-15. In this sense, Mr. Bleau alleges too much, and his discrimination claim suffers irretrievably.

### III. Mr. Bleau's Motion For Summary Judgment Is Insufficient In Law

Mr. Bleau has moved for summary judgment, but he has not established that he is entitled to judgment as a matter of law. "The movant has the 'initial responsibility of informing the district court of the basis for [his] motion, and identifying

those portions' of the record showing the absence of genuine dispute of material fact." Mass. Asset Fin. Corp. v. Harter, Secrest & Emery, LLP, 220 F. Supp.2d 20, 22 (2002) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  As argued in Greater Lynn's memorandum in support of its motion for summary judgment and above, Mr. Bleau is unable to establish the elements of his claims, let alone show that he is entitled to judgment as a matter of law.  His motion for summary judgment should be denied.

## Conclusion

   For the reasons set forth above, Greater Lynn is entitled to judgment as a matter of law, and the Court should deny Mr. Bleau's motion for summary judgment.


                              by its attorneys

                              s/ Garrick F. Cole

                              _____
                              Garrick F. Cole
                              BBO No. 091340
                              Christina Schenk-Hargrove
                              BBO No. 645164

                              Smith & Duggan LLP
                              Two Center Plaza, Suite 620
                              Boston, Massachusetts 02108-1906
                              (617) 228-4400

12

Dated: 5 May 2005