UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Albert William Bleau, Jr., :
:
       Plaintiff :
:
:
vs. : Civil Action
: No. 04-10469 JLT(REK)
:
Greater Lynn Mental Health :
& Retardation Association, Inc., :
 et al., :
:
       Defendants :

**Reply And Opposition Of Defendant Robert Griffin To
Plaintiff's Opposition To Griffin's
Motion For Entry Of Separate And Final Judgment
And Plaintiff's Motion For Leave To Amend Complaint**

    Defendant Robert Griffin replies to plaintiff Albert W. Bleau's opposition to Griffin's motion for entry of separate and final judgment pursuant to Fed. R. Civ. P. 54(b) and opposes Bleau's motion to amend his complaint as follows.

**Introduction**

    Plaintiff Albert W. Bleau commenced this action on March 8, 2004, against five defendants. Defendant Robert Griffin moved on May 24, 2004, to dismiss the claims against him. The Court (Keeton, D.J.) allowed Griffin's motion on December 8, 2004.

The Court held, in part, that because Bleau did not mention any discriminatory or retaliatory acts by Griffin within the applicable three-year statute of limitations period, his claims against Griffin were time-barred.

On the basis of the Court's order, Griffin moved for entry of separate and final judgment on February 1, 2005. Since then, the plaintiff has filed several pleadings, including a "Motion In Opposition To Defendants' Greater Lynn Mental Health & Retardation Association (GLMHRA), Et al, Motions For Summary Judgment, Dismissal And Entry Of Separate And Final Judgment & Memorandum Of Plaintiff Albert W. Bleau Jr. In Support Of His Motion For Summary Judgment" (hereinafter Bleau's Opposition), an "Amendment Of Plaintiff's Motion In Opposition To Defendants' Greater Lynn Mental Health & Retardation Association (GLMHRA), Et al. Motions For Summary Judgment, Dismissal And Entry Of Separate And Final Judgment & Memorandum Of Plaintiff Albert W. Bleau Jr. In Support Of His Motion For Summary Judgment Originally Filed On March 9, 2005 & Motion To Amend Original Complaint Dated March 8, 2004, To Bring Action Under The Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-62 (2000)" (hereinafter Bleau's Amended Opposition And Motion to Amend Complaint), and an "Amendment Of Plaintiff's Motion To Bring Action Under The Racketeer

Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-62" (hereinafter Proposed Amended Complaint).

**ARGUMENT**

I. Plaintiff May Not Revisit The Dismissal Of His Claims And, In Any Case, He Has Not Offered Any Evidence That His Claims Are Not Time-Barred

In its order of December 8, 2004, the Court dismissed all of Bleau's discrimination and retaliation claims against Griffin on the ground that Bleau had not alleged any acts of Griffin within the three-year statute of limitations period. To the extent that Bleau's Opposition or the Amended Opposition And Motion To Amend Complaint includes new allegations of discriminatory or retaliatory acts by Griffin, they should be disregarded, as Bleau may not revisit claims that have already been dismissed.

Even if the Court were to examine Bleau's new allegations, it would find that Bleau has failed to allege any acts by Griffin, discriminatory, retaliatory, defamatory, or otherwise, within the three-year period prior to March 8, 2004. (See Bleau's Opposition; Bleau's Amended Opposition And Motion To Amend Complaint.) Bleau has not offered any evidence that his discrimination and retaliation claims against Griffin are not time-barred, and, for the reasons set forth in Griffin's motion

for entry of separate and final judgment, judgment should enter.[1]

> II. Bleau's Motion To Amend His Complaint Should Be Denied As Futile And Judgment Should Enter As To Griffin

Because Bleau's proposed amended complaint does not state a viable RICO claim against Griffin, it should denied as futile. See Foman v. Davis, 371 U.S. 178, 182 (1962) (futility is accepted ground under Fed. R. Civ. P. 15(a) for denial of motion for leave to amend pleading). The motion to amend the complaint can be found in Bleau's Amended Opposition And Motion To Amend Complaint and the Proposed Amended Complaint. The proposed complaint includes two counts: "First Claim for Relief (Violation of 18 U.S.C. § 1962(c))", and "Second Claim for Relief (Violation of 18 U.S.C. § 1962(d) by Conspiracy to Violate 18 U.S.C. § 1962(c))." (See Proposed Amended Complaint at 13-17.) The allegations of each count are identical, have overlapping requirements, and can be considered together. See

