UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT WILLIAM BLEAU, JR., <br><br> Plaintiff, <br><br> v. <br><br> GREATER LYNN MENTAL HEALTH & RETARDATION ASSOCIATION, et al., <br><br> Defendants. | Civil Action No.: 04-10469REK |

**DEFENDANTS RODERICK MACLEISH, JR. AND
ROBERT A. SHERMAN'S MOTION TO STRIKE
<u>AFFIDAVIT OF MARTENA FALLON</u>**

Defendants Roderick MacLeish and Robert A. Sherman ("MacLeish and Sherman") hereby move to strike the Affidavit of Martena Fallon ("Fallon Affidavit") dated April 18, 2005, as filed by the Plaintiff. This Court should strike the Fallon Affidavit because it was submitted after the mutually agreed upon deadline by which MacLeish and Sherman were to file their Responses to Plaintiff's various motions (a deadline which they satisfied), and because certain portions of the affidavit are not based on personal knowledge, contain impermissible hearsay, are conclusory, and lack proper foundation. Moreover, the Affidavit is untimely because none of the parties in this matter have had the opportunity to take any discovery and MacLeish and Sherman must be given the opportunity to test the credibility of this witness through deposition and other discovery.

In support of this motion, MacLeish and Sherman state as follows:

1. On March 8, 2005, the Plaintiff responded to MacLeish and Sherman's Motion to Dismiss and purportedly filed a Motion for Summary Judgment followed by an Amendment on March 21, 2005. To support his motion, the Plaintiff attached two <u>draft</u> affidavits that were unsigned and undated, including one from Martena Fallon.

2. Sherman and MacLeish moved this court, with assent by the Plaintiff, to extend the deadline by which they were required to submit their responses to Plaintiff's Motion for Summary Judgment, as well as other assorted Motions served on MacLeish and Sherman on March 8 and March 21, 2005, until and including April, 20, 2005. The Court allowed this motion for an extension and Sherman and MacLeish filed their oppositions by the deadline to which they had agreed.

3. The very next day, the Plaintiff served a second amendment to his motions and served a signed and dated affidavit from Martena Fallon that differed substantially from the draft affidavit the Plaintiff sent with his March 21, 2005 Amendment. The Fallon Affidavit should be stricken from the record because it was not served in a timely manner. Allowing the Plaintiff to submit an affidavit after the time by which the parties had agreed MacLeish and Sherman could respond to Plaintiff's Motion for Summary Judgment is prejudicial to MacLeish and Sherman because they did not have the Fallon Affidavit available to the them when drafting their response to Plaintiff's motion. Plaintiff cannot now be permitted to offer further and untimely "evidence" in support of his Summary Judgment Motion beyond the deadline by which the parties agreed to respond to the motion. The Fallon Affidavit, therefore, should be stricken from the record.

4. An affidavit also must be based on personal knowledge and demonstrate that the affiant is competent to testify to the matters stated in the affidavit. See FED. R. CIV. P. 56(e) (requiring that affidavits accompanying summary judgment motions "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein…"); FED. R. EVID. 602 ("witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter); John Beaudette, Inc. v. Sentry Insurance A Mutual Company, 94 F. Supp. 2d 77, 88-89 (D. Mass. 1999) (striking averments made in affidavit that were not based on personal knowledge); Murphy v. Ford Motor Co., 170 F.R.D. 82, 8-85 (D. Mass 1997) (striking statements in affidavit in context of summary judgment motion that were conclusory assertions not made upon personal knowledge).

5. The Fallon Affidavit is replete with conclusory allegations and averments that cannot possibly be within the affiant's personal knowledge. As a brief example, Fallon states in Paragraph 8, "Review of financial records of [GLMHRA] will demonstrate that GLMH&RA needed the assets from the EMHC because they became bankrupt under the direction of Attys. McLeish [sic], Sherman, and Griffin…" Fallon Affidavit, p. 2, ¶ 8. Fallon herself states that she "was thanked for her service and told not to return"[1] and is "the only remaining board member of EMHC" (not GLMHRA) Fallon Affidavit, p. 1, ¶ 5; p. 2, ¶ 6. Fallon was no longer a Board member of GLMHRA at the time of this alleged activity. As such, her allegations are purely speculative and do not come from a first-hand knowledge of the facts. Fallon further states that, "[t]he

---

[1] Fallon earlier states she "felt compelled to resign" in direct contradiction to this assertion that she was asked to leave. Cf p. 1, ¶ 3, p. 1, ¶ 5.

Board of Directors under President Clair Jackson and incumbent President Thomas Manning along with aspiring President and Executive Director, Thomas Tucker and aspiring Executive, James Cowdell (Lynn City Councilor), allowed Attys. MacLeish and Sherman to take over all aspects of the administration of the corporation. They allowed this to happen for their own personal gain…" Fallon Affidavit, p. 3, ¶ 13. This again is pure speculation on what this list of other people allowed and for what purpose they allowed it. These are but two examples of averments by Fallon that are conclusory, speculative allegations and not within the realm of Fallon's personal knowledge; as such these averments should be stricken from the Affidavit.[2]

6. Several of affiant's assertions are improper and baseless and, at minimum, discovery should be secured to assess the credibility of these averments. As an example, affiant states that MacLeish and Sherman "assumed unauthorized legal authority over [GLMHRA]." Fallon Affidavit, p. 1, ¶ 3. Ms. Fallon is not a legal expert and her lay opinion on this matter is inappropriate. This assertion also should be stricken from the Affidavit.

7. Finally, the Fallon Affidavit does not even speak to the necessary elements of the Plaintiff's defamation claim. In fact, most of the allegation espoused in Fallon's Affidavit focus on the alleged misconduct of Richard Tucker and Paul Cote – two people who are not even named parties in this action. All averments that do not relate to the named Defendants in this lawsuit included in the Fallon Affidavit should be stricken as irrelevant.

---

[2] MacLeish and Sherman reserve the right to supplement the list of Fallon averments that should be stricken from the Fallon Affidavit should the Court allow the Affidavit to remain within the record and in support of Plaintiff's Motion for Summary Judgment.

**WHEREFORE**, MacLeish and Sherman respectfully request that the Court enter an order:

1. Striking the Affidavit of Marten Fallon as untimely filed;

2. In the alternative, striking assertions that are inappropriate, conclusory, contain impermissible hearsay, or are not within the realm of the personal knowledge of the affiant;

3. Striking Paragraphs that are not assertions against named Defendants to this action; and

4. Providing such other and further relief as is necessary and just.

> Respectfully submitted,
>
> RODERICK MACLEISH, JR., and
> ROBERT A. SHERMAN,
>
> By their attorneys:
>
> /s/ Allison K. Jones
> David G. Thomas, BBO # 640854
> Allison K. Jones, BBO# 654804
> GREENBERG TRAURIG, LLP
> One International Place, 20th Floor
> Boston, MA  02110
> Tel:  (617) 310-6000
> Fax:  (617) 310-6001

Dated:  May 6, 2005

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

MacLeish and Sherman, by and through counsel, hereby certify that they have conferred with the Plaintiff in a good faith attempt to resolve or narrow the issues raised in this motion.

> /s/ Allison K. Jones
> Allison K. Jones

### CERTIFICATE OF SERVICE

I, Allison K. Jones, hereby certify that on this 6th day of May, 2005, I served a copy of the foregoing by U.S. mail, postage prepaid, upon the Plaintiff, Albert W. Bleau, Jr., 505 Paradise Road, #208, Swampscott, Massachusetts 01907 and the attorney of record for each other party via the Court's electronic filing system.

/s/ Allison K. Jones_____
Allison K. Jones