UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ALBERT WILLIAM BLEAU, JR.,

    Plaintiff,

v.

GREATER LYNN MENTAL HEALTH &
RETARDATION ASSOCIATION, et al.,

    Defendants.

Civil Action No.:  04-10469REK

### DEFENDANTS RODERICK MACLEISH, JR. AND ROBERT A. SHERMAN'S RESPONSE TO "AMENDMENT OF PLAINTIFF'S MOTION", DATED APRIL 20, 2005

**INTRODUCTION**

Albert W. Bleau, Jr.'s filings in this case – most of which are improper in form, substance, and procedure – have created a morass of conclusory legal claims and bald factual allegations.  The flaws in the Plaintiff's case, however, go much deeper than that, as the confusion created by his filings is what might give this particular Frankenstein monster an appearance of life – when there is none in law or fact.  The Plaintiff's case, as described through the Plaintiff's filings (including his latest "Amendment of Plaintiff's Motion"), merely is a collection of fragmented pieces that, when glanced over in only cursory fashion, might appear to support a claim of wrongdoing based solely on the amount of information provided.  Pull one thread, however, and the monster comes undone.  Nowhere does the Plaintiff allege that Roderick MacLeish, Jr. and Robert A. Sherman ("MacLeish and Sherman") uttered a single defamatory word about the Plaintiff within the three-year period preceding the filing of this action.  The Plaintiff's case against MacLeish and Sherman is frivolous and must be unceremoniously dismantled by this Court.

**RELEVANT FACTS AND PROCEDURE**

A.    <u>The Plaintiff's Relevant Filings to Date</u>

The Plaintiff has filed the following relevant documents as of the date of this Response:

1. "Complaint for Employment Discrimination", dated March 8, 2004 ("**Compl.**").

2. "Memorandum of Law in Opposition to Defendants' Greater Lynn Mental Health & Retardation Association, Inc. Et Al., Motions to Dismiss and Motions for Summary Judgment", dated October 1, 2004 ("**Pl. Mem.**").

3. "Motion in Opposition to Defendants' Greater Lynn Mental Heath & Retardation Association (GLRMHA), Et Al., Motions for Summary Judgment, Dismissal and Entry of Separate and Final Judgment & Memorandum of Plaintiff Albert W. Bleau, Jr. in Support of His Motion for Summary Judgment", dated March 8, 2005 ("**Pl. Opp.**").

4. "Amendment of Plaintiff's Motion in Opposition to Defendants' Greater Lynn Mental Heath & Retardation Association (GLRMHA), Et Al., Motions for Summary Judgment, Dismissal and Entry of Separate and Final Judgment & Memorandum of Plaintiff Albert W. Bleau, Jr. in Support of His Motion for Summary Judgment Originally Filed on March 9, 2005 & Motion to Amend Original Complaint dated March 8, 2004 to Bring Action Under The Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-62 (2000)", dated March 21, 2005 ("**First Amd. to Pl. Opp.**").

5. "Amendment of Plaintiff's Motion to Bring Action Under The Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-62", dated April 20, 2005 ("**Second Amd. to Pl. Opp.**").[1]

The five (5) filings above total approximately one-hundred and four (104) pages of written text (voluminous exhibits excluded). Taken together, all of that text seeks to prevent this Court from dismissing the Plaintiff's claims against the defendants and to add a RICO claim to this lawsuit.

---

[1] Ostensibly, the Plaintiff's latest "amendment" to his earlier motions represents his proposed Amended Complaint, which this Court has not yet given the Plaintiff leave to file. <u>See</u> Second Amd. to Pl. Opp. ¶ 1 (describing the document as "[t]his Amended Complaint").

B.  The Plaintiff's Allegations against MacLeish and Sherman

To assist the Court in wading through the quagmire created by the Plaintiff's filings, listed below are the salient wrongful acts alleged against MacLeish and Sherman:

