For Publication
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ALBERT WILLIAM BLEAU JR., )<br>    Plaintiff )<br> )<br>v. )<br> )<br>GREATER LYNN MENTAL HEALTH & )<br>RETARDATION ASSOCIATION, )<br>EASTERN MASS HOUSING CORPORATION, )<br>RODERICK MacLEISH, )<br>ROBERT SHERMAN, and )<br>ROBERT J. GRIFFIN, )<br>    Defendants ) | CIVIL ACTION<br>NO. 04-10469-REK |

**Opinion**
June 3, 2005

**Keeton, Senior District Judge.**

      This civil action was filed in this court on March 8, 2004. In a Memorandum and Order issued on December 8, 2004, I held that the plaintiff had cleared the low hurdle necessary to state a claim under the notice pleading requirements of Federal Rule of Civil Procedure 8. In a later motion, defendant Greater Lynn Mental Health & Retardation Association ("GLMHRA") sought summary judgment based on a heightened pleading requirement for defamation claims in Massachusetts and relied upon a decision of mine in Chiara v. Dizoglio, 81 F. Supp. 2d 242 (D. Mass. 2000). That decision, in turn, relied upon another decision of this district court in Dorn v. Astra USA, 975 F. Supp. 388 (D. Mass. 1997). Dorn was later undermined by the holding in an unrelated case, Andresen v. Diorio, 349 F.3d 8, 17 (1st Cir. 2003). I believe that Dorn and my decision in Chiara have been overturned in effect by Andresen, and subsequent First Circuit case

law supports this belief.  Therefore, I am designating for publication the following portion of the Memorandum and Order issued in this case on this date:

>During the May 11, 2005, hearing I granted GLMHRA's motion for summary judgment.  The primary thrust of my ruling was based on my interpretation of the terms of a Separation Agreement between Bleau and one of the defendants..  GLMHRA's motion also sought judgment on any defamation claim that Bleau alleged against it.  GLMHRA claimed that Bleau's defamation claim is not specific enough in that it does not specify the statements at issue or the time or times they were made.  GLMHRA cited to one of my previous decisions in <u>Chiara</u> v. <u>Dizoglio</u>, 81 F. Supp. 2d 242 (D. Mass. 2000), in support of its motion.  That case held that defamation claims are subject to a heightened pleading standard.  <u>Id.</u> at 248 (citing <u>Phantom Touring, Inc.</u> v. <u>Affiliated Publications</u>, 953 F.2d 724, 728 n.6 (1st Cir. 1992); <u>Dorn</u> v. <u>Astra USA</u>, 975 F. Supp. 388, 396 (D. Mass. 1997)).
>
>The Court of Appeals for the First Circuit addressed <u>Dorn</u> in <u>Andresen</u> v. <u>Diorio</u>, 349 F.3d 8, 17 (1st Cir. 2003).  The court construed <u>Dorn</u> to be applying Massachusetts pleading requirements as opposed to federal pleading requirements.  <u>Id.</u>  The court then rejected the applicability of state pleading requirements in federal court.  <u>Id.</u>
>
>This ruling did not explicitly state whether some provision of federal law created a heightened pleading standard for defamation claims brought in federal court.  The court noted, however, the primacy of the pleading requirements contained in Rules 8 and 9 of the Federal Rules of Civil Procedure.  <u>Id.</u>  This reference to the primacy of Rules 8 and 9 implies that no such heightened pleading requirement for defamation claims brought in federal court exists.  This reference, in effect, overrules the holdings of <u>Dorn</u> and <u>Chiara</u> that state such a heightened

pleading standard exits.  This finding is consistent with the First Circuit's general embrace of the proposition that no special pleading is required unless a specific provision of federal law or a Rule provides for it.  See Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 66 (1st Cir. 2004) (discussing civil rights cases and noting that, except when a statute or specific Rule notes otherwise, courts should apply the notice pleading requirements of Rule 8(a)(2)).  Although some language in a footnote of Phantom Touring can be construed to reflect a heightened pleading standard, given the First Circuit decisions in Educadores and Andresen, I find that, at most, Phantom Touring stands for the proposition that, under notice pleading requirements, if a complaint specifically identifies the scope of comments at issue in a case involving defamation claims, the proper route for adding additional comments is a motion to amend.  Phantom Touring, 953 F.2d at 728 n.6 ("In our view, a defendant is entitled to knowledge of the precise language challenged as defamatory, and the plaintiff therefore is limited to its complaint in defining the scope of the alleged defamation. If plaintiff wished to enlarge its case beyond the six articles originally challenged, it should have sought to amend the complaint.).

GLMHRA's failure to inform the court of Andresen is excusable in this instance.  Westlaw does not list Chiara or Dorn as having been in effect overruled by Andresen.  This confusion may be because Dorn's discussion of Massachusetts' pleading requirements in defamation cases is still correct; Andresen overruled Dorn explicitly on the ground that it applied state pleading requirements in federal court and that federal courts generally look to the Federal Rules for the proper pleading requirements.  In order to clear up any confusion in the future, I explicitly declare that Andresen, particularly when viewed in the context of other First Circuit

3

pleading cases, in effect overrules the holding of <u>Dorn</u>, adopted by <u>Chiara</u>, that a heightened pleading standard applies to defamation claims brought in federal court.

    /s/Robert E. Keeton
Robert E. Keeton
Senior United States District Judge