UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ALBERT WILLIAM BLEAU, JR.,

    Plaintiff,

v.

GREATER LYNN MENTAL HEALTH &
RETARDATION ASSOCIATION, et al.,

    Defendants.

Civil Action No.: 04-10469REK

### DEFENDANTS RODERICK MACLEISH, JR. AND ROBERT A. SHERMAN'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF SEPARATE AND FINAL JUDGMENT

Pursuant to Fed. R. Civ. P. 54(b), Defendants Roderick MacLeish and Robert A. Sherman ("MacLeish and Sherman") submit the following memorandum in support of their Motion for Entry of Separate and Final Judgment.

#### INTRODUCTION

Plaintiff Albert W. Bleau, Jr. (the "Plaintiff") commenced this action on March 8, 2004 against Greater Lynn Mental Health & Retardation Association, Inc. ("GLMHRA"), Eastern Massachusetts Housing Corporation ("EMHC"), and three former attorneys of the organizations (including MacLeish and Sherman). MacLeish and Sherman moved to dismiss the claims against them in two Motions to Dismiss. The first Motion to Dismiss was filed on May 7, 2004 and addressed the Plaintiff's Americans with Disabilities Act ("ADA") and Rehabilitation Act claims. The Court dismissed Plaintiff's ADA and Rehabilitation Act claims against MacLeish and Sherman in its December 8, 2004 Order. See December 8, 2004 Court Order, Part III.B.5. The Plaintiff insisted that defamation claims remained against MacLeish and Sherman; therefore,

MacLeish and Sherman filed a second Motion to Dismiss on January 28, 2005 addressing Plaintiff's alleged claims of defamation. On May 11, 2005, this Court conclusively dismissed <u>all</u> claims against MacLeish and Sherman. <u>See</u> June 3, 2005 Memorandum and Order and Supplemental Memorandum and Order p. 7 (emphasis added) (hereinafter, June 3, 2005 Order). The Court's order stated that, "[T]he statute of limitations bars *all* Bleau's ADA and Rehabilitation claims against MacLeish and Sherman...I conclude that the assertion that Bleau's claim that his ADA and Rehabilitation Act claims against MacLeish and Sherman in their capacity as employers still remains is plainly incorrect.". <u>Id</u>. Addressing Plaintiff's purported defamation claims in the case, the Court stated that, "Bleau does not allege any defamatory remark was made within the limitation period...Accordingly, these claims are barred by the statute of limitations." <u>Id</u>. The Court concluded that, "...no claims are remaining against MacLeish and Sherman..." <u>Id</u>. at p. 8. MacLeish and Sherman now move this Court to enter separate and final judgment in their favor on all of the Plaintiff's claims against them in this action.

### ARGUMENT

Federal Rule of Civil Procedure 54(b) permits entry of a final judgment as to fewer than all claims or parties upon an express determination that there is "no just reason for delay" in entering judgment. <u>Credit Francais International, S.A. v. Bio-Vita, Ltd.</u>, 78 F.3d 698, 705-706 (1st Cir. 1996); <u>Spiegel v. Trustees of Tufts College</u>, 843 F. 2d 38, 42 (1st Cir. 1988). The rule provides, in relevant part, as follows:

> When more than one claim for relief is presented in an action, . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment....

Fed. R. Civ. P. 54(b).

The first consideration in determining whether entry of a judgment under 54(b) is appropriate is whether the trial court action underlying the judgment disposed of all the rights and liabilities of at least one party as to at least one claim. Credit Francais International, 78 F.3d at 707; Spiegel, 843 F. 2d at 42-43. This finality element is plainly satisfied in this case: the Court conclusively dismissed all claims against MacLeish and Sherman in this matter. See June 3, 2005 Memorandum and Order and Supplemental Memorandum and Order p. 7 – 8; see also Spiegel, 843 F. 2d at 42 (1st Cir. 1988).

Once the court has found sufficient finality as to the claims, the court must perform a balancing test to weigh whether there is any "just reason for delay." Fed. R. Civ. P. 54(b); Credit Francais International, 78 F.3d at 707; Spiegel, 843 F. 2d at 43. The Court should examine the interrelationship among the various legal and factual issues so as to avoid piecemeal appeals in cases where a case should be reviewed as a single unit. Credit Francais International, 78 F.3d at 707; Spiegel, 843 F. 2d at 43. Here, the Court dismissed with prejudice the Plaintiff's ADA and Rehabilitation claims against MacLeish and Sherman as time barred. Similarly, the Court also dismissed with prejudice Plaintiff's defamation claims against MacLeish and Sherman as time barred. As the Court acknowledged, "no claims are remaining against MacLeish and Sherman..." See June 3, 2005 Order, p 7-8. The only remaining defendant in the case is GLMHRA, the organization that employed and terminated Bleau. Because there are no other similarly situated individuals[1] who have pending claims against them, it would be unfair and unjust to require MacLeish and Sherman to continue to bear the time and expense required to

---

[1] Robert Griffin is the only other individual defendant in this action. The Court dismissed Plaintiff's ADA and Rehabilitation claims against Griffin in its December 8, 2004 Order and held in its June 3, 2005 Order that the Plaintiff failed to sufficiently allege a defamation claim against Griffin on the face of the Complaint. The Court stated conclusively that, "all of the explicit claims against Griffin were dismissed in the December 2004 Memorandum and Order." See June 3, 2005 Order.

participate in this action. Because MacLeish and Sherman are individuals, any appeal concerning MacLeish and Sherman would be dissimilar to an appeal concerning the organization and would not lead to piece-meal appeals. There simply is no just reason to delay entry of separate and final judgment in favor of MacLeish and Sherman at this time.

In the alternative, should the Court decline to grant this motion, Sherman and MacLeish respectfully request that this Court order that MacLeish and Sherman be treated as third party witnesses for the remainder of the litigation. As third parties, MacLeish and Sherman ask this Court that they not be required to be present at future conferences without specific notice by the Court and that they, like defendant Griffin, not be treated as parties to this action with respect to discovery.

## CONCLUSION

For the reasons as set forth above, Defendants Roderick MacLeish and Robert A. Sherman respectfully request that the Court grant this motion for the entry of separate and final judgment in their favor on all of the Plaintiff's claims against them in this action.

Respectfully submitted,

RODERICK MACLEISH, JR., and
ROBERT A. SHERMAN,

By their attorney,

/s/ Allison K. Jones
David G. Thomas, BBO # 640854
Allison K. Jones, BBO# 654804
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, MA  02110
Tel: (617) 310-6000
Fax: (617) 310-6001

Dated: June 27, 2005

5

## CERTIFICATE OF SERVICE

      I, Allison K. Jones, hereby certify that on this 27th day of June, 2005, I served a copy of the foregoing by U.S. mail, postage prepaid, upon the Plaintiff, Albert W. Bleau, Jr., 505 Paradise Road, #208, Swampscott, Massachusetts 01907 and the attorney of record for each other party via the Court's electronic filing system.

                                /s/ Allison K. Jones
                                Allison K. Jones