UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Albert William Bleau, Jr.,          :
                                    :
            Plaintiff               :
                                    :
                                    :
vs.                                 :    Civil Action
                                    :    No. 04-10469JLT(REK)
                                    :
Greater Lynn Mental Health          :
& Retardation Association, Inc.,    :
 et al.,                            :
                                    :
            Defendants              :


**Memorandum Of Defendant Greater Lynn Mental
Health & Retardation Association, Inc.,
<u>In Support Of Its Motion For Partial Summary Judgment</u>**


Defendant Greater Lynn Mental Health & Retardation Association, Inc., (Greater Lynn) submits this memorandum, pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, in support of its motion for partial summary judgment in its favor as to so much of the remaining claims against Greater Lynn of plaintiff Albert William Bleau, Jr., (Mr. Bleau) that sound in tort for defamation.  The record discloses no genuine dispute of material fact in this regard, and the issues raised are thus appropriate for disposition under Rule 56.

2

## Introduction

Mr. Bleau alleges in his complaint that Greater Lynn discriminated against him on the basis of a "perceived" disability in violation of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 (2000) (the ADA), and the Rehabilitation Act of 1973, 29 U.S.C. § 794 (2000) (the Rehabilitation Act). According to the complaint, Greater Lynn engaged in a number of activities that violated his rights under federal and state law, including terminating him from his position as the agency's executive director in the spring of 2000; retaliating against him following his filing of a complaint with the United States Equal Employment Opportunity Commission (EEOC) in October, 2000; and failing to re-hire him as the agency's chief executive officer in the fall of 2003.

Additionally, Mr. Bleau alleges that Greater Lynn made defamatory remarks about him; intentionally interfered with his advantageous business relationships; and, finally, that Greater Lynn violated the regulations of the Internal Revenue Service by "illegally ma[king] [defendant Eastern Massachusetts Housing Corporation] its subsidiary in February 2000." Complaint ¶¶ 5-6, at 2-4.

The Court has dismissed Mr. Bleau's intentional interference with business relationships and IRS-related claims. (Memorandum

and Order, 8 December 2004, Docket No. 28.)  In February, 2005,
Greater Lynn moved for summary judgment in its favor as to all of
Mr. Bleau's remaining claims.  The Court, after hearing, dis-
missed those claims against Greater Lynn arising before November
2000 on the ground that they are barred by a settlement agreement
between Mr. Bleau and Greater Lynn.  (See Memorandum and Order,
3 June 2005, Docket No. 64 (the June Order), Part III.F.1.)
Greater Lynn's motion for summary judgment as to the remaining
post-November 2000 ADA and Rehabilitation Act claims was denied.
Greater Lynn now seeks partial summary judgment in its favor
solely as to Mr. Bleau's defamation claim.

### Legal Standards

Proceeding under Fed. R. Civ. P. 56, the Court should grant
summary judgment when the "pleadings . . . , together with the
affidavits, if any, show that there is no genuine issue as to any
material fact and that [Greater Lynn] is entitled to a judgment
as a matter of law."  Fed. R. Civ. P. 56(c).  Summary judgment is
designed "to pierce the pleadings and to assess the proof in
order to see whether there is a genuine need for trial." Mesnick
v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (citations
and internal quotations omitted).  Greater Lynn's burden as the
moving party is to provide sufficient factual support for its

4

motion, see Celotex v. Catrett, 477 U.S. 317, 325 (1986);
DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997); in
response, Mr. Bleau must establish the existence of a genuine
dispute of material fact that requires a trial to resolve.  See
Celotex, 477 U.S. at 324. In other words, he must "demonstrate
that '*every essential element* of [his] claim or defense is at
least trialworthy'."  Bates v. Mackay, 321 F. Supp.2d 173, 178
(2004) (quoting Price v. General Motors Corp. 931 F.2d 162, 164
(1st Cir. 1991) (emphasis in original).

## Argument

Greater Lynn asserted in its February 2005 summary judgment
motion that Mr. Bleau had no reasonable expectation of proving at
least one element of his defamation claim.  Ruling on that
motion, the Court noted that many of the statements that
Mr. Bleau alleges to be defamatory appear to have occurred before
the settlement agreement was signed and are therefore barred.
(See June Order 15.)  The Court permitted and directed Mr. Bleau
to file a more definite statement asserting any defamation claim
that he contends that he might still bring against Greater Lynn.
The Court also required Mr. Bleau to file his more definite
statement by 13 June 2005, see id. 22, but Mr. Bleau did not do
so.

Greater Lynn's February 2005 motion for summary judgment and subsequent supporting filings asserted that many of Mr. Bleau's defamation allegations concern events that occurred prior to November 2000; are based upon inadmissible hearsay; are im-material; or are not alleged to be false.  See Greater Lynn's Memorandum in Support of Its Motion for Summary Judgment 13-15 (Docket No. 36); Greater Lynn's Reply to Plaintiff's Opposition to Motion for Summary Judgment 7-8 (Docket No. 55).[1/]   The Court, reconciling the pleading requirements of Mr. Bleau's state law claim with the procedural rules applicable in a federal forum, extended to Mr. Bleau the opportunity to state clearly and distinctly the events, including the specific publications, upon which he bases his claim that Greater Lynn defamed him.  His failure to do so indicates that his claim is insubstantial.

A pleading must at least put a defendant on notice of the claims against it.  See Phantom Touring, Inc., v. Affiliated Pubs., 953 F.2d 724, 728 n.6 (1st Cir. 1992); June Order 14, 15.

_____

[1/]  Mr. Bleau has not properly presented evidence under Rule 56(c) for the Court to consider in evaluating his claims and has not submitted a concise statement of the material facts as to which he contends that there exists a genuine dispute to be tried, as Local Rule 56.1 requires.  All of the material facts that Greater Lynn has set forth in its Rule 56.1 Statement of Facts should therefore be deemed admitted.  See Local Rule 56.1; Kelly v. United States, 924 F.2d 355, 357 (1st Cir. 1991); Caouette v. OfficeMax, Inc., 352 F. Supp.2d 134, 137 (D. N.H. 2005).

6

Mr. Bleau's pleadings do not, and the Court should therefore enter judgment for Greater Lynn on so much of his complaint as sounds in tort for defamation.

### Conclusion

For the reasons set forth above, the Court should allow Greater Lynn's motion for partial summary judgment as to Mr. Bleau's claim that Greater Lynn defamed him.

by its attorneys,

s/ Garrick F. Cole

_____
Garrick F. Cole
BBO No. 091340
Christina Schenk-Hargrove
BBO No. 645164

Smith & Duggan LLP
Two Center Plaza, Suite 620
Boston, Massachusetts 02108-1906
(617) 248-1900

Certificate of Service

Dated: 5 July 2005

I certify that a true and accurate copy of the above document was served upon each party of record or the party's counsel by first class mail, postage prepaid, this _____ day of _____, 200_.

__ s/ Garrick F. Cole __