UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Albert William Bleau, Jr., : | |
| Plaintiff : | |
| : | |
| vs. : | Civil Action |
| : | No. 04-10469(JLT)REK |
| Greater Lynn Mental Health : | |
| & Retardation Association, Inc., : | |
| et al., : | |
| Defendants : | |

**Local Rule 56.1 Statement Of
Defendant Greater Lynn Mental Health &
Retardation Association, Inc., In Support
Of Its Motion For Partial Summary Judgment**

Pursuant to Local Rule 56.1, defendant Greater Lynn Mental Health & Retardation Association, Inc., (Greater Lynn or the agency) submits the following statement of the undisputed material facts upon which Greater Lynn bases its motion for partial summary judgment.

1. Before November 2000, Albert W. Bleau, Jr., (Mr. Bleau) was the executive director of Greater Lynn and Eastern Massachusetts Housing Corporation (Eastern Mass.) for approximately twenty-five years. Complaint ¶ 6, at 3.

2. Greater Lynn is a regional mental health agency; Eastern Mass. was, prior to its merger into Greater Lynn on 1 July 2003, an affiliate of Greater Lynn. Declaration of

2

Robert F. Tucker, 24 May 2004 (Tucker Declaration) ¶ 3 (Docket No. 22); Complaint ¶ 6, at 3.

3. Greater Lynn, a nonprofit corporation, provides mental health services to residents of Essex and Middlesex counties. Tucker Declaration ¶ 3.

4. At its meeting on 20 April 2000, the board of Greater Lynn (the Board) voted to terminate Mr. Bleau's employment. Complaint ¶ 4, at 2.

5. After negotiations between Greater Lynn and Mr. Bleau over a separation agreement, Mr. Bleau was removed from Greater Lynn's payroll on 8 September 2000. Complaint ¶ 4, at 2.

6. Mr. Bleau filed a complaint with the EEOC in October, 2000. Complaint ¶ 4, at 2.

7. The parties reached an agreement, and the first EEOC proceeding settled on 13 November 2000. Complaint, Attachments 16, 30.

8. Paragraph four of the agreement provides:

> In consideration for the execution of this Agreement by GLMHRA and EMHC and other consideration . . . Albert W. Bleau, Jr. . . . releases and forever discharges Greater Lynn Mental Health and Retardation Association, Inc., . . . of and from any and all debts, actions, causes of action, suits, damages, expenses, claims for attorney's fees, and any and all claims, and liabilities whatsoever, of every name and nature, known or unknown, both in law and in equity, which [Mr. Bleau] has or ever has had against [Greater Lynn] from the beginning of the world to the date of this General Release, including, but not limited to, those arising under the Age Discrimination in Employment Act, Title VII of the Civil Rights Acts of 1964, the Massachusetts Law Against Discrimination, Americans with Disabilities

    Act[,] G. L. c. 151B, any other federal, state or local human, civil rights, or other laws, rules and/or regulations, or any claim arising under common law, or any other action.

Complaint, Attachment 30.

    9. In 2003 Greater Lynn sought a new executive director. Mr. Bleau applied for the position, but was not hired. Complaint ¶ 4, at 2.

    10. On 28 October 2003, Mr. Bleau filed another complaint against Greater Lynn with the EEOC (the second EEOC proceeding). Complaint ¶ 11, at 9.

    11. The Commission found no basis for Mr. Bleau's complaint and terminated the second EEOC proceeding on 5 December 2003. Complaint, Attachments 1, 2.

    12. Greater Lynn has not published and is not otherwise responsible for the making of any defamatory statement about Mr. Bleau.

by its attorneys,

s/ Garrick F. Cole
_____
Garrick F. Cole
BBO No. 091340
Christina Schenk-Hargrove
BBO No. 645164

Smith & Duggan LLP
Two Center Plaza, Suite 620
Boston, Massachusetts 02108-1906
(617) 248-1900

Certificate of Service

Dated: 5 July 2005

I certify that a true and accurate copy of the above document was served upon each party of record or the party's counsel by first class mail, postage prepaid, this _____ day of _____, 200_.

    s/ Garrick F. Cole