UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Albert William Bleau, Jr., : | |
|      Plaintiff : | |
| : | |
| vs. : | Civil Action |
| : | No. 04-10469JLT(REK) |
| Greater Lynn Mental Health : | |
| & Retardation Association, Inc., : | |
|  et al., : | |
|      Defendants : | |

**Summary And Reply Of Defendant Greater Lynn Mental
Health & Retardation Association, Inc.,
To Plaintiff's Opposition To
Its Motion For Partial Summary Judgment**

    Defendant Greater Lynn Mental Health & Retardation Association, Inc., (Greater Lynn) submits this summary and reply to the opposition of plaintiff Albert William Bleau, Jr., (Mr. Bleau) to its motion for partial summary judgment. Mr. Bleau's opposition raises no issue of material fact, and Greater Lynn remains entitled to judgment as a matter of law. Disposition is therefore appropriate under Rule 56.

    On 5 July 2005, Greater Lynn filed its motion for partial summary judgment as to so much of the remaining claims of Mr. Bleau against Greater Lynn that sound in tort for defamation. (See Docket Nos. 69 and 70.) The hearing scheduled for the 6th of July was postponed at the request of the plaintiff until the 19th; the second hearing was also postponed at Mr. Bleau's request to 27 July 2005.

On 22 July 2005, Greater Lynn received by mail copies of Mr. Bleau's "Motion In Opposition To Defendants' Greater Lynn Mental Health & Retardation Association (GLMHRA), Et Al., Motions For Entry Of Separate And Final Judgment & In Support Of the Prior Memorandums Of Plaintiff Albert W. Bleau Jr. & In Support Of His Prior Motions For Summary Judgment And For Discovery" (Docket No. 71) and an accompanying document titled "Affidavit of Albert W. Bleau Jr." (Docket No. 74). Greater Lynn does not comment upon these documents since they appear to concern only defendants Roderick MacLeish and Robert A. Sherman.

On 25 July 2005, Greater Lynn received by mail copies of the plaintiff's opposition to its motion for partial summary judgment (Docket No. 73) and a supporting "affidavit" (Docket No. 72).[1/] Greater Lynn received email notification of their electronic filing the same day.

As an initial matter, Greater Lynn notes Mr. Bleau's "affidavit" is merely a copy of his memorandum, albeit signed under the penalties of perjury and notarized. (Compare Docket Nos. 73 and 72.) The "affidavit" consists of legal conclusions, broad and conclusory allegations, rhetorical questions, hearsay, and predictions. Because the "affidavit" is not made on personal knowledge, does not set forth facts as would be admissible in evidence, and does not show that Mr. Bleau is competent

---

[1/] It appears that, during the electronic filing process, the association of plaintiff's latest two memoranda with their accompanying affidavits was reversed. Greater Lynn refers to the docket numbers as entered.

to testify as to the matters stated, it does not comply with Fed. R. Civ. P. 56(e) and should be stricken.

Mr. Bleau's memorandum in opposition to Greater Lynn's motion for partial summary judgment shares the flaws of its identical twin, the affidavit.  (See Docket No. 73.)  Paragraph one of the memorandum contains only broad and conclusory allegations of a "systematic personal attack."  These allegations rely on plaintiff's motions of 21 March (Docket No. 42, plaintiff's motion to amend his complaint) and 18 April (Docket No. 49, plaintiff's motion to amend No. 42).  While the Court allowed Mr. Bleau's motion docketed as No. 49, the Court denied that docketed as No. 42.  Therefore, Mr. Bleau should not be permitted to rely on these filings.

Paragraphs five through eight of Mr. Bleau's opposition contain only inadmissible hearsay.  Some of the allegations rely upon unnamed sources (see ¶ 6); some relate to statements apparently not made by Greater Lynn (see ¶ 8, referring only to statements made by staff of the North Shore ARC); and some advert to statements not alleged to be false (see ¶ 6, referring to statements made about the plaintiff's performance while employed by Greater Lynn).

The remaining allegations of the opposition are speculative (see ¶ 9) or make no allegation of defamation (see ¶¶ 2, 3, 4, 10, 11, and 12).  In sum, Greater Lynn remains unaware of any specific, defamatory, false statements that it is alleged to have published without the privilege to do so subsequent to November,

2000.  See McAvoy v. Shufrin, 401 Mass. 593, 597-98 (1988) (listing elements of defamation).

## Conclusion

For the reasons set forth above and in its previously filed motion for partial summary judgment, supporting memorandum, and statement of undisputed material facts, the Court should allow Greater Lynn's motion for partial summary judgment as to Mr. Bleau's defamation claims.

by its attorneys,

s/ Garrick F. Cole

_____
Garrick F. Cole
BBO No. 091340
Christina Schenk-Hargrove
BBO No. 645164

Smith & Duggan LLP
Two Center Plaza, Suite 620
Boston, Massachusetts 02108-1906
(617) 248-1900

Dated:  27 July 2005

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on _____

_____