```
            UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF MASSACHUSETTS
```

Albert William Bleau, Jr.,           :
                                     :
        Plaintiff                  :
                                     :
                                     :
vs.                                  :    Civil Action
                                     :    No. 04-10469JLT(REK)
                                     :
Greater Lynn Mental Health           :
& Retardation Association, Inc.,     :
 et al.,                            :
                                     :
        Defendants                 :

**Local Rule 56.1 Statement Of Defendant Greater Lynn Mental Health & Retardation Association, Inc., In Support Of Its Motion To Dismiss Plaintiff's Breach Of Contract Claim Or For Partial Summary Judgment**

    Pursuant to Local Rule 56.1, defendant Greater Lynn Mental Health & Retardation Association, Inc., (Greater Lynn or the agency) submits the following statement of the undisputed material facts upon which Greater Lynn bases its motion for partial summary judgment as to the claim of plaintiff Albert W. Bleau, Jr., (Mr. Bleau) for breach of contract.

    1.   Prior to November 2000, Mr. Bleau had been the executive director of Greater Lynn and of Eastern Massachusetts Housing Corporation (Eastern Mass.) for approximately twenty-five years.  Complaint ¶ 6, at 3.

2

2.   Greater Lynn is a regional mental health agency and, as a nonprofit corporation, provides mental health services to residents of Essex and Middlesex Counties.  Declaration of Robert F. Tucker (Tucker Decl.) ¶ 3, on file in support of the motion of Greater Lynn to dismiss or for summary judgment of 24 May 2004.

3.   At its meeting on 20 April 20 2000, the board of directors of Greater Lynn (the Board) voted to terminate Mr. Bleau's employment.  Complaint ¶ 4, at 2.

4.   Following negotiations between Greater Lynn and Mr. Bleau over a separation agreement, Mr. Bleau was removed from Greater Lynn's payroll in September 2000.  Complaint ¶ 4, at 2.

5.   Mr. Bleau filed a complaint with the EEOC in October 2000.  Complaint ¶ 4, at 2.

6.   The parties reached an agreement, and the first EEOC proceeding settled in November 2000.  Complaint, Attachments 16, 30.

7.   Under the terms of the "Separation Agreement and General Release" (the settlement agreement and release), Greater Lynn paid Mr. Bleau over $ 100,000 in the form of cash, insurance coverage for twelve months, and an automobile.  Complaint, Attachment 30.

3

8.      Paragraph two of the settlement agreement and release provides that "[Greater Lynn] shall issue a letter, in the form attached as Exhibit A, informing employees, consumers, and friends of [Greater Lynn] that Mr. Bleau has resigned his employment with [Greater Lynn] to pursue other interests." Complaint, Attachment 30.

9.      No Exhibit A was attached to the settlement agreement and release.

10.     Greater Lynn has not issued the letter to which paragraph two of the settlement agreement and release refers.

11.     Paragraph four of the settlement agreement and release provides:

> In consideration for the execution of this Agreement by GLMHRA and EMHC and other consideration . . . Albert W. Bleau, Jr. . . . releases and forever discharges Greater Lynn Mental Health and Retardation Association, Inc., . . . of and from any and all debts, actions, causes of action, suits, damages, expenses, claims for attorney's fees, and any and all claims, and liabilities whatsoever, of every name and nature, known or unknown, both in law and in equity, which [Mr. Bleau] has or ever has had against [Greater Lynn] from the beginning of the world to the date of this General Release, including, but not limited to, those arising under the Age Discrimination in Employment Act, Title VII of the Civil Rights Acts of 1964, the Massachusetts Law Against Discrimination, Americans with Disabilities Act[,] G. L. c. 151B, any other federal, state or local human, civil rights, or other laws, rules and/or regulations, or any claim arising under common law, or any other action.

Complaint, Attachment 30.

4

12. Paragraph 5(C) of the settlement agreement and release provides:

> For a period ending two years after execution of this Agreement, the Corporations will pay an amount for Mr. Bleau's enrollment in a program or course of training at an accredited college of Mr. Bleau's choice, or any training course leading to licensing or certification. The total amount to be paid pursuant to this paragraph shall not exceed of $5,000 in each year (a total of up to $10,000). Payments made pursuant to this paragraph shall be made directly to the college and not to Mr. Bleau.

Complaint, Attachment 30.

13. Greater Lynn has made no payments under paragraph 5(C). Complaint ¶ 5, at 2.

14. In April 2001, Mr. Bleau sent a letter to Greater Lynn and Eastern Massachusetts Housing Corporation board members disparaging the agency and its employees and board members.

15. In April 2001, Mr. Bleau sent identical letters to the Commissioner of the Massachusetts Department of Mental Retardation and the Commissioner of the Massachusetts Department of Mental Health disparaging the agency and its employees and board members and enclosing a copy the letter that he had previously sent to Greater Lynn's board members.

5

16. In April, 2001, Mr. Bleau sent an undated letter to former employees of Greater Lynn disparaging the agency and its employees and board members.

                by its attorneys,

                s/ Garrick F. Cole
                _____
                Garrick F. Cole
                BBO No. 091340
                Christina Schenk-Hargrove
                BBO No. 645164

                Smith & Duggan LLP
                Two Center Plaza, Suite 620
                Boston, Massachusetts 02108-1906
                (617) 248-1900

Certificate of Service

I certify that a true and accurate copy of the above document was served upon each party of record or the party's counsel by first class mail, postage prepaid, this _____ day of _____, 200_.

            __s/ Garrick F. Cole__

Dated: 9 August 2005