UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 OCT 11  A 11: 28

U.S. DISTRICT COURT
DISTRICT OF MASS.

Albert William Bleau Jr.           :

    Plaintiff                            :

                                                     :

Vs.                                         :   Civil Action
                                                         No. 04 – 10469REK

                                                     :

Greater Lynn Mental Health        :
& Retardation Association, et al,
    Defendants

## Amended
### Memorandum Of Plaintiff Albert W. Bleau Jr. Objecting To Defendant Greater Lynn Mental Health & Retardation Association, Inc Motion of August 9, 2005 To Dismiss Plaintiff's Breach Of Contract Claim or For Partial Summary Judgment

### And

### In Support of Plaintiff's Motion For Summary Judgment of Plaintiff's Breach Of Contract Claim & To Continue And Expand Discovery To Include Damages and Rescission

### Including

### Corrections To Plaintiff's Memorandum and 56.1 Statement of Facts Dated October 4, 2005

    Plaintiff has requested that the Court enter an order to change the name of the Defendant from Greater Lynn Mental Health and Retardation Association to include Bridgewell, Inc. with corporate offices at 471 Broadway, Lynnfield, Massachusetts and to change Greater Lynn Mental Health and Retardation Association's corporate address to 471 Broadway, Lynnfield, Massachusetts.

    Plaintiff also requested that the Court enter an order prohibiting Bridgewell, and Greater Lynn Mental Health and Retardation Association, Inc., from

transferring, selling or mortgaging any assets other than what is needed to pay for their normal business operations as outlined and approved in their current state private and federal contracts and budgets and that Bridgewell be ordered not to incur any additional liabilities without the approval of the Court.

### **Argument**

1.   The defendant Greater Lynn Mental Health and Retardation Association has changed its corporate name and address and has not informed the plaintiff or the Court. The plaintiff does not know whether the existing defendant still exists or how the successor corporation has been structured or whether assets have been transferred to other entities.

2.   Greater Lynn Mental Health and Retardation Association (GLMHRA) has been selling assets of the former Eastern Massachusetts Housing Corporation (EMHC), a corporation that was illegally dissolved by GLMHRA. The plaintiff is concerned that GLMHRA may encumber and sell other assets to avoid any possible judgment of this Court for the plaintiff.

3.   Assets that have been sold to date include the Marquis Resort on Lake Winnisquam in Tilton, New Hampshire at below market value; the 37 Friend St., Lynn headquarters, a five story commercial, modern office building, (See attachments describing these properties); a single family vacation home in Tilton, New Hampshire; an acre of commercial land with 200 feet of road frontage in Tilton, New Hampshire; a two family dwelling at 362 Essex St. in Lynn and there could very well be others that were sold or are slated to be sold within the next year.

4.   GLMHRA has also mismanaged some former assets of EMHC. For example, a two family home in Merrimac, Massachusetts worth over $400,000 was destroyed by termites due to poor maintenance by GLMHRA. GLMHRA had ended annual termite inspections and treatments that had been done by EMHC

when they owned the property. The plaintiff understands that the building has to be razed.

### Conclusion

For the reasons set forth above and in the accompanying Local Rule 56.1 Amended Statement of Material Facts the plaintiff requests that the Court grant his motions.

Dated: October 11, 2005

Albert W. Bleau Jr.

Respectfully submitted,

*[signature]*

Albert W. Bleau Jr.
505 Paradise Rd. #208
Swampscott, MA 01907
(781) 962-2662

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all counsel of record by First Class Mail on October 11, 2005.

*[signature]*

3