UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2006 JAN -6 P 12: 40

U.S. DISTRICT COURT
DISTRICT OF MASS.

Albert William Bleau Jr.  :

    Plaintiff  :

:

Vs.  :      Civil Action
    No. 04 – 10469REK

:

Greater Lynn Mental Health  :
& Retardation Association (Bridgewell, Inc.), et al,

    Defendants

### Plaintiff Albert W. Bleau Jr. Motion For An Injunction To Restrict The Sale, Transfer, Mortgaging Or Pledging of Certain Assets Of Defendant Greater Lynn Mental Health & Retardation Association Inc. Now Known And Doing Business As Bridgewell, Inc. of 471 Broadway, Lynnfield, Massachusetts
### And
### For The Appointment Of A Receiver

    Plaintiff requests that the Court enter an order prohibiting Greater Lynn Mental Health and Retardation Association, Inc., (GLMHRA) now known and doing business as Bridgewell, Inc. from transferring, selling, mortgaging or pledging any assets and that they do not expend any funds other than what is needed to pay for their normal business operations as outlined and approved in their current state, private and federal contracts and budgets and that Bridgewell, Inc. (GLMHRA) be ordered not to incur any additional liabilities without the approval of a Court Appointed Receiver who will report all such proposals to the Court.

    Plaintiff requests that the Court appoint a Receiver for defendant Bridgewell, Inc. (GLMHRA).

    Upon appointment of the Receiver, defendant Bridgewell, Inc. (GLMHRA) will preserve all records from 1999 to the present of GLMHRA (Bridgewell, Inc. and

1

EMHC and deliver to the Receiver the names, addresses and copies of the resident records including all progress notes and evaluations and ISP's of all Consent Decree individuals including those who became deceased from November 8, 2000 to the present; the closing documents and all correspondence and e-mails pertaining to the transfer, pledging and mortgaging of all real estate assets from November 8, 2000 to the present; copies of current financials and state contracts and the FY 2006 agency budget; copies of all bills from consultants, real estate sales agents, auditors and attorneys and law firms from August 1999 to February 1, 2006.

Upon the appointment of the Receiver, the current board of Bridgewell, Inc. (GLMHRA) will be dissolved and the agency Executive Director will report to and be under the direct supervision of the Receiver. Board members will be given the option to resign.

### Responsibilities Of The Receiver

1. Oversee all assets of the defendant
2. Take any and all necessary steps to protect Consent Decree mentally retarded citizens
3. Make all attempts to recover unnecessary and fraudulent expenditures of GLMHRA (Bridgewell, Inc) and the former defendant Eastern Massachusetts Housing Corporation (EMHC) from August 1, 1999 to the present for legal, consultant, auditing costs and real estate sale expenses and purchases that the Receiver considers to have been excessive and that were the result of fraud, conflict of interest, RICO or were not an "arms length transaction and recover any assets or receive just compensation for any assets sold below market value.
4. The Receiver will be given access to all properties as well as the

alarm codes and keys to all buildings and will be the designated person to make any changes to the alarm codes in the buildings.

5. The Receiver will have authority to approve all expenditures and the hiring and termination of all staff and the approval of all contracts and the approval to restrict, deny or allow access to all buildings and agency files.

6. The Receiver shall be authorized to make any financial decision and take any action that in his/her judgment is of an emergency nature. Emergency transactions or actions shall be submitted to the Court, the plaintiff and the defendants no later than seven days from the action.

7. The Receiver shall reduce agency expenditures including the lay off of unnecessary employees and consultants and legal expenses to pay for the cost of the Receivership.

8. The Receiver shall file monthly financial and progress reports to the Court, state and federal funding agencies including but not limited to The Department of Mental Health (DMH), The Department of Retardation (DMR), and Federal Office Of Housing and Urban Development (HUD) and to the plaintiff and the defendants.

9. The Receiver will report to the Court any former or current employees, board members or consultants who in his judgment have not acted in the best interest of the agency and individuals with mental illness and mental retardation and whose actions were for their own self interest and violated their fiduciary responsibilities.

10. The Receiver will make any recommendations for action including the provision that they be barred permanently from serving on any Board of Directors of any non profit federally tax exempt corporation and that they be held financially liable for their actions.

11. The Receiver will recruit and train a new Board of Directors that will take over agency fiduciary responsibilities and oversight upon the termination of the

Receivership.

12.     The Receiver will not be held liable for his/her actions except for violations of law or gross negligence and then only with approval from the Court in addition, can only be sued for his actions as Receiver with approval from the Court.

13.     The Receiver shall be appointed for a term of two years or until the Orders of the Court are completed.

14.     Should the Court grant the plaintiff's Motion for Summary Judgment filed on December 27, 2005, the plaintiff respectfully requests that he be appointed Receiver. Plaintiff's qualifications for appointment as Receiver are attached as Attachment I.

15.     Should the plaintiff be appointed Receiver and his motion granted, a summary judgment will be granted in favor of the defendants Robert Griffin, Roderick MacKleish and Robert Sherman and consented to by the plaintiff.

16.     Any compensation or benefits paid to or due to the plaintiff as Receiver will be applied to any settlement awarded to the plaintiff by the Court.

Plaintiff now submits an accompanying Memorandum of Law that supports plaintiff's Motion for an Injunction To Restrict The Sale, Transfer, Mortgaging or Pledging of Certain Assets Of Defendant Greater Lynn Mental Health & Retardation Association Inc. Now Known And Doing Business As Bridgewell, Inc. of 471 Broadway, Lynnfield, Massachusetts And For The Appointment Of A Receiver.

Respectfully submitted,

*[signature]*

Albert W. Bleau Jr.
505 Paradise Rd. #208
Swampscott, MA 01907
(781) 962-2662

Dated: January 6, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon all counsel of record by First Class Mail on January 9, 2006.

*[signature]*

Albert W. Bleau Jr.

5