UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2006 JAN -6 P 12: 40
U.S. DISTRICT COURT
DISTRICT OF MASS.

Albert William Bleau Jr.       :

    Plaintiff            :

                                       :

Vs.                            :         Civil Action
                                                 No. 04 – 10469REK

                                     :

Greater Lynn Mental Health     :
& Retardation Association, et al,
    Defendants

## Memorandum
### in Support Of Plaintiff's Motion For An Injunction To Restrict The Sale, Transfer and Pledging of Certain Assets Of Defendant Greater Lynn Mental Health & Retardation Association Inc. Now Known And Doing Business as Bridgewell, Inc. of 471 Broadway, Lynnfield, Massachusetts
### And
### In Support Of Plaintiff's Motion That GLMHRA (Bridgewell, Inc.) Be Ordered To Reestablish EMHC With All Its Assets And With Its Former Board Of Directors As of January 1, 2000 With The Exception Of Attorney Samuel Vitali
### And
### In Support Of Plaintiff's Motion That Past Board Members From August 1, 1999 To The Present And Current Board Members Of GLMHRA, The Defendants And Defendants' Associates Including Current And Past Employees And Consultants Identified In the Plaintiff's RICO Complaint To This Court Be Barred From Serving On The Board Of Directors Of Any 501 C 3 Or C 4 Charitable Non-Profit Corporation Or Charitable Foundation
### And
### For The Appointment Of A Receiver Of GLMHRA (Bridgewell, Inc)

Plaintiff has filed a Motion for an Injunction prohibiting GLMHRA now known and doing business as Bridgewell, Inc. from transferring, selling, pledging or mortgaging any assets other than what is needed to pay for their normal business operations as outlined and approved in their current state private and federal contracts and budgets and that Bridgewell be ordered not to incur any additional liabilities without the approval of the Court and that a Receiver for GLMHRA

1

(Bridgewell, Inc) be appointed by the Court.

Plaintiff has also filed a Motion to reestablish EMHC with its former Board Of Directors of January 1, 2000 with the exception of Samuel Vitali and plaintiff has filed a Motion that the Defendants, their Associates, and former and current Board Members of GLMHRA (Bridgewell) who served at any time from August 1, 1999 to the present with the exception of Martena Fallon, Norman Thibodeau, Paul Tremblay, Joanne George and Charles Comeau, Peter McGuinn and Stephan Speropolous be barred from serving on any 501 C 3 or C 4 non-profit charitable corporation or foundation.

## History

1. Plaintiff's complaint alleges that RICO was involved in defendants' actions and was the motivating reason for plaintiff's termination as Executive Director of GLMHRA and for the Breach of Contract, defamation and continuing retaliation and discrimination by the defendants including defendant GLMHRA and defendants' associates.

2. Plaintiff' has alleged that as a result of defendants' actions that over $One Million Dollars was diverted from the former Eastern Massachusetts Housing Corporation and from GLMHRA for the defendants' and their associates and co-conspirators personal benefit. These funds were designated for services for individuals with disabilities.

3. Additionally, plaintiff has alleged that defendants and their associates used unethical and illegal tactics to take control of EMHC, and diverted over $20 Million Dollars of its assets to GLMHRA for their personal use and that they conspired and did cover up the misappropriation of GLMHRA and EMHC Assets.

## Argument

4.  The plaintiff has filed a memorandum on December 27, 2005 that additionally support his current Motions.

5.  In the December 27, 2005 Memorandum, the plaintiff alleged that GLMHRA (Bridgewell, Inc.) purchased a property on Tower Hill in Lynn at well above market prices and attached a copy of the deed. The plaintiff has now attached a copy of the deed showing that Tower Hill Associates headed by Pat McGrath purchased the property from the city of Lynn's Economic Development Commission for $1.5 Million a year earlier. See Attachment I. The property included 3.47 acres of land. GLMHRA (Bridgewell, Inc.) purchased a fraction of this property, 10,000 Sq. Ft. or 6% for $500,000, one year later.

6.  The plaintiff alleged in his December 27, 2005 Memorandum that GLMHRA (Bridgewell, Inc.) Board was in conflict of interest comprised of various current and past managers and consultants of state agencies, including various politically connected individuals and the ex wife of a major drug dealer.

