UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
AT CLERK'S OFFICE

2006 JAN 10 P 3:52

U.S. DISTRICT COURT
DISTRICT OF MASS.

Albert William Bleau Jr.          :

    Plaintiff                :

                             :

Vs.                               :       Civil Action
                                          No. 04 – 10469REK
                                  :

Greater Lynn Mental Health        :
& Retardation Association, et al,

    Defendants


### Plaintiff Albert W. Bleau Jr. Additional Information And Attachments Referenced In His Memorandum Of December 27, 2005 And In Plaintiff's Memorandum Of January 6, 2006

Plaintiff respectfully presents attachments that further support his December 27, 2005 Motion for Reconsideration and for plaintiff's Motions filed with the Court on January 6, 2006.

### Defendant Robert Griffin Letter Of October 15, 1998

1.    Attachment I is a 1998 letter from defendant Robert Griffin to the plaintiff referenced in the Memorandum of January 6, 2006. The letter describes IRS regulations implementing Section 4958 of Public Law 104-168.

2.    According to Griffin, "The intent of the Law is to ensure that dealings between exempt organizations and individuals who are in a position to exercise substantial influence over the affairs of the tax exempt organization ("Disqualified Persons") are economically reasonable and do not result in private inurement"

3.    The regulations require that all transactions be for the benefit of the mission of the non-profit agency and are arms length transactions and are at

1

market value.

4. It also provides for financial and other sanctions against the "Disqualified Individuals" and against the non-profit. The defendants and their associates are considered "Disqualified Individuals" under these regulations and their actions warrant sanctions and support the plaintiff's motion for reconsideration and summary judgment and his motions for receivership, the reestablishment of EMHC and the removal of the defendants and their associates from serving on any 501 C 3 or C 4 Charitable Corporation or Foundation.

5. The defendants and their associates have violated IRS law and regulations as described in plaintiff's memorandums of December 27, 2005 and January 6, 2006 and as a matter of law justify and support an Order of this Court for plaintiff's Motions including his motions for Summary Judgment.

### James Cowdell Letter of January 16, 2000

6. Attachment II is the January 16, letter from James Cowdell referenced in the plaintiff's memorandum of December 27, 2005.

7. The Cowdell letter was sent to the plaintiff eight days after the signing of the Severance Agreement. The letter prohibits the plaintiff from talking to any GLMHRA staff including staff of his brother who resided in a GLMHRA ICF-MR Facility and attended a GLMHRA educational program.

8. Mr. Cowdell with Executive Director, Paul Cote, negotiated the Severance Agreement with the plaintiff on November 8, 2000 and had assured the plaintiff that a letter would be drafted and circulated to the GLMHRA newsletter list outlining the plaintiff's accomplishments at GLMHRA.

9. The January 16, 2000 letter also states: "The completion of the above events will result in a complete fulfillment of all obligations to you on behalf of GLMHRA, Eastern Massachusetts Housing Corporation and all its affiliates." Cowdell does not mention the "letter", the training funds or GLMHRA's

2

commitment to prevent continuing defamation by the defendants including GLMHRA management employees that plaintiff brought to the attention of Cote and Cowdell on November 8, 2000 and subsequently during plaintiff's phone call to James Cowdell on or about November 12, 2000.

10. This correspondence further supports the plaintiff's allegation that GLMHRA did not intend to comply with the Severance Agreement and that they had negotiated the agreement in bad faith and engaged in fraud to secure the plaintiff's approval and the approval of the Eastern Massachusetts Housing Corporation Board.

11. The EMHC board members have informed the plaintiff that they did not approve of this January 16, 2000 letter and were not aware of its contents.

### Dissolving EMHC

12. The plaintiff has been informed by the clerk of EMHC, Martena Fallon, that shortly after January 1, 2001, GLMHRA Executive Director, Paul Cote came to an EMHC board meeting and instructed Ms. Fallon not to take minutes of the meeting. He went on to inform Ms. Fallon and the other board members that they had been dismissed from the Board.

13. Ms. Fallon has informed the plaintiff that there are no minutes that confirm or was there a vote taken by the EMHC Board electing Paul Cote as Executive Director of EMHC. He assumed this position without their approval. As Executive Director of GLMHRA he and GLMHRA had complete control of EMHC bank accounts and assets through the management contract that had been in place through July 1, 2000.

Plaintiff requests that the Court grant the plaintiff's Motions for Reconsideration and Summary Judgment of December 27, 2005 as well as plaintiff's Motions of January 6, 2006.

3

Respectfully submitted,

*[signature: Albert Bleau]*

Albert W. Bleau Jr.
505 Paradise Rd. #208
Swampscott, MA 01907
(781) 962-2662

Dated: January 10, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon all counsel of record by First Class Mail on or before January 13, 2006.

*[signature]*
Albert W. Bleau Jr.