UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


Albert William Bleau, Jr.,          :
                                    :
            Plaintiff               :
                                    :
                                    :
vs.                                 :       Civil Action
                                    :       No. 04-10469JLT(REK)
                                    :
Greater Lynn Mental Health          :
& Retardation Association, Inc.,    :
 et al.,                            :
                                    :
            Defendants              :


**Opposition Of Defendant Greater Lynn Mental
Health & Retardation Association, Inc.,
To Plaintiff's Motion For Reconsideration**


Defendant Greater Lynn Mental Health & Retardation Association, Inc., (Greater Lynn) submits this brief opposition to the motion of plaintiff Albert William Bleau, Jr., (Mr. Bleau) for reconsideration.

Plaintiff's motion, Docket No. 97, would have the Court reconsider its 25 October 2005 order, Docket No. 93, granting in part the motions for partial summary judgment of Greater Lynn and

Mr. Bleau.[1/]  Mr. Bleau does not, however, present sufficient grounds for reconsideration.

"Reconsideration of an order granting summary judgment is appropriate when: (1) the court is presented with newly discovered evidence; (2) the court committed clear error; (3) there is an intervening change in controlling law; or (4) other highly unusual circumstances exist."  11 James Wm. Moore et al., Moore's Federal Practice § 56.30[8][e], at 56-245 (3d ed. 2005).  "[E]vidence that was available at the time of the challenged order, but not timely submitted, does not warrant reconsideration."  Id. at 56-246; see Zukowski v. St. Lukes Home Care Program, 326 F.3d 278, 282 n.3 (1st Cir. 2003) (noting that Rule 59(e) does not permit a party to seek reconsideration on the basis of evidence or argument that could and should have been presented prior to judgment).

Mr. Bleau does not assert a change in the controlling law or argue that the Court's orders are in clear error.  Rather, he appears merely to request that the Court consider additional

---

[1/]  Mr. Bleau refers to "the Court's order granting Summary Judgment on plaintiff's claim for breach of Paragraph 2 of the Separation Agreement."  (Motion for Reconsideration 1.)  The Court granted partial summary judgment on Mr. Bleau's claim for breach of paragraph five of the Separation Agreement, which concerns tuition expenses.  As for paragraph two, which concerns the letter of resignation, the Court merely held that the claim survived during the period November 2000 to 11 April 2001.

3

evidence and argument, but presents no legal theory or factual material that was unavailable to him at the time of the Court's hearing on the parties' cross motions.[2]  His motion is thus not the stuff of which a successful submission is made.

## Conclusion

For the reasons set forth above, Greater Lynn requests that the Court deny Mr. Bleau's motion for reconsideration.

by its attorneys,

s/ Christina Schenk-Hargrove

_____
Garrick F. Cole
BBO No. 091340
Christina Schenk-Hargrove
BBO No. 645164

Smith & Duggan LLP
Two Center Plaza, Suite 620
Boston, Massachusetts 02108-1906
(617) 248-1900

Dated:  20 January 2006

_____

[2]  Additionally, the information that Mr. Bleau does present is not in proper form.  Although he appears *pro se*, his most recent filings have been supported by affidavits, and he has attempted to comply with Local Rule 56.1.  This motion and its supporting papers do not, however, comport with the requirements of Rule 56:  they comprise unsworn allegations, conclusory accusations, and inadmissible hearsay.  The Court should disregard such matter.