# FAX COVER SHEET

| | |
|---|---|
| FAX NUMBER | 16172489320 |
| FROM | paul bleau |
| DATE | 2006-01-31 16:41:52 GMT |
| RE | Discovery Motion and proposed Agreement |

## COVER MESSAGE

Christine. Here is my proposed settlement offer. Please include it in the Motion for Discovery. Al

Albert W. Bleau Jr.

505 Paradise Rd. #208
Swampscott, Ma 01907
781 962-2662

January 31, 2006

Atty. Christine Schenk-Hargrove
Smith & Duggan
Boston, Mass

Dear Atty. Hargrove:

Please include my offer in the Discovery Motion. My proposal for settling the suit is as follows:

## FINANCIAL

1. **$300,000 cash payment within 60 days.** Bridgewell should attempt to secure $100,000 of this settlement from Attorney's MacKleish, Sherman, Griffin and auditor's Mecone and Sanella since their combined billing to GLMHRA exceeded $400,000 where prior billing to GLMHRA over a 24 year period never exceeded $25,000.

2. **$80,000 each year for 20 years.** Bridgewell should attempt to secure $40,000 per year of this settlement from Attorney's MacKleish, Sherman, Griffin and auditor's Mecone and Sanella. Plaintiff has agreed to accept an offer to be Bridgewell's broker of record for their health, life and disability insurance in place of annual payments under this section. In this capacity, he has pledged to prepare and submit at least three competing bids each year, informational meetings for staff and other needed supports.

3. **$10,000 toward a family medical, disability and Life plan adjusted for inflation annually.**

## NON FINANCIAL

1. **Special Edition of the Bridgewell Newsletter** will be written within 60 days chronicling the history of the GLMHRA and EMHC with specific focus on the plaintiff's and his staff's accomplishments from 1974 to 2000. The first draft will be written by the plaintiff and will not be changed except for inaccuracies. Bridgewell will write successes since January 1, 2001 and will not defame the plaintiff or print any inaccurate statements. The plaintiff's portion will comprise two-thirds of the newsletter.

1

2. **The proposed newsletter** will be mailed to Bridgewell's current newsletter list, and all former and past employees and board members and elected officials in those cities and towns where Bridgewell programs are located and to all Commissioners and regional and local and area directors of state and federal agencies that provide funding for Bridgewell programs.

3. **Defamation** Bridgewell agrees not to defame the plaintiff and agrees to take action against any employee, consultant including auditors and attorneys or board member who defames the plaintiff including termination of employment, termination of the consultant contract and removal from the Board. Bridgewell agrees to respond promptly and will investigate all plaintiff's complaints of defamation.

   Defamation shall include any statement that the plaintiff mismanaged GLMHRA's or EMHC's contracts or assets or that he "stole the retirement money" or that the self- insured plan was a violation of ERISA or that the plaintiff was unable to perform his duties and that he left GLMHRA for any other reason other then to start his own business or that he left EMHC for any other reason except because of a voluntarily resignation so the new Executive Director would have control over both corporations as he had had while he was Executive Director of GLMHRA and EMHC.

   Plaintiff agrees not to defame the plaintiff or accuse them of fund mismanagement and RICO.

   Each party agrees that redress for any violation will be through negotiation and failing negotiation through the Courts and that neither party will take any unilateral action to deny the other the fruits of the agreement. Bridgewell agrees not to cut or reduce any payments or terminate any contract with the plaintiff for the duration of the agreement without a judgment of the Court.

4. **Confidentiality** Each party agrees to have this agreement remain confidential.



    Sincerely,

Albert W. Bleau Jr.

2