```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS
```

Albert William Bleau, Jr.,              :
                                        :
          Plaintiff                     :
                                        :
                                        :
vs.                                     :    Civil Action
                                        :    No. 04-10469JLT(REK)
                                        :
Greater Lynn Mental Health              :
& Retardation Association, Inc.,        :
 et al.,                                :
                                        :
          Defendants                    :


**Memorandum Of Defendant Bridgewell, Inc.,
In Support Of Its Opposition To Plaintiff's
Motion For Leave To Conduct Additional Discovery
And Its Cross-Motion For A Protective Order**

Defendant Bridgewell, Inc., (formerly Greater Lynn Mental Health & Retardation Association, Inc.; see Docket No. 104) submits this memorandum in support of its opposition to the motion of plaintiff Albert William Bleau, Jr., (Mr. Bleau) for leave to conduct discovery additional to that permitted by the Federal Rules of Civil Procedure and the local rules of this District (Docket No. 94, filed 23 November 2005). Bridgewell also relies upon this memorandum to support its renewed request (by accompanying motion) for a protective order limiting or phasing discovery pursuant to Fed. R. Civ. P. 26(c).

I.   The Court Should Not Allow The Plaintiff
     To Conduct More Than Ten Depositions

The Federal Rules of Civil Procedure limit the number of written and oral depositions that a party may take as of right to ten.[1]  Fed. R. Civ. P. 30, 31.  The object of the ten-deposition limit is to encourage the parties to develop a cost-effective plan for discovery.  Fed. R. Civ. P. 30 (Advisory Committee Notes, 1993 Amendment).  "Leave to take additional depositions should be granted when consistent with the principles of Rule 26(b)(2), and in some cases the ten-per-side limit should be reduced in accordance with those same principles."  Id.  In other words, additional depositions should not be permitted, or the number should be reduced, if the proposed depositions would be cumulative or duplicative; if their purpose is to seek information obtainable from another source that is more convenient, less burdensome, or less expensive; or if the burden of the proposed discovery would outweigh its likely benefit, taking into account the needs of the case and other factors.  See Fed. R. Civ. P. 26(b)(2).

This case is not complex.  Mr. Bleau's remaining claims are limited to "(i) [his] ADA and Rehabilitation Act claims that arose after the execution of the Separation Agreement in November

---

[1]  While Mr. Bleau states that he seeks "either [to] depose, [or] issue written letters or interrogatories" to the witnesses that he identifies in his motion, Bridgewell understands from the parties' discovery conference that Mr. Bleau intends to conduct the requested discovery by depositions upon written questions pursuant to Fed. R. Civ. P. 31.

2000; (ii) [his] defamation claims that arose after the execution of the Separation Agreement in November 2000; and (iii) [his] claim for breach of Paragraph 2 of the Separation Agreement [concerning the issuance of a letter of resignation] between November 2000 and April 11, 2001." (Memorandum and Order, October 25, 2005, Docket No. 93.)[2]

    Nevertheless, Mr. Bleau seeks to increase the number of depositions from the customary ten to over fifty. He proposes to depose fourteen former or current employees of Bridgewell; approximately twenty-five of its past and present board members or past board members of Eastern Massachusetts Housing Corporation; and fourteen other non-party witnesses, including auditors, newspaper editors, prospective employers, and pro-spective clients. (Pl.'s Mot. 2-3.)

    Mr. Bleau does not state the subject matter of his proposed depositions, but the depositions of fourteen employees and twenty-five board members could hardly be reasonably expected to produce other than cumulative and duplicative testimony.

---

[2]  The Court has dismissed Mr. Bleau's claims against Eastern Massachusetts Housing Corporation and his IRS-related claims. (Memorandum and Order, December 8, 2004, Docket No. 28.) The Court has also denied him permission to bring conspiracy-related claims. (Memorandum and Order, June 3, 2005, Docket No. 64.) Discovery directed solely to these dismissed or pre-cluded claims serves no proper purpose, and the Court should not permit it. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 (1978)(discovery that goes only to claim or defense that has been stricken may properly be refused); Blount Int'l, Ltd. v. Schuylkill Energy Resources, Inc., 124 F.R.D. 523, 526-27 (D. Mass. 1989) (same); 8 Charles Allen Wright, et al., Federal Practice and Procedure § 2008, at 104 (2d ed. 1994) (same).

Mr. Bleau may, of course, contact and, if the individual agrees, interview former low-level employees of Bridgewell, newspaper editors, prospective employers, and prospective clients. Since this informal, more convenient, and less expensive means of obtaining whatever information Mr. Bleau believes that these individuals might possess is available to him, the Court should not approve additional depositions in the absence of a specific showing that a specific deposition is necessary.

Finally, given the limited time frame and scope of Mr. Bleau's remaining claims, the burden of deposing numerous witnesses with no demonstrated knowledge of the facts in dispute outweighs the likely benefits of the process. Some of the proposed deponents, e.g., companies that Mr. Bleau has recently solicited for employment or business opportunities or current board members of Bridgewell, obviously have no connection to events that occurred five years ago. Others, particularly former board members, are unlikely to recall the details of meetings that they attended or of transactions in which they participated. Absent a showing that deposing these individuals would be likely to lead to the discovery of admissible evidence, the Court should deny Mr. Bleau's request for leave to take additional depositions.

