UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____       )
                                          )
                                          )
ALBERT WILLIAM BLEAU, JR.,                )
    Plaintiff                             )
                                          )
    v.                                    )   CIVIL ACTION
                                          )   NO. 04-10469-REK
BRIDGEWELL, INC., RODERICK MacKLEISH,     )
ROBERT SHERMAN, and ROBERT J. GRIFFIN,    )
    Defendants                            )
                                          )
_____       )


**Memorandum and Order**
February 8, 2006


### I. Pending Matters

Pending for decision are matters related to the following filings:

(1) Plaintiff Albert W. Bleau Jr.'s Motion for Reconsideration of the Court's Memorandum and Order of October 25, 2005 and An Amended Motion for Summary Judgment (Docket No. 97, filed December 27, 2005);

(2) Plaintiff Albert W. Bleau Jr.'s Motion for an Injunction to Restrict the Sale, Transfer, Mortgaging or Pledging of Certain Assets of Defendant Greater Lynn Mental Health & Retardation Association Inc. Now Known and Doing Business as Bridgewell, Inc. of 471 Broadway, Lynnfield, Massachusetts and for the Appointment of a Receiver (Docket No. 99, filed January 6, 2006);

(3) Plaintiff Albert W. Bleau Jr.'s Motion to Order GLMHRA Now Doing Business as Bridgewell, Inc. to Reestablish the EMHC as a Charitable Corporation and to

Reappoint Their Board of January 1, 2000 With the Exception of Samuel Vitali (Docket No. 100, filed January 6, 2006);

(4) Plaintiff Albert W. Bleau Jr. Motion to Bar the Defendants, Their Associates And Certain Past and Current Board Members Of EMHC And GLMHRA Now Doing Business As Bridgewell, Inc. From Serving On Any 501 C3 or C4 Non-Profit Corporation Or Foundation (Docket No. 101, filed January 6, 2006); and

(5) Suggestion of Change Of Corporate Name By Defendant Greater Lynn Mental Health & Retardation Association, Inc. (Docket No. 104, filed January 20, 2006).

## II. Factual and Procedural Background

Plaintiff Albert William Bleau Jr. commenced this action in the District of Massachusetts on March 8, 2004. In his initial complaint, plaintiff charged defendants Greater Lynn Mental Health & Retardation Association, Inc. ("GLMHRA"), Eastern Mass Housing Corporation ("EMHC"), and attorneys Roderick MacKleish, Robert Sherman, and Robert J. Griffin with discrimination and retaliation on the basis of his perceived disability and alleged drug addiction and alcoholism, in violation of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 701 et seq., and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq. Plaintiff was hired as the Executive Director of GLMHRA in 1974 and was the founder of EMHC, where he was the Executive Director from 1978 through November 2000. Plaintiff alleges that defendants perceived him to have a disability and that it was this perception, along with the publication of his confidential medical and psychological records to employees, board members, and others, that led to his involuntary leave of absence in November 1999, his

termination in April 2000, and defendants' refusal to rehire him in 2003. (Docket No. 1.) In November 2000, plaintiff entered into an agreement with GLMHRA releasing the latter from all claims and liability ("Separation Agreement"). (Docket No. 78, Exh. 1.)

Defendants MacKleish and Sherman filed a motion to dismiss on May 7, 2004. (Docket No. 12.) Defendant GLMHRA filed a motion to dismiss or, in the alternative, a motion for summary judgment on May 24, 2004. (Docket No. 14.) Defendant Griffin also filed a motion to dismiss on this date. (Docket No. 16.) On May 25, 2004, defendant EMHC then filed its own motion to dismiss. (Docket No. 20.) I issued a Memorandum and Order on December 8, 2004, in which I allowed defendants MacKleish, Sherman, Griffin, and EMHC's motions to dismiss to various extents and allowed defendant GLMHRA's motion to dismiss only to the extent of dismissing plaintiff's claims of intentional interference with an advantageous business relationship and all of plaintiff's claims stemming from defendant GLMHRA's alleged violations of Internal Revenue Service regulations. The end result of this Memorandum and Order was that the following claims survived: (i) plaintiff's claims for employment discrimination and retaliation under the ADA and the Rehabilitation Act against defendants MacKleish and Sherman only in their official capacities as employers; (ii) plaintiff's claims for employment discrimination and retaliation under the ADA and the Rehabilitation Act against defendant GLMHRA; and (iii) plaintiff's claims for defamation against defendant GLMHRA. Plaintiff's claims against defendants EMHC and Griffin were dismissed in their entirety. (Docket No. 28.)

