**UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| Albert William Bleau Jr. | : | |
| Plaintiff | : | |
| | : | |
| Vs. | : | Civil Action<br>No. 04 – 10469REK |
| | : | |
| Greater Lynn Mental Health<br>& Retardation Association, et al, | : | |
| Defendants | | |

## Plaintiff's Response To Defendant's Opposition To Plaintiff's Motion For Reconsideration And Summary Judgment

Plaintiff Albert W. Bleau Jr. respectfully responds to defendant's opposition to plaintiff's Motions for Reconsideration, Summary Judgment and other Motions filed with this honorable Court on January 6, 2006.

The defendant correctly states that Reconsideration should be granted if the "' the court is presented with newly discovered evidence;'" quoting from Moore's Federal Practice § 56.30 [8] [e], at 56-245 (3d ed. 2005).

The defendant further states, "Rule 59 (e) does not permit a party to seek reconsideration on the basis of evidence or argument that could and should have been presented prior to judgment."

The fact is that the plaintiff did find new information and it was not readily available to the plaintiff. If it were so readily available as alleged by the defendant, then why has the defendant repeatedly refused to give the defendant the functioning by-laws of EMHC, the Articles of Organization of EMHC, the Audit reports of GLMHRA and EMHC for 1999, 2000, 20001, 2002 and other financial and corporate information and why did the defendant oppose the plaintiff's motion of January 18, 2005 that requested the production of these documents. As a

1

result of defendant's opposition, plaintiff's motion was denied by the Court.

In fact, GLMHRA has consistently engaged in secrecy and concealment beginning with hiring defendants' MacKleish and Sherman without the knowledge of the Executive Director, the plaintiff, in violation of the personnel practices and without the knowledge of most GLMHRA board members.

GLMHRA concealed Roderick MacKleish's affair with GLMHRA's Financial Officer, Janine Brown Smith, whose husband and children were close personal friends of the plaintiff's family and children.

GLMHRA concealed MacKleish and Sherman's desire to receive a $50,000 retainer to be GLMHRA's corporate counsel.

GLMHRA concealed the October 8, 2000 Griffin Report from the plaintiff and from the EMHC Board and withheld the EMHC fiscal Year 2000 audit dated September 25, 2006 from the plaintiff and the EMHC Board.

GLMHRA concealed their intention to take over and close out EMHC and to transfer its assets to GLMHRA.

Recently, GLMHRA concealed from the plaintiff and the Court the name change of GLMHRA to Bridgewell, Inc and the sale of their corporate offices and other assets in Lynn and their move to new corporate offices in Lynnfield. GLMHRA purchased the Lynnfield property in the spring of 2005 and the purchase and sale agreements for the sale of the Lynn headquarters had to have been approved prior to that time.

### Facts Supporting Plaintiff's Argument

Here are the facts concerning the new information found by the plaintiff that support his Motions for Reconsideration, Summary Judgment and other Motions filed with this Court.

1. The Attorney General's Office informed the plaintiff in early 2005 that they purged all files after three years and when the plaintiff went to the office to review

the GLMHRA files in the fall of 2005 he found this to be true. The Attorney General's files did not contain audit reports, financials or PC 15's for years 1999, 2000 or 2001.

    2.   Years 2000 and 2001 were critical years to support plaintiff's Motions for Reconsideration and his Amended Motion for Summary Judgment.

    3.   The plaintiff also attempted to gain access to the EMHC files and they could not be accessed through the Attorney General's computers. Staff was not able to find the hard files and informed the plaintiff that they would not have any files for years prior to 2002 since all files are purged after three years. The plaintiff agreed to return the following week to access the hard files.

    4.   The plaintiff returned to the Attorney General's Office in 2005 and was able to gain access to the EMHC files. On top of the EMHC folder, a note stated, "Do Not Purge."

    5.   The plaintiff, to his surprise, found joint Financials for EMHC and GLMHRA for Fiscal years 2000, 2001 and 2002, copies of EMHC's original Articles of Organization and all amendments for EMHC, audit reports and PC – 15's for EMHC and for GLMHRA for Fiscal years 2000 & 2001. GLMHRA's PC-15's and joint EMHC-GLMHRA Financial reports excluding GLMHRA's audit reports had been placed in the EMHC file.

    6.   Following the copying of the EMHC files, the plaintiff went to the Office of Purchase of Services of the Director of Administration and Finance and attempted to download the UFR for years 2000 and 2001. They were not on the Division's computer and staff informed the plaintiff that they only had 2002 UFR's forward and in addition that all files were purged after three years. They informed the Plaintiff that the UFR's for GLMHRA might be in the archives but there were no guarantees. They agreed to look in the archives under the Freedom of Information Act and the plaintiff made a request. A week latter they located the files. The UFR's, however,

3

were incomplete. See Attachments I and II regarding plaintiff's correspondence with the Division.

7.  There were no UFR's for EMHC since they had no state contracts only federal contracts with HUD.

8.  The plaintiff contacted EMHC auditor, Timothy Demakis who had been the firm's auditor since 1979, during the late summer and fall of 2005 in an attempt to retrieve the EMHC audits for 1999, 2000 and 2001. Demakis informed the plaintiff that he had no EMHC records and that he had discarded them following GLMHRA's replacement of his firm as EMHC auditors when those functions were transferred to Mecone and Sanella following the dissolution of the EMHC Board.

9.  The plaintiff asked Timothy Demakis whether the EMHC audit were completed by September 25, 2000 and why it was not given to the plaintiff, who was the Executive Director of EMHC until November 8, 2000, or to the EMHC Board. He stated that he followed prior procedure and sent the audit to GLMHRA.

10.  Upon receiving the UFR's, the plaintiff needed time to review the reports and to verify their contents. The UFR's were not complete and contained hundreds of pages of Financials. They did not contain any attachments to support and explain the various line items.

11.  Only GLMHRA and Mecone and Sanella have a complete set of the 2002 and 2001 UFR's with attachments.

12.  Plaintiff has filed a motion for Receivership that would protect all GLMHRA and EMHC files.

Based on the aforementioned facts and statements, the plaintiff respectfully requests that defendant's Opposition to plaintiff's Motions for Reconsideration and Summary Judgment be denied and in the alternative that plaintiff's Motions for Reconsideration, Summary Judgment, Receivership, Restriction of Assets, and 501(C) participation of the Defendants and their associates be granted.

4

Respectfully submitted,

_____
Albert W. Bleau Jr.
505 Paradise Rd. #208
Swampscott, MA 01907
(781) 962-2662

Dated: February 7, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon all counsel of record by First Class Mail on February 7, 2006.

_____
Albert W. Bleau Jr.

5