```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS
```

Albert William Bleau, Jr.,           :
                                     :
           Plaintiff                 :
                                     :
                                     :
vs.                                  :     Civil Action
                                     :     No. 04-10469JLT(REK)
                                     :
Bridgewell, Inc.,                    :
 et al.,                             :
                                     :
           Defendants                :


### Opposition Of Defendant Bridgewell, Inc., To Plaintiff's Motion For Reconsideration

Defendant Bridgewell, Inc. (Bridgewell), submits this brief opposition to the motion of plaintiff Albert William Bleau, Jr., (Mr. Bleau) for reconsideration (Docket No. 116). Mr. Bleau's motion, filed February 22, 2006, would have the Court reconsider its February 8, 2006, order denying his previous motion for reconsideration (Docket Number 97), a motion that Bridgewell also opposed (Docket No. 105).

Plaintiff in his new motion: (1) claims that he could not move for reconsideration within ten days (as Rule 59(e) requires), because he did not receive notice of the Court's February 8th order until February 15, 2006, when he was able to check his mail; (2) argues that the Court should reconsider its February 8th order because the Court did not take into account his reply to Bridgewell's opposition; and (3) makes numerous assertions, including that Bridgewell entered the separation

agreement fraudulently, misrepresented facts to the Court, and neglected its mentally retarded clients.[1]

### Argument

Mr. Bleau attempts to fit his motion for reconsideration into Rule 59(e) by offering an excuse for his failure to file within ten days of the Court's order, a questionable effort given the absence of any exception to the Rule's time limit.  In any event, were the Court to decide to evaluate Mr. Bleau's motion under Rule 59(e), Bridgewell would rest on its arguments in its opposition to Mr. Bleau's previous motion for reconsideration (Docket No. 105).

Were the Court to take up Mr. Bleau's motion under Rule 60, denial would be the proper disposition.  Mr. Bleau does not establish either that a clerical mistake occurred or that one of the six circumstances for which Rule 60(b) provides is applicable.  As the Court held in its February 8th order, relief from judgment under Rule 60(b), as a general matter, is an extraordinary remedy that should be granted sparingly, and a movant seeking relief under Rule 60(b)(6) must point to extraordinary circumstances in order to justify reopening a final judgment.

Mr. Bleau asserts that the Court did not consider his reply to Bridgewell's opposition.  A movant generally is not, however, permitted to file a reply memorandum, and Mr. Bleau filed his

---

[1] Mr. Bleau again reverts to supporting his motion only with unsworn allegations, conclusory accusations, and inadmissible hearsay.  Bridgewell emphatically denies that it misled the Court or misrepresented facts in any way at any time.

without leave of court in violation of the local rules. Local Rule 7.1(b)(2). In any event, this procedural peccadillo, if indeed it were one, would fall far short of the extraordinary.

Mr. Bleau's remaining assertions are merely restatements of matters that the Court has previously considered and rejected. No equitable considerations weigh in favor of traipsing once again over the same unproductive ground.

**Conclusion**

For the reasons set forth above, Bridgewell requests that the Court deny Mr. Bleau's motion for reconsideration.

by its attorneys,

s/ Garrick F. Cole
_____

Garrick F. Cole
BBO No. 091340
Christina Schenk-Hargrove
BBO No. 645164

Smith & Duggan LLP
Two Center Plaza, Suite 620
Boston, Massachusetts 02108-1906
(617) 248-1900

Dated: 7 March 2006

CERTIFICATE OF SERVICE

I hereby certify that this (these) document(s), filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants on

7 March 2006.
_____

s/ Garrick F. Cole
_____