

**Donnelly, Conroy & Gelhaar, LLP**
One Beacon Street, 33rd Floor
Boston, MA 02108
617.720.2880 ph
617.720.3554 fx
www.dcglaw.com

FILED
IN CLERKS OFFICE

2006 MAR 29  P 3:37

U.S. DISTRICT COURT
DISTRICT OF MASS.

March 22, 2006

Albert W. Bleau, Jr.
505 Paradise Road, #208
Swampscott, MA 01907

Re:  Albert W. Bleau, Jr. v. Bridgewell Inc., et al.
     Civil Action No. 04-10459-REK (D. Mass.)

Dear Mr. Bleau:

This office represents McGladrey & Pullen LLP ("McGladrey") in connection with a subpoena dated March 15, 2006, that McGladrey received concerning the above-referenced civil action (the "Subpoena"). Pursuant to Fed. R. Civ. P. 45 (c) (2) (B), this letter constitutes McGladrey's written objection to the inspection and copying of all of the designated materials set forth in the Subpoena. In particular, McGladrey objects to the Subpoena on the following grounds:

1. The Subpoena was not issued in conformity with Fed. R. Civ. P. 45 (a) (3).

2. The Subpoena was not served in conformity with Fed. R. Civ. P. 45 (b) (1).

3. The Subpoena seeks the production of documents which are protected from disclosure by virtue of the attorney-client privilege.

4. The Subpoena seeks the production of documents and things that are neither relevant to your pending claims, nor reasonably calculated to lead to the discovery of admissible evidence. See Memorandum and Order of February 8, 2006, at 5.

5. The Subpoena calls for the production of documents and objects which predate the "Separation Agreement in November, 2000," as that term is defined in the above-referenced Memorandum and Order of February 8, 2006.

6. The Subpoena seeks the production of documents and objects that are not within McGladrey's possession, custody or control.

Albert W. Bleau, Jr.
March 22, 2006
Page 2

7. The Subpoena is vague, unfairly broad and unduly burdensome, to the extent that it requests "all documents and financials *pertaining to* the plaintiff, EMHC, GLMHRA[,] its board, employees, consultants, and to and from any other third parties."

8. The Subpoena purports to require McGladrey to create a "[l]ist of all non-profit agencies, attorneys and consultants contracted with [McGladrey]," in violation of Fed. R. Civ. P. 45(a)(2)(C).

9. The Subpoena seeks documents and objects that constitute, refer, or relate to confidential and/or proprietary information of McGladrey and its clients in the absence of a Protective Order previously entered by the Court.

10. The Subpoena seeks documents and objects in support of a claim for punitive damages, which claim is unavailable.

11. McGladrey objects to producing documents or objects, and permitting inspection of same, at any office other than its counsel's office.

The foregoing objection having been made by McGladrey, in accordance with Fed. R. Civ. P. 45(c)(2)(B), McGladrey respectfully shall not make available any documents or objects requested in the Subpoena except pursuant to an Order of the Court by which a lawful subpoena is issued.

Respectfully submitted,

MCGLADREY & PULLEN LLP

By its attorneys,

Peter E. Gelhaar
Donnelly, Conroy & Gelhaar, LLP