UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                   )
ALBERT WILLIAM BLEAU, JR.,       )
    Plaintiff                             )
                                                 )
    v.                                        )     CIVIL ACTION
                                                 )     NO. 04-10469-REK
BRIDGEWELL, INC., RODERICK MacKLEISH, )
ROBERT SHERMAN, and ROBERT J. GRIFFIN, )
    Defendants                        )
_____ )

**Memorandum and Order**
April 6, 2006

### I. Pending Matters

Pending for decision are matters related to the following filings:

(1) Motion Of Plaintiff Albert W. Bleau Jr. To Expand Discovery To Include All Present and Past Board Members And Relevant Sub-Contractors and Senior Managers of the Former Eastern Mass Housing Corporation and Greater Lynn Mental [H]ealth & Retardation Association Now Named Bridgewell, Inc. (Docket No. 94, filed November 23, 2005);

(2) Motion of Defendant Bridgewell, Inc., For A Protective Order (Docket No. 107, filed February 3, 2006); and

(3) Plaintiff's Request And Motion For Reconsideration of the Court's Orders of February 8, 2006 (Docket No. 116, filed February 22, 2006).

### II. Factual and Procedural Background

Plaintiff Albert William Bleau Jr. commenced this action in the District of

Massachusetts on March 8, 2004.  In his initial complaint, plaintiff charged defendants Greater Lynn Mental Health & Retardation Association, Inc. ("GLMHRA"), Eastern Mass Housing Corporation ("EMHC"), and attorneys Roderick MacKleish, Robert Sherman, and Robert J. Griffin with discrimination and retaliation on the basis of his perceived disability and alleged drug addiction and alcoholism, in violation of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 701 et seq., and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq.  Plaintiff was hired as the Executive Director of GLMHRA in 1974 and was the founder of EMHC, where he was the Executive Director from 1978 through November 2000.  Plaintiff alleges that defendants perceived him to have a disability and that it was this perception, along with the publication of his confidential medical and psychological records to employees, board members, and others, that led to his involuntary leave of absence in November 1999, his termination in April 2000, and defendants' refusal to rehire him in 2003.  (Docket No. 1.)  In November 2000, plaintiff entered into an agreement with GLMHRA releasing the latter from all claims and liability ("Separation Agreement").  (Docket No. 78, Exh. 1.)

      Defendants MacKleish and Sherman filed a motion to dismiss on May 7, 2004.  (Docket No. 12.)  Defendant GLMHRA filed a motion to dismiss or, in the alternative, a motion for summary judgment on May 24, 2004.  (Docket No. 14.)  Defendant Griffin also filed a motion to dismiss on this date.  (Docket No. 16.)  On May 25, 2004, defendant EMHC then filed its own motion to dismiss.  (Docket No. 20.)  I issued a Memorandum and Order on December 8, 2004, in which I allowed the motions of defendants MacKleish, Sherman, Griffin, and EMHC to various extents and allowed defendant GLMHRA's motion to dismiss only to the extent of dismissing plaintiff's claims of intentional interference with an advantageous business relationship and all of

plaintiff's claims stemming from defendant GLMHRA's alleged violations of Internal Revenue Service regulations.  The end result of this Memorandum and Order was that the following claims survived: (i) plaintiff's claims for employment discrimination and retaliation under the ADA and the Rehabilitation Act against defendants MacKleish and Sherman only in their official capacities as employers; (ii) plaintiff's claims for employment discrimination and retaliation under the ADA and the Rehabilitation Act against defendant GLMHRA; and (iii) plaintiff's claims for defamation against defendant GLMHRA.  Plaintiff's claims against defendants EMHC and Griffin were dismissed in their entirety.  (Docket No. 28.)

