UNITED STATE DISTRICT COURT   FILED
FOR THE DISTRICT OF MASSACHUSETTS OFFICE

2006 JUL -6 P 2: 31

U.S. DISTRICT COURT
DISTRICT OF MASS.

Albert William Bleau Jr.          :

    Plaintiff                :

                                     :

Vs.                               :          Civil Action
                                               No. 04 – 10469REK

                                     :

Bridgewell, Inc. (Greater Lynn Mental Health     :
& Retardation Association), et al,

    Defendants

## Motion Ordering Massachusetts Attorney General Thomas Reilly To Produce Documents Requested By The Plaintiff Pursuant To Federal Rule 37.1

Albert W. Bleau Jr., the plaintiff, submitted a request for documents on March 14, 2006 pursuant to Federal Rule 45 (Attachment I) and the Attorney General responded on May 11, 2006 refusing to accept voluntary service and stating that they would not provide any documents stating that a Court Order was necessary for production of documents. (Attachment II)

The plaintiff now requests that this honorable court order the Attorney General to produce the documents requested by the plaintiff.

1

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF  Massachusetts

*Attachments I & II*

Albert W. Bleau Jr.    Bridgewell, Inc.
           V. (GLMHRA) et. al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] No. 04-10469REK

TO: Thomas Reilly, Massachusetts Attorney General

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

From 1/1/1999 to 3/1/2006, all notes, e-mails, phone logs, contracts, bills, payment vouchers, documents, audits, reports, schedules, financials petaining to the plainiff, Albert Bleau and pertaining to the defendant's EMHC, GLMHRA, Bridgewell, Inc., and Attorneys, Robert Griffin, Roderick MacKleish and Robert Sherman.....See Attachment.

| PLACE | DATE AND TIME |
|---|---|
| Attorney General's Office, One Ashburton Place, Boston, MA  02/08 | April 7 and 10, 2006 at 10am. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Plaintiff | March 14, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Albert W. Bleau Jr. 505 Paradise Rd. #208, Swampscott, MA 01907 (781) 962-2662

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## Attachment to Federal Rule 45 Subpoena

Albert W. Bleau Jr., Plaintiff
505 Paradise Rd. #208
Swampscott, MA 01907
(781) 962-2662

Case Number: No. 04 - 10469-REK

### DOCUMENTS REQUESTED FROM MASSACHUSETTS ATTORNEY GENERAL, THOMAS REILLY PURSUANT TO RULE 45, FEDERAL RULES OF CIVIL PROCEDURE

1. From August 1, 1999 to March 1, 2006, all contracts, correspondence, notes, reports, emails, computer files and disks, phone logs and a detailed summary of all payments and bills from and to Robert Griffin and to the Law Firm of Krokidas & Bluestein, and from and to Robert Sherman and Roderick MacKleish and the Law Firm of Greenberg and Traurig L.L.P., to and from James Mecone and John Sanella and the auditing firm of McGladry and Pullen and to and from GLMHRA, EMHC and any of their past or current employees and board members, to and from the Massachusetts' Inspector General's Office, and the Massachusetts Auditors Office in the possession of the Attorney General's Office and/or its employees including but not limited to Erik Carriker and Jamie Katz.

2. From January 1,1996 to Match 1, 2006, a summary of all contacts and copies of all documents and any and all information, correspondence, notes, reports, emails, computer files and disks, phone logs involving Anthony Rizzo including recommendations including but not limited to all such information as it pertains to the arrest, trial and sentencing of Anthony Rizzo and all documents and information and communication between the Massachusetts' Attorney General's Offices and its employees including the Attorney General with the Middlesex County District Attorney's Office, the Federal Drug Enforcement Agency, The US Federal Attorney's Office, the FBI, Massachusetts State police, and the Lynn and Revere Police Departments.

3. From January 1,1996 to Match 1, 2006, a summary of all contacts and copies of all documents and any and all information, correspondence, notes, reports, emails, computer files and disks, phone logs involving the Lynn Water and Sewer Commission and its employees, board members, counsel and with any past or currently elected or appointed officials in the City of Lynn as well as with the Massachusetts' Auditor's Office and the Inspector General's Office and any other state and federally elected and appointed officials and agencies as it pertains to the Lynn Water and Sewer Commission.

2

4. From January 1,1996 to Match 1, 2006, a summary of all contacts and communication and copies of all documents and any and all information, correspondence, notes, reports, emails, computer files and disks, phone logs involving Attorney Robert Sherman, currently with the Law Firm of Greenberg and Traurig L.L.P. regarding Robert Sherman's participation in the nomination, election and fundraising for the Massachusetts Attorney General, Thomas Reilly.

5. Copies of reports, e-mails, correspondence, meeting notes, computer files and disks and phone logs pertaining to the competence, disability or employment of the Plaintiff during and after plaintiff's employment at GLMHRA and EMHC..

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | March 15, 2006 | One Ashburton Place Mass. Attorney General Boston, MA 02108 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Thomas Reilly | Certified Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Albert W. Bleau Jr. | Plaintiff |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    3/15/06
                  DATE

SIGNATURE OF SERVER

505 Paradise Rd #208
ADDRESS OF SERVER

Swampscott, MA 01907

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.



THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

April 3, 2006

Albert Bleau
505 Paradise Road # 208
Swampscott, MA 01907

Re: Bleau v. Bridgewell, Inc., Civil Action No. 04-10469-REK

Dear Mr. Bleau:

Pursuant to Rule 45(c) (2)(B) of the Federal Rules of Civil Procedure, the Attorney General objects to the subpoena for documents which you mailed to the Attorney General in the above-captioned matter. According to Fed. R. Civ. P. 45(c) (2)(B), the Attorney General is not required to produce the requested documents absent a court order.

The Attorney General objects to the subpoena on the grounds that it was not issued by either the clerk or an attorney, in violation of Fed. R. Civ. P. 45 (a) (3). In addition, service was not properly effectuated by delivery, and I understand that prior notice of the subpoena was not served on each party, as required by Fed. R. Civ. P. 45 (b)(1).

The Attorney General also objects that the subpoena request is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request also encompasses law enforcement investigative and prosecutorial records and work product, as to which the Attorney General claims a privilege. The Attorney General also objects to the production of grand jury materials.

Please call me if you have any questions.

Very truly yours,

Eric Carriker
Assistant Attorney General
Deputy Chief, Public Charities Division
(617) 727-2200, ext. 2118

cc: Garrick F. Cole, Esq., Christina M. Schenk-Hargrove, Esq., Allison K. Jones, Esq., David G. Thomas, Esq., Salo L. Zelermyer, Esq., Donald K. Stern, Esq.