UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2006 JUL -6  P 2: 31

U.S. DISTRICT COURT
DISTRICT OF MASS.

Albert William Bleau Jr.

    Plaintiff

Vs.

    Civil Action
    No. 04 – 10469REK

Bridgewell, Inc. (Greater Lynn Mental Health
& Retardation Association), et al,

    Defendants

## Motion Ordering Defendants Roderick MacKleish, Robert Griffin And Robert Sherman To Produce Documents Requested By The Plaintiff Pursuant To Federal Rule 37.1

Albert W. Bleau Jr., the plaintiff, submitted a request for documents on March 9, 2006 pursuant to Federal Rule 45 (Attachment I) and the defendants refused to accept voluntary service and to my request. The plaintiff believes that even if they were properly served that they would not provide any of the documents requested by the plaintiff. (Attachment II and III)

As a result, the plaintiff has not been able to go forward and prepare his interrogatories or proceed with discovery including written questions and depositions.

The plaintiff now requests that this honorable court order the defendants to produce the documents requested by the plaintiff.

1

bINGHAM McCUTCHEN

*Attachment II*

Donald K. Stern
Direct Phone:   (617) 951-8250
Direct Fax:     (617) 951-8736
donald.stern@bingham.com

**BY FAX at 781-623-0264**
**FEDERAL EXPRESS and**
**FIRST CLASS MAIL**

Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

March 24, 2006

Mr. Albert W. Bleau, Jr.
50 Paradise Road
Swampscott, Massachusetts   01907

Re:   Bleau v. Bridgewell, Inc.
      Civil Action No. 04-10469 REK
      United States District Court
      for the District of Massachusetts

Dear Mr. Bleau:

I represent Robert Griffin and Krokidas & Bluestein in connection with your effort to inspect and copy documents designated in the "subpoena"[1] served by mail on or about March 15, 2006. For the reasons set forth below, pursuant to Fed. R. Civ. P. 45(c)(2)(B), they object to the subpoena and decline to produce the documents sought.

1.  Rule 26(b)(1) and (2) limits pretrial discovery requests to those that seek information, not privileged, that is relevant to a claim or defense of a party. In its order of the 8th of February, 2006, the Court confirmed its earlier ruling that only "three classes of plaintiff's claims against [Bridgewell, Inc.] survive[]: (i) ADA and Rehabilitation Act claims

---

[1] Although the "subpoena' was not issued by the Clerk of the Court, as required by Fed. R. Civ. P. 45(a)(3) or served by a person not a party, as required by Fed. R. Civ. P. 45(b(1), we do not rely on these objections. In addition, notice to remaining parties to this case does not appear to have been given, as required by Fed. R. Civ. P. 45(b)(1).
LITDOCS/635356.1

that arose after the execution of the Separation Agreement in November 2000; (ii) defamation claims that arose after the execution of the Separation Agreement in November 2000; and (iii) the claim for breach of Paragraph 2 of the Separation Agreement between November 2000 and April 11, 2001[]" (the three classes of surviving claims). Memorandum and Order 5 (Docket No. 109, Feb. 8, 2006).

Your requests are exceedingly broad, irrelevant to these issues, and unduly burdensome. If after reviewing these objections, you are able and willing to focus on non-privileged documents which relate to the remaining claims, are reasonably likely to lead to the discovery of admissible evidence, and can be produced without undue burden, they will seek to do so.

2.   In the subpoena, you request a "[l]ist of non-profit agencies, auditing firms, and consultants doing business with the firm from January 1, 2000 to the current time."

The names of the clients of Krokidas and Bluestein, the names of auditing firms, and the names of consultants "doing business with the firm" are of no relevance to the three classes of surviving claims; portions of this information are privileged (such as client names); and none of it appears reasonably likely to lead to the discovery of admissible evidence.

3.   In the subpoena, you request "copies of all e-mails, bills and documents pertaining to the plaintiff, [Eastern Massachusetts Housing Corp., Bridgewell, Inc.,] or its employees and board members during the [period January 1, 2000 to the present].

