Attachnent I

# **Attachment to Federal Rule 34**

Albert W. Bleau Jr., Plaintiff
505 Paradise Rd. #208
Swampscott, MA 01907
(781) 962-2662

Case Number: No. 04 - 10469-REK

## DOCUMENTS REQUIRED FROM BRIDGEWELL, INC (GREATER LYNN MENTAL HEALTH & RETARDATION ASSOCIATION, INC & EASTERN MASSACHUSETTS HOUSING CORPORATION), PURSUANT TO RULE 34, FEDERAL RULES OF CIVIL PROCEDURE

1. Copies of all audits prepared by Mullen & Company, Demakis and Demakis and any other outside auditing firm from fiscal years ending June 30th, 2000 to June 30th, 2005 and the six month financial statement ending December 31, 2005 including a detailed summary of all federal funds received by the defendants for fiscal years 2000, 20001, 20002, 20003, 2004 AND 2005.

2. Copies of all inter-fund financial transactions between GLMHRA and EMHC and GLMHRA program accounts and the GLMHRA EFIP for fiscal years ending June 30th, 1999 to June 30th, 2005 and all transactions from July 1, 2005 to December 31, 2005.

3. Copies of the Uniform Financial Report (UFR) filed with the state for each of the fiscal years ending June 30th, 2000, 2001, 2002, 20003, 200 and 2005.

4. Copies of the PC 15 filed with the Charitable Division of the Attorney General's Office and the annual reports filed with the Secretary of State for the fiscal years ending June 30th, 1999, 2000, 2001, 2002, 2003 2004 and 2005 including the IRS 990's.

5. Copies of all Board of Director meeting minutes, committee minutes, and meeting minutes from August 1, 1999 to March 1, 2006.

6. Copies of the by-laws and all amendments from 1978 to March 1, 2006

7. Summary and copies of all resumes and applications for the Executive Director's position filled in the fall of 2003.

*Attachment II*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Albert William Bleau, Jr., | : |
| | : |
| Plaintiff | : |
| | : |
| | : |
| vs. | : Civil Action |
| | : No. 04-10469JLT(REK) |
| | : |
| Bridgewell, Inc., | : |
| et al., | : |
| | : |
| Defendants | : |

**Response Of Defendant Bridgewell, Inc.,
To The First Request Of
Plaintiff Albert William Bleau, Jr.,
For The Production Of Documents**

Pursuant to Fed. R. Civ. P. 34(b), defendant Bridgewell,
Inc., (Bridgewell) responds as set forth below to the first
request for the production of documents of plaintiff Albert W.
Bleau, Jr.

Subject to the rule of reason and the specific objections
set forth below, Bridgewell will produce, at such time and place
as the parties may agree, the various documentary materials
described in the plaintiff's request that are in Bridgewell's
possession, custody, or control to the extent offered or required
by the following specific responses. Bridgewell responds to the
plaintiff's request on the basis of information currently availa-
ble to it and reserves its right to supplement and amend its
responses, including its objections, in light of information that
it obtains subsequently through discovery or otherwise. With

respect to documents that are responsive to the requests, not
privileged, and not in Bridgewell's possession but may be in the
possession of Bridgewell's former counsel or its management
advisor, both of whom are parties to this action, Bridgewell
states that direct requests of them should be made.

## Request No. 1

Copies of all audits prepared by Mullen & Company, Demakis
and Demakis and any other outside auditing firm from fiscal years
ending June 30th, 2000 to June 30th, 2005 and the six month
financial statement ending December 31, 2005 including a detailed
summary of all federal funds received by the defendants for
fiscal years 2000, 2001, 2002, 2003, 2004 and 2005.

## Response

Bridgewell objects to this request on the grounds that it is
overly broad and unduly burdensome and seeks documents that are
neither relevant to the plaintiff's claims nor reasonably
calculated to lead to the discovery of admissible evidence.
Bridgewell further objects to the request to the extent that it
seeks to impose obligations on Bridgewell beyond those required
by Fed. R. Civ. P. 34 by asking Bridgewell to create a summary of
information.

## Request No. 2

Copies of all inter-fund financial transactions between
GLMHRA and EMHC and GLMHRA program accounts and the GLMHRA EFIP
for fiscal years ending June 30, 1999 to June 30th, 2005 and all
transactions from July 1, 2005 to December 31, 2005 and records
and meeting notes, and contracts pertaining to the EFIP.

## Response

Bridgewell objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents neither relevant to the plaintiff's claims nor reasonably calculated to lead to the discovery of admissible evidence.

## Request No. 3

Copies of the Uniform Financial Report (UFR) with attachments filed with the state for each of the fiscal years ending June 30th, 2000, 2001, 2002, 2003, 2004 and 2005.

