UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT WILLIAM BLEAU, JR.,<br><br>   Plaintiff,<br><br>v.<br><br>GREATER LYNN MENTAL HEALTH &<br>RETARDATION ASSOCIATION, et al.,<br><br>   Defendants. | Civil Action No.:  04-10469REK |

## RODERICK MACLEISH, JR. AND ROBERT A. SHERMAN'S OPPOSITION TO PLAINTIFF'S FEDERAL RULE 37.1 MOTION

Plaintiff Albert William Bleau, Jr.'s ("Plaintiff") Motion Ordering Defendants Robert A. Sherman and Roderick MacLeish, Jr. ("MacLeish and Sherman") to Produce Documents Requested by the Plaintiff Pursuant to Federal Rule 37.1 ("Motion") should be denied because, by Plaintiff's own admission, MacLeish and Sherman <u>were</u> <u>not</u> <u>served</u> <u>with</u> <u>the</u> <u>underlying</u> <u>subpoena</u> <u>*duces*</u> <u>*tecum*</u>.

On June 3, 2005, the Court dismissed all of Plaintiff's claims against MacLeish and Sherman and, on August 2, 2005, the Court specifically ordered that:

> **MacKleish[1] and Sherman are not to be treated as parties to the case for the purposes of discovery or trial unless and until, upon notice and an opportunity to be heard, I change my ruling.**

See Exhibit A, at p. 4 (emphasis added) ("August Order").  Accordingly, the Plaintiff must

---

[1] Plaintiff misspelled (and continues to misspell) MacLeish's name on his complaint and in court filings.  That misspelling made its way into the August Order.

comply with FED. R. CIV. P. 45 to subpoena any documents from MacLeish and Sherman during the litigation.[2]

Plaintiff, however, oddly asks this Court to compel MacLeish and Sherman's compliance with a un-served subpoena *duces tecum* based solely on Plaintiff's rank speculation that he "believes that even if they [MacLeish and Sherman] were properly served that they would not provide any of the documents requested" anyway. See Motion, p. 1 (emphasis added). Plaintiff's speculation is irrelevant and his motion assuredly is premature and inappropriate. Unless and until Plaintiff properly serves MacLeish and Sherman with a subpoena *duces tecum*, and, further, unless and until MacLeish and Sherman fail to respond to that subpoena, the Court simply cannot grant Plaintiff's Motion. Otherwise, MacLeish and Sherman will lose their opportunity to object to the form and substance of the subpoena or seek a protective order from the Court, if necessary. See FED. R. CIV. P. 26(c) and 45.

---

[2] Local Rule 37.1, the rule on which Plaintiff bases the Motion, seemingly is inapplicable here because MacLeish and Sherman are not "parties" in the litigation pursuant to the August Order. Even if it did apply, Plaintiff's Motion must be denied because Plaintiff has not complied with the rule, which states that "[b]efore filing any discovery motion . . . counsel for each of the parties shall confer in good faith to narrow the areas of disagreement to the greatest possible extent." Local Rule 37.1(A). Plaintiff never requested a conference of any kind with MacLeish and Sherman's counsel. See Hasbro, Inc. v. Serafino, 168 F.R.D. 99, 101 (D. Mass. 1996) (denying a motion to compel where the moving party failed to comply with Local Rule 37.1).

Accordingly, the Court should deny Plaintiff's Motion, require Plaintiff to comply with the Federal Rules of Civil Procedure, and afford MacLeish and Sherman their rights under those rules to object to and respond to any subpoena properly served by Plaintiff.

Respectfully submitted,

RODERICK MACLEISH, JR., and
ROBERT A. SHERMAN,

By their attorney,

/s/ Salo L. Zelermyer
David G. Thomas, BBO # 640854
Salo L. Zelermyer, BBO# 661228
GREENBERG TAURIG, LLP
One International Place, 20th Floor
Boston, MA  02110
Tel:  (617) 310-6000
Fax:  (617) 310-6001

Dated: July 28, 2006

### CERTIFICATE OF SERVICE

I, Salo L. Zelermyer, hereby certify that on this 28th day of July, 2006, I served a copy of the foregoing by U.S. mail, postage prepaid, upon the Plaintiff, Albert W. Bleau, Jr., 505 Paradise Road, #208, Swampscott, Massachusetts 01907 and the attorney of record for each other party via the Court's electronic filing system.

