UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT WILLIAM BLEAU, JR.,  )<br>    Plaintiff   )<br>)<br>v.   )<br>)<br>BRIDGEWELL, INC., et al,   )<br>    Defendants   )<br>) | CIVIL ACTION<br>NO. 04-10469-WGY |

**DEFENDANT BRIDGEWELL'S MOTION TO COMPEL
DEPOSITION OF PLAINTIFF**

Pursuant to Fed. R. Civ. P. 37(d), the defendant, Bridgewell, Inc. ("Bridgewell") hereby moves to compel the plaintiff's deposition for December 13, 2006. In support, Bridgewell states as follows:

1. In this *pro se* action, the plaintiff and the sole-remaining defendant, Bridgewell, have exchanged initial disclosures and have exchanged and answered written discovery requests (although the plaintiff has not yet propounded any interrogatories).

2. Following the September 29, 2006 dismissal by the First Circuit of the plaintiff's interlocutory appeal, this Court held a scheduling conference on November 6, 2006. At this hearing, the Court set the final pre-trial conference for no sooner than February 5, 2007 and placed trial on the running trial list as of March 5, 2007.

3. After the hearing, undersigned counsel made contact with *pro se* plaintiff in an effort to arrange a convenient date for the plaintiff's deposition.

4.  After plaintiff indicated his objection to his deposition, undersigned counsel and co-counsel Garrick Cole had a telephonic conference with the plaintiff earlier today in an effort to resolve or narrow issues of dispute.

5.  During this telephone conference, plaintiff made clear that he will not submit to a deposition without being ordered by the Court to do so. At one point, he also stated that he would not answer any questions at a deposition. As expressed during this call, it is plaintiff's position that he believes Bridgewell owes him documents and that no deposition should be conducted until all documents are produced to him and until Bridgewell answers his interrogatories that he will propound only after he is in receipt of all documents he claims are due him. Plaintiff also indicated he plans to file a motion to compel to address the document issues.

6.  Bridgewell stands by its objections as set forth in its written response to plaintiff's Request for Documents, particularly its objections that the requests are overbroad and not reasonably calculated to lead to admissible evidence.

7.  Bridgewell states that, in order properly to defend this action and to prepare a Motion for Summary Judgment, it is imperative that it have an opportunity to depose the plaintiff and that such deposition should be in the next few weeks so as to give Bridgewell time to issue additional subpoenas should disclosures at the deposition warrant. Bridgewell further states that the plaintiff can have addressed any issue as to the sufficiency of Bridgewell's document production by his own motion to compel and such issue is independent of Bridgewell taking the plaintiff's deposition.

8.      While the date of the scheduled deposition has not occurred, plaintiff's clear expression of his intent not to appear for the deposition absent an order from the Court compelling his presence warrants this motion.  See *Hammer v. Cardio Medical Products., Inc.*, 2006 WL 89927 (W.D.Pa., 2006) *(District Court allows motion to compel where pro se plaintiff gave notice that she would not appear at deposition)*.

9.      During the telephone conference, the plaintiff also stated that, while he will not voluntarily submit to a deposition, he is available on December 13, 2006.  Bridgewell has noticed his deposition for that day at 10:00 a.m.  He also stated that he plans to be out-of-state from December 19 through January 5.

WHEREFORE, the defendant, Bridgewell, respectfully requests that this Court enter an order compelling the plaintiff to submit to a deposition on December 13, 2006 at 10:00 at the offices of Smith & Duggan, or on such other date prior to December 19 agreeable to the parties, and that, at such deposition, the plaintiff shall answer the questions posed to him.

Respectfully submitted:

The Defendant,
BRIDGEWELL, INC.,
by its attorney,

*/s/ William T. Harrington*

_____
William T. Harrington (BBO No 564445)
Glynn, Landry, Harrington, & Rice, LLP
10 Forbes Road, Suite 270
Braintree, MA 02184
(781) 356-1749

Dated:  November 17, 2006

LOCAL RULE 37.1(B) CERTIFICATION

Pursuant to Local Rule 37.1(B), I herby certify that I, counsel for the defendant, conferred with *pro se* plaintiff, via telephone on November 17, 2006 in an effort to reach an agreement as to the plaintiff's deposition and other discovery issues and that the plaintiff stated that he would not submit to a deposition without being ordered by the court. I further certify that all assertions as set forth above respecting what plaintiff stated during this telephone call are true and accurate.

                                                         */s/ William T. Harrington*
                                                         William T. Harrington


LOCAL RULE 7.1(A)(2) CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), I hereby certify that I have conferred in good faith with counsel for the defendant in an attempt to resolve the issues that are the subject of this motion.

                                                         */s/ William T. Harrington*
                                                         William T. Harrington


CERTIFICATE OF SERVICE

I hereby certify that, on November 17, 2006, I filed this document with the Court electronically via the Court's CM/ECF system and that I served a copy of this documents upon each counsel and party who has appeared in the action but who has not signed up to receive electronic notice, serving a copy by first class mail.

                                                         */s/ William T. Harrington*
                                                        William T. Harrington