| | PROOF OF SERVICE | |
|---|---|---|
| | DATE | PLACE |
| SERVED | 11/21/2006 | One Ashburton Place, Room 1813 Boston MA |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| Thomas Reilly & Massachusetts Attorney General's Office | | Mail Room |
| SERVED BY (PRINT NAME) | | TITLE |
| Edward Bowser | | Process Server |

FILED
IN CLERKS OFFICE
2006 NOV 22 A 8:49
U.S. DISTRICT COURT
DISTRICT OF MASS.

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    11/21/2006
                    DATE

*[signature: Edward Bowser]*
SIGNATURE OF SERVER

200 Boston Avenue, Suite 2510
ADDRESS OF SERVER

Medford MA 02155

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF  Massachusetts Eastern Division

Albert W Bleau Jr.   V.   Bridgewell, Inc. et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  04-10469- WGY

TO: Thomas Reilly & Massachusetts Attoreny Gernal's Office

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment

| PLACE | DATE AND TIME |
|---|---|
| One Ashburton Place, 20th Floor, Boston, MAS. | December 11, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  DATE
SARAH A. THORNTON     11/14/06

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## Attachment to Federal Rule 45 Subpoena

Albert W. Bleau Jr., Plaintiff
505 Paradise Rd. #208
Swampscott, MA 01907
(781) 962-2662

Case Number: No. 04 - 10469-WGY

**DOCUMENTS REQUESTED FROM MASSACHUSETTS ATTORNEY GENERAL, THOMAS REILLY, AND FROM THE ATTORNEY GENERAL'S OFFICE**

1. Names, addresses and contact information for all individuals, organizations, including but not limited to the May Institute, Donovan Schools, Inc., JRI, Inc., Riverside, Inc., North Shore Association For Retarded Citizens, Alternative Workshop, Inc., Tri City Mental Health, Inc. Fidelity House, Inc, Spin, Inc., North Suffolk, Inc. Vinfen, Inc., Tri County Mental Health Services of Maine, Kennebec Valley Mental Health Services of Maine, United Way of Eastern Maine, Delta projects, Inc, Atlantic Management Associates, ABCD of Boston, Volunteers of America, Hegner Center, Inc., Health and Educational Services of Beverly, Inc., Cambridge Housing Authority, and Work Inc. and their employees sub contractors and board members; state and federal agencies and news services including owners and employees or reporters of the North Shore Sunday and the Boston Herald News Corporation who were given a copy or were shared the contents by staff, consultants or subcontractors including but not exclusively by Jamie Katz and Eric Carricker or by the Attorney General's Office, employees or consultants of the Roderick MacKleish and Robert Sherman Confidential Reports of December 1999 and January - February 2000 that made allegations against the plaintiff.

2. Names, addresses and contact information for all individuals, organizations, including but not limited to the May Institute, Donovan Schools, Inc., JRI, Inc., Riverside, Inc., North Shore Association For Retarded Citizens, Alternative Workshop, Inc., Tri City Mental Health, Inc. Fidelity House, Inc, Spin, Inc., North Suffolk, Inc. Vinfen, Inc., Tri County Mental Health Services of Maine, Kennebec Valley Mental Health Services of Maine, United Way of Eastern Maine, Delta projects, Inc, Atlantic Management Associates, ABCD of Boston, Volunteers of America, Hegner Center, Inc., Health and Educational Services of Beverly, Inc., Cambridge Housing Authority, and Work Inc. and their employees sub contractors and board members; state and federal agencies and news services including owners and employees or reporters of the North Shore Sunday and the Boston Herald News Corporation who were given a copy or were shared the contents by staff, consultants or subcontractors including but not exclusively by Jamie Katz and Eric Carricker or by the

1

Attorney General's Office of the GLMHRA Monitor, Robert Griffin's Confidential Report of October 2000.

3. A detailed summary of all contracts, and billing involving the firms of Greenberg and Traurig, Krokidas and Bluestein, Attorney's Robert Griffin, Robert Sherman and Roderick MacKleish and of any management consultant firms or individuals or auditors or firms used or referred by the fore mentioned firms or individuals while providing services to your office from January 1, 2000 to March 1, 2004.

4. Copies of all contracts, billing, correspondence and e-mails with Paul Cote, former CEO of GLMHRA and the Perkin's Consultant Group and any other management consultants who also worked for Defendants GLMHRA & EMHC from January 1, 2000 to March 1, 2004.

5. Copies of all reports, e-mails, correspondence, meeting notes and phone logs sent and received from the State Attorney General's Office, GLMHRA, EMHC, and with and from any state agency including but not limited to the Department of Mental Retardation (DMR) and the Department of Mental Health (DMH) and the Department of Social Services (DSS) and any of their staff, counsel, consultants or auditors that pertain to any Defendant in the March 2004 ADA complaint or to the Plaintiff including any references to his character, competence, or disability from January 1, 2000 to March 1, 2006. These should include but not be limited to meeting notes and dates and times of all meetings, e-mails and phone logs to and from Senior Staff of GLMHRA including Paul Cote, Deborah Clemente, James Cowdell, Janine Brown Smith, Elaine White, Anne Perry and Kelly Johnson, and board members Thomas Manning, Claire Jackson, Nancy Rizzo, Robert Tucker, Thomas Costin and Attorney Sam Vitali and others.

6. Copies of all reports, e-mails, correspondence, meeting notes and phone logs to and from Attorney Robert Sherman and Wayne Goglin of Van Kampen Advisors, Inc., representatives from the Bond Department at State St. Bank including but no limited to Chuck Procknow and Mullen & Company and McGladrey and Pullen staff including Partners James Mecone and John Sanella referring to the plaintiff's character, competence, employment or disability from January 1,2000 to March 1, 2004.

7. Copies of reports, e-mails, correspondence, meeting notes and phone logs to and from Roderick MacKleish, Robert Griffin, Robert Sherman, EMHC, GLMHRA and from any of their clients or their employees or board members referring to the character, competence, disability or employment of the plaintiff from August 1, 1999 to March 1, 2006.