UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2006 NOV 22 A 8: 48
U.S. DISTRICT COURT
DISTRICT OF MASS.

Albert William Bleau Jr.           :

   Plaintiff                            :

                                          :

Vs.                                      :     Civil Action
                                                  No. 04 – 10469WGY
                                            :

Bridgewell, Inc. (Greater Lynn Mental Health    :
& Retardation Association), et al,

   Defendants

## First Set Of Interrogatories
## Of Plaintiff Albert W. Bleau Jr.
## Directed To
## Defendant Bridgewell, Inc.

The plaintiff, Albert W. Beau Jr. requests that defendant, Bridgewell, Inc., answer the following interrogatories under oath.

## Interrogatories

Interrogatory No. 1

Please state all facts and identify all documents that you contend support your assertion that you attempted to negotiate the content, distribution and publication of the letter articulated in Section 2 of the Severance Agreement after November 4, 2000.

Interrogatory No. 2

Please identify each person known to Bridgewell its Board of Director's, management staff, agents, lawyers, consultants and subcontractors who you believe has or should have knowledge, documents or information concerning plaintiff's medical records, drug testing, alcoholism, drug addiction or emotional problems.

1

Interrogatory No. 3

Please provide copies of all personnel records, evaluations, correspondence, records, reports, notes in the possession of Bridgewell, its auditing firms, lawyers consultants or agents that pertain to the plaintiff's performance, competence, character or allegations of alcoholism, mental illness, emotional problems or drug addiction while employed at GLMHRA and EMHC.

Interrogatory No. 4

Do you anticipate calling an expert witness to testify at the trial of this action? If your answer to this interrogatory is yes, please state or provide:

1. the name and address of such expert;
2. the qualifications of each such expert, including education, professional training and experience, and a listing of published writings;
3. a description of the subject matter of each such expert's anticipated testimony;
4. a summary of the substance of all facts and opinions as to which you anticipate that each such expert will testify; and
5. a detailed statement of the grounds for each such opinion.

Interrogatory No. 5

Please provide documentation concerning how the reserve funds in the Employee Fringe Incentive Program were spent by GLMHRA (Bridgewell) and any documentation reports or analysis by the Department of Labor and ERISA expert consultants or attorney's s that supports GLMHRA's expenditure of these funds and also substantiate that the EFIP was in violation of ERISA guidelines as stated in the October 2000 Griffin report and the December 1999 and January-February, 2000 MacLeish and Sherman Reports.

Interrogatory No. 6

Please provide any documentation, reports or analysis by the Department of Labor and ERISA expert consultants or attorneys that contradict or support the letter, recommendations and findings of Attorney Leslie Flavin in her correspondence of

2

January 2000 that was distributed to the board, Robert Sherman, Robert Griffin, Roderick MacLeish and the Attorney General's Office and that was included as an attachment in the plaintiff's March 2004 ADA complaint.

Interrogatory No. 7

Please provide the names, telephone numbers, dates and email addresses, if available as well as the affiliation and or employer who have contacted Bridgewell's Human Resource's Department, Executive Director, James Cowdell, Board members including Robert Tucker, Executive Director, or supervisory staff from November 4, 2000 to the current time to inquire about the plaintiff's prior employment and performance while the plaintiff was Executive Director of Greater Lynn Mental Health and Retardation Association, Inc. (GLMHRA) and Eastern Massachusetts Housing Corporation (EMHC).

Interrogatory No. 8

Please provide any written statement, policy or agreed upon verbal directive that was used or given to Human Resource Staff, agents or consultants by Executive Director Paul Cote, Elaine White, James Cowdell, Anne Perry or Sue Villette or other employees under the supervision of the fore mentioned employees, consultants or agents concerning the response to be given to anyone inquiring about the plaintiff's past employment and performance at GLMHRA and EMHC.

Interrogatory No. 9

Please provide any written statement, policy or agreed upon verbal directive that was used or given to members of the Board of Directors of GLMHRA concerning the response to be given to anyone inquiring about the plaintiff's past employment and performance at GLMHRA and EMHC.

Interrogatory No. 10

Please provide any written statement, policy or agreed upon verbal directive that was used or given to members of the Board of Directors of GLMHRA concerning any

3

inquiries regarding the plaintiff's application for Chief Financial Officer in April 2001.

Interrogatory No. 11

Please provide any written statement, policy or agreed upon verbal directive that was used or given to members of the Board of Directors of GLMHRA concerning their inquiries regarding the plaintiff's application for Executive Director in 2003.

