UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Albert William Bleau Jr.          :

   Plaintiff                      :

                                  :

   Vs.                            :      Civil Action
                                         No. 04 -- 10469WGY
                                  :

Bridgewell, Inc. (Greater Lynn Mental Health    :
& Retardation Association), et al,

   Defendants

## Motion To Reconsider Court's Order Supporting Defendant's Motion to Compel Plaintiff's Deposition On December 13, 2006

Pursuant to Rule 59 and Rule 26 the Plaintiff respectively requests that this honorable court reconsider and amend its order until such time that Defendant Bridgewell, Inc. agrees to meet and develop a joint discovery plan that is approved by the court and until such time that the court rule on plaintiff's previous and current motions to sanction defendant Bridgewell for not complying with the Discovery Plan of January 6, 2006 and for refusing to meet with the plaintiff to develop a new discovery plan and until such time that the court rules on plaintiff's motion to delay the trial for ninety days.

See attached motion to sanction the defendant dated May 30, 2006 and plaintiff's letter of November 16, 2006 to the defendant requesting a meeting to develop a joint discovery plan and the joint discovery plan of January 6, 2006.

Plaintiff additionally requests that a hearing be held to allow plaintiff the

1

opportunity to present his arguments and requests for a joint discovery plan pursuant to Rules 26.1, 26.2 and 26.3 and for sanctions under Rule 37.1 and Rule 1.3.

1. The current discovery plan is not workable due to the delays resulting from the appeal and since a sixty day extension for discovery was granted by the District Court on May 17, 2006. See Attached motion and order. These actions effectively changed the timelines for the discovery process.

2. Additionally, Bridgewell never complied with the agreed joint discovery plan and its timelines. For example, the defendant provided initial disclosures on February 7, 2006 while defendant did not provide them until March 2, 2006. Defendant took over four months to comply with plaintiff's request for documents although they had agreed in the joint discovery plan to provide them within 30 days of the request. Plaintiff requested documents on March 10, 2006 and received a list of board members on May 17, 2006 and a partial list of documents on July 25, 2006. See attached correspondence and Chronology with time lines.

3. The plaintiff filed a motion for sanctions on and with that same motion requested that discovery continue during the plaintiff's appeal of the Court's February 8, and April 6, 2006 orders.

4. The Court did not act on plaintiff's May 30, 2006 motion for sanctions and the District Court issued an order to postpone discovery during the appeal process. See attached order.

5. The defendant's request to depose the plaintiff is in violation of Rule 26 and the process agreed to in the joint discovery plan that called for the following

sequence: initial disclosures; request for documents; schedule for written questions and depositions. See attached discovery plan of January 6, 2006.

6.  The discovery process for Rule 34 and Rule 45 documents is not complete and has only recently begun due to the delays by the defendant and the order of the First Circuit.

7.  The plaintiff, if he can obtain the financial resources, will attempt to secure legal counsel during his deposition. The plaintiff had every reason to believe, based on the January 6, 2996 discovery plan's proposed sequence, that plaintiff's deposition would occur at the end of the discovery process and not at the beginning allowing him more time to secure depositions and necessary resources and legal counsel.

8.  The December 13, 2006 deposition date does not allow the plaintiff the opportunity to prepare or to secure counsel. The plaintiff also has not received any relevant documents from Rule 45 or Rule 34 that would be needed to prepare for the deposition.

For the fore mentioned facts, arguments and the accompanying attachments the plaintiff respectfully requests that the motion be granted.

Dated:  November 29, 2006                                    Respectfully submitted,


                                                             _____
                                                             Albert W. Bleau Jr.
                                                             505 Paradise Rd. #208
                                                             Swampscott, MA 01907
                                                             (781) 962-2662

3

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon all counsel of record by First Class Mail on November 30, 2006.

Albert W. Bleau Jr.

Garrick Cole
Smith & Duggan LLP
Two Center Plaza
Boston, MA 02108-1906
(617) 248-1900

Donald K. Stern
Bingham McCutchen LLP
150 Federal St.
Boston, MA 02110
(617) 951-8250

Salo Zelemeyer
Greenberg Traurig, LLP
One International Place, 20th floor
Boston, MA 02110

William T. Harrington
Glynn, Landry, Harrington,
& Rice, LLP
10 Forbes Rd.,
Suite 270
Braintree, MA 02184