# SMITH & DUGGAN LLP
### ATTORNEYS AT LAW

TWO CENTER PLAZA
SIXTH FLOOR
BOSTON, MA 02108-1906
TEL 617.228.4400
FAX 617.248.9320

CHRISTINA SCHENK-HARGROVE
CSchenkHargrove@SmithDuggan.com
DIRECT DIAL: 617.228.4409
BOSTON OFFICE

LINCOLN NORTH
55 OLD BEDFORD ROAD
LINCOLN, MA 01773-1125
TEL 617.228.4400
FAX 781.259.1112

2 February 2006

Albert W. Bleau, Jr.
505 Paradise Road
Apt. 208
Swampscott, MA 01907

  Re: Albert William Bleau, Jr.
  vs. Greater Lynn Mental Health
    & Retardation Association et al
    Civil Action No. 04-10469REK

Dear Mr. Bleau:

  Enclosed please find a copy of the Joint Discovery Plan filed with the Court today.

          Sincerely,

          Christina Schenk-Hargrove

Enclosures

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Albert William Bleau, Jr., :
:
      Plaintiff, :
:
vs. :  Civil Action
:  No. 04-10469
:  JLT(REK)
:
Greater Lynn Mental Health :
& Retardation Association, Inc., :
et al. :
:
      Defendants. :

### Joint Proposed Discovery Plan

    Defendant Bridgewell, Inc., (formerly Greater Lynn Mental Health & Retardation Assoc.) and plaintiff Albert William Bleau, Jr., having met and conferred, submit the following proposed discovery plan pursuant to Fed.R.Civ.P. 26(f) and 16(b) and (c).

| | |
|---|---|
| Rule 26(a)(1) Initial Disclosures completed | 2/3/06 |
| Rule 33 Interrogatories served by | 2/17/06 |
| Rule 34 Requests for Documents served by | 2/17/06 |
| Rule 33 and 34 responses completed by | 3/21/06 |
| Rule 31 Depositions Upon Written Questions Notices served on or after | 4/1/06 |
| Rule 30 Depositions completed by | 7/14/06 |

The parties are unable to agree on what changes, if any, should be made to the limitations on discovery imposed under the Federal Rules or by local rule or what other limitations should be imposed. Fed.R.Civ.P. 16(f)(3). The parties therefore request that the Court at this time take up consideration of the 23 November 2005 motion of Mr. Bleau to expand discovery (Docket No. 94) and Bridgewell's opposition thereto and motion for a protective order, which will be filed shortly. The parties also respectfully request that the Court rule on these matters by March 1, 2006, to give the parties time to complete discovery as ordered.

Finally, the parties state that Mr. Bleau has presented a settlement proposal as required by Local Rule 16.1(C), and Bridgewell has declined to pursue settlement on those terms. At the plaintiff's request, a copy of his written settlement demand is attached as exhibit 1.

Respectfully submitted,                    Respectfully submitted,
                                           Bridgewell, Inc.
                                           by its attorneys


/s/Albert Bleau                            /s/ Christina Schenk-Hargrove
Albert William Bleau, Jr.                  Garrick F. Cole
505 Paradise Road                          BBO No. 091340
Apt. 208                                   Christina Schenk-Hargrove
Swampscott, MA 01907                       BBO No. 645164
(781) 962-2662
                                           Smith & Duggan LLP
                                           Two Center Plaza, Suite 620
                                           Boston, MA 02108-1906
                                           (617) 228-4400


Date: 2 February 2006

# FAX COVER SHEET

| | |
|---|---|
| FAX NUMBER | 16172489320 |
| FROM | paul bleau |
| DATE | 2006-01-31 16:41:52 GMT |
| RE | Discovery Motion and proposed Agreement |

### COVER MESSAGE

Christine. Here is my proposed settlement offer. Please include it in the Motion for Discovery. Al

Case 1:04-cv-10469-WGY   Document 143-5   Filed 11/29/2006   Page 6 of 7

To: Christine Shenk-hargrove   Page 2 of 3        2006-01-31 16:53:17 (GMT)        17816230264 From: paul bleau
Case 1:04-cv-10469-REK   Document 106   Filed 02/02/2006   Page 2 of 3

Albert W. Bleau Jr.

505 Paradise Rd. #208
Swampscott, Ma 01907
781 962-2662

January 31, 2006

Atty. Christine Schenk-Hargrove
Smith & Duggan
Boston, Mass

Dear Atty. Hargrove:

Please include my offer in the Discovery Motion. My proposal for settling the suit is as follows:

## FINANCIAL

1. **$300,000 cash payment within 60 days.** Bridgewell should attempt to secure $100,000 of this settlement from Attorney's MacKleish, Sherman, Griffin and auditor's Mecone and Sanella since their combined billing to GLMHRA exceeded $400,000 where prior billing to GLMHRA over a 24 year period never exceeded $25,000.

2. **$80,000 each year for 20 years.** Bridgewell should attempt to secure $40,000 per year of this settlement from Attorney's MacKleish, Sherman, Griffin and auditor's Mecone and Sanella. Plaintiff has agreed to accept an offer to be Bridgewell's broker of record for their health, life and disability insurance in place of annual payments under this section. In this capacity, he has pledged to prepare and submit at least three competing bids each year, informational meetings for staff and other needed supports.

3. **$10,000 toward a family medical, disability and Life plan adjusted for inflation annually.**

## NON FINANCIAL

1. **Special Edition of the Bridgewell Newsletter** will be written within 60 days chronicling the history of the GLMHRA and EMHC with specific focus on the plaintiff's and his staff's accomplishments from 1974 to 2000. The first draft will be written by the plaintiff and will not be changed except for inaccuracies. Bridgewell will write successes since January 1, 2001 and will not defame the plaintiff or print any inaccurate statements. The plaintiff's portion will comprise two-thirds of the newsletter.

1

To: Christine Shenk-hargrove    Page 3 of 3          2006-01-31 16:53:17 (GMT)          17816230264 From: paul bleau

Case 1:04-cv-10469-REK    Document 106    Filed 02/02/2006    Page 3 of 3

2. **The proposed newsletter** will be mailed to Bridgewell's current newsletter list, and all former and past employees and board members and elected officials in those cities and towns where Bridgewell programs are located and to all Commissioners and regional and local and area directors of state and federal agencies that provide funding for Bridgewell programs.

3. **Defamation** Bridgewell agrees not to defame the plaintiff and agrees to take action against any employee, consultant including auditors and attorneys or board member who defames the plaintiff including termination of employment, termination of the consultant contract and removal from the Board. Bridgewell agrees to respond promptly and will investigate all plaintiff's complaints of defamation.

Defamation shall include any statement that the plaintiff mismanaged GLMHRA's or EMHC's contracts or assets or that he "stole the retirement money" or that the self- insured plan was a violation of ERISA or that the plaintiff was unable to perform his duties and that he left GLMHRA for any other reason other then to start his own business or that he left EMHC for any other reason except because of a voluntarily resignation so the new Executive Director would have control over both corporations as he had had while he was Executive Director of GLMHRA and EMHC.

Plaintiff agrees not to defame the plaintiff or accuse them of fund mismanagement and RICO.

Each party agrees that redress for any violation will be through negotiation and failing negotiation through the Courts and that neither party will take any unilateral action to deny the other the fruits of the agreement. Bridgewell agrees not to cut or reduce any payments or terminate any contract with the plaintiff for the duration of the agreement without a judgment of the Court.

4. **Confidentiality** Each party agrees to have this agreement remain confidential.

Sincerely,

Albert W. Bleau Jr.