UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT WILLIAM BLEAU, JR., )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>BRIDGEWELL, INC., )<br>)<br>Defendant ) | CIVIL ACTION<br>NO. 04-10469-WGY |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S SEPARATE MOTIONS FOR SANCTIONS, TO DELAY TRIAL, AND FOR RECONSIDERATION

The defendant, Bridgewell, Inc. ("Bridgewell"), hereby opposes the following motions of the plaintiff that were filed earlier today: (1) Motion to Sanction Defendant Bridgewell, Inc. *(Docket No. 141)*; (2) Motion to Delay Trial for Ninety Days to Allow Additional Time for Discovery *(Docket No. 142)*; and (3) Motion to Reconsider Court's Order Supporting Defendant's Motion to Compel Plaintiff's Deposition on December 13, 2006 *(Docket No. 143)*.

In opposition to these Motions, Bridgewell states as follows:

1. This pro se action was filed in March 2004. In it, Plaintiff seeks recovery against Bridgewell, his former employer, for its failure to rehire him when he reapplied to fill his former position, following his departure and entry into a Severance Agreement in November 2000 pursuant to which he received over $100,000 in compensation. Plaintiff's departure was at the directive of the Massachusetts Attorney General's Office, which was investigating allegations of financial improprieties by Plaintiff. Plaintiff claims that Bridgwell's failure to rehire him when he reapplied was based on Plaintiff's perceived alcoholism and drug addiction. Plaintiff also

asserts that Bridgewell disparaged his reputation following entry into the Severance Agreement. Bridgewell denies the allegations.

2.  On February 2, 2006, the parties filed a Joint Discovery Plan (Docket No. 106). Accordingly, Plaintiff's assertion that Bridgewell has failed to comply with the requirement of Fed. R. Civ. P. 26(f) to develop such a plan is meritless.

3.  Moreover, there is simply no need to develop a revised Joint Discovery Plan. Since filing the plan in February, the parties have exchanged initial disclosures and written discovery requests, Bridgewell has responded to Plaintiff's First Request for Documents and has produced over 500 pages of documents to Plaintiff[1], and Plaintiff has answered Bridgewell's interrogatories and responded to its documents requests.

4.  Accordingly, discovery is proceeding and will continue to proceed and should be completed well within time for trial.

5.  In the recent telephone conference on November 17, Plaintiff made clear that he believes that Bridgewell owes him additional documents and that he does not believe that any depositions should be held until he is satisfied with the document response. As counsel for Bridgewell articulated during this conference, Bridgewell stands by its objections as set forth in its written response to Plaintiff's Request for Documents, particularly its objections that the requests are overbroad and not reasonably calculated to lead to admissible evidence.

6.  Bridgewell states that this is no basis to delay further the depositions in this action and that Plaintiff has had and still has ample time to conduct whatever depositions he wishes before the final pre-trial conference is held in February. Bridgewell suggests that Plaintiff's current motions are simply his most recent attempt to delay his deposition and the trial.

---

[1] As Plaintiff never served any interrogatories until November 24, 2006, Bridgewell has not answered these yet, but plans to timely answer them.

2

WHEREFORE, Bridgewell respectfully requests that this Court deny the Plaintiff's Motion to Sanction *(Docket No. 141)*; Motion to Delay Trial *(Docket No. 142)*; and Motion to Reconsider *(Docket No. 143)*.

Respectfully submitted,

The Defendant,

BRIDGEWELL, INC.,
By its attorneys,

*/s/ William T. Harrington*
William T. Harrington (BBO No 564445)
Glynn, Landry, Harrington, & Rice, LLP
10 Forbes Road, Suite 270
Braintree, MA 02184
(781) 356-1749


*/s/ Edward P. Harrington*
Edward P. Harrington
8 Winter Street, 12th Floor
Boston, MA 02108
(617) 423-5959


CERTIFICATE OF SERVICE

I herby certify that, on November 30, 2006, I filed this document with the Court electronically via the Court's CM/ECF system and that I served a copy of this document upon the pro se plaintiff both by first class mail and by e-mail.

*/s/ William T. Harrington*
William T. Harrington