UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT WILLIAM BLEAU, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRIDGEWELL, INC. et. al, )<br>)<br>Defendants. )<br>) | Civil Action. NO. 04-10469WGY |

### ATTORNEY GENERAL'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

The Attorney General objects to Plaintiff's Motion to Compel Discovery from the Massachusetts Attorney General, Thomas Reilly (Document 140-1) on the following grounds:

1. The Attorney General received a third party subpoena from plaintiff Albert William Bleau, Jr. ("Plaintiff") on March 21, 2006. Attachment I to Document 133.

2. On April 3, 2006, the Attorney General mailed Plaintiff a letter objecting to the subpoena pursuant to F. R. Civ. P. 45(c) (2)(B). In that letter, the Attorney General stated:

> The Attorney General objects to the subpoena on the grounds that it was not issued by either the clerk or an attorney, in violation of Fed. R. Civ. P. 45 (a) (3). In addition, service was not properly effectuated by delivery, and I understand that prior notice of the subpoena was not served on each party, as required by Fed. R. Civ. P. 45 (b)(1).
>
> The Attorney General also objects that the subpoena request is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request also encompasses law enforcement investigative and prosecutorial records and work product, as to which the Attorney General claims a privilege. The Attorney General also objects to the production of grand jury materials.

1

Attachment II to Document 133.

3. The Attorney General received a letter from Plaintiff dated April 8, 2006, objecting to the Attorney General's April 3, 2006 Rule 45(c) (2)(B) letter. Plaintiff's letter speculates about many theories which Plaintiff asserts demonstrate that his subpoena seeks relevant documents in the Attorney General's possession. Attachment 1. Neither Plaintiff's letter nor his Motion to Compel Discovery responds to any of the remaining objections asserted by the Attorney General in his April 3, 2006 letter.

4. Nothing in either Plaintiff's letter or his Motion to Compel Discovery demonstrates that the documents sought by his subpoena are reasonably calculated to provide admissable evidence. "Mere speculation as to the content of documents is hardly a showing of relevance." United States v. Concemi, 957 F.2d 942, 949 (1st Cir. 1992) (statement that defendant "believes" documents would show bank's lending policy was insufficient to support discovery; subpoena properly quashed). See also Heidelberg Americas v. Tokyo Kikai Seisakusho, 333 F.3d 38, 41 (1st Cir. 2003) ("A litigant may not engage in merely speculative inquiries in the guise of relevant discovery") (quoting Micro Motion, Inc. v. Kane Steel Co., Inc., 894 F.2d 1318, 1328 (Fed. Cir. 1990)).

5. Plaintiff has never sought a discovery conference concerning the Attorney General's objections to his subpoena pursuant to Local Rule 37.1. Nor has Plaintiff sought to resolve or narrow the issues raised by the Attorney General's objections to his subpoena pursuant to Local Rule 7.1 A (2).

2

WHEREFORE, the Attorney General respectfully requests that this Honorable Court deny Plaintiff's Motion to Compel Discovery from the Massachusetts Attorney General, Thomas Reilly.

> RESPECTFULLY SUBMITTED,
>
> THOMAS REILLY
> ATTORNEY GENERAL
>
> By: */s/ Eric Carriker*
>
> Eric Carriker, BBO # 075820
> Assistant Attorney General
> Acting Chief, Public Charities Division
> One Ashburton Place, Room 1813
> Boston, MA 02108
> Tel: (617) 727-2200, Ext. 2113
> Fax: (617) 727-2920

Dated: December 11, 2006

### CERTIFICATE OF SERVICE

I, Eric Carriker, hereby certify that on this 11th day of December, 2006, I served a copy of the foregoing by U.S. mail, postage prepaid, upon the plaintiff, Albert W. Bleau, Jr., 505 Paradise Road, # 208, Swampscott, Massachsusetts 01907 and upon the attorney of record for each other party.

*/s/ Eric Carriker*
Eric Carriker