UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN CLERKS OFFICE

2006 DEC 15 P 2: 16

U.S. DISTRICT COURT
DISTRICT OF MASS.

Albert William Bleau Jr.

    Plaintiff

Vs.

Bridgewell, Inc. (Greater Lynn Mental Health
& Retardation Association), et al,

    Defendants

Civil Action
No. 04 – 10469WGY

### Plaintiff's Motion For Reconsideration Of The Court's Order Of December 4, 2006 Denying Plaintiff's Motion To Delay The Trial And To Order A Joint Discovery Plan

Plaintiff, Albert W. Bleau Jr., respectfully requests reconsideration of the December 4, 2006 Order of the Court denying plaintiff's request to delay the trial to allow additional time for discovery and denying plaintiff's motion to order that a joint discovery plan be developed. Plaintiff further requests that the court consider the plaintiff's objection and attachments filed on December 4, 2006 including the Affidavit of Martena Fallon in making its decision to reconsider the December 4, 2006 order.

The plaintiff makes this request under Rule 59 of the Federal Rules of Civil Procedure and in the alternative under Rule 60. The plaintiff's objection and specially the Martena Fallon Affidavit constitute new information not readily available to the plaintiff when plaintiff filed his motions on November 29, 2006.

**Facts and Argument**

1) The court ruled on plaintiff's motions at 2:50 pm on December 4, 2006

2) The plaintiff filed an objection to Defendant's opposition to plaintiff's motions for delay of the trial and for a hearing to develop a joint discovery plan and for sanctions at 3:42 pm on December 4, four days after defendant filed its

1

objections with the court.

    3)   The court did not consider the plaintiff's objection or the Martena Fallon Affidavit when the court made its decision.

    4)   The plaintiff had previously requested electronic filing from the court and his request was never acted upon by the court. This has created a substantial disadvantage and expense for the plaintiff who does not receive court orders and record of filings for two to three days and sometimes up to five days if the filing occurs on a Friday. Plaintiff then has to receive permission to leave work, lose very needed income and drive into Boston to file motions and objections.

    5)   Plaintiff's mother in law was operated on her fractured leg on Monday, December 11, 2006 in Finland. This was a complicated procedure that required the grafting of part of her hip bone to her leg and she is expected to remain in the hospital for up to five weeks. This necessitates that the plaintiff and plaintiff's wife can not cancel their holiday trip scheduled from December 19, 2006 to January 5, 2006 so the plaintiff can comply with the accelerated discovery process prescribed by the court and supports plaintiff's request to delay the trial and for a hearing to develop a joint discovery plan. See attached itinerary.

    6)   Plaintiff participated in a deposition as compelled by the court from 10am to 5:30pm on December 13, 2006 and did so without the opportunity to have counsel present since the plaintiff did not have the funds or sufficient time to recruit and hire counsel. If plaintiff were able to arrange for counsel, there would have been insufficient time for counsel to read the file and prepare for the deposition. The plaintiff believes that the deposition should have occurred after documents had been exchanged and Interrogatories had been completed. The deposition, therefore, should not be used in trial or for summary judgment by the defendant.

    7)   Plaintiff called attorney James Caroll of the law firm of Centrullo and Capone and was unsuccessful in arranging for him or other counsel to represent the

2

plaintiff at the deposition.

8) The deposition was scheduled at a time not convenient for the plaintiff since plaintiff lost $800 in consultant income. The plaintiff had requested that the deposition be scheduled after 4pm on a weekday or on a Saturday or Sunday and defendant refused.

For the aforementioned reasons and the objection filed on December 4th with attachments including the Martena Fallon Affidavit, the plaintiff requests that his motion be granted.

                                              Respectfully submitted,

                                              Albert W. Bleau Jr.
                                              505 Paradise Rd. #208
                                              Swampscott, MA 01907
                                              (781) 962-2662

Dated: December 15, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon all counsel of record by First Class Mail on December 15, 2006.

_____
Albert W. Bleau Jr.

Garrick Cole
Smith & Duggan LLP
Two Center Plaza
Boston, MA 02108-1906
(617) 248-1900

Donald K. Stern
Bingham McCutchen LLP
150 Federal St.
Boston, MA 02110
(617) 951-8250

Salo Zelemeyer
Greenberg Traurig, LLP
One International Place, 20th floor
Boston, MA 02110

William T. Harrington
Glynn, Landry, Harrington,
& Rice, LLP
10 Forbes Rd.,
Suite 270
Braintree, MA 02184