UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN CLERKS OFFICE

2006 DEC 19 P 2: 54

U.S. DISTRICT COURT
DISTRICT OF MASS.

Albert William Bleau Jr.       :

   Plaintiff                  :

                                      :

   Vs.                        :     Civil Action
                                               No. 04 – 10469WGY

                                      :

Bridgewell, Inc. (Greater Lynn Mental Health        :
& Retardation Association), et al,

   Defendants

## Motion For Appointment Of Counsel

    The plaintiff respectfully requests the appointment of counsel. During plaintiff's Appeal of the February 8, 2006 order, the Appeals Court agreed that the plaintiff could proceed forma pauperis. The plaintiff's financial situation has not improved since plaintiff's filing of plaintiff's financial report and motion to proceed faux pauperis.

    The plaintiff has contacted numerous local and Boston Area law firms as well as the College and university law schools and has been able to receive legal counsel pro bono or for contingency. Plaintiff has also attempted to have counsel provided by the insurance policy available to the plaintiff from the former employer, Bridgewell.

    The plaintiff requires assistance from the Marshall's Service to effect service during the discovery process and requires assistance with electronic filing of motions and objections. Currently the plaintiff is required to leave work unpaid and drive and park in Boston to file motions and objections. This has resulted in delays that has penalized the plaintiff and caused financial duress.

1

The plaintiff is not familiar with the discovery process and needs assistance with written questions, depositions, admissions and objections and protective orders and needs legal counsel during plaintiff's proposed rescheduled deposition.

The plaintiff is not an officer of the court and unless the court designates him a temporary officer of the court, the plaintiff can not conduct depositions or written questions or issue a summons. The plaintiff has no resources to pay for private counsel.

In the alternative of providing pro se counsel, the plaintiff requests that Marshall Service be provided and that pro se counsel issue summons and accept e-mailed and mailed motions, objections and summons from the plaintiff and file them on his behalf and to notify and submit e-mail to the plaintiff of all motions and filings and orders of the court when they are filed or so ordered and provide legal advice to the plaintiff regarding discovery.

Without the support of counsel and Marshall Service, the plaintiff will not be able to exercise plaintiff's rights and receive justice through this court process and plaintiff respectfully requests that plaintiff's motion is granted.

Dated: December 19, 2006

Respectfully submitted,

Albert W. Bleau Jr.
505 Paradise Rd. #208
Swampscott, MA 01907
(781) 962-2662

2

**CERTIFICATE OF SERVICE**

                                                              I hereby certify that a true copy of the above document was served upon all counsel of record by First Class Mail on December 19, 2006.

                                                              Albert W. Bleau Jr.

| | |
|---|---|
| Garrick Cole<br>Smith & Duggan LLP<br>Two Center Plaza<br>Boston, MA 02108-1906<br>(617) 248-1900 | Donald K. Stern<br>Bingham McCutchen LLP<br>150 Federal St.<br>Boston, MA 02110<br>(617) 951-8250 |
| Salo Zelemeyer<br>Greenberg Traurig, LLP<br>One International Place, 20th floor<br>Boston, MA 02110 | William T. Harrington<br>Glynn, Landry, Harrington,<br>& Rice, LLP<br>10 Forbes Rd.,<br>Suite 270<br>Braintree, MA 02184 |