UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 DEC 19 P 2: 54

U.S. DISTRICT COURT
DISTRICT OF MASS.

Albert William Bleau Jr.

    Plaintiff

Vs.                      :          Civil Action
                             No. 04 – 10469WGY

Bridgewell, Inc. (Greater Lynn Mental Health
& Retardation Association), et al,

    Defendants

## Motion That Plaintiff's Deposition Of December 13, 2006 Be Delivered To The Court And Impounded And Placed Under Seal

    Pursuant to Local Rule 7.2, the plaintiff respectfully requests that the deposition given by plaintiff on December 13, 2006 be delivered to the court, impounded and placed under seal.

    The plaintiff requests that the court order defendant Bridgewell to direct the Company that provided stenographic services at the deposition to deliver the completed deposition to the court and that Bridgewell be ordered not to copy the deposition or distribute or share the deposition with other parties and to deliver any copy of the deposition in their possession to the court.

    The plaintiff further requests the defendant Bridgewell be ordered to keep the deposition confidential until the court decides whether the deposition is admissible and whether it should be kept impounded and under seal and whether a new deposition should be conducted when the plaintiff has the benefit of counsel.

1

**Facts and Argument**

1. Plaintiff participated in a deposition as compelled by the court from 10am to 5:30pm on December 13, 2006 and did so without the opportunity to have counsel present since the plaintiff did not have the funds or sufficient time to recruit and hire counsel. If plaintiff were able to arrange for counsel, there would have been insufficient time for counsel to read the file and prepare for the deposition. The plaintiff believes that the deposition should have occurred after documents had been exchanged and Interrogatories had been completed. The deposition, therefore, should not be used in trial or for summary judgment by the defendant.

2. Counsel for defendant Bridgewell informed the plaintiff that he had to answer all questions asked. The plaintiff did not know what information should be considered privileged or inappropriate and what questions he was required to answer or how he should answer them.

3. Most questions revolved around the pre Severance Agreement issues, that is prior to November 4, 2000. The plaintiff found this to be unusual since defendant Bridgewell and former defendants MacLeish, Sherman and Griffin have refused to release any information or documents pre November 4, 2000.

4. The deposition also included many personal questions some of which had nothing to do with the case such as where I met my wife, how long I have been married and where she worked and now works, and past marriages. In many instances, the plaintiff was not able to expand or explain his answer. Most of the personal questions included counseling and other protected medical information and most of this was pre severance agreement.

5. Additionally, the plaintiff was not permitted to rely on his notes, motions and affidavits and was given very little time to reflect and give accurate answers and

2

time lines. Defendant's counsel seemed to be in a rush especially if the answers were not to the benefit of Bridgewell.

6. The plaintiff came with his lap top that contained all motions, affidavits and correspondences and it was readily available to the plaintiff, but he was not allowed to access it and was required to rely on memory for all answers. At the end of the disposition and after questions were asked, the defendant presented copies of affidavits and documents and requested the plaintiff to verify them.

7. Defendant's counsel took advantage of the plaintiff since plaintiff was unrepresented by counsel.

For the fore mentioned facts and argument, the plaintiff requests that the motion be granted.

Dated: December 19, 2006

Respectfully submitted,

Albert W. Bleau Jr.
505 Paradise Rd. #208
Swampscott, MA 01907

(781) 962-2662

**CERTIFICATE OF SERVICE**

                                        I hereby certify that a true copy of the above document was served upon all counsel of record by First Class Mail on December 19, 2006.

                                        Albert W. Bleau Jr.

Garrick Cole  
Smith & Duggan LLP  
Two Center Plaza  
Boston, MA 02108-1906  
(617) 248-1900

Donald K. Stern  
Bingham McCutchen LLP  
150 Federal St.  
Boston, MA 02110  
(617) 951-8250

Salo Zelemeyer  
Greenberg Traurig, LLP  
One International Place, 20th floor  
Boston, MA 02110

William T. Harrington  
Glynn, Landry, Harrington,  
& Rice, LLP  
10 Forbes Rd.,  
Suite 270  
Braintree, MA 02184