UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT WILLIAM BLEAU, JR., ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> BRIDGEWELL, INC., ) <br> ) <br> Defendant ) <br> ) | CIVIL ACTION <br> NO. 04-10469-WGY |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO IMPOUND AND SEAL DEPOSITION**

The defendant, Bridgewell, Inc. ("Bridgewell"), hereby opposes the plaintiff's Motion that Plaintiff's Depositon of December 13, 2006 Be Delivered to the Court and Impounded and Placed Under Seal. In opposition, Bridgewell states that the plaintiff asserts no compelling reason for such extraordinary relief. Moreover, as the plaintiff's Motion attacks the integrity of counsel, Bridgewell will specifically address several assertions in the plaintiff's Motion.

1. At no time during the depositon did counsel seek privileged information. If memory serves, counsel cautioned the plaintiff about disclosing private communications he had with his former counsel (back in 2000).[1] Counsel did ask some very limited questions concerning the plaintiff's counseling, as the plaintiff is seeking emotional distress damages in this lawsuit, and therefore has waived his privilege to that extent. Moreover, despite the plaintiff's assertion that Bridgewell failed to rehire

---

[1] As the deposition has not yet been transcribed, no page references are available and counsel is proceeding from memory.

him and regarded him as disabled because of knowledge it acquired through his medical records, the plaintiff outright refused to disclose what medical information he claims Bridgewell learned.

2.   Contrary to the plaintiff's assertion, most of the questions did not concern issues prior to the plaintiff's execution of the Separation Agreement and General Releases (the "Settlement Agreement") on November 6, 2000.  For instance, counsel asked few if any questions regarding the underlying allegations against the plaintiff that caused the Massachusetts Attorney General's Office to become involved and to threaten placing Bridgewell into receivership in the Spring of 2000.  However, as plaintiff makes assertions as to what was represented to him prior to his signing the Settlement Agreement, the parties' negotiations of the Settlement Agreement from April to November 2000 are relevant to this action and, therefore, were inquired into.  Moreover, the fact that the plaintiff was terminated from his position and that it was done in the context of an Attorney General investigation were also inquired into as such facts are relevant to the issue of whether Bridgewell discriminated against the plaintiff when, after signing the Settlement Agreement and receiving over $100,000 in compensation, the plaintiff reapplied for his old job and Bridgewell did not rehire him.

3.   The personal questions that the plaintiff complains of were standard biographical type questions common in depositions.

4.   Counsel agrees that, near the end of the depositon, he had the plaintiff authenticate various letters and affidavits he has written.  There is nothing improper about this practice.  Given the plaintiff's repeated failure to answer questions as asked

and his habit of providing long-winded unresponsive answers, counsel did not have time to inquire specifically into various statements the plaintiff made in his letters. Instead, counsel chose to have plaintiff authenticate them. At the end of the depositon, counsel provided the plaintiff with a copy of all documents referred to.

5. Bridgewell strongly objects to any suggestion that counsel took any undue advantage of the plaintiff because he was unrepresented by counsel. Moreover, the failure of the plaintiff to have counsel is solely attributable to himself, as he has had almost three years to retain counsel and has failed to do so.

WHEREFORE, Bridgewell respectfully requests that this Court deny the Plaintiff's Motion that Plaintiff's Depositon of December 13, 2006 Be Delivered to the Court and Impounded and Placed Under Seal (Docket No. 152).

Respectfully submitted,

The Defendant,

BRIDGEWELL, INC.,
By its attorneys,

/s/ William T. Harrington
William T. Harrington (BBO No 564445)
Glynn, Landry, Harrington, & Rice, LLP
10 Forbes Road, Suite 270
Braintree, MA 02184
(781) 356-1749

/s/ Edward P. Harrington
Edward P. Harrington
8 Winter Street, 12th Floor
Boston, MA 02108
(617) 423-5959

CERTIFICATE OF SERVICE

  I herby certify that, on December 19, 2006, I filed this document with the Court electronically via the Court's CM/ECF system and that I served a copy of this document upon the pro se plaintiff both by first class mail and by e-mail.

               */s/ William T. Harrington*
               William T. Harrington