UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ALBERT WILLIAM BLEAU, JR.,<br>   Plaintiff<br><br>v.<br><br>BRIDGEWELL, INC., et al,<br>   Defendants | CIVIL ACTION<br>NO. 04-10469-WGY |

## DEFENDANT BRIDGEWELL'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, the defendant, Bridgewell, Inc., (formerly the Greater Lynn Mental Health and Retardation Association and hereinafter referred to as "Greater Lynn"), hereby moves for summary judgment, stating as follows:

By a series of orders by the Court, Keeton, J., on various dispositive motions of the parties, all defendants except Greater Lynn have been dismissed and the only claims remaining against Greater Lynn are:

1. ADA and Rehabilitation Act claims to the extent they arose after the execution of the Separation Agreement in November 2000.

2. Defamation claims to the extent they arose after the execution of the Separation Agreement in November 2000.

3. Claim for breach of Paragraph 2 (issuance of letter re departure) of the Separation Agreement from the time of the Separation Agreement until April 11, 2001, when Bleau materially breached the Agreement; and

4. Claim for breach of Paragraph 5C of the Separation Agreement (tuition payments) from the time of the Separation Agreement until April 11, 2001.

*Docket No. 93, at 12, 14-15; see also Docket No. 109, at 5; Docket No. 123, at 4.*

Now that the parties have engaged in discovery, Greater Lynn is moving for summary judgment, stating that no issue of material fact exists with respect to any of the remaining claims and, taking the evidence in the light most favorable to the plaintiff, Greater Lynn is entitled to

judgment as a matter of law. Specifically, Greater Lynn states as follows:

1.  Bleau's voluntary filing for Chapter 7 bankruptcy on July 2, 2003 judicially estoppes him from asserting his claims arising before July 2, 2003, as he failed to disclose his causes of action to the bankruptcy court. *Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.), Inc.*, 989 F.2d 570 (1st Cir. 1993).

2.  Bleau cannot establish a prima facie case of disability discrimination based on Greater Lynn's failure to rehire him when he applied in August 2003. There is no evidence that Greater Lynn perceived Bleau as suffering from an impairment that substantially limited a major life activity, or that, in assessing Bleau's August 2003 application, Greater Lynn based its decision on any perceived disability. *Sullivan v. Nieman Marcus Group, Inc.*, 358 F.3d 110, 117 (1st Cir. 2004).

3.  Regardless, Greater Lynn has established a legitimate non-discriminatory reason for its decision not to rehire him. *Clifford v. Barnhart*, 449 F.3d. 276, 280-281 (1st Cir. 2006). Greater Lynn had terminated Bleau in 2000. At the time, the Public Charities Division of the Attorney General's Office was investigating Greater Lynn and had identified Bleau as the person who had created the financial and management difficulties and who had made improper expenditures of state contract funds, misused retirement funds, and had caused Greater Lynn to submit incorrect financial reports to the Massachusetts Departments of Mental Health and Mental Retardation. The Pubic Charities Division had informed Greater Lynn that unless, *inter alia*, Greater Lynn replaced Bleau, it would seek to place Greater Lynn into receivership. The Criminal Division of the Attorney General's Office also had informed Greater Lynn that it had opened a criminal investigation into Bleau. In November 2000, Greater Lynn and Bleau entered into a Separation Agreement under which Bleau received over $100,000 in compensation. Greater Lynn intended the Agreement to end its relationship with Bleau. In 2003, the search

2

committee to select a new executive director received over 120 applications and Bleau's was not considered by any member of the committee as being worthy of further evaluation. Others were deemed more qualified and the committee and Greater Lynn were looking to hire someone that had no prior involvement with Greater Lynn, given the recent controversies. No member of the committee ever expressed any belief that Bleau was suffering from any disability.

4. Bleau also cannot establish a claim of retaliation. The only adverse employment action involved is Greater Lynn's failure to rehire in 2003. *Wright v. CompUSA, Inc.*, 352 F.3d 472, 478 (1st Cir. 2003). As discussed above with respect to the discrimination claim, there is simply no evidence that Greater Lynn decided not to rehire Bleau because he had filed an EEOC complaint close to three years earlier.

5. Bleau's defamation claim also fails. Bleau admits that he has no personal knowledge of anyone from Greater Lynn making any disparaging remark about him since the Separation Agreement. *Undisputed Facts,* ¶¶ *65-66, 70, 75, 79, 83, 85, 87-88, 90-91, 93, 94, 95.* He simply has no competent evidence that someone from Greater Lynn, since the Separation Agreement, made a false statement to a third party about Bleau that would tend to damage his reputation in the community. *White v. Blue Cross and Blue Shield of Massachusetts, Inc.*, 442 Mass. 64, 66 (2004), and cases and authority cited.

6. Bleau cannot show that Greater Lynn breached (before April 11, 2001) the Separation Agreement's provision that Greater Lynn send out a letter to its newsletter list stating that Bleau resigned to pursue other interests. First, Bleau is not seeking to enforce this provision but, instead, is seeking to enforce an alleged prior oral promise to send out a multi-page announcement listing Bleau's accomplishments. However, the plain language of the fully-integrated Separation Agreement forecloses Bleau's reliance of this alleged oral promise. Moreover, after the Agreement was signed, Bleau made clear to Greater Lynn that he did not

3

want a letter to be sent out that was consistent with the Agreement, but wanted a lengthy announcement listing his accomplishments.

7.      Bleau has conceded that he never incurred any qualified tuition expenses from November 2000 until April 2001 and, pursuant to the law of the case, his claim for violation of Paragraph 5C of the Separation Agreement fails.

In further support, the defendant refers to the accompanying Memorandum of Law and supporting Affidavits and Exhibits.

## REQUEST FOR HEARING

Pursuant to Local Rule 7.1(D), Greater Lynn requests a hearing on this motion.

WHEREFORE, the defendant respectfully requests that this Court grant it summary judgment and dismiss the plaintiff's complaint.

Respectfully submitted,

The Defendant,
BRIDGEWELL, INC.,
by its attorneys,

*/s/ William T. Harrington*
William T. Harrington (BBO No 564445)
Glynn, Landry, Harrington, & Rice, LLP
10 Forbes Road, Suite 270
Braintree, MA 02184
(781) 356-1749

*/s/ Edward P. Harrington*
Edward P. Harrington (BBO No. 559482)
8 Winter Street, 12th Floor
Boston, MA 02108
(617) 423-5959

Dated: January 18, 2007

4

LOCAL RULE 7.1(A)(2) CERTIFICATION

      Pursuant to Local Rule 7.1(A)(2), I hereby certify that I have conferred in good faith with counsel for the defendant in an attempt to resolve the issues that are the subject of this motion.

                                       */s/ William T. Harrington*
                                       William T. Harrington

CERTIFICATE OF SERVICE

      I hereby certify that, on January 18, 2007, I filed this document with the Court electronically via the Court's CM/ECF system and that I served a copy of this documents upon each counsel and party who has appeared in the action but who has not signed up to receive electronic notice, serving a copy by first class mail.

                                         */s/ William T. Harrington*
                                       William T. Harrington