UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

|  |  |  |
|---|---|---|
| ALBERT WILLIAM BLEAU, JR.,<br>　　　　Plaintiff | ) <br> ) <br> ) <br> ) | |
| v. | ) <br> ) | CIVIL ACTION<br>NO. 04-10469-WGY |
| BRIDGEWELL, INC., et al,<br>　　　　Defendants | ) <br> ) <br> ) | |

---

**AFFIDAVIT OF ELAINE M. WHITE**
**IN SUPPORT OF DEFENDANT BRIDGEWELL'S**
**MOTION FOR SUMMARY JUDGMENT**

I, Elaine M. White, hereby depose and state as follows:

1.      I make this affidavit on my own personal knowledge, except where otherwise indicated.

2.      I am currently the Director of Housing of Bridgewell, Inc. ("Bridgewell"). Bridgewell was formerly named the Greater Lynn Mental Health and Retardation Association ("Greater Lynn").

3.      I have been employed by Bridgewell/Greater Lynn for 25 years.  From approximately 1985 to the fall of 2000, I was the Director of Operations for Greater Lynn.  From November 1999, when Albert W. Bleau ("Bleau") was placed paid administrative leave, until when Paul J. Cote, Jr. ("Cote") became interim Executive Director in about July 2000, I was also Acting Executive Director.

4.      When Cote became interim Executive Director, I became Director of Facilities. My duties included overseeing the housing and the fleet of motor vehicles.  I held this position until early 2004, when I acquired my current position.

5.      It is my understanding the Albert W. Bleau ("Bleau") entered into a Separation

Agreement with Greater Lynn and the Eastern Massachusetts Housing Corporation ("Eastern

Mass.") on November 6, 2000.

6.      I have never made a disparaging remark concerning Bleau.  I never referred to

him as a "thief" or accused him of stealing.  I never told Deborah Thurber that Bleau stole

money or accused him of any wrongdoing.  I never disparaged Bleau to James McKissock.

7.      I understand that Bleau asserts that I told a garage worker sometime in the fall of

2000 that Bleau had stolen money and that he was a "crook".  I never said this or words to that

effect.

8.      At some point during Bleau's leave of absence, he was instructed not to go

Greater Lynn premises.  At some point prior to Cote becoming Interim Executive Director in

about July 2000, Fleet Manager, Charlotte Alimenti, came to me and told me that Matt, the

automotive mechanic, told her that Bleau was showing up at the garage unannounced, requesting

service on the company vehicle.  At the time, Bleau was driving a company vehicle.  At the time,

Bleau was still employed by Eastern Mass.  As Greater Lynn did not want Bleau to show up on

the premises unannounced, I told Alimenti to tell Matt to tell Bleau that he would need to make

an appointment with either Alimenti or me, before his vehicle could be serviced.  Matt, the

automotive mechanic, was an employee of Greater Lynn at the time.

9.      I have not spoken to Bleau since approximately July 2000, when I ceased being

acting Executive Director.

10.     To the best of my knowledge, since the time of the Separation Agreement:

      a.      no potential employer ever inquired about Bleau;

      b.      no one from Greater Lynn ever distributed a copy of the report of Robert
             Griffin to anyone outside of Greater Lynn;

      c.      no one from Greater Lynn ever disparaged Bleau to anyone outside of

Greater Lynn, including anyone from the media;

    d.    no one from the media ever inquired of Greater Lynn as to why Bleau departed Greater Lynn.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS** 16th **DAY OF JANUARY, 2007.**

_Elaine M. White_
Elaine M. White

3

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on January 18, 2007, I filed this document with the Court electronically via the Court's CM/ECF system and that I served a copy of this documents upon each counsel and party who has appeared in the action but who has not signed up to receive electronic notice, serving a copy by first class mail.

<div align="center" style="margin-left:40%">

*/s/ William T. Harrington*
William T. Harrington

</div>