FILED
IN CLERKS OFFICE

# UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

2007 JAN 31  P 2: 08

U.S. DISTRICT COURT
DISTRICT OF MASS.

Albert William Bleau Jr.                    :

    Plaintiff                    :

                    :

    Vs.                    :                    Civil Action
                                No. 04 – 10469WGY

                    :

Bridgewell, Inc. (Greater Lynn Mental Health                    :
& Retardation Association), et al,

    Defendants

### Memorandum Of Plaintiff Albert W. Bleau Jr. Objecting To Defendant Bridgewell, Inc. (Greater Lynn Mental Health & Retardation Association, Inc) Motion For Summary Judgment

### And

### In Support of Plaintiff Albert W. Bleau Jr.'s Motion for Summary Judgment Of Breach Of Contract Claim, ADA, Retaliation under The Rehabilitation Act, Defamation And The Federal Privacy Act

In support of his objection and his motion, plaintiff, Albert W. Bleau Jr. relies

upon the accompanying memorandum of law and Local Rule 56.1 Concise

Statements of Material Facts previously submitted to this court on August 29,

2005, September 12, 2005, October 4, 2005 and October 11, 2005 and

Memoranda amending the complaint to include RICO filed on March 8, 2005 and

March 21, 2005, Memoranda filed with the court on August 29, 2005, October 3,

2005, October 4, 2005 and October 11, 2005 opposing GLMHRA's motions for

1

partial summary judgment and the Memoranda supporting reconsideration of October 25, 2005 and December 27, 2005 and Memorandum of January 6, 2006 supporting receivership and the reconstitution of EMHC and recent affidavits of past president of GLMHRA and EMHC, Stephan Speropolous and past president of GLMHRA and Clerk of EMHC, Martena Fallon. See Attachments.

## Argument

1.  There is little new in defendant's current motion and memorandum. Plaintiff's previously submitted memoranda, attachments and 56.1 statements of material facts adequately address defendant's motion and memorandum and provide sufficient justification with the attached affidavits of former presidents, Stephan Speropolous and Martena Fallon, that Bridgewell did violate the privacy of the defendant by disclosing confidential medical and mental health information, violated the personnel practices of GLMHRA, engaged in a conspiracy to take over the EMHC and its assets, discriminated against the defendant in its hiring for the position of Executive Director and defamed the plaintiff and committed a major breach of the severance agreement by refusing to write and distribute the letter required by the agreement or distribute a sample summary of the plaintiff's accomplishments that they had in their possession.

2.  The defendant circulated reports prepared by their agents and former defendants MacLeish, Sherman and Griffin that they knew to be false to state agencies, the attorney general's office and to board members and senior staff and never corrected those reports and documents despite receiving information to the contrary. The plaintiff has submitted ample documentation to this court that refutes

Case 1:04-cv-10469-WGY    Document 168    Filed 01/31/2007    Page 3 of 5


all the major allegations against the plaintiff stated in these reports. The principal allegation of violations of ERISA law have been removed not only by documentation presented by the plaintiff but by the actions of the defendant who expended the funds in the Employee Fringe Incentive Plan on operational expenses and legal fees versus on employee benefits demonstrating that the Plan was not governed by ERISA.

3.  The plaintiff submitted false information to the attorney general and state agencies and then asserted that they could not hire the plaintiff because the attorney general and the state agencies might object based on the false information that they had submitted. The defendant is responsible for the false information that was given to the Attorney General's Office and others. Additionally, they knew that there was no investigation being conducted by the Attorney General's Office regarding their false information after June 2001. Certainly there was no investigation in progress during the hiring process in August 2003.

4.  It is as if the defendant fired a bullet into a crowded room killing an individual and then wanted to be absolved because no one could trace the path of the bullet. The incorrect documents and reports are still out there and the problem with their bullet is that it is still traveling. This summer the plaintiff and his boss met with Kathleen O'Keefe and Nancy Weinstein of Garden St. Apartments in Lawrence Mass. to provide property management services for two apartment buildings in Lawrence serving mentally ill individuals. They were excited that I would be involved given my extensive experience with HUD housing and with the mentally

ill. They hired us to begin management services, however, in a follow-up meeting with my boss, they commented that they had heard some very negative things concerning Al Bleau when he was at GLMHRA and they would not do any management contract that included the plaintiff. They have since refused to respond to the plaintiff's proposal or to return any telephone calls. See attached correspondence.

6.    The defendant wants this court to believe that they had no options but to terminate the plaintiff and that it was a consensus opinion and that no discrimination existed. However, EMHC refused to terminate the plaintiff and in fact voted in August 2000 to remove GLMHA as the property and business manager of EMHC properties and have the plaintiff take over the management. Additionally, the vote to terminate the plaintiff was 4-3 with one abstention. Nancy Rizzo who was on the prevailing side and Joanne George who abstained both have said that they were influenced by statements at the April 2000 board meeting by Attorney Robert Sherman who shared a counseling bill and statement from the Employee Assistance Program with board members as well as by comments concerning the plaintiff's alleged addiction and mental health problems from president Robert Tucker. Both Sherman and Tucker's behavior were a violation of ADA and the Privacy Act.

7.    Concerning defendant's statements regarding the bankruptcy filing of the plaintiff. The final judgment of the bankruptcy court occurred prior to the plaintiff filing his claim against GLMHRA in federal court. When I discussed my EEOC complaint with the magistrate judge, he asked me if I had a settlement, if I had

4

been offered a settlement, if I were in negotiations for a settlement and If I had filed

in federal or state court. I said no and he stated that my complaint with EEOC was

not a factor.

Dated:  February 1, 2007                              Respectfully submitted,


                                                     Albert W. Bleau Jr.
                                                     505 Paradise Rd. #208
                                                     Swampscott, MA 01907
                                                     (781) 962-2662


**CERTIFICATE OF SERVICE**

                                        I hereby certify that a true copy
                                        of the above document was
                                        served upon all counsel of
                                        record by First Class Mail on
                                        February 1, 2007.

                                        Albert W. Bleau Jr.


Garrick Cole                          Donald K. Stern
Smith & Duggan LLP                    Bingham McCutchen LLP
Two Center Plaza                      150 Federal St.
Boston, MA 02108-1906                 Boston, MA 02110
(617) 248-1900                        (617) 951-8250


Salo Zelemeyer                        William T. Harrington
Greenberg Traurig, LLP                Glynn, Landry, Harrington,
One International Place, 20th floor    & Rice, LLP
Boston, MA 02110                      10 Forbes Rd.,
                                      Suite 270
                                      Braintree, MA 02184