UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Albert William Bleau, Jr.
　　　　Plaintiff

Vs.                                                        Civil Action
                                                           No. 04-10469REK

Greater Lynn Mental Health and
Retardation Association, et al.

AFFIDAVIT OF STEPHAN T. SPEROPOLOUS

My name is Stephan T. Speropolous.

I live at 122 Eastman Avenue, Swampscott, MA, 01907

I am over 18 years of age.

I hereby depose and swear as follows:

EASTERN MASSACHUSETTS HOUSING CORPORATION

I served as president of EMHC from February 1978 to April 2001. Albert Bleau was the executive director of EMHC from February 1978 to November 8, 200. During this time under his leadership and the board of directors, the EMHC grew from zero assets and no real estate to over twenty million dollars in assets with over seventy residential and commercial assets. Albert Bleau consistently performed his responsibilities as executive director with skill and competence. The EMHC had more than one and one-half million dollars in cash assets on November 8, 2000 and had finished every year since 1978 with a cash surplus and an increase in assets.

On August 13, 2000, the EMHC board voted five to one to have Albert Bleau take over full management contract with GLMRHA. At the January 2001 meeting of EMHC, Paul

1

Cote, executive director of GLMHRA at that time, ordered Martena Fallon not to take any minutes of future board meetings. Paul Cote told EMHC board members at the April 2001 meeting that the board was, in fact, no longer needed and that GLMHRA would be taking over EMHC.

The board of directors did not appoint Paul Cote, then executive director of GLMHRA, executive director of EMHC.

GLMHRA failed to turn over any financial records from the fall of 1999 to the spring of 2001 to EMHC, thus limiting its ability to function as a separate and independent corporation. The EMHC did not vote to cease to exist nor to give over assets to GLMHRA.

Demakis and Demakis had been the auditors since 1978. The EMHC audit was always mailed to the board of EMHC in draft form in September and in final form in October of each year by GLMHRA. I did not receive the EMHC audit dated September 25, 2000 or the subsequent final report. EMHC was purposely kept in the dark on all matters pertaining to records of all sorts. This continued from the end of 1999 to April of 2001. We were unable to function as a corporation as GLMHRA would not give us the necessary documents to carry out our business.

As president, I asked for documents from GLMHRA both verbally and in writing. I was not given any of the documents that I requested. It is my understanding that Attorney Robert Griffin, in a report dated October 8, 2000, stated that the EMHC was not a separate corporation and should be taken over by GLMHRA. I was never given a copy of this report.

Paul Cote told the EMHC at a meeting in April of 2001 that the EMHC was no longer needed and that GLMHRA would be taking it over. EMHC never voted to make Paul Cote executive director of EMHC. He ordered Martina Fallon not to take any minutes of the meeting. We never took any vote to dissolve EMHC. Paul Cote also indicated that Albert Bleau could be indicted for violations of ERISA laws and various other things he had done in the past. No charges were ever brought forward. Paul Cote also told the board of EMHC that the Attorney General's office would sue us "both individually and as a corporation" if we did not step down from our duties. He further said that Al Bleau "would be well taken care of."

## HISTORY OF THE RELATIONSHIP BETWEEN GLMHRA AND EMHC 1999 TO 2004

In December 1999, I was asked to attend a meeting at GLMHRA. Present at this meeting were Attorney Eric Mcleish, Claire Jackson, President of GLMHRA, Tom Manning, President-elect, Janine Brown-Smith, Elaine White, Terry Casper and myself. The purpose of this meeting was to inform me that Al Bleau had mismanaged GLMHRA and

had engaged in a number of endeavors that could possibly border on being illegal. I asked for evidence of these accusations, but none was ever provided to me.

In April of 2000, I was asked to attend a meeting at the Attorney General's Office at the McCormick Office Building in Boston. Present at this meeting were Attorney Robert Sherman, Elaine White, Terry Casper, and Tom Manning from GLMHRA. Attorney Samuel Vitale, vice-president of EMHC, and I represented EMHC. Jaime Katz and Eric Carricker were present from the Attorney General's Office. EMHC was told that we had to do our "fiduciary responsibility" in regards to GLMHRA. Sam Vitale responded by saying that we had done everything that GLMHRA had asked us to do and that we were not clear on just what it was that they wanted us to do. I submitted a letter to Jaime Katz stating that EMHC would meet to respond to anything that was put in writing. Up to this point, it was all a great deal of "he said, she said" conversation. If GLMHRA or the Attorney General's Office wanted us to take any action, we needed it in writing with a signature on it.

In January of 2000, I attended a meeting with Tom Manning, the newly elected president of GLMHRA. At this meeting, I was told that Albert Bleau had put the GLMHRA in a serious financial position due to his mismanagement. I was informed that he was guilty of mismanaging the EFIP, that he had purchased Red Sox tickets with GLMHRA funds, and that he had committed other improprieties. I asked for proof of all allegations against him. I never received any such proof. I suggested we call Albert Bleau forward and ask him to explain these allegations. No meeting was ever scheduled or held. I repeatedly said that I would like to see evidence of so called misdeeds by Albert Bleau. I made the statement, " If he has money hidden somewhere, then give me the name of the bank and the account numbers."

I just recently learned that GLMHRA sold property in Tilton, NH for $800,000. This was considerably below the value that would have been attained if the Marquis Resort had gone to condos. The EMHC was well on the way to achieving this goal when GLMHRA took over. Furthermore, it is my understanding that GLMHRA used the proceeds from this sale to pay legal bills. This is a gross misuse of fund for a non-profit corporation. The EMHC, under assault by GLMHRA and its lawyers, took the high road and did not hire legal counsel to support its standing. It was clearly felt by EMHC members that this was not what we should be spending money on. Our mandate was to provide properties for special needs citizens to use and not to pay lawyers.

I did not know that GLMHRA sent a letter to Albert Bleau, dated November 14, 2000, telling him that all provisions of the Severance Agreement had been met and that he should only communicate with GLMHRA through its lawyer Laurence Donoghue. Albert Bleau had complained that members of GLMHRA were defaming him in violation of this agreement.

I was told that a letter had been sent to GLMHRA by the Commonwealth of Massachusetts stating that Albert Bleau should be terminated by GLMHRA and EMHC.

I asked repeatedly for a copy of this letter. I was never given one despite my pleas. At a meeting of GLMHRA in the fall of 2000, I was finally told by Tom Manning that no letter existed.

I have just recently learned that Albert Bleau applied for position of Executive Director of GLMHRA in the spring of 2004. Paul Cote was leaving the position at that time. Albert Bleau was not interviewed or considered despite his vast experience, commitment, knowledge, and capabilities.

I certify that the above statement is true. I sign this statement under pains and penalties of perjury.

Date: _____

_____
Signature of Affidavit

Stephan T. Speropolous
122 Eastman Avenue
Swampscott, MA 01907

_Stephen Speropolous_ personally appeared before me, and proved his/her identification through satisfactory evidence, which were _____ and acknowledged he/she signed the foregoing instrument voluntarily for its stated purpose on this ___ day of _____

Marion Gallo-Muise    Commonwealth of Massachusetts
Notary Public    My Commission Expires July 6, 2012

4