UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ALBERT WILLIAM BLEAU, JR., ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> BRIDGEWELL, INC., ) <br> ) <br> Defendant ) <br> ) | CIVIL ACTION <br> NO. 04-10469-WGY |

**DEFENDANT BRIDGEWELL, INC.'S**

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

**and**

**OPPOSITION TO PLAINTIFF'S CROSS-MOTION
FOR SUMMARY JUDGMENT**

The defendant, Bridgewell, Inc. (formerly the Greater Lynn Mental Health and Retardation Association and hereinafter referred to as "Greater Lynn"), hereby replies to Plaintiff's Opposition to its Motion for Summary Judgment. Greater Lynn also opposes Bleau's (Cross) Motion for Summary Judgment that he asserts within his Opposition. In support, Greater Lynn states as follows:

A. **All Facts in Greater Lynn's Statement of Undisputed Facts Are Deemed Admitted Pursuant to Local Rule 56.1 Given Plaintiff's Failure to File a Statement of Disputed Facts.**

As required by Local Rule 56.1, Greater Lynn's Motion for Summary Judgment was accompanied by a separate Statement of Undisputed Material Facts with page references to affidavits, depositions and other documentation. *Docket No. 161.* Bleau, in opposing the Motion, was required to file a separate statement of the material facts of record as to which Bleau

contends there is a genuine dispute. Specifically, Local Rule 56.1 provides:

> Opposition to motions for summary judgment shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation.

Bleau failed to do file such a statement. As Local Rule 56.1 further provides:

> Material facts of record set forth in the statement required to be served by the moving parity will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties.

Accordingly, this Court should deem as admitted all facts set forth in Greater Lynn's Statement of Undisputed Facts *(Docket No. 161). See Lavalley v. Quebecor World Book Services LLC, 315 F.Supp.2d 136, 139 (D.Mass. 2004) (Young, C.J.), citing Ayala-Gerena v. Bristol Meyers-Squibb Co., 95 F.3d 86, 95 (1st Cir. 1996); Moore v. Marty Gilman, Inc., 965 F.Supp. 203, 207 (D.Mass., 1997) (Young, C.J.); Stonkus v. City of Brockton School Department, 322 F.3d 97, 101-102 (1st Cir., 2003) (facts deemed admitted based on failure of plaintiff to file statement required by Local Rule 56.1)..*

Bleau, instead of filing a Separate Statement of Material Facts, simply refers to various Statements of Fact and Memoranda of Law he previously filed.[1] This is insufficient under Rule

---

[1] Bleau does not refer to the Docket Numbers of the documents he references. Undersigned counsel is unable to locate on the docket any Statement of Material Facts filed on or about September 12, 2005, as Bleau asserts. The following are the Statement of Material Facts that Bleau appears to be referring to:

| | |
|---|---|
| 82-1 | Objection of Plaintiff . . . to Defendant [Greater Lynn] Local Rule 56.1 Statement in Support of Defendant's Motion of August 9, 2005 to Dismiss Plaintiff's Breach of Contract Claim or For its Partial Summary Judgment and Local Rule 56.1 Statement of Plaintiff . . . In Support of His Motion for Summary Judgment and for Discovery (filed 8/29/05); |
| 88 | Amended Memorandum of Plaintiff . . . Objecting to Defendant [Greater Lynn] Motion of August 9, 2005 to Dismiss Plaintiff's Breach of Contract Claim or for Partial Summary Judgment and In Support of Plaintiff's Motion for Summary Judgment of Plaintiff's Breach of Contract Claim & To Continue and Expand Discovery to Include Damages and Rescission Including Corrections to Plaintiff's Memorandum and 56.1 Statement of Facts Dated August 29, 2005 (filed 10/5/05); |

56.1. *See* <u>Moore v. Marty Gilman, Inc.</u>, *965 F.Supp. 203, 207 (D.Mass., 1997) (Young, C.J.) (holding that Statement of Facts set forth in opposition insufficient).*

Moreover, the documents Bleau does refer to neither address the specific factual assertions in Greater Lynn's 56.1 Statement nor do they cite to the record for support. Not one of Bleau's previously filed Statements of Material Facts cites to any affidavit or deposition testimony. *See Docket Nos. 82-1, 88, 89, and 90-1.* Instead, they are unsworn narratives of Bleau.

Given Bleau's failure to file a Statement of Disputed Facts, as required by Rule 56.1, and his reference to previously filed unsupported Statements of Undisputed Facts, this Court should deem all facts in Greater Lynn's Rule 56.1 Statement of Material Undisputed Facts as admitted.[2]

So deeming all such facts as admitted, Greater Lynn is entitled to judgment as a matter of law for the reasons expressed in its Motion and Memorandum of Law.

