UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT WILLIAM BLEAU, JR. | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION |
| | ) NO. 04-10469-WGY |
| BRIDGEWELL, INC. | ) |
| Defendant. | ) |

ORDER

YOUNG, J.                                    March 2, 2007

## I.   DISCUSSION

Albert Bleau ("Bleau") filed the instant action on March 8,
2004 against a number of defendants.  The case was assigned to
Judge Keeton.  Ultimately, Judge Keeton disposed of all
defendants except for Bridgewell, Inc. and only three sets of
claims remain against Bridgewell.  They are: (1) a breach of
contract claim for actions occurring between November 2000 and
April 11, 2001; (2) defamation claims accruing after November
2000; and (3) Rehabilitation Act and ADA claims that arose after
November 2000.  Memorandum and Order, February 8, 2006 [Doc. No.
109], at 4-5.  This case was assigned to this session of the
Court on June 15, 2006.

Bleau filed for bankruptcy on July 2, 2003.  Bridgewell
argues that Bleau is barred from asserting claims that accrued

prior to that date. When an individual files for bankruptcy, he must list his assets pursuant to 11 U.S.C. § 521(a)(1). Property -- including causes of action -- may revert back to the debtor if the bankruptcy trustee abandons the property. A trustee may, however, abandon only property that was scheduled when the bankrupt filed for protection. Id. § 554(c), (d); Jeffrey v. Desmond, 70 F.3d 183, 186 n.3 (1st Cir. 1995). Unlisted assets remain part of the bankruptcy estate. A discharged debtor therefore lacks standing to bring unlisted claims that accrued prior to the date he filed for bankruptcy. Cusano v. Klein, 264 F.3d 936, 945-46 (9th Cir. 2001). Only the bankruptcy trustee may bring such claims. Id. at 945.

When Bleau filed for bankruptcy, he did not declare his right of action against Greater Lynn as an asset of his estate. Bleau consequently lacks standing to bring claims that accrued prior to July 2, 2003.[1] Bleau, however, remains free to bring claims that accrued after that date. Since Bleau's breach of contract claim accrued no later than April 11, 2001, Bleau lacks standing to pursue that claim. Bleau's claims for disability

---

[1] Bridgewell argued that Bleau is judicially estopped from pursuing claims that accrued prior to the date of the bankruptcy filing. Since Bleau lacks standing, however, the Court has no jurisdiction to consider estoppel principles. But see Jeffrey, 70 F.3d 183 (focusing on judicial estoppel and stating in the alternative that the plaintiff lacked standing); Welsh v. Quabbin Timber, Inc., 199 B.R. 224 (D. Mass. 1996) (Gorton, J.) (same).

2

discrimination and defamation remain viable to the extent that they accrued after July 2, 2003.

## A.  Disability Discrimination

Bleau alleges that Bridgewell's failure to rehire him in August 2003 constituted unlawful discrimination on the basis of his perceived disability of being an alcoholic, drug addict, and mentally ill.  Since Bleau alleges that Bridgewell regarded him as disabled, Bleau must make out a prima facie case that Bridgewell (1) mistakenly believed that he had a physical impairment that substantially limits a major life activity; or (2) mistakenly believed that an actual, nonlimiting impairment substantially limits a major life activity.  Sullivan v. Neiman Marcus Grp., Inc., 358 F.3d 110, 117 (1st Cir. 2004) (citing Sutton v. United Air Lines, Inc., 527 U.S. 471, 489 (1999)).

The only evidence that Bleau submits regarding disability discrimination is the affidavit by Martena Fallon [Doc. No. 146].  Fallon avers that in 2001, she heard allegations of drug addiction, alcoholism, and mental instability and understood that Bleau was being tested for drug use.  Fallon Aff. at 6.  Fallon does not, however, link any of this to Bridgewell's failure to rehire Bleau.  Rather, Fallon states that she was informed that Bleau was not considered for the position "because the Attorney General would not allow Mr. Bleau to hold this position or any similar position in the Commonwealth of Massachusetts because he

3

was going to be indicted for alleged criminal actions against the Commonwealth." Id. This statement is not qualified by any assertion that Bleau was not rehired due to a perceived disability.

Since Bleau does not even make out a prima facie case of disability discrimination and his own evidence explicitly states that Bridgewell had a legitimate, nondiscriminatory reason for declining to rehire him, the Court grants summary judgment for Bridgewell on the disability discrimination claim.

**B.   Defamation**

Bleau has not alleged any defamatory statements that were made after July 2, 2003. Bleau's assertions of defamation relate to the release of the Griffin Report in 2000. Consequently, the Court grants summary judgment for Bridgewell on the defamation claim.

**II.   CONCLUSION**

For the foregoing reasons, Bridgewell's motion for summary judgment [Doc. No. 159] is ALLOWED and Bleau's cross-motion for summary judgment [Doc. No. 167] is DENIED. Judgment will enter for Bridgewell.

SO ORDERED.

William G. Young

WILLIAM G. YOUNG
DISTRICT JUDGE

4