---

[1] Bleau claims that Griffin should be considered his *de facto* employer. (See Bleau's Opposition, ¶ 9, p. 8-9 (citing Comacho v. P.R. Ports Authority, 369 F.3d 570 (2004); and Bleau's Amended Opposition and Motion To Amend Complaint, ¶ 5, p. 2.) It is questionable whether the *de facto* employer doctrine is available to support ADA or Rehabilitation claims, cf. Camacho, 369 F.3d at 577 (holding only that plaintiffs had failed to establish de facto employment for ADEA purposes), or whether Bleau could establish the elements of a *de facto* employment relationship. See Camacho, 369 F.3d at 576-77. In any case, the fact remains that Bleau has alleged no acts by Griffin within the three-year limitations period.

Miranda, 948 F.2d at 45 n.4.

Bleau bases his RICO claims on Section 1964(c) of the RICO statute, which creates a civil cause of action for "any person injured in his business or property by reason of a violation of section 1962." In civil RICO cases, which necessarily involve allegations of criminal conduct, "particular care is required to balance the liberality of the Civil Rules with the necessity of preventing abusive or vexatious treatment of defendants." Miranda v. Ponce Federal Bank, 948 F.2d 41, 44 (1st Cir. 1991). The First Circuit has advised that "courts should strive to flush out frivolous RICO allegations at an early stage of the litigation." Figueroa Ruiz v. Alegria, 896 F.2d 645, 650 (1st Cir. 1990).

    A.   *Bleau has not alleged a pattern of racketeering.*

RICO makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). To be liable for a violation of § 1962(c), a defendant must engage in two or more of the predicate acts of racketeering enumerated in 18 U.S.C. § 1961(1). See Miranda, 948 F.2d at 45. Of the seven predicate

acts that Mr. Bleau alleges in his Proposed Amended Complaint, only one, mail fraud in violation of 18 U.S.C. § 1341, is enumerated as a racketeering act in § 1961(1). The others are not to be considered predicate acts of racketeering.

While Bleau alleges "multiple instances" of mail fraud, the Proposed Amended Complaint contains only one conclusory allegation that the defendants engaged in mail fraud. (See Proposed Amended Complaint at 3, ¶ 1.) Thus, Mr. Bleau has alleged only one predicate act, and certainly has not established the "pattern of racketeering" that the statute requires.

Furthermore, predicate acts of mail fraud alleged in civil RICO actions must be pleaded with particularity in accordance with the dictates of Rule 9(b) of the Federal Rules of Civil Procedure. See Ahmed v. Rosenblatt, 118 F.3d 886, 889 (1st Cir. 1997). That is, Bleau must specify the time, place and content of allegedly false mail communications. See id. Because Bleau has failed to plead mail fraud with particularity, he has not alleged any viable predicate acts of mail fraud, and his motion to amend his complaint should be denied.

    B.    *Bleau does not allege injury as a result of an overt act that is an act of racketeering.*

The Supreme Court has held that "a person injured by an overt act done in furtherance of a RICO conspiracy has [no]

cause of action under § 1964(c), [ ] if the overt act is not an act of racketeering." Beck v. Prupis, 529 U.S. 494, 495 (2000) (affirming dismissal of civil RICO complaint). Read most broadly, Mr. Bleau claims that he was injured by his termination, by his failure to be rehired, and by efforts to prevent him from being hired elsewhere. None of these acts is an act of racketeering as defined by 18 U.S.C. 1961(1); therefore, the alleged injuries proximately caused by the acts are not actionable under the RICO statute. See Beck, 529 U.S. at 505.

## CONCLUSION

For the reasons set forth above, the Court should deny plaintiff Albert W. Bleau's motion for leave to amend his complaint and grant the motion of defendant Robert Griffin for entry of separate and final judgment.

Respectfully submitted,

Robert Griffin

By his attorney,

/s/ Donald Stern
Donald K. Stern
BBO No. 479420
BINGHAM MCCUTCHEN LLP
101 Federal Street
Boston, MA  02110-1726
(617) 951-8250

DATED:  4 May 2005