| **Alleged Act** | **Date** | **Source** |
|---|---|---|
| MacLeish and Sherman ordered a drug test. | 1999 | Compl. p. 2, ¶ 5 (sub-¶ 2); First Amd. to Pl. Opp., pp. 14 and 21. |
| MacLeish and Sherman made all major decisions for GLMHRA. | 9/99-1/00 | Compl. p. 5, ¶ 6 (sub-¶ 17); First Amd. to Pl. Opp., pp. 39-42. |
| MacLeish and Sherman gave a false report about the Plaintiff and other false documents to the Attorney General's Office and/or others. | 11/99-4/00 | Compl. p. 6, ¶ 6 (sub-¶ 21); Pl. Mem., pp. 4-6; Second Amd. to Pl. Opp., ¶ 32; Pl. Mem., p. 6; Pl. Opp, p. 13, ¶ 1; First Amd. to Pl. Opp., pp. 6-7 and 22 and 35-36. |
| MacLeish and Sherman shared the Plaintiff's medical records with the GLMHRA board and made false statements about the Plaintiff to the Board. | 4/00 | Compl. p. 6, ¶ 6 (sub-¶ 24); Second Amd. to Pl. Opp., ¶ 6-21; Pl. Mem., p. 11; First Amd. to Pl. Opp., pp. 7 and 15. |
| MacLeish and Sherman intimidated GLMHRA board members and employees. | 1/00 | Pl. Mem., p. 3; First Amd. to Pl. Opp., p. 6. |
| MacLeish had an affair with a GLMHRA employee; Sherman secretly arranged to have GLMHRA hire MacLeish and Sherman. | 1999 | Pl. Mem., p. 9, ¶ 7; First Amd. to Pl. Opp., pp. 4-5; Second Amd. To Pl. Opp., pp. 9-10. |
| MacLeish and Sherman billed GLMHRA over $225,000 in legal fees and forced GLMHRA to hire and pay numerous consultants. | 9/99-4/00 | Pl. Mem. at p. 9; First Amd. to Pl. Opp., p. 6. |
| MacLeish and Sherman barred the Plaintiff from the premises and denied the Plaintiff's lawyer access to requested documentation. | 11/99-5/00 | First Am. To Pl. Opp., p. 14; Second Amd. To Pl. Opp. at pp. 7-8. |

3

C.  The Separation Agreement and General Release

On November 13, 2000, the Plaintiff, GLMHRA and Eastern Massachusetts Housing Corporation ("EMHC") entered into a Separation Agreement and General Release. See Complaint, Attachment No. 30 ("Settlement Agreement and General Release"). Paragraph 4 of the Settlement Agreement and General Release provided as follows:

> In consideration for the execution of this Agreement by GLMHRA and EMHC and other consideration, the receipt and sufficiency of which are hereby acknowledged, Albert W. Bleau, Jr. (hereinafter the "Releasor"), does for himself, his agents, attorneys, successors, subrogees, heirs and assigns, release and forever discharge Greater Lynn Mental Health and Retardation Association, Inc., Eastern Massachusetts Housing Corporation, Inc., their divisions, programs, subsidiaries, affiliates, predecessors, successors, assigns, directors, officers, employees, former employees, representatives, attorneys, insurers, reinsurers and administrators ("Releasees"), of and from any and all debts, actions, causes of action, suits, damages, expenses, claims for attorney's fees, and any and all claims, and liabilities whatsoever, of every name and nature, known or unknown, both in law and in equity, which the Releasor now has or ever has had against the said Releasees from the beginning of the world to the date of this General Release, including, but not limited to, those arising under the Age Discrimination in Employment Act, Title VII of the Civil Rights Acts of 1964, the Massachusetts Law Against Discrimination, Americans with Disabilities Act G.L. c. 151B, and other federal, state or local human, civil rights or other laws, rules and/or regulations, or any claim arising under common law, or any other action.
>
> Releasor further promises not to institute any charge, complaint, or lawsuit to challenge the validity of this General Release or the circumstances surrounding its execution.

See Settlement Agreement and General Release, p. 2 (emphasis supplied).

**DISCUSSION**

I.  **THE PLAINTIFF DOES NOT ALLEGE ANY DEFAMATORY STATEMENT WITHIN THE STATUTE OF LIMITATIONS PERIOD**

Nowhere in the Plaintiff's filings does the Plaintiff allege that MacLeish and Sherman uttered one word about the Plaintiff, defamatory or otherwise, after May of 2000. See Chart of Plaintiff's Allegations supra. As a result, MacLeish and Sherman moved to dismiss the Plaintiff's common law defamation claims against them based on failure to file this litigation

4

within the applicable three-year statute of limitations period governing such claims. See MASS. GEN. LAWS Ch. 260, § 4; Flynn v. Associated Press, 401 Mass. 776, 780-781 (1988). Despite their motion, the Plaintiff's opposition and proposed Amended Complaint simply do not cure that pleading deficiency. The Plaintiff's defamation claim must be dismissed as a result.

**II.   THE PLAINTIFF CANNOT RESURRECT CLAIMS AGAINST MACLEISH AND SHERMAN ALREADY DISCHARGED BY A GENERAL RELEASE**

The Plaintiff affirmatively released MacLeish and Sherman from any liability for the claims now brought before this Court. Under Massachusetts law, a party may enter into a contract releasing another party from any and all liability. See Sharon v. City of Newton, 437 Mass. 99, 105, 769 N.E.2d 738, 744 (2002). Massachusetts law strongly favors enforcing such contractual releases in the absence of fraud. See id.; Lee v. Allied Sports Assocs., Inc., 349 Mass. 544, 550-51, 209 N.E.2d 329, 333 (1965) (a party's mere signature on a release effectively releases the subject party from liability as a matter of law absent evidence of fraud); McGuire v. Lawrence Mfg. Co., 156 Mass. 324, 328, 31 N.E. 3, 4 (1892). As aptly stated over one hundred years ago by the Massachusetts Supreme Judicial Court:

> So far as we can see, it was an uncontroverted fact in the case that he was a man capable of acting for himself, and who understood the ordinary transactions of life. When such a man understandingly, and for a consideration, executes a written release, it is a principle of law that his act discharges his cause of action; and not only is it a principle of law, but an important and wholesome one, which it is the right and duty of courts to state and enforce when the proper occasion arises.