7.  The plaintiff has learned that a current board member, Debbie Oblenas was a real estate broker for Top Realty that is totally owned by Pat McGrath who is also the principal partner of Tower Hill Associates that sold the Tower Hill property to the Defendant at an above market price.

8.  In the December 27, 2005 Memorandum, the plaintiff alleged that GLMHRA (Bridgewell, Inc.) sold a building and various finished parking lots, on 38-44 Central Ave. in Lynn for $681,000 at well below market price to the Mayo Group and the plaintiff attached a copy of the deed.

9.  The plaintiff also alleged that a vacant lot with less land area across the street in Central Sq. sold for over $One Million Dollars a year earlier. The plaintiff now attaches photographs for the Court to compare the value of the lots. See Attachment II.

10. In the December 27, 2005 Memorandum, the plaintiff also alleged and provided documentation that the defendant sold land and buildings in Tilton, NH valued at $1.2 to 1.7 Million dollars for $800,000 and a parking lot and building at 37 – 41 Friend St. in Lynn for $2.3 Million Dollars although it was valued at $3.5 to $4 Million Dollars. Defendant purchased a building and land at 471 Broadway in Lynnfield for $2.87 Million dollars when it was valued at less than $2 Million Dollars.

11. At least three consent decree clients and two former Hogan Regional Center clients have died due to neglect since January 1, 2001 and no independent investigation was conducted by DMR or by the Disabled Protection Bureau.

12. There has been no action from any state agency or Constitutional Officer or of current employees or board members or the defendants to protect the charitable assets, to recover assets fraudulently removed or sold or to protect the remaining consent decree mentally retarded citizens.

### Jurisdiction Of The Federal Court

13. There has been no action from any state agency or Constitutional Officer or of current employees or board members or the defendants to protect the charitable assets, to recover assets fraudulently removed or sold or to protect the remaining consent decree mentally retarded citizens.

14. The Defendant GLMHRA (Bridgewell, Inc.) receives Federal funds and is engaged in Interstate Commerce. See Attachment III.

15. Federal Judge Francis Tauro set precedent when he appointed a Receiver and had the Court oversee the treatment of mentally retarded citizens who were being abused and neglected by the DMH and DMR. Similar actions have occurred by Federal District Courts in Maine, Pennsylvania, New York and

many other Federal District Courts.

16. There has been documentation of Fraud and violation of federal laws including RICO.

17. The Defendant is depleting, mortgaging and pledging its assets to an extent that they will not be able to settle plaintiff's claims and address any orders made by the Court. Receivership and Court oversight of GLMHRA's (Bridgewell, Inc.) assets are necessary to protect the plaintiff's interests and rights.

18. IRS regulations provide various sanctions for conflict of interest and personal use of charitable assets as alleged and proven by the plaintiff. See Attachment IV *To Follow*

### Conclusion

My complaint alleges that RICO was involved in defendants' actions and was the motivating reason for my termination as Executive Director of GLMHRA and for the Breach of Contract, defamation and continuing retaliation and discrimination by GLMHRA and their associates.

I have alleged that as a result of their actions that over $One Million Dollars was diverted from the fore mentioned non profit corporations and from services for the developmentally disabled and individuals with mental illness for their and their associates and co-conspirators personal benefit.

Additionally, I have alleged that they employed unethical and illegal tactics to take control of another non-profit, EMHC, and diverted over $20 Million Dollars of its assets to GLMHRA for their personal use and to cover up the misappropriation of GLMHRA funds.

I have alleged that favors and consideration were given to past and present GLMHRA board members and staff to support the conspiracy and the misappropriation of funds.

My complaint alleges that the above individuals were a Racketeering Influenced Corrupt Organization (RICO) in violation of federal law and that my

opposition was the motivating reason for my termination as Executive Director of GLMHRA and for the Breach of Contract, Defamation and for their continuing retaliation and discrimination. My disability and allegations of ERISA and other violations were fabricated to win support from reluctant board members, staff and state agencies to support my termination.

For the reasons set forth above and for the reasons included in the previous Memorandum filed on December 27, 2005, the plaintiff requests that the Court grant his motions.

Dated: January 6, 2006

Albert W. Bleau Jr.