## II. The Court Should Limit Discovery Or Require That It Proceed In Phases

In addition to requesting that the Court deny Mr. Bleau leave to conduct more than ten depositions, Bridgewell renews its

5

request that the Court limit or phase discovery. "[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries." Hickman v. Taylor, 329 U.S. 495, 507 (1947). Boundaries can be temporary: the Court can manage discovery activities by phasing them. Local Rule 26.3.

Bridgewell is mindful that the Court, in a colloquy during a status conference, denied Bridgewell's request to constrain discovery because phasing can lead to duplication and delay. Bridgewell submits that, at this point, phased discovery would facilitate, rather than frustrate, the orderly and cost-efficient progress of this litigation by eliminating plaintiff's repeated requests for unnecessary discovery opportunities.

The scope of discovery is limited to matters that are "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b). The information sought must be admissible or "reasonably calculated to lead to the discovery of admissible evidence." Id. Thus, it is necessary to examine the claims and defenses of the parties to discern the proper boundaries of inquiry.

As noted above, Mr. Bleau's remaining claims are three: (1) his post-November 2000 ADA and Rehabilitation Act claims; (2) his post-November 2000 state law defamation claims; and (3) his November 2000 to April 2001 state law breach of contract claim. His federal ADA and Rehabilitation Act claims are based upon his allegations that Bridgewell discriminated against him because it perceived him to be disabled or retaliated against him for filing a complaint with the EEOC, or both, and did so by in-

terfering with his attempts to find new employment after November 2000 and by determining not to re-hire him for the position of executive director in the fall of 2003.

Bridgewell proposes that the first phase of discovery be limited to these federal discrimination and retaliation claims and that this phase be further structured to accommodate the burden-shifting framework of McDonnell-Douglas Corp. v. Green, 411 U.S.792 (1973). See Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252 (1st Cir. 1999) (approving use of McDonnell-Douglas framework in connection with ADA claims of disability discrimination); Champagne v. Servistar Corp., 138 F.3d (1st Cir. 1998) (use of McDonnell-Douglas framework in connection with retaliation claim). Specifically, the first phase of discovery should be limited to appropriate requests for information tending to show: (1) whether Bridgewell retaliated against Mr. Bleau after November 2000 by taking adverse employment action against him that was causally connected to his pursuing his October 2000 EEOC claim or (2) whether Bridgewell discriminated against him on the basis of a perceived disability when it refused to re-hire him in the fall of 2003. See Benoit v. Tech. Mfg. Corp., 331 F.3d 166, 177 (1st Cir. 2003) (elements of retaliation claim); Bailey v. Georgia-Pacific Corp., 306 F.3d 1162, 1166 (1st Cir. 2002) (elements of perceived disability discrimination claim).

Only Mr. Bleau knows what adverse employment action he contends that Bridgewell took against him after it terminated his

employment and following the execution of the settlement agreement in November 2000.  Only Mr. Bleau knows because Bridgewell denies that it took any such action.  (Answer ¶¶ 5[c], [e], 6[y], [aa], [dd].)  Depositions should therefore be limited to the person(s) who took the alleged action and permitted only after Mr. Bleau specifies the action and its circumstances.

As to Bridgewell's determination not to rehire him, depositions should be limited to those employees and board members, identified in Bridgewell's initial disclosures, who were involved in the hiring process.  A single, properly conducted deposition might well be sufficient, and Mr. Bleau should not be permitted to take more without leave to do so.

Following the completion of the first phase of discovery, the parties might determine, or submit to the Court for its decision, whether further discovery would be warranted.  If so, a second phase would be limited to the remaining stages of the McDonnell-Douglas framework.  This second phase would also encompass Mr. Bleau's state law claims for defamation and breach of contract.

### Conclusion

For the reasons set forth above, Bridgewell requests that the Court:

1. Deny Mr. Bleau's motion for leave to conduct additional discovery; and

2.  Grant Bridgewell's motion for a protective order limiting and phasing discovery.

> by its attorneys,
>
> /s/ Christina Schenk-Hargrove
> Garrick F. Cole
> BBO No. 091340
> Christina Schenk-Hargrove
> BBO No. 645164
>
> Smith & Duggan LLP
> Two Center Plaza, Suite 620
> Boston, Massachusetts 02108-1906
> (617) 248-1900

Dated: 3 February 2006

CERTIFICATE OF SERVICE

I hereby certify that this (these) document(s), filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants on

3 February 2006.

s/ Christina Schenk-Hargrove

**Certificate of Compliance**

I, Christina Schenk-Hargrove, hereby certify that the parties have complied with the provisions of Local Rule 37.1. A discovery conference was held on January 6, 2006, at the offices of Smith & Duggan LLP, from 11 a.m. to 1 p.m. Garrick Cole and Christina Schenk-Hargrove were present for Bridgewell; Albert Bleau was present for himself.

> /s/ Christina Schenk-Hargrove
> Christina Schenk-Hargrove