Defendants MacKleish and Sherman filed a new motion to dismiss on January 28, 2005. (Docket No. 32.) On February 8, 2005, defendant GLMHRA filed a motion for summary judgment. (Docket No. 35.) Plaintiff then filed his own motion for summary judgment on March

9, 2005. (Docket No. 40.) On June 3, 2005, I issued an amended Memorandum and Order in which I addressed all of these motions, as well as several other procedural motions. The end result of this Memorandum and Order was that the only claim to survive was plaintiff's ADA and Rehabilitation Act claims against GLMHRA that arose after the execution of the Separation Agreement. (Docket No. 64.) Defendant GLMHRA then filed a motion for partial summary judgment on July 5, 2005. (Docket No. 69.) At a hearing held on July 27, 2005, I denied GLMHRA's motion and found that plaintiff raised colorable claims for defamation against GLMHRA and that plaintiff had established a prima facie claim for breach of contract. (Docket No. 76.) I also refused to enter a final judgment for defendants Griffin, MacKleish, and Sherman because "the relationships among all of the claims in this case are such that it is best to preserve the case in its unitary form." (Id. at 3.)

On August 9, 2005, GLMHRA filed a motion to dismiss or for partial summary judgment. (Docket No. 77.) Plaintiff responded on August 29, 2005, with a document that served as his objection to GLMHRA's motion, a motion for partial summary judgment, and a motion to expand discovery to include damages and rescission. (Docket No. 80.) Plaintiff then filed an amendment to this document on October 4, 2005, and supplemented this amendment with an affidavit, a memorandum of law, and a statement of facts. (Docket Nos. 86-89.) On October 11, plaintiff submitted an additional statement of facts and amended his opposition to GLMHRA's motion to dismiss for partial summary judgment. (Docket Nos. 90-92.)

On October 25, 2005, I issued a Memorandum and Order that allowed in part and denied in part both GLMHRA's motion to dismiss and for summary judgment and plaintiff's motion for summary judgment. (Docket No. 93.) The ultimate result of this Memorandum and

Order is that three classes of plaintiff's claims against GLMHRA survived: (i) ADA and Rehabilitation Act claims that arose after the execution of the Separation Agreement in November 2000; (ii) defamation claims that arose after the execution of the Separation Agreement in November 2000; and (iii) the claim for breach of Paragraph 2 of the Separation Agreement between November 2000 and April 11, 2001. I allowed discovery that would be relevant to these three classes of claims, but I did not issue a discovery order because I found that plaintiff had failed to show any failure to cooperate on the part of GLMHRA.

On November 23, 2005, plaintiff filed his motion to expand discovery. (Docket No. 94.) On December 16, 2005, the parties filed a joint motion in which they requested that the court postpone consideration of Docket No. 94 until further notice from the plaintiff. (Docket No. 96.) I allowed this joint motion on December 21, 2005, and terminated Docket No. 94 on January 31, 2006. On December 27, 2005, plaintiff filed his motion for reconsideration and amended motion for summary judgment. (Docket No. 97.) On January 6, 2006, plaintiff filed three motions requesting: (i) an injunction to restrict the transfer of GLMHRA's assets; (ii) an order that GLMHRA reestablish EMHC and reappoint its board; and (iii) a bar restricting the defendants and others from serving on any non-profit corporation or foundation. (Docket Nos. 99, 100, and 101.)

On January 20, 2006, GLMHRA filed its motion to correct its corporate name. (Docket No. 104.) On that same date, GLMHRA also filed its opposition to plaintiff's motion for reconsideration. (Docket No. 105.)

### III. Analysis

**A. Motion for Reconsideration**

Plaintiff requests that this court reconsider its Memorandum and Order of October 25, 2005. Plaintiff specifically requests that

> plaintiff's obligations under Sections 4 be voided and that Section 7 of the Severance Agreement be rescinded and that the Court's order granting Summary Judgment on plaintiff's claim for breach of Paragraph 2 of the Separation Agreement between November 2000 and April 11, 2001 be amended to grant Summary Judgment between April 24, 1999 and until such future time that the defendant GLMHRA issues a letter "informing employees, consumers and friends of the Corporations that Mr. Bleau has resigned his employment with the corporations to pursue other interests["] as required by Section 2 of the Severance Agreement or if plaintiff's motion for Summary Judgment from April 24, 1999 to a future time is not granted, that Summary Judgment be granted from November 8, 2000 until such future time that the defendant GLMHRA issues a letter as required in Section 2 of the Severance Agreement.

(Docket No. 97 at 1-2.)