Defendants MacKleish and Sherman filed a new motion to dismiss on January 28, 2005.  (Docket No. 32.)  On February 8, 2005, defendant GLMHRA filed a motion for summary judgment.  (Docket No. 35.)  Plaintiff then filed his own motion for summary judgment on March 9, 2005.  (Docket No. 40.)  On June 3, 2005, I issued an amended Memorandum and Order in which I addressed all of these motions, as well as several other procedural motions.  The end result of this Memorandum and Order was that the only claim to survive was plaintiff's ADA and Rehabilitation Act claims against GLMHRA that arose after the execution of the Separation Agreement.  (Docket No. 64.)  Defendant GLMHRA then filed a motion for partial summary judgment on July 5, 2005.  (Docket No. 69.)  At a hearing held on July 27, 2005, I denied GLMHRA's motion and found that plaintiff raised colorable claims for defamation against GLMHRA and that plaintiff had established a prima facie claim for breach of contract.  (Docket No. 76.)  I also refused to order a final judgment for defendants Griffin, MacKleish, and Sherman because "the relationships among all of the claims in this case are such that it is best to preserve the case in its unitary form."  (Id. at 3.)

On August 9, 2005, GLMHRA filed a motion to dismiss or for partial summary judgment. (Docket No. 77.) Plaintiff responded on August 29, 2005, with a document that served as his objection to GLMHRA's motion, a motion for partial summary judgment, and a motion to expand discovery to include damages and rescission. (Docket No. 80.) Plaintiff then filed an amendment to this document on October 4, 2005, and supplemented this amendment with an affidavit, a memorandum of law, and a statement of facts. (Docket Nos. 86-89.) On October 11, plaintiff submitted an additional statement of facts and amended his opposition to GLMHRA's motion to dismiss for partial summary judgment. (Docket Nos. 90-92.)

On October 25, 2005, I issued a Memorandum and Order that allowed in part and denied in part both GLMHRA's motion to dismiss and for summary judgment and plaintiff's motion for summary judgment. (Docket No. 93.) The ultimate result of this Memorandum and Order was that three classes of plaintiff's claims against GLMHRA survived: (i) ADA and Rehabilitation Act claims that arose after the execution of the Separation Agreement in November 2000; (ii) defamation claims that arose after the execution of the Separation Agreement in November 2000; and (iii) the claim for breach of Paragraph 2 of the Separation Agreement between November 2000 and April 11, 2001. I allowed discovery that would be relevant to these three classes of claims, but I did not issue a discovery order because I found that plaintiff had failed to show any failure to cooperate on the part of GLMHRA.

On November 23, 2005, plaintiff filed his motion to expand discovery. (Docket No. 94.) On December 16, 2005, the parties filed a joint motion in which they requested that the court postpone consideration of Docket No. 94 until further notice from the plaintiff. (Docket No. 96.) On December 27, 2005, plaintiff filed his motion for reconsideration and amended

motion for summary judgment. (Docket No. 97.) On January 6, 2006, plaintiff filed three motions requesting: (i) an injunction to restrict the transfer of GLMHRA's assets; (ii) an order that GLMHRA reestablish EMHC and reappoint its board; and (iii) a bar restricting the defendants and others from serving on any non-profit corporation or foundation. (Docket Nos. 99, 100, and 101.) On January 20, 2006, GLMHRA filed its motion to correct its corporate name. (Docket No. 104.) On that same date, GLMHRA also filed its opposition to plaintiff's motion for reconsideration. (Docket No. 105.) In a Memorandum and Order dated February 8, 2006, I denied plaintiff's motion for reconsideration and his three motions of January 6, 2006. I also allowed GLMHRA's motion to correct its name to Bridgewell, Inc. ("Bridgewell"). (Docket No. 109.)

On February 3, 2006, Bridgewell filed a motion for a protective order. (Docket No. 107.) On February 16, 2006, plaintiff filed a document that, inter alia, served as an opposition to this motion. (Docket No. 113.) On February 22, 2006, plaintiff filed a motion for reconsideration of my Memorandum and Order of February 8, 2006. (Docket No. 116.) These motions are now before me for decision.