This request is overly broad; it is vague; it seeks privileged information; and compliance would be unduly burdensome. Moreover, Eastern Massachusetts Housing Corp. is not even a party to this litigation (an objection which applies to this and other requests).

4.   In the attachment (no. 1), you request "[c]opies of all contracts, and a detailed summary of

Bingham McCutchen LLP
bingham.com

Bingham McCutchen LLP
bingham.com

all payments and copies of all checks to Robert Griffin and to other lawyers in the Firm of Krokidas and Bluestein and from [Bridgewell, Inc., and Eastern Massachusetts Housing Corp.] and the State Attorney General's office from January 1, 2000, to March 1, 2006."

This request is overly broad, both in scope and time; it seeks information concerning payments made to lawyers of the firm of Krokidas and Bluestein, information that has no relevance to the three classes of surviving claims; it is vague; it seems privileged information; and it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this information can be easily obtained from the defendant Bridgewell, Inc.

5.   In the attachment (no. 2), you request "[c]opies of all contracts and a detailed summary of all payments and copies of all checks to Robert Griffin and other lawyers in the Firm of Krokidas and Bluestein, as a result of Receivership work and legal work resulting from referrals from the State Attorney General's office from January 1, 2000 to March 1, 2006."

This request is overly broad, both in scope and time; it seeks information concerning payments made to lawyers of the firm of Krokidas and Bluestein, information that has no relevance to the three classes of surviving claims; it is vague; it seeks privileged information; and it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

6.   In the attachment (no. 3), you request "[c]opies of all contracts and a detailed summary of all work done by Robert Griffin and Krokidas and Bluestein for Massachusetts non-profit agencies from January 1, 2000, to March 1, 2006."

This request is overly broad, both in scope and time; it seeks information that has no relevance to the three classes of surviving claims; it seeks information that is privileged (such as summaries of work done for

LITDOCS/635356.1

clients); and it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

      7.    In the attachment (no. 4), you request a "[d]etailed summary of Robert Griffin's clients and clients of Krokidas and Bluestein who also employ the auditing firm of Mullen & Co., McGladrey and Pullen, or James Mecone and John Sanella individually from January 1, 2000, to March 1, 2006."

This request is overly broad, both in scope and time; it seeks information that has no relevance to the three classes of surviving claims; it seeks information that is privileged; and it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

      8.    In the attachment (no. 5), you request "[a] detailed summary and copies of all contracts and correspondence to and from all management consultant firms or individuals used or referred by Robert Griffin or by Krokidas and Bluestein from January 1, 2000, to March 1, 2006."

This request is overly broad, both in scope and time; it seeks information that has no relevance to the three classes of surviving claims; it seeks information that is privileged; and it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

      9.    In the attachment (no. 6), you request "[c]opies of all contracts, payments and professional relationships, reports and e-mails with Paul Cote, former CEO of [Bridgewell, Inc., and Eastern Massachusetts Housing Corp.] and the Perkin's Consultant Group and any other management consultants who also worked for Defendants [Bridgewell, Inc., and Eastern Massachusetts Housing Corp.] from January 1, 2000, to March 1, 2006."

This request is overly broad, both in scope and time; it seeks information that has no relevance to the three classes of surviving claims; it seeks information

not reasonably calculated to lead to the discovery of admissible evidence.

12. In the attachment (no. 9), you request "[c]opies of all bills submitted by Krokidas & Bluestein and Attorney Robert Griffin for legal services for Albert W. Bleau Jr., Court Appointed Receiver, for Associated Group Homes (AGH) from 1988 to 1997 and copies of all filings and correspondence with the Massachusetts Rate Setting Commission and DMR on behalf of Albert W. Bleau Jr., Receiver for AGH."