## Response

Bridgewell objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents neither relevant to the plaintiff's claims nor reasonably calculated to lead to the discovery of admissible evidence.

## Request No. 4

Copies of the PC 15 filed with the Charitable Division of the Attorney General's Office and the annual reports filed with the Secretary of State for the fiscal years ending June 30th, 1998, 1999, 2000, 2001, 2002, 2003, 2004, and 2005 including the IRS 990's.

## Response

Bridgewell objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents neither relevant to the plaintiff's claims nor reasonably calculated to lead to the discovery of admissible evidence.

## Request No. 5

Copies of all Board of Director meeting minutes, committee minutes and meeting minutes (sic) from August 1, 1999 to March 1, 2006.

4

Response

Bridgewell objects to this request on the grounds that it is overly broad and unduly burdensome and seeks documents that are neither relevant to the plaintiff's claims nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving its objections, Bridgewell will produce documents responsive to this request created during the period April 1999 to July 2001.

Request No. 6

Copies of the by-laws and all amendments for GLMRA and EMHC from 1978 to March 1, 2006.

Response

Bridgewell objects to this request on the grounds that it is overly broad and unduly burdensome and seeks documents neither relevant to the plaintiff's claims nor reasonably calculated to lead to the discovery of admissible evidence.

Request No. 7

Summary and copies of all resumes and applications for the Executive Director's position filled in the fall of 2003.

Response

Bridgewell objects to this request to the extent that it seeks to impose obligations on Bridgewell beyond those required by Fed. R. Civ. P. 34 by asking it to create a summary of information.  Without waiving its objection, Bridgewell states that it has no documents that are responsive to this request.

Bridgewell does, however, have a document that identifies

applicants for the position of Chief Executive Officer.

#### Request No. 8

Names and addresses of all board members, employees and
consultants who were involved in the screening and hiring process
of the former executive director, Paul Coty and of the current
executive director with copies of all notes, written comments and
minutes of all meetings and emails.

#### Response

Bridgewell objects to this request on the grounds that it is

overly broad and unduly burdensome and seeks documents neither

relevant to the plaintiff's claims nor reasonably calculated to

lead to the discovery of admissible evidence.  Without waiving

its objection and treating the request as in part one made under

Rule 33, Bridgewell states that it has no documents responsive to

this request and that the names and addresses of the persons who

participated in the 2003 executive director screening and hiring

processes (for the current executive director) are listed on the

schedule attached to this response as an exhibit and marked "1."

#### Request No. 9

Copy of the written response to Plaintiff's October 28, 2003
EEOC complaint and copies of any and all correspondence, attach-
ments and e-mails from the Defendants and from Attorney Larry
Donoghue to the EEOC and the MCAD since October 28, 2003.

#### Response

Bridgewell objects to this request on the grounds that it is

overly broad and unduly burdensome and seeks documents that are

neither relevant to the plaintiff's claims nor reasonably

calculated to lead to the discovery of admissible evidence.

6

Without waiving its objections, Bridgewell will produce documents that are responsive to this request, not privileged, and created or received during the period 28 October 2003 through the date of the termination of the proceedings before the United States Equal Employment Opportunity Commission or the Massachusetts Commission Against Discrimination, whichever date is later.

## Request No. 10

Copies of the Personnel practices and all amendments from August 1, 1999 to March 1, 2006.

## Response

Bridgewell objects to this request on the grounds that it is overly broad and unduly burdensome and seeks documents neither relevant to the plaintiff's claims nor reasonably calculated to lead to the discovery of admissible evidence.

## Request No. 11

Detailed accounting of the EFIP Reserves for the fiscal years 1998, 1999, 2000, 2001, 2002, 2003.

## Response

Bridgewell objects to this request on the grounds that it is overly broad and unduly burdensome and seeks documents neither relevant to the plaintiff's claims nor reasonably calculated to lead to the discovery of admissible evidence. Bridgewell further objects to this request on the ground that it does not describe with reasonable particularity the documents requested.

## Request No. 12

Copies of all contracts, bills, and copies of all checks to
Attorney Robert Griffin and to the firm of Krokidas and
Bluestein, to Attorneys Roderick MacKleish and Robert Sherman and
to the firm of Greenberg & Traurig from January 1, 1999 through
March 1, 2006.

### Response

Bridgewell objects to this request on the grounds that it is

overly broad and unduly burdensome and seeks documents that are

neither relevant to the plaintiff's claims nor reasonably

calculated to lead to the discovery of admissible evidence.

## Request No. 13

Copies of all legal bills and consultant bills paid by the
Defendants from August 1, 1999 through March 1, 2006.