/s/ Salo L. Zelermyer
Salo L. Zelermyer

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ALBERT WILLIAM BLEAU JR.,<br>    Plaintiff<br><br>v.<br><br>GREATER LYNN MENTAL HEALTH &<br>RETARDATION ASSOCIATION,<br>EASTERN MASS HOUSING CORPORATION,<br>RODERICK MacKLEISH,<br>ROBERT SHERMAN, and<br>ROBERT J. GRIFFIN,<br>    Defendants | CIVIL ACTION<br>NO. 04-10469-REK |

**Memorandum and Order**
August 2, 2005

### I. Pending Matters

Currently pending before this court are matters related to the following filings:

(1) Defendants Roderick MacLeish, Jr. and Robert A. Sherman's Motion for Entry of Separate and Final Judgment (Docket No. 66, filed June 27, 2005);

(2) Motion of Defendant Greater Lynn Mental Health & Retardation Association, Inc., for Partial Summary Judgment (Docket No. 69, filed July 5, 2005);

(3) Motion in Opposition to Defendants' Greater Lynn Metal Health & Retardation Association (GLMHRA), Et al, Motions for Entry of Separate and Final Judgment & in Support of the Prior Memorandums of Plaintiff Albert W. Bleau Jr. & in Support of His Prior

Motions for Summary Judgment and for Discovery (Docket No. 71, filed July 20, 2005) and accompanying affidavit (Docket No. 72 filed July 20, 2005); and

(3) Motion in Opposition to Defendant Greater Lynn Mental Health & Retardation Association (GLMHRA) Motion of July 5, 2005 for Partial Summary Judgment (Docket No. 73, filed July 20, 2005) and accompanying affidavit (Docket No. 74, filed July 20, 2005).

## II. Procedural Background

On June 3, 2005, I issued a Memorandum and Order dealing with a series of motions filed by both parties. (Docket No. 64.) In the Memorandum and Order, I effectively dismissed all claims against defendants MacKleish and Sherman and also dismissed many of the claims pending against Greater Lynn Mental Health & Retardation Association ("GLMHRA"). I specifically noted that American with Disabilities Act and Rehabilitation Act claims remained against GLMHRA for conduct occurring after the consummation of a Separation Agreement entered into by Bleau and GLMHRA. In addition, I provided Bleau an opportunity to file a more definite statement concerning any defamation claims he might have that occurred after the consummation of the Settlement Agreement.

Following this hearing, MacKleish and Sherman filed a motion for entry of separate and final judgment (Docket No. 66), and GLMHRA filed a motion for partial summary judgment (Docket No. 69). MacKleish and Sherman contended in their motion that a separate and final judgment should enter in their favor because all of the claims against them had been dismissed and because all of the claims against individual defendants have been dismissed. GLMHRA contended in its motion that Bleau had not filed a more definite statement as required

by the court's June 3, 2005, Memorandum and Order and that the court should enter judgment in favor of it on any possible defamation claim because of this. Bleau filed oppositions to these motions. (Docket Nos. 71, 73.)

At a hearing held on July 27, 2005, I heard argument on the motions and made oral rulings. In the interests of judicial efficiency, I am also issuing this Memorandum and Order to explain my rulings so that there is no confusion among the parties.

### III. Analysis of Issues

#### A. Form of Bleau's Opposition Filings

During the hearing on July 27, 2005, I ordered that the phrase "Motion in" be struck from the caption of docket numbers 71 and 73. These filings are objections, not motions. I also instructed Bleau to refrain from titling objections to another party's arguments as motions.