Interrogatory No. 12

Please provide any written statement, policy or agreed upon verbal directive that was developed by Attorney Laurence Donoghue or other legal counsel and shared or given to GLMHRA concerning what would be stated regarding any inquiries about the plaintiff's application for Chief Financial Officer in April 2000, Executive Director in 2003.

Interrogatory No. 13

Please provide any documentation that substantiates that GLMHRA or EMHC distributed any information to the following: Association employees, consultants or its agents, DMH, DMR, DSS, the Attorney General's Office and the Massachusetts Provider Council that refutes a statement by Elaine White to middle management and supervisory staff in February 2000 that "Al Bleau stole the retirement money."

Interrogatory No. 14

Please provide a list of all correspondence, documents, minutes and reports that were given to the Board of Directors of GLMHRA concerning the plaintiff's competence, performance and employment prior to his application for the Chief Financial Officer position in 2001 and prior to his application for the Executive Director's Position in 2003.

Interrogatory No. 15

Please provide the name of the individual (s) who destroyed the applications for the Executive Director position in 2003;

  a. and how they were destroyed and the date of the destruction of those records;

4

   b. and the written policy or directive that dictates the destruction of employment applications.

## Interrogatory No. 16

Please provide any written statement, policy or agreed upon verbal directive that was used or given to members of the press in response to their inquiries about the plaintiff's past employment and performance at GLMHRA and EMHC.

## Interrogatory No. 17

Provide the names of all reporters, news outlets and the press with the dates or approximate dates, if the actual date is not known, who have called GLMHRA its senior staff and or board members from November 4, 2000 to the present concerning plaintiff's past employment and performance at GLMHRA and EMHC including but no limited to the Lynn Daily Item, Boston Herald News Corporation, the North Shore Sunday and the Swampscott Reporter.

## Interrogatory No. 18

Did GLMHRA including its President, Robert Tucker; its Executive Director, Paul Cote; its Human Resource Director's Anne Perry and Susan Villette; its administrators, James Cowdell and Elaine White or any other senior staff from January 1, 2000 to January 1, 20006 engage in a conversation with the Executive Director, Human Resource's Manager; or Director or Commissioner of any of the following agencies or corporations, or with any local, state or federally appointed or elected officials in which the plaintiff's name was mentioned: including but not limited to the May Institute, Donovan Schools, Inc., JRI, Inc., Riverside, Inc., North Shore Association For Retarded Citizens, Alternative Workshop, Inc., Tri City Mental Health, Inc. Fidelity House, Inc, Spin, Inc., North Suffolk, Inc. Vinfen, Inc., Tri County Mental Health Services of Maine, Kennebec Valley Mental Health Services of Maine, United Way of Eastern Maine, Delta projects, Inc, Atlantic Management Associates, ABCD of Boston, Volunteers of America, Hegner Center, Inc., Health and Educational Services of Beverly, Inc., Cambridge

Housing Authority, and Work Inc. and their employees sub contractors and board members; DMH, DMR, DSS and any other state and federal agencies; news services including owners and employees or reporters of the North Shore Sunday and the Boston Herald News Corporation; the Lynn City Council, Mayor of Lynn, State senators and state representatives, Congressman John Tierney or his staff and the Swampscott Selectman?

Interrogatory No 19

If so state:

    a. the exact date and time of the conversation or the best approximate date

    b. the address, or other means of identification, of the place where the conversation took place;

    c. the name and address of each person present

Interrogatory No 20

At that time and place did GLMHRA, its employees or board members say that : "the plaintiff stole the retirement money, that there was mismanagement of GLMHRA funds; that the plaintiff drank too much and used drugs and was an alcoholic and drug addict and was mentally ill and had emotional problems and was receiving treatment?"

Interrogatory No 21

If GLMHRA's employee's or board members did not make the above statement, set forth the exact words they used concerning the plaintiff.

Interrogatory No 22

Did they intend that the words were to be understood in their normal sense by those persons in their presence?

Interrogatory No 23

If not, state:

    a. the impression you intended to convey by the use of the words;

     b. any explanatory statements you made to convey such idea or impression; and

     c. whether you used any gestures or physical movements at the time the words were uttered, and, if so, describe these gestures.

### Interrogatory No 24

Did any of the persons present make any statement concerning the plaintiff or otherwise comment on your remarks following your statement concerning plaintiff?

### Interrogatory No 25

If so, state:

     a. the name and address of each person making such comment; and

     b. what each person said.

Respectfully submitted,

_____

Albert W. Bleau Jr.
505 Paradise Rd. #208
Swampscott, MA 01907
(781) 962-2662

Dated: November 22, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon all counsel of record by First Class Mail on November 23, 2006.

_____
Albert W. Bleau Jr.

7