B. **Regardless of Bleau's Failure to File a Rule 56.1 Statement, Bleau's Opposition Fails to Establish Any Issue of Material Fact.**

Much of Bleau's Memorandum in Opposition is devoted, without citation to the record, to allegations of Pre-Separation Agreement conduct in 2000. For instance, he asserts that Greater Lynn provided false information to the Attorney General, wrongfully terminated him, and disclosed confidential medical information. These events or alleged events all occurred in

---

89    Additional Local Rule 56.1 Statement of Material Facts of Plaintiff . . . In Support of Plaintiff's Motion for Summary Judgment and For Discovery and In Support of Plaintiff's Objection to Defendant's Motion of August 9, 2005 to Dismiss Plaintiff's Breach of Contract Claim or For Partial Summary Judgment (filed 10/4/05);

90-1  Additional Local Rule 56.1 Statement of Material Facts of Plaintiff . . . In Support of Plaintiff's Motion for Summary Judgment and For Discovery and In Support of Plaintiff's Objection to Defendant's Motion of August 9, 2005 to Dismiss Plaintiff's Breach of Contract Claim or For Partial Summary Judgment (filed 10/1105)

[2] Bleau refers to "[m]emoranda amending the complaint to include RICO filed on March 8, 2005 and March 21, 2005." *Docket 167, at 2; Docket No. 168, at 1.* While Bleau sought to add a RICO count, the Court, Keeton, J., denied this request. *(Docket No. 64, at 16-18, denying request of the basis that proposed amendment would be futile).*

3

2000, before he signed a Separation Agreement and General Release ("Separation Agreement") on November 6, 2000, and were the basis of his October 2000 EEOC complaint *(Cote Affidavit, Docket No. 163, Exh. B)*. It is undisputed that, pursuant to the Separation Agreement, Bleau received over $100,000 in consideration, released all claims against Greater Lynn, and release his October 2000 EEOC complaint. The Court, Keeton, J., has already ruled that, by signing the Separation Agreement, Bleau released all his claims he had on that date. *Docket No. 64, at 12.* Consistent with this, the Court ruled that the remaining claims are limited to post-Separation Agreement conduct. Specifically, the Court has limited Bleau's claims to the following:

    a.    ADA and Rehabilitation Act claims to the extent they arose after the execution of the Separation Agreement in November 2000.

    b.    Defamation claims to the extent they arose after the execution of the Separation Agreement in November 2000.

    c.    Claim for breach of Paragraph 2 (issuance of letter re departure) of the Separation Agreement from the time of the Separation Agreement until April 11, 2001, when Bleau materially breached the Agreement; and

    d.    Claim for breach of Paragraph 5C of the Separation Agreement (tuition payments) from the time of the Separation Agreement until April 11, 2001.

*Docket No. 93, at 12, 14-15; see also Docket No. 109, at 5; Docket No. 123, at 4.* Neither Bleau's Opposition nor the two supporting affidavits he attaches establishes a disputed issue of material fact.

    1.    **<u>Disability Claim - Failure to Rehire.</u>**

Bleau's Opposition and his supporting affidavits fail to establish an issue of fact as to whether Greater Lynn, in not hiring Bleau when he reapplied in August 2003, did so because it believed Bleau had a substantial impairment that substantially limited a major life activity. <u>Sullivan v. Nieman Marcus Group, Inc.</u>, 358 F.3d. 110, 117 (1st Cir. 2004). Bleau's Opposition simply asserts that Greater Lynn "discriminated against [him] in its hiring for the position of

Executive Director" *(Docket No. 168, at 2, ¶ 1),* but then fails to point to any evidence that Greater Lynn perceived him to have a substantial impairment that substantially limited a major life activity and that it failed to rehire him because of this. Bleau also fails to rebut Greater Lynn's assertion, supported by evidence in the record, that it did not rehire him because of non-discriminatory reasons, i.e., that he had been fired from that position, his prior tenure almost resulted in the company being placed into receivership, that there was credible evidence of misuse of funds and mismanagement, that Greater Lynn had entered into an agreement with the Attorney General to replace the leadership at Greater Lynn, and that Greater Lynn was looking for someone who was not involved in the controversies of the past. *Undisputed Facts, 49-55.*

In fact, the affidavits Bleau attaches in support of his claim support a non-discriminatory basis for the decision not to rehire. In her affidavit, Martena Fallon, the former clerk of Eastern Mass., states that she "was informed" that Greater Lynn did not interview or hire Bleau when he reapplied "because the Attorney General would not allow Mr. Bleau to hold his position or any similar position in the Commonwealth of Massachusetts." First, Fallon's statement is hearsay and she fails to specify how or when she learned this information. Second, even if credited, Fallon's assertions support Greater Lynn's position, and refute Bleau's assertion that the basis was a perceived disability.