McGuire, 156 Mass. at 328, 31 N.E. at 4 (emphasis supplied). That principle is as venerable today as it was back in 1892[2] and unquestionably disposes of all of the Plaintiff's claims against MacLeish and Sherman as a matter of law.

---

[2] See LeBlanc v. Friedman, 438 Mass. 592, 597-98, 781 N.E.2d 1283, 1287 (2003) (explaining that a general release disposes of "all claims and demands arising out of *any* transactions between the parties").

5

Undeniably, on November 13, 2000, the Plaintiff entered into the Separation Agreement and General Release, which affirmatively and expressly released, in particular, GLMHRA and its attorneys, i.e., MacLeish and Sherman, from any and all liability whatsoever "from the beginning of the world to the date of" the General Release. See Settlement Agreement and General Release at p. 2. The Plaintiff actually attached the Settlement Agreement and General Release to the Complaint. Complaint, Attachment No. 30. As a result, the Plaintiff's remaining defamation claims, as they are based on affirmative statements by MacLeish and Sherman prior to the execution of the Settlement Agreement, are discharged completely.

The Plaintiff has not and cannot rationally claim that he was not capable of acting for himself or did not understand the nature of the General Release when he signed the Settlement Agreement and General Release. Indeed, in addition to spending considerable effort in his court filings asserting to this Court just how capable he was as GLMHRA's Executive Director, the Plaintiff also is litigating this case *pro se*, i.e., he is still acting in his "own behalf." Furthermore, nowhere does the Plaintiff plead with any particularity any fraud incident to the General Release. Consequently, the Plaintiff may not now challenge the nature or scope of the General Release (something which the Plaintiff actually expressly agreed not to do) or resurrect the discharged claims against MacLeish and Sherman.

The Plaintiff finds no safe harbor by claiming that GLMHRA allegedly breached the Settlement Agreement and General Release in part. A party to a contract may not simply take the spoils of a contract and void the contract thereafter when it is suitable if there exists a subsequent breach of that contract. Rather, a party's remedy for a breach of another party's executory promise sounds in damages or injunctive relief, not treating all past promises as void. See Factory Realty Corp. v. Corbin-Homes Shoe Co., 312 Mass. 325, 329, 44 N.E.2d 671, 673

6

(1942); see also, Guadette v. Kelly, 7 Mass. App. Ct. 100, 104, 386 N.E.2d 737, 739 (1979) (termination of a contract did not nullify previously executed releases, which barred an employee's subsequent claim for failure to rehire); Cramer v. Metropolitan Sav. and Loan Ass'n, 401 Mich. 252, 261, 258 N.W.2d 20, 23 (1977); Archambo v. Lawyers Title Ins. Corp., 466 Mich. 402, 411-12, 646 N.W.2d 170, 176 (2002). The General Release executed by the Plaintiff is not an inchoate right subject to being unilaterally voided at the Plaintiff's whim and fancy. Therefore, even if GLMHRA breached the Separation Agreement and General Release in part, as the Plaintiff alleges, the General Release does not become "null and void" as the Plaintiff claims and certainly does not become null and void as to MacLeish and Sherman.

## CONCLUSION

For the foregoing reasons, and for the reasons asserted in the filings by the other defendants, which are incorporated herein by reference in their entirety, this Court should dismiss the Plaintiff's remaining common law defamation claims against MacLeish and Sherman and deny the Plaintiff's Motion to Amend his Complaint to add a futile RICO claim against MacLeish and Sherman.

        Respectfully submitted,

        RODERICK MACLEISH, JR. and ROBERT A. SHERMAN,

        By their attorney:

        /s/ David G. Thomas
        David G. Thomas, BBO # 640854
        GREENBERG TRAURIG, LLP
        One International Place, 20th Floor
        Boston, MA  02110
        Tel:  (617) 310-6000
        Fax:  (617) 310-6001

Dated:  May 6, 2005

**CERTIFICATE OF SERVICE**

    I, David G. Thomas, hereby certify that on this 6th day of May, 2005, I served a copy of the foregoing by U.S. mail, postage prepaid, upon the Plaintiff, Albert W. Bleau, Jr., 505 Paradise Road, #208, Swampscott, Massachusetts 01907 and the attorney of record for each other party via the Court's electronic filing system.

                                                        /s/ David G. Thomas_____
                                                        David G. Thomas