Respectfully submitted,

*[signature]*

Albert W. Bleau Jr.
505 Paradise Rd. #208
Swampscott, MA 01907
(781) 962-2662

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon all counsel of record by First Class Mail on January 9, 2006.

*[signature]*

& PLAN

**DEED**

2004030800357 Bk:22485 Pg:259
03/08/2004 12:12:00 DEED Pg 1/3

THE ECONOMIC DEVELOPMENT AND INDUSTRIAL CORPORATION OF LYNN, a public body politic and corporate created by Chapter 778 of the Legislative Acts of 1977, with its principal place of business at Lynn City Hall, Room 401, 3 City Hall Square, Lynn, Essex County, Massachusetts

for consideration paid, and in full consideration of One Million-Five Hundred and 00/100 ($1,000,500.00) Dollars

*grants to*

TOWER HILL ASSOCIATES, LLC, a Massachusetts Limited Liability Company, with its usual place of business at 20 Heath's Court, Suite 1, Lynn, Massachusetts 01905

*with quitclaim covenants*

the land in said City of Lynn known and numbered as 655 Boston Street, bounded and described as follows:

See Exhibit "A" attached hereto and incorporated herein by reference.

For corporate authority to convey see Clerk's Certificate recorded at the Essex South District Registry of Deeds in Book 14262, Page 8.

***In Witness Whereof***, the Economic Development and Industrial Corporation of Lynn has caused these presents to be signed and its corporate seal to be affixed hereto by Peter M. DeVeau, its Executive Director, duly authorized this 5th day of March, 2004.

Property Address: 655 Boston Street, Lynn, MA.

_____
Witness

*Economic Development and Industrial Corporation of Lynn*

by: _____
Peter M. DeVeau, Executive Director

*Commonwealth of Massachusetts*

Essex, ss.                                                                                          March 8, 2004.

Then personally appeared the above-named Peter M. DeVeau, as he is the Executive Director of the Economic Development and Industrial Corporation of Lynn and acknowledged the foregoing instrument to be the free act and deed of the Economic Development and Industrial Corporation of Lynn, before me,

_____
Paul R. Keating, Notary Public
My Commission Expires: 12/18/09

SALEM DEEDS REG 10 ESSEX SOUTH 01
03/08/04 12:16PM
000000 #4113
FEE $4562.28
CASH $4562.28

*Attachment I*
*Page 2*



2004030800357 Bk:22485 Pg:260
03/08/2004 12:12:00  DEED Pg 2/3

### Exhibit "A"

### Address of Property: 655 Boston Street, Lynn, MA

The land together with the buildings and improvements thereon shown on a plan of land entitled, "Lynn, Massachusetts, Plan of Land for sale by the City of Lynn, 655 Boston Street, former Lynn Convalescent Home," prepared by Reid Surveyors, 365 Chatham Street, Lynn, MA, dated February 6, 2004 and recorded at the Essex South District Registry of Deeds in Book 22401, Page 516 (hereinafter "Plan") and more particularly bounded and described as follows:

| | |
|---|---|
| SOUTHERLY: | by Boston Street, as shown on said Plan, One Hundred Sixty-Nine and 62/100 (169.62) feet; |
| WESTERLY: | by land of City of Lynn Fire House Block 340, Lot 1, as shown on said Plan Eighty-Five and 14/100 (85.14) feet; |
| SOUTHERLY: | by land of City of Lynn Fire House Block 340, Lot 1, as shown on said Plan Seventy-Two and 45/100 (72.45) feet; |
| EASTERLY: | by land of City of Lynn Fire House Block 340, Lot 1, as shown on said Plan Eighty-One and 78/100 (81.78) feet; |
| SOUTHERLY: | by Boston Street, as shown on said Plan, on two courses Nine and 73/100 (9.73) feet and Forty-Nine and 89/100 (49.89) feet; |
| WESTERLY: | by land of Burrill School Condominium, multiple owner, as shown on said Plan, Two Hundred Seven and 43/100 (207.43) feet; |
| NORTHERLY: | by Coyle Terrace, as shown on said Plan, Nineteen and 41/100 (19.41) feet; |
| WESTERLY: | by Coyle Terrace, as shown on said Plan, Two Hundred Twenty-Nine and 45/100 (229.45) feet; |
| NORTHWESTERLY: | by the intersection of Coyle Terrace and Moffett Road, as shown on said Plan, Thirty-Nine and 10/100 (39.10) feet; |
| NORTHERLY: | by Moffett Road, as shown on said Plan, Two Hundred Eighty and 17/100 (280.17) feet; |