The Federal Rules of Civil Procedure do not explicitly provide for "motions for reconsideration." Perdomo Rosa v. Corning Cable Systems, No. 02-2114DRD, 2005 WL 2372027, at *2 (D.P.R. Sept. 27, 2005). Notwithstanding, motions for reconsideration are generally considered under either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, depending on the time such a motion is served. Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993). When a plaintiff, such as Mr. Bleau, files his motion more than ten days after the final judgment has issued, Rule 60 applies. See id. (stating that "[i]f the motion is served after [ten days of the issuance of the judgment] it falls under Rule 60(b)").

Whether under Rule 59 or Rule 60, motions for reconsideration cannot be used as a vehicle to relitigate matters already litigated and decided by the court, Standard Quimica de

Venezuela v. Central Hispano International, Inc., 189 F.R.D. 205 n.4 (D.P.R. 1999), and may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier," id. at 205.  Despite their similarities, these two rules are distinct; Rule 59 and Rule 60 serve different purposes and produce different consequences and results.  Perez-Perez, 993 F.2d at 284.  It thus matters a great deal that the time of filing mandates that plaintiff's motion for reconsideration will be considered under Rule 60 rather than Rule 59.

Rule 60 of the Federal Rules of Civil Procedure provides for "[r]elief from [a] [j]udgment or Order" in two ways.  Fed. R. Civ. P. 60.  Rule 60(a) provides for relief from clerical mistakes.  Fed.R.Civ.P. 60(a).  Rule 60(b) permits the court "[o]n motion and on such terms as are just" to relieve a party from final judgment for any of six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b).  Subsection(b)(6) operates as a catchall provision and comes into play only when the other five provisions are inapplicable.  Tiller v. Baghdady, 294 F.3d 277, 284 n.8 (1st Cir. 2002) (noting that Rule 60(b)(6) "authoriz[es] relief from judgment for any reason not listed in subsections (1) through (5)").  As a general rule, motions for reconsideration under Rule 60(b)

7

are an extraordinary remedy that should be granted sparingly. See, e.g. Jimenez v. Altieri, No. 01-1544(DRD), 2005 WL 1243218, at *3 (D.P.R. May 24, 2005).

A movant seeking relief under Rule 60(b) must establish that one of the six provisions of Rule 60(b) applies in order for the court to grant relief in its favor. In particular, "a movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez v. Crosby, 125 S.Ct. 2641, 2649 (2005) (quoting Ackerman v. United States, 340 U.S. 193, 199 (1950)); see also Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir. 1986) (noting that motion filed under Rule 60(b)(6) may be granted only upon showing of "exceptional circumstances"). Generally, and particularly within the First Circuit, this higher standard of proof only applies to Rule 60(b)(6) and does not apply to the other subsections of Rule 60(b). 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2857 (2d ed. 1995); see Scola v. Boat Frances, R., Inc., 618 F.2d 147, 154-55 (1st Cir. 1980) (finding that motion for reconsideration could not come under Rule 60(b)(6) because "extraordinary circumstances" were not present). I will also consider equity principles when exercising my discretion under Rule 60(b). See Federal Practice and Procedure § 2857 (stating that courts can consider equity principles when deciding Rule 60(b) motions).

Plaintiff raises several arguments in favor of reconsideration, but none of them alleges a clerical mistake or states any of the six articulated situations within Rule 60(b). Instead, plaintiff alleges that (i) GLMHRA defamed and disparaged him; (ii) Section 7 was inserted into the Separation Agreement fraudulently; and (iii) GLMHRA breached Section 2 of the Separation Agreement even before it went into effect in November 2000. In support of these allegations, plaintiff introduces numerous assertions, claiming, inter alia, that the defendants wasted resources

and covered up this waste, thereby harming the people with mental disabilities that GLMHRA and EMHC were created to assist. In making these assertions, plaintiff is simply requesting that this court rethink a decision that it has already made, "rightly or wrongly," concerning plaintiff's earlier motion for summary judgment, precisely what a motion for reconsideration under Rule 60(b) should not do. See Perdomo Rosa v. Corning Cable Systems, No. 02-2114DRD, 2005 WL 2372027, at *5 (D.P.R. Sep. 27, 2005) (denying defendants' motion for reconsideration after finding that defendants' motion "[wa]s a reinstatement of arguments previously considered and rejected in the Court's [earlier] Opinion and Order"). I therefore deny plaintiff's motion for reconsideration. I also deny this motion insofar as it is an amended motion for summary judgment, since I already considered plaintiff's arguments when I partially allowed his earlier motion for summary judgment.