### III. Analysis

**A. Motion to Expand Discovery**

In their joint proposed discovery plan of February 2, 2006, the parties request that the court consider plaintiff's motion to expand discovery, consideration of which they had previously requested be postponed. (Docket No. 106.) I therefore reopened plaintiff's motion on March 27, 2006.

Plaintiff requests that this court expand discovery to allow him to depose over fifty individuals, ranging from all current and former members of the Bridgewell and EMHC boards to senior employees of these corporations to "former prospective employers, news sources and former prospective clients." (Docket No. 94 at 2.)  Rules 30 and 31 of the Federal Rules of Civil Procedure limit the number of oral and written depositions that a party may take as of right to ten. Fed. R. Civ. P. 30(a)(2)(A) (stating that a party must obtain leave of court when "a proposed deposition would result in more than ten depositions being taken under this rule or Rule 31 by the plaintiffs, or by defendants, or by third party defendants").  The court may grant leave to increase this number when such an extension would be "consistent with the principles stated in Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2).  Rule 26(b)(2) permits the court to alter the discovery limits in the Federal Rules <u>unless</u> the court determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2).

The discovery that plaintiff requests would without question be unreasonably cumulative or duplicative.  Plaintiff has not shown that different board members would provide substantially different testimony, nor has he shown that different news sources or former prospective employers and clients would provide different information to him.  Plaintiff's only remaining claims, as I have stated repeatedly, are: (i) the ADA and Rehabilitation Act claims that arose after the execution of the Separation Agreement in November 2000; (ii) the defamation

claims that arose after the execution of the Separation Agreement in November 2000; and (iii) the claim for breach of Paragraph 2 of the Separation Agreement between November 2000 and April 11, 2001. These claims are not so complex as to require <u>five times</u> the permitted number of depositions and thereby significantly increase the time and expense of both parties. Furthermore, plaintiff may as of right serve up to twenty-five interrogatories to any other party in this case, not including those named parties whom I have stated should not be treated as parties for purposes of discovery. Fed. R. Civ. P. 33(a). If, after completion of the interrogatories and the ten permitted depositions, plaintiff finds that there is a demonstrable need for further interrogatories, he may present this court with the specific reasons he requests to depose each additional person, and the court will consider such requests on a case-by-case basis. I strongly advise plaintiff, however, to remain within the ten-deposition limit in order to reduce the delay and cost of this action to himself, his opponents, and the court.

**B. Motion for Protective Order**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Bridgewell moves this court to enter a protective order limiting or phasing discovery. Bridgewell proposes that the court establish two phases of discovery. The first would be limited to the first of plaintiff's three remaining claims and would focus only on the burden-shifting framework that the Supreme Court established for discrimination claims in <u>McDonnell-Douglas Corp.</u> v. <u>Green</u>, 411 U.S. 792 (1973). At the completion of this phase of discovery, the parties or the court would then determine whether further discovery would be warranted. If the parties or the court came to such a conclusion, the second phase of discovery would encompass plaintiff's other two remaining claims.

Rule 26(c) permits a court "to make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Local Rule 26.3 permits the phasing of discovery and provides in full:

> In order to facilitate settlement and the efficient completion of discovery, the judicial officer has discretion to structure discovery activities by phasing and sequencing the topics which are the subject of discovery. For example, an order may be framed limiting the first phase to developing information needed for a realistic assessment of the case. If the case does not terminate, the second phase would be directed at information needed to prepare for trial.

Local Rule 26.3. My discretion over discovery matters, however, is still limited by the provisions of Rule 26(b)(2), the limitations of which apply to "[t]he frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule." Fed. R. Civ. P. 26(b)(2). As I stated in an earlier status conference at which Bridgewell requested that I limit discovery, Bridgewell's proposal to conduct discovery in two phases will likely be duplicative and will serve only to delay this action further. Bridgewell states that "at this point, phased discovery would facilitate, rather than frustrate, the orderly and cost-efficient progress of this litigation." (Docket No. 108 at 5.) Bridgewell is incorrect. I see no way in which allowing discovery as to only one of plaintiff's claims would be either orderly or cost-effective when the remaining two claims could continue regardless of the status of the first. I have already limited discovery by not granting plaintiff's motion for leave to expand discovery, and no need to limit it further exists at this time.