This request is overly broad, both in scope and time; it seeks information that has no relevance to the three classes of surviving claims; it seeks information that is privileged; and it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

13. In the attachment (no. 10), you request "[c]opies of reports, e-mails, correspondence, meeting notes and phone logs to and from any state agency, the Massachusetts Attorney General's Office, clients or their employees or board members that pertained [sic] to defendants Roderick MacKleish, Robert Sherman, EMHC, GLMHRA or to the character, competence, disability or employment of the Plaintiff during and after plaintiff's employment at GLMHRA and EMHC."

This request is overly broad, both in scope and time; it seeks information that has no relevance to the three classes of surviving claims; it seeks information that is privileged; and it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Very truly yours,

Donald K. Stern

Bingham McCutchen LLP
bingham.com

Attachment III

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF Massachusetts

Albert W Bleau Jr.

V.

Bridgewell Inc. (GLMHRA) et. al,

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] No. 04 – 10469REK

TO: Robert Sherman

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

List of all non profit agencies, auditing firms and consultants doing business with you or your law firm from January 1, 2000 to the current time and copies of all e-mails, bills, and documents pertaining to either EMHC, GLMHRA or its employees or board memebers during the same time period. See attached detailed list.

| PLACE | DATE AND TIME |
|---|---|
| Greenberg Traurig L.L.P. One International Place, 20th Floor, Boston, MA 02110 | March 24, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  |  |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER |
|---|
|  |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF    Massachusetts

| Albert W Bleau Jr. | Bridgewell Inc. | **SUBPOENA IN A CIVIL CASE** |
|---|---|---|
| V. | (GLMHRA) et. al, | |

Case Number:[1]   No. 04 – 10469REK

TO:    Roderick MacKleish

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

List of all non profit agencies, auditing firms and consultants doing business with you or your law firm from January 1, 2000 to the current time and copies of all e-mails, bills, and documents pertaining to either EMHC, GLMHRA or its employees or board memebers during the same time period. See attached detailed list.

| PLACE | DATE AND TIME |
|---|---|
| Greenberg Traurig L.L.P. One International Place, 20th Floor, Boston, MA 02110 | March 24, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Albert Bleau*  Plaintiff | 3/15/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Albert W Bleau Jr.  (781) 962-2660
505 Paradise Rd #208, Swampscott, MA 01907

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## Attachment to Federal Rule 45 Subpoena

Albert W. Bleau Jr., Plaintiff
505 Paradise Rd. #208
Swampscott, MA 01907
(781) 962-2662

Case Number: No. 04 - 10469-REK

### DOCUMENTS REQUESTED FROM ATTORNEY RODERICK MACKLEISH AND THE FIRM OF GREENBERG TRAURIG L.L.P., MASSACHUSETTS' OFFICES PURSUANT TO RULE 45, FEDERAL RULES OF CIVIL PROCEDURE

1. Copies of all contracts, and a detailed summary of all payments and copies of all checks to Roderick MacKleish and to other lawyers in the Firm of Greenberg Traurig and from GLMHRA, EMHC and the State Attorney General's Office from January 1, 2000 to March 1, 2006.

2. Copies of all contracts and a detailed summary of all payments and copies of all checks to Roderick MacKleish and other lawyers in the Firm of Greenberg Traurig , as a result of Receivership work and legal work resulting from referrals from the State Attorney General's Office from January 1, 2000 to March 1, 2006.

3. Copies of all contracts and a detailed summary of all work done by Roderick MacKleish and Greenberg Traurig for Massachusetts' non-profit agencies from January 1, 2000 to March 1, 2006.

4. Detailed summary of Roderick MacKleish clients and clients of Greenberg Traurig who also employ the auditing firm of Mullen & Company, McGladrey and Pullen or James Mecone and John Sanella individually from January 1, 2000 to March 1, 2006.

5. A detailed summary and copies of all contracts and correspondence to and from all management consultant firms or individuals used or referred by Roderick MacKleish or by Greenberg Traurig from January 1, 2000 to March 1, 2006.