### Response

Bridgewell objects to this request on the grounds that it is

overly broad and unduly burdensome and seeks documents that are

neither relevant to the plaintiff's claims nor reasonably

calculated to lead to the discovery of admissible evidence.

## Request No. 14

Copies of all bills submitted by Krokidas & Bluestein and
Attorney Robert Griffin for legal services for Albert W. Bleau
Jr., Court Appointed Receiver, for AGH from 1988 to 1992 and
copies of all auditing bills submitted by Mullen & Company for
the AGH Receivership.

### Response

Bridgewell objects to this request on the grounds that it is

overly broad and unduly burdensome and seeks documents that are

neither relevant to the plaintiff's claims nor reasonably

calculated to lead to the discovery of admissible evidence.

## Request No. 15

Copies of all files, proof of payment from GLMHRA and/or
EMHC for representation by Roderick MacKleish of Albert W. Bleau
Jr., specifically liability law representation concerning a
lawsuit against the Plaintiff involving the Tewksbury ICF from
1983 - 1990 and other similar work on behalf of the Plaintiff
through September 1999.

## Response

Bridgewell objects to this request on the grounds that it is

overly broad and unduly burdensome and seeks documents that are

neither relevant to the plaintiff's claims nor reasonably

calculated to lead to the discovery of admissible evidence.

## Request No. 16

Copies of all contracts, payments and professional relation-
ships, correspondence, and e-mails with Paul Coty, former CEO of
GLMHRA and EMHC from January 1, 2000 to March 1, 2006.

## Response

Bridgewell objects to this request on the grounds that it is

overly broad and unduly burdensome and seeks documents that are

neither relevant to the plaintiff's claims nor reasonably

calculated to lead to the discovery of admissible evidence.

## Request No. 17

Copies of all Defendant's reports, e-mails, correspondence,
meeting notes and phone logs, to and from the State Attorney
General's Office, Attorney Roderick MacKleish, Attorney Robert
Sherman, the Perkins Consultant Group and any and all consultants
contracted by the defendants from January 1, 2000 to March 1,
2006 and to and from any state agency including but not limited
to the Department of Mental Retardation and the Department of
Mental Health and any of their staff, counsel, consultants, or
auditor that pertain to any defendant in this complaint or to the
Plaintiff or to the character, competence or disability of the
Plaintiff from January 1, 2000 to March 1, 2006.

Response

Bridgewell objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents neither relevant to the plaintiff's claims nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving its objection, Bridgewell will produce documents, not privileged, created or received during the period April, 1999, through the date of the commencement of this action that refer to the character, competence, or disability of the plaintiff.

Request No. 18

Copies of all Defendant's reports, e-mails, correspondence meeting notes and phone logs to and from Attorney Robert Sherman and Wayne Godlin of Van Kampen Advisors, Inc., representatives from the Bond department at State St. Bank including but not limited to Chuck Procknow and Mullen & Company staff including Partners James Mecone and John Sanella from January 1, 1999 to March 1, 2006.

Response

Bridgewell objects to this request on the grounds that it is overly broad and unduly burdensome and seeks documents that are neither relevant to the plaintiff's claims nor reasonably calculated to lead to the discovery of admissible evidence.

Request No. 19

Copies of all staff meeting notes, dates and times of meetings, correspondence, emails and phone logs to and from any Defendant in this complaint and to and from employees, consultants, family members, elected and appointed state and local officials and vendors that pertain to any Defendant in this complaint or to the character, competence, or disability of the plaintiff from January 1, 2000 to March 1, 2006.

Response

Bridgewell objects to this request on the grounds that it is

overly broad and unduly burdensome in that it seeks documents

neither relevant to the plaintiff's claims nor reasonably

calculated to lead to the discovery of admissible evidence.

Without waiving its objection, Bridgewell will produce documents,

not privileged, created or received during the period April,

1999, through the date of the commencement of this action that

refer to the character, competence, or disability of the

plaintiff.

Request No. 20

Copies of all staff meeting notes, dates and times of
meetings and phone calls, correspondence, emails and phone logs
to and from any Human Service Agency or employer or individual
inquiring about Plaintiff's work history, employment, character,
competence or disability at GLMHRA and EMHC from January 1, 2000
to March 1, 2006.