#### B. MacKleish and Sherman's Motion for Separate and Final Judgment

During the July 27, 2005, hearing I denied MacKleish and Sherman's motion. As I noted during the hearing, I have a responsibility not only to consider any objections that parties raise to a motion for entry of separate and final judgment, but also to avoid duplicative appeals and unnecessary delays. I then cited to my treatment of defendant Robert J. Griffin. In the June 3, 2005, Memorandum and Order, I explained why I had previously denied Griffin's motion for a separate and final judgment noting "that the relationships among all of the claims in this case are such that it is best to preserve the case in its unitary form as opposed to fragmenting it." (Docket No. 64 at 9.) I then distinguished my treatment of Griffin from my treatment of Eastern Mass Housing Corporation ("EMHC"). In the June 3, 2005, Memorandum and Order I noted that I

allowed EMHC's motion for a separate and final judgment because of my previous ruling that "EMHC could not be sued following its merger." (Docket No. 64 at 10.) In light of this analysis, and because counsel of MacKleish and Sherman provided no persuasive reason to rule otherwise, I denied MacKleish and Sherman's motion.

Although I denied the motion, I specifically ordered that MacKleish, Sherman, and their counsel do not need to attend future conferences without notice by the court, and that MacKleish and Sherman are not to be treated as parties to the case for the purposes of discovery or trial unless and until, upon notice and an opportunity to be heard, I change my ruling.

### C. GLMHRA's Motion For Partial Summary Judgment

I denied this motion without prejudice during the July 27, 2005, hearing. My reason for doing so is that I found that at least some of the instances cited by Bleau in his opposition to GLMHRA's motion raised colorable defamation claims. I therefore found that Bleau's opposition filings to GLMHRA's motion constituted the more definite statement that was required by my June 3, 2005, Memorandum and Order. In doing so, I also declined to apply the summary judgment standard to Bleau's claims given the early stage of the proceedings and the lack of discovery. Instead I applied the notice pleading standard as explained in my June 3, 2005, Memorandum and Order.

GLMHRA's motion pointed out that Bleau did not file a more definite statement in the time allotted by the June 3, 2005, Memorandum and Order. GLMHRA does not contend that it was subjected to substantial prejudice due to Bleau's delay and I do not find any such prejudice in the record. In addition, I must be cognizant of Bleau's pro se status in judging his compliance with my orders. That does not mean that Bleau is free to ignore the time requirements established

by this court. In fact, Bleau should take this ruling as notice that the court is not inclined to treat untimeliness on his part with such leniency in the future.

**D. Contract Claim**

During the July 27, 2005, hearing I found that counsel for GLMHRA stipulated to facts sufficient to find a prima facie breach of the Separation Agreement. The Separation Agreement required GLMHRA to send out a letter "informing employees, consumers and friends of the Corporations that Mr. Bleau has resigned his employment with the Corporations to pursue other interests." (Compl. for Employment Discrimination, Docket No. 1, Separation Agreement, ¶ 2, filed March 8, 2004.) GLMHRA's counsel stipulated that the Separation Agreement was a contract that superceded any employment contract that Bleau had with GLMHRA and that an email was sent to employees and no further correspondence was sent. This is sufficient to state a prima facie case of a breach of contract by GLMHRA.

GLMHRA then asserted during the hearing that it was its position that Bleau had committed a breach of the Separation Agreement first. I informed counsel and GLMHRA that they were free to brief this issue when they could adequately support the argument, but that I was ordering that discovery begin immediately on this claim and all remaining claims.

**ORDER**

For the foregoing reasons, it is ORDERED:

(1) The Clerk is directed to strike the phrase "Motion in" from plaintiff's filings (Docket Nos. 71, 73).

5

(2) Defendants Roderick MacLeish, Jr. and Robert A. Sherman's Motion for Entry of Separate and Final Judgment (Docket No. 66) is DENIED as explained in Part.III.A of the above Memorandum.

(3) MacKleish, Sherman, and their counsel do not need to attend future conferences without notice by the court, and MacKleish and Sherman are not to be treated as parties to the case for the purposes of discovery or trial unless and until, upon notice and an opportunity to be heard, I change my ruling.

(4) Motion of Defendant Greater Lynn Mental Health & Retardation Association, Inc., for Partial Summary Judgment (Docket No. 69) is DENIED WITHOUT PREJUDICE as explained in Part.III.C. of the above Memorandum.

(4) Discovery is to proceed on all remaining claims according to the timetable established during the July 27, 2005, hearing.

/s/Robert E. Keeton
Robert E. Keeton
Senior United States District Judge