The Affidavit of Stephen T. Speropoulous ("Speropoulous Affidavit") simply states that "I have just recently learned that Albert Bleau applied for the position of Executive Director of [Greater Lynn] in the spring of 2004 . . . [and that] Bleau was not interviewed or considered despite his vast experience, commitment, knowledge, and capabilities." *Speropoulous Affidavit, p. 4.* This statement is obviously based on hearsay and, regardless, does not further Bleau's claim of unlawful discrimination.

5

2. **Defamation Claims.**

Bleau's Opposition fails to point to any statement made by Greater Lynn after the Separation Agreement that defamed him. Bleau fails to rebut Greater Lynn's detailed Statement of Undisputed Facts concerning Bleau's specific unsupported assertions of defamation. *See Undisputed Facts, Docket No. 161, ¶¶ 61-96.* According to his Opposition, it seems that Bleau's defamation claim is that the pre-Separation Agreement reports of MacLeish, Sherman, and Griffin were false, that Greater Lynn knew or should have known that they were false, and that it defamed Bleau by failing to correct such reports. *Memo in Opposition, Docket 168, at 2.* As stated in Greater Lynn's Statement of Undisputed Facts, Bleau has no evidence of anyone from Greater Lynn distributing these reports to anyone after the Separation Agreement. *Undisputed Facts, ¶ 62..*

Moreover, neither of the affidavits support a claim of defamation. The Speropoulous Affidavit does not assert any defamatory statement by Greater Lynn. The Fallon Affidavit's assertions respecting alleged defamation of Bleau *(Fallon Affidavit, at 5-7)* fail to create an issue of material fact. Even assuming that Greater Lynn executive director Paul Cote, Board president Robert Tucker, and Chief Administrative Officer James Cowdell did say, in April 2001, that the Attorney General had demanded the termination of Bleau, that the Attorney General had threatened placing Greater Lynn into receivership, and that Bleau was expected to be indicted, such remarks would have been true. It is undisputed that the Attorney General's Office demanded, *inter alia*, replacing Bleau and that it had threatened placing Greater Lynn into receivership and had recommended that Eastern Mass. be merged into Greater Lynn. *Undisputed Facts, ¶¶ 8-16, 43-45.* Moreover, it is undisputed that the Attorney General's Office was conducting a criminal investigation of Bleau at the time and that, as of May 2001, Bleau

himself was being interviewed by the Attorney General's Office and informing it that he believed he would be indicated. *See Bleau's Letter to Jennifer Hollingsworth, Criminal Investigator, Attorney General's office, Harrington Affidavit, Docket No. 166, Exhibit G, at 128.* Moreover, any such statements occurred at a joint meeting of the Boards of Greater Lynn and Eastern Mass., two signatories to the Separation Agreement, and, as such, would not satisfy the "published" element of a defamation claim. *White v. Blue Cross and Blue Shield of Massachusetts, Inc.*, 442 Mass. 64, 66 (2004). Moreover, any such statements would have been made for the purpose of advising the Boards on the merger and, as such, would be privileged. *Bratt v. IBM, Inc.*, 392 Mass. 508, 509 (Mass. 1984); *Foley v. Polaroid Corp.*, 400 Mass. 82 (1987).

      3.      **Alleged Breach of Paragraph 2 of Separation Agreement – Failure to Issue Letter.**

Bleau's Opposition fails to address the statements in Greater Lynn's Undisputed Facts concerning his post-Separation Agreement demands that Greater Lynn send out a lengthily announcement concerning his departure that listed his accomplishments. *Undisputed Facts, ¶¶ 37-39.* Accordingly, it is undisputed that Bleau, after signing the Separation Agreement (which provided from Greater Lynn to issue a letter stating that he resigned to pursue other interests), demanded that Greater Lynn send out a lengthy announcement listing his accomplishments, that he submitted to James Cowdell a four-page announcement that he demanded be sent out, and that he made clear to Cowdell that he did not what Greater Lynn to sent out a letter stating that he resigned to pursue other interests. *Undisputed Facts, ¶¶ 37-39.* For the reasons discussed in Greater Lynn's Memorandum of Law *(Docket No. 160, at 16-19)*, Greater Lynn is entitled to summary judgment on Bleau's claim of breach of contract based on Paragraph 2 of the Separation Agreement.