| | |
|---|---|
| EASTERLY: | by land of N/F Joseph W. Roche Block 340, Lot 3, as shown on said Plan, Eighty (80) feet; |
| NORTHERLY: | by land of N/F Joseph W. Roche, Block 340, Lot 3, as shown on said Plan, and N/F Lawrence J. Farrell, Block 340, Lot 4, as shown on said Plan One Hundred Fifty-One and 47/100 (151.47) feet; |
| EASTERLY: | by Farrell Road, as shown on said Plan, on two courses, Eighty-One and 25/100 (81.25) feet and One Hundred Ninety and 82/100 (190.82) feet; |
| NORTHERLY: | by Farrell Road, as shown on said Plan, 48/100 (.48) feet; |
| EASTERLY: | by land of N/F Sam & Jeannette Bluefort, Block 340, Lot 8, as shown on said Plan, Seven and 35/100 (7.35) feet; |
| SOUTHERLY: | by land of N/F Esther Vargas, Block 340, Lot 6, and N/F Joseph S. Comeau, Block 340, Lot 5, as shown on said Plan, Eighty-Seven and 88/100 (87.88) feet; |
| EASTERLY: | by land of N/F Joseph S. Comeau, Block 340, Lot 5, One Hundred Ninety-Four and 07/100 (194.07) feet; |

Said land being shown as 170,914 +/- S.F., 3.924 acres on said Plan.

For title reference, see Essex South Registry of Deeds Book 22401, Page 513.

Address of Property: 655 Boston Street, Lynn, MA

Tower Hill Deed Description/McGrath A/n

2004030800357 Bk:22485 Pg:261
03/08/2004 12:12:00 DEED Pg 3/3

GLMNRA Property 38-44 Central Ave Lynn

Attachment II
Page 2

Building on GLMHRA Property Central AVE



Vacant Lot Purchased by City

**GREATER LYNN MENTAL HEALTH AND RETARDATION ASSOCIATION, INC.**
**AND AFFILIATES**

**SCHEDULE OF EXPENDITURES OF FEDERAL AWARDS**
**YEAR ENDED JUNE 30, 2000**

| Federal Grantor/Pass-Through Grantor/Program Title/Pass-Through Identification Number | Federal CFDA Number | Federal Expenditures |
|---|---|---|
| **Major Programs** | | |
| U.S. Department of Housing and Urban Development | | |
|   Supportive Housing Program | | |
|     MA06B940815 | 14.235 | $462,530 |
|     MA06B960002 | 14.235 | 490,710 |
|     Total Major Programs | | 953,240 |
| | | |
| **Other Expenditures of Federal Awards** | | |
| U.S. Department of Education | | |
|   Passed-through the Commonwealth of | | |
|     Massachusetts Rehabilitation Commission | | |
|     Rehabilitative Services- | | |
|     Vocational Rehabilitation Grants to States | | |
|      SC MRC 2007 0002336 | 84.126 | 25,991 |
|      SC MRC 2007 0004200 | 84.126 | 7,516 |
|      SC MRC 2007 0004255 | 84.126 | 14,918 |
|      Subtotal | | 48,425 |
| | | |
| U.S. Department of Health and Human Services | | |
|   Passed-through the Commonwealth of | | |
|     Massachusetts Department of Social Services | | |
|     Social Services Block Grant | | |
|      SC DSS 0009 2000RE1 | 93.667 | 125 |
|      SC DSS 0009 2000REC | 93.667 | 5,400 |
|      SC DSS 0009 2000RES | 93.667 | 22,089 |
|      Subtotal | | 27,614 |
| | | |
|   Passed-through the Commonwealth of | | |
|     Massachusetts Department of Social Services | | |
|     Family Preservation and Support Services | | |
|      SC DSS 0995 0000012 | 93.556 | 124,962 |
| | | |
|   Total Other Expenditures of Federal Awards | | 201,001 |
| | | |
|   Total Expenditures of Federal Awards | | $1,154,241 |