**B. Motion for Injunction and Appointment of a Receiver**

Plaintiff requests that this court make an order prohibiting GLMHRA from transferring, selling, mortgaging, or pledging any assets or expending any more funds than needed to pay for their normal business operations.

Motions for injunction are considered according to principles of equity, and the decision to allow or deny an injunction is within the discretion of a trial judge. 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2941 (2d ed. 1995). In trial courts within the First Circuit, the applicable standard for deciding motions for preliminary injunction ordinarily requires the trial court to consider whether the party seeking the preliminary injunction has met its burden of showing that (i) plaintiff has a likelihood of success

9

on the merits; (ii) irreparable harm is likely to occur if the injunction is not granted; (iii) the harm likely to occur to the plaintiff in the absence of an injunction outweighs any hardship that would be inflicted on the other party by an injunction; and (iv) the public interest will not be adversely affected by the injunction.  See Planned Parenthood League of Massachusetts v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981); see also I.P. Lund Trading ApS v. Kohler Co., 163 F.3d 27, 33 (1st Cir. 1998).  In the case before me, however, I need not consider these factors because I find in my discretion that the injunction plaintiff requests is improper in that it requests a remedy entirely different from the ultimate remedy he would be granted were he to prevail on his three remaining claims.

Courts generally refuse to grant injunctive relief unless plaintiff demonstrates that he does not have an adequate legal remedy.  Federal Practice and Procedure § 2944 (stating that "injunctive relief continues to be viewed as 'extraordinary' and courts are reluctant to award it if the claimant can secure adequate rectification of his grievance by an award of damages").  The injunction that plaintiff requests would restrict the sale, transfer, and pledging of certain of GLMHRA's assets, and plaintiff's memorandum in support of this injunction refers to diversions of assets to the defendants and their associates.  Plaintiff's remaining claims, however, are for violations of the ADA and Rehabilitation Act, defamation, and breach of contract.  The only relation between GLMHRA's assets and plaintiff's claims is that any damages that plaintiff would be rewarded would come from GLMHRA's assets.  This is not a sufficient connection for the issuance of an injunction.

If plaintiff's remaining claims were challenges to the governance of GLMHRA, cf. Micro Signal Research, Inc. v. Otus, 417 F.3d 28, 33 (1st Cir. 2005) (affirming preliminary

10

injunction requiring that company earnings be paid into court rather than to corporation in a case for conversion, fraud, breach of contract, and deceptive trade practices against owners of a corporation), or if plaintiff's requested injunction were somehow related to the discrimination he claims to have suffered, cf. Ralph v. Lucent Technologies, Inc., 135 F.3d 166, 172 (1st Cir. 1998) (affirming preliminary injunction requiring employer to permit employee to return to part-time work for provisional period and to extend period for applying for various benefits in a case for ADA harassment), I would perhaps be in a position to issue an injunction. In the case before me, however, plaintiff cannot show that he does not have an adequate remedy for the improper governance of which he complains because he has failed to bring a meritorious suit asking for such a remedy. Plaintiff cannot demand an injunction to "protect" defendant GLMHRA's assets when the claims he has brought would not result in any change in the governance or assets of GLMHRA beyond perhaps diminishing the assets due to a damages award.

      Plaintiff further requests that this court appoint a receiver for GLMHRA and appears to suggest that he be the appointed receiver. (See Docket No. 99, Exh. A.) Section 959 of Title 28 of the United States Code provides that "a trustee, receiver or manager appointed in any cause pending in any court of the United States, including a debtor in possession, shall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof." 28 U.S.C. § 959. The receiver is considered an officer of the court, rather than an agent of the parties. 12 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2981 (2d ed. 1997).

The decision to appoint a receiver lies clearly within the discretion of the court. Consolidated Rail Corp. v. Fore River Railway Co., 861 F.2d 322, 326 (1st Cir. 1988) (internal citations omitted). The appointment of a receiver is an extraordinary remedy that will not be applied unless a clear showing is made that emergency exists, in order to protect the interests of the plaintiff in the property. Commodity Futures Trading Commission v. Comvest, 481 F.Supp. 438, 441 (D. Mass. 1979). Factors that courts have recognized as relevant when determining whether to appoint a receiver include: (i) fraudulent conduct on the part of the defendant; (ii) imminent danger that property will be lost or squandered; (iii) the inadequacy of available legal remedies; (iv) the probability that harm to the plaintiff by denial of the appointment would be greater than the injury to the parties opposing appointment; (v) the plaintiff's probable success in the action; and (vi) the possibility of irreparable injury to his interests in the property, and whether the interests of the plaintiff and others sought to be protected will in fact be well served by the receivership. Consolidated Rail, 861 F.2d at 326-27.