**C. Motion for Reconsideration**

Plaintiff moves this court to reconsider my denial of his earlier motion for reconsideration of my Memorandum and Order of October 25, 2005. In other words, plaintiff requests that I consider for a third time the arguments that I resolved over five months ago.

As I stated in my previous Memorandum and Order denying plaintiff's first motion for reconsideration, the Federal Rules of Civil Procedure do not explicitly provide for "motions for reconsideration." Perdomo Rosa v. Corning Cable Systems, No. 02-2114DRD, 2005 WL 2372027, at *2 (D.P.R. Sept. 27, 2005). Courts will, however, generally consider such motions under either Rule 59, which allows for motions to alter or amend a judgment, or Rule 60, which allows for relief from judgment. Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993). The choice of which rule to apply depends on the time the motion is served. Id. (stating that a motion should only be considered under Rule 59 if it is served within ten days of the final judgment). Regardless of which rule applies, however, a motion for reconsideration cannot be used as a vehicle to relitigate matters already litigated and decided by the court, Standard Quimica de Venezuela v. Central Hispano International, Inc., 189 F.R.D. 202, 205 n.4 (D.P.R. 1999), and may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier," id. at 205.

Plaintiff is merely using this second motion for reconsideration to reargue matters that have already been decided twice by this court. In my Memorandum and Order of October 25, 2005, I made the following findings: (i) plaintiff's letters of April 11, 2001, constituted a material breach that excused Bridgewell from the performance of its future obligations under the Separation Agreement; (ii) plaintiff's material breach does not excuse Bridgewell's failure to perform between November 2000 and April 11, 2001; (iii) Bridgewell's failure to perform the obligations set out in Paragraphs 2 and 5C of the Separation Agreement does not excuse plaintiff from the restrictions imposed on him; (iv) Bridgewell is liable to plaintiff for up to $2,500 in

9

qualified education expenses for the period from November 2000 to April 11, 2001; and (v) a dispute exists over whether negotiations were taking place over the content of the required letter. These findings led me to dismiss or grant summary judgment such that plaintiff was left with the three remaining claims listed above. In his second motion for reconsideration, plaintiff argues that he has evidence of fraud and conspiracy to commit fraud in the inducement of plaintiff to sign the Separation Agreement, and that defendants concealed cuts in services and inappropriate expenditures from him and the court. These allegations do not change my findings in the Memorandum and Order that plaintiff wishes me to reconsider, whether I consider my denial of his original motion to reconsider under Rule 59 or Rule 60. Plaintiff has already had multiple opportunities to argue against Bridgewell's motion to dismiss and in favor of his motion for summary judgment, and I have already decided these motions. I therefore refuse to modify my denial of plaintiff's original motion for reconsideration.

**ORDER**

For the foregoing reasons, it is ORDERED:

(1) Motion Of Plaintiff Albert W. Bleau Jr. To Expand Discovery To Include All Present and Past Board Members And Relevant Sub-Contractors and Senior Managers of the Former Eastern Mass Housing Corporation and Greater Lynn Mental [H]ealth & Retardation Association Now Named Bridgewell, Inc. (Docket No. 94) is DENIED;

(2) Motion of Defendant Bridgewell, Inc., For A Protective Order (Docket No. 107) is DENIED; and

(3) Plaintiff's Request And Motion For Reconsideration of the Court's Orders of February 8, 2006 (Docket No. 116) is DENIED.

                                        /s/Robert E. Keeton
                                        Robert E. Keeton
                                 Senior United States District Judge