6. Copies of all contracts, payments and professional relationships, reports and e-mails with Paul Cote, former CEO of GLMHRA & EMHC and the Perkin's Consultant Group and any other management consultants who also worked for Defendants GLMHRA & EMHC from January 1, 2000 to March 1, 2006.

7. Copies of all reports, e-mails, correspondence, meeting notes and phone logs sent and received from the State Attorney General's Office, GLMHRA,

1

EMHC, and with and from any state agency including but not limited to the Department of Mental Retardation and the Department of Mental Health and any of their staff, counsel, consultants or auditors that pertain to any Defendant in the March 2004 ADA complaint or to the Plaintiff including any references to his character, competence, or disability from January 1, 2000 to March 1, 2006. These should include but not be limited to meeting notes and dates and times of all meetings, e-mails and phone logs to and from Senior Staff of GLMHRA including Paul Cote, Deborah Clemente, James Cowdell, Janine Brown Smith, Elaine White, Anne Perry and Kelly Johnson, and board members Thomas Manning, Claire Jackson, Nancy Rizzo and Robert Tucker, Thomas Costin and Attorney Sam Vitali and others.

8. Copies of all reports, e-mails, correspondence, meeting notes and phone logs to and from Attorney Robert Sherman and Wayne Godlin of Van Kampen Advisors, Inc., representatives from the Bond Department at State St. Bank including but no limited to Chuck Procknow and Mullen & Company and McGladrey and Pullen staff including Partners James Mecone and John Sanella.

9. Copies of reports, e-mails, correspondence, meeting notes and phone logs to and from any state agency, the Massachusetts Attorney General's Office, clients or their employees or board members that pertained to defendant's Roderick MacKleish, Robert Sherman, EMHC, GLMHRA or to the character, competence, disability or employment of the Plaintiff during and after plaintiff's employment at GLMHRA and EMHC.

10. Copies of all bills submitted by Roderick MacKleish to GLMHRA or EMHC from 1985 to 1999 pursuant to defending and advising the plaintiff regarding various liability suits and claims against the plaintiff.

EMHC, and with and from any state agency including but not limited to the Department of Mental Retardation and the Department of Mental Health and any of their staff, counsel, consultants or auditors that pertain to any Defendant in the March 2004 ADA complaint or to the Plaintiff including any references to his character, competence, or disability from January 1, 2000 to March 1, 2006. These should include but not be limited to meeting notes and dates and times of all meetings, e-mails and phone logs to and from Senior Staff of GLMHRA including Paul Cote, Deborah Clemente, James Cowdell, Janine Brown Smith, Elaine White, Anne Perry and Kelly Johnson, and board members Thomas Manning, Claire Jackson, Nancy Rizzo and Robert Tucker, Thomas Costin and Attorney Sam Vitali and others.

8. Copies of all reports, e-mails, correspondence, meeting notes and phone logs to and from Attorney Robert Sherman and Wayne Godlin of Van Kampen Advisors, Inc., representatives from the Bond Department at State St. Bank including but no limited to Chuck Procknow and Mullen & Company and McGladrey and Pullen staff including Partners James Mecone and John Sanella.

9. Copies of reports, e-mails, correspondence, meeting notes and phone logs to and from any state agency, the Massachusetts Attorney General's Office, clients or their employees or board members that pertained to defendant's Roderick MacKleish, Robert Sherman, EMHC, GLMHRA or to the character, competence, disability or employment of the Plaintiff during and after plaintiff's employment at GLMHRA and EMHC.

10. Copies of all bills submitted by Roderick MacKleish to GLMHRA or EMHC from 1985 to 1999 pursuant to defending and advising the plaintiff regarding various liability suits and claims against the plaintiff.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | March 15, 2006 | Greenberg Traurig LLP<br>20th Floor<br>One International Place<br>Boston, MA 02110 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Roderick MacKleish | Certified Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Albert W. Bleau Jr. | Plaintiff |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  3/15/06
DATE

SIGNATURE OF SERVER

505 Paradise Rd #208
ADDRESS OF SERVER

Swampscott, MA 01907

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the commanding party to contest the claim.