Response

Bridgewell objects to this request on the grounds that it is

overly broad and unduly burdensome and seeks documents that are

neither relevant to the plaintiff's claims nor reasonably

11

calculated to lead to the discovery of admissible evidence.
Without waiving its objections, Bridgewell states that it has no
documents that are responsive to this request.

by its attorneys,

Garrick F. Cole
BBO No. 091340
Christina Schenk-Hargrove
BBO No. 645164

Smith & Duggan LLP
Two Center Plaza, Suite 620
Boston, Massachusetts 02108-1906
(617) 248-1900

Dated:    11 May 2006

CERTIFICATE OF SERVICE
I hereby certify that a true copy of
the above document was served upon the
plaintiff and the attorney of record for each
other party by mail on

12 May 2006

Attachment II



Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, MA 02108
617.720.2880 ph.
617.720.3554 fx.
www.dcglaw.com

Peter E. Gelhaar
peg@dcglaw.com

March 24, 2006

**VIA UPS MAIL (SATURDAY DELIVERY)**
Albert W. Bleau, Jr.
505 Paradise Road, #208
Swampscott, MA 01907

   Re: Albert W. Bleau, Jr. v. Bridgewell Inc., et al.
     Civil Action No. 04-10459-REK (D. Mass.)

Dear Mr. Bleau:

   As you know, this office represents McGladrey & Pullen LLP ("McGladrey") in connection with the above-referenced civil action. McGladrey has referred to us subpoenas which it received and are directed to James Mecone and John Sanella (the "Subpoenas"). Please be advised that McGladrey no longer employs Messrs. Mecone and Sanella, and, even assuming that the Subpoenas were lawfully issued and served (which they were not), McGladrey has no authority to accept service of the Subpoenas on behalf of Messrs. Mecone and Sanella. Accordingly, we are returning the Subpoenas herewith.

               Yours very truly,

               Peter E. Gelhaar

PEG/gs

Enclosures



Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, MA 02108
617.720.2880 ph.
617.720.3554 fx.
www.dcglaw.com

Peter E. Gelhaar
peg@dcglaw.com

March 22, 2006

Albert W. Bleau, Jr.
505 Paradise Road, #208
Swampscott, MA 01907

   Re: Albert W. Bleau, Jr. v. Bridgewell Inc., et al.
     <u>Civil Action No. 04-10459-REK (D. Mass.)</u>

Dear Mr. Bleau:

   This office represents McGladrey & Pullen LLP ("McGladrey") in connection with a subpoena dated March 15, 2006, that McGladrey received concerning the above-referenced civil action (the "Subpoena"). Pursuant to Fed. R. Civ. P. 45 (c) (2) (B), this letter constitutes McGladrey's written objection to the inspection and copying of all of the designated materials set forth in the Subpoena. In particular, McGladrey objects to the Subpoena on the following grounds:

  1. The Subpoena was not issued in conformity with Fed. R. Civ. P. 45 (a) (3).

  2. The Subpoena was not served in conformity with Fed. R. Civ. P. 45 (b) (1).

  3. The Subpoena seeks the production of documents which are protected from disclosure by virtue of the attorney-client privilege.

  4. The Subpoena seeks the production of documents and things that are neither relevant to your pending claims, nor reasonably calculated to lead to the discovery of admissible evidence.  <u>See</u> Memorandum and Order of February 8, 2006, at 5.

  5. The Subpoena calls for the production of documents and objects which predate the "Separation Agreement in November, 2000," as that term is defined in the above-referenced Memorandum and Order of February 8, 2006.

  6. The Subpoena seeks the production of documents and objects that are not within McGladrey's possession, custody or control.

Albert W. Bleau, Jr.
March 22, 2006
Page 2

7.     The Subpoena is vague, unfairly broad and unduly burdensome, to the extent that
       it requests "all documents and financials *pertaining to* the plaintiff, EMHC,
       GLMHRA[,] its board, employees, consultants, and to and from any other third
       parties."

8.     The Subpoena purports to require McGladrey to create a "[l]ist of all non-profit
       agencies, attorneys and consultants contracted with [McGladrey]," in violation of
       Fed. R. Civ. P. 45(a)(2)(C).

9.     The Subpoena seeks documents and objects that constitute, refer, or relate to
       confidential and/or proprietary information of McGladrey and its clients in the
       absence of a Protective Order previously entered by the Court.

10.    The Subpoena seeks documents and objects in support of a claim for punitive
       damages, which claim is unavailable.

11.    McGladrey objects to producing documents or objects, and permitting inspection
       of same, at any office other than its counsel's office.

       The foregoing objection having been made by McGladrey, in accordance with Fed. R.
Civ. P. 45(c)(2)(B), McGladrey respectfully shall not make available any documents or objects
requested in the Subpoena except pursuant to an Order of the Court by which a lawful subpoena
is issued.

                                        Respectfully submitted,

                                        MCGLADREY & PULLEN LLP

                                        By its attorneys,

                                        Peter E. Gelhaar
                                        Donnelly, Conroy & Gelhaar, LLP