7

4. **Alleged Breach of Paragraph 5C of Separation Agreement.**

As set forth in Greater Lynn's Supporting Memorandum *(Docket No. 160, at 19-20)*, it is undisputed that Bleau did not incur any qualified tuition expenses during the period from November 2000 until April 11, 2001. In his Opposition, Bleau does not address this claim. Accordingly, for the reasons set forth in Greater Lynn's Memorandum, Greater Lynn is entitled to summary judgment on Bleau's claim of Breach of Paragraph 5C of the Separation Agreement.

C. **Bleau's Opposition Fails to Challenge Any Facts Underlying Greater Lynn's Argument that Bleau's July 2, 2003 Chapter 7 Bankruptcy Filing Judicially Estoppes Him from Asserting Any pre-July 2, 2003 Claims.**

In his Opposition, Bleau, without any support in the record, briefly addresses Greater Lynn's argument concerning the effect of his bankruptcy filing. *Memorandum in Opposition, Docket No. 168, ¶ 7*. At no point does he dispute the assertions in Greater Lynn's Motion that Bleau voluntarily filed for Chapter 7 bankruptcy on July 2, 2003; that he failed to declare his claims against Greater Lynn as an asset of his estate, and that he was discharged from bankruptcy on February 18, 2004. *See Statement of Undisputed Facts, ¶¶ 58-60*. In fact, in the parties' recent Joint Pre-Trial Statement, Bleau stipulated to these facts. *See Joint Pre-Trial Statement, Docket No. 169, Agreed Facts 17-19, p. 16*.

Instead, Bleau states that he "discussed [his] EEOC complaint with the magistrate judge" and that the judge "stated that my complaint with EEOC was not a factor." *Memorandum in Opposition, Docket No. 168, ¶ 7, at 4-5*. Aside from this statement being unsupported in the record and without specificity, it is besides the point. Bleau's EEOC complaint was filed in October 2003 and concerned the failure of Greater Lynn to rehire him in August 2003, events that occurred <u>post</u>-petition. Bleau's response fails to recognize that Greater Lynn is not seeking dismissal of Bleau's ADA and Rehabilitation claims on the basis of his bankruptcy filing.

8

Instead, Greater Lynn is seeking dismissal of Bleau's breach of contract and defamation claims as these claims had accrued prior to his bankruptcy. Bleau's Opposition fails to even attempt to rebut Greater Lynn's argument that his failure to declare as an asset his claims against Greater Lynn judicially estopps him from pursuing his claims that he had as of July 2, 2003. Lastly, even if Bleau were to assert that he verbally informed the bankruptcy judge or Chapter 7 Trustee of his breach of contract and defamation claims against Greater Lynn, he would still lack standing given his undisputed failure to list such claims on his bankruptcy schedules. *See Memo of Law, Docket No. 160, p. 11, n. 2;* <u>Welsh v. Quabbin Timber, Inc.,</u> *199 B.R. 224, 229 (D.Mass., 1996) (Gorton, J.), and cases cited (property not scheduled is not abandoned back to debtor at end of bankruptcy but remains part of the estate such that debtor lacks standing to assert unscheduled claim).*

For the reasons stated in Greater Lynn's supporting Memorandum, Bleau's July 2, 2003 bankruptcy filing bars him from asserting all his claims except his ADA and Rehabilitation Act claims based on the August 2003 failure to re-hire and his defamation claim to the extent it relies on post-July 2, 2003 statements.

**D.    Bleau's (Cross) Motion for Summary Judgment Should be Denied.**

Bleau's Opposition also asserts within it a (Cross) Motion for Summary Judgment. Bleau does not attach a Statement of Undisputed Facts as required by Local Rule 56.1. Bleau also does not assert any argument as to why he is entitled to judgment as a matter of law. Greater Lynn requests that such motion be denied both for Bleau's failure to follow the proper procedure and because his submission fails to establish that he is entitled to judgment as a matter of law on any of his claims.

WHEREFORE, Bridgewell respectfully requests that this Court grant it summary judgment and dismiss the plaintiff's complaint with prejudice and deny the plaintiff's cross-motion for summary judgment.

Respectfully submitted,

The Defendant,

BRIDGEWELL, INC.,
By its attorneys,

*/s/ William T. Harrington*
William T. Harrington (BBO No 564445)
Glynn, Landry, Harrington, & Rice, LLP
10 Forbes Road, Suite 270
Braintree, MA 02184
(781) 356-1749

*/s/ Edward P. Harrington*
Edward P. Harrington
8 Winter Street, 12th Floor
Boston, MA 02108
(617) 423-5959

CERTIFICATE OF SERVICE

I herby certify that, on February 8, 2007, I filed this document with the Court electronically via the Court's CM/ECF system and that I served a copy of this document upon the pro se plaintiff both by first class mail and by e-mail.

*/s/ William T. Harrington*
William T. Harrington