Appointment of a receiver is clearly not appropriate in this case. Plaintiff's proposed appointment of a receiver is unrelated to plaintiff's remaining claims and seems designed only to inconvenience GLMHRA and give plaintiff an opportunity to bring allegations about GLMHRA's governance that could not otherwise be brought in the context of plaintiff's action. Furthermore, plaintiff's suggestion that this court appoint him, clearly an interested party, as receiver is completely without merit and leads me to question the motives behind plaintiff's entire motion, if not his claim. Plaintiff is incorrect if he believes that he can use the procedures of this court to gain access to the assets of the opposing party, and I deny plaintiff's motion for an injunction and appointment of a receiver in its entirety.

**C. Motion for Order to Reestablish the EMHC**

Plaintiff next requests that the court order GLMHRA to reestablish EMHC as a charitable corporation and to reappoint EMHC's board of January 1, 2000, with the exception of one former board member. Plaintiff also requests that the court order GLMHRA to transfer all of EMHC's prior real estate and financial assets back to EMHC once the latter is reestablished. This is again a request for injunctive relief that I cannot grant. Not only is the order that plaintiff requests not sufficiently connected to plaintiff's claims to be within my discretion to issue, but plaintiff again leads me to question his motives when he attempts to cherry-pick the members of the board he hopes to have reappointed. (See Docket No. 100 at 1 (requesting that the reinstated EMHC board have its membership of January 1, 2000, with the exception of one member whom plaintiff requests not be included).) I therefore deny this motion in its entirety.

**D. Motion to Bar Defendants and Others from Serving on Non-Profit Corporations**

Plaintiff's final request is for this court to issue an order preventing defendants, their associates, and certain past and current board members of GLMHRA and EMHC from serving on any charitable corporation or the board of any charitable foundation. As with plaintiff's previous two requests, this is a request for injunctive relief that is beyond my discretion to issue and that leads me to question plaintiff's motives as he again attempts to exclude his favorite board members from this request. (See Docket No. 101 at 1 (requesting that seven named individuals be excluded from the requested order).) I therefore deny this motion in its entirety.

**E. Motion to Correct Corporate Name**

GLMHRA suggests to the court that its corporate name be changed to Bridgewell, Incorporated, and attaches the Articles of Amendment that it filed with the Commonwealth of Massachusetts in August 2005. I will interpret this suggestion as a motion to amend pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Rule 15(a) provides that, for amendments that require leave of the court, "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Since GLMHRA has provided me with evidence showing its legal change of corporate name from GLMHRA to Bridgewell, Incorporated, I see no reason not to allow GLMHRA to amend all future filings and to instruct the Clerk that the defendant in this case is to be referred to as Bridgewell, Incorporated.

**ORDER**

For the foregoing reasons, it is ORDERED:

(1) Plaintiff Albert W. Bleau Jr.'s Motion for Reconsideration of the Court's Memorandum and Order of October 25, 2005 and An Amended Motion for Summary Judgment (Docket No. 97) is DENIED;

(2) Plaintiff Albert W. Bleau Jr.'s Motion for an Injunction to Restrict the Sale, Transfer, Mortgaging or Pledging of Certain Assets of Defendant Greater Lynn Mental Health & Retardation Association Inc. Now Known and Doing Business as Bridgewell, Inc. of 471 Broadway, Lynnfield, Massachusetts and for the Appointment of a Receiver (Docket No. 99) is DENIED;

(3) Plaintiff Albert W. Bleau Jr.'s Motion to Order GLMHRA Now Doing Business as Bridgewell, Inc. to Reestablish the EMHC as a Charitable Corporation and to Reappoint Their Board of January 1, 2000 With the Exception of Samuel Vitali (Docket No. 100) is DENIED;

(4) Plaintiff Albert W. Bleau Jr. Motion to Bar the Defendants, Their Associates And Certain Past and Current Board Members Of EMHC And GLMHRA Now Doing Business As Bridgewell, Inc. From Serving On Any 501 C3 or C4 Non-Profit Corporation Or Foundation (Docket No. 101) is DENIED; and

(5) Suggestion of Change Of Corporate Name By Defendant Greater Lynn Mental Health & Retardation Association, Inc. (Docket No. 104) is ALLOWED; and

(6) The Clerk is instructed to change defendant's name on the docket sheet from Greater Lynn Mental Health & Retardation Association, Inc., to Bridgewell, Inc.

        /s/Robert E. Keeton
        Robert E. Keeton